Matthew R. Bainer, Esq. (S.B. #220972)
Hannah R. Salassi, Esq. (S.B. #230117)
**SCOTT COLE & ASSOCIATES, APC**
1970 Broadway, Ninth Floor
Oakland, California 94612
Telephone: (510) 891-9800
Facsimile:  (510) 891-7030
Email: mbainer@scalaw.com
Email: hsalassi@scalaw.com
Web: www.scalaw.com

Attorneys for Representative Plaintiff
and the Plaintiff Class

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE TOWER BUILDING
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GILBERT SALINAS, individually, and on behalf of all others similarly situated, | **Case No. 12-CV-02894-CW** |
| | **CLASS ACTION** |
| Plaintiff, | **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S MOTION FOR ORDER:** |
| vs. | |
| KRAFT FOODS GLOBAL, INC., and DOES 1 through 100, inclusive, | **(1) GRANTING PRELIMINARY APPROVAL OF THE CLASS ACTION SETTLEMENT AGREEMENT;** |
| Defendants. | **(2) GRANTING CONDITIONAL CERTIFICATION OF THE SETTLEMENT CLASS;** |
| | **(3) APPOINTING CLASS COUNSEL;** |
| | **(4) APPOINTING CLASS REPRESENTATIVE;** |
| | **(5) APPOINTING SETTLEMENT ADMINISTRATOR; AND** |
| | **(6) APPROVING CLASS NOTICE, OPT-OUT FORM AND TIMELINE FOR ADMINISTRATION** |
| | **Date:    July 18, 2013** |
| | **Time:    2:00 p.m.** |
| | **Dept.:   9, 19th Floor** |
| | **Judge:  Jon S. Tigar** |

**NOTICE IS HEREBY GIVEN** that on July 18, 2013  at 2:00 p.m. or as soon thereafter as the matter may be heard in Department 9 of the above-entitled Court, located at 450 Golden Gate Ave., San Francisco, CA 94102, Representative Plaintiff Gilbert Salinas will and hereby does move this Court for an Order: (1) granting preliminary approval of the class action Settlement Agreement; (2) granting conditional certification of the Settlement Class; (3) appointing Class Counsel; (4) appointing Class Representative; (5) appointing Settlement Administrator; and (6) approving Class Notice and Opt-out Form and Timeline for Administration.

This Motion is based upon the accompanying Memorandum of Points and Authorities and the Declaration of Hannah R. Salassi, Esq. and exhibits thereto, and such other oral argument and documentary evidence as may be presented to the Court at the hearing of this Motion.

Dated: June 7, 2013

**SCOTT COLE & ASSOCIATES, APC**


By:   /s/ Hannah R. Salassi
Hannah R. Salassi, Esq.
Attorneys for the Representative Plaintiff
and the Plaintiff Class

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE TOWER BUILDING
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE TOWER BUILDING
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

## TABLE OF CONTENTS

I.      INTRODUCTION ........................................................................................1

II.     PROCEDURAL HISTORY AND SETTLEMENT NEGOTIATIONS..............................3

III.    SUMMARY OF SETTLEMENT ...................................................................5

        A.      PROPOSED CLASS ACTION SETTLEMENT.......................................5

        B.      PROPOSED SCHEDULE/SEQUENCE OF EVENTS UNDER SETTLEMENT.............................................................................6

IV.     CERTIFICATION FOR SETTLEMENT PURPOSES OF PLAINTIFF'S CLAIMS IS APPROPRIATE UNDER RULE 23 .........................................................8

        A.      A DISTRICT COURT MAY CERTIFY A CLASS IF IT MEETS THE REQUIREMENTS OF RULE 23(a) AND RULE 23(b) ........................8

        B.      THE SETTLEMENT CLASS MEETS ALL FOUR REQUIREMENTS OF RULE 23(a).............................................................................9

                1.      Numerosity and Ascertainability Are Satisfied ...........................9

                2.      The Settlement Class Satisfies The Commonality Element ..............9

                3.      The Typicality Element is Met .....................................10

                4.      Plaintiff and His Counsel Satisfy the Adequacy Element ..............11

        C.      THE PROPOSED SETTLEMENT CLASS ALSO MEETS THE REQUIREMENTS OF RULE 23(b)(3)...............................................12

V.      PLAINTIFF'S COUNSEL SHOULD BE APPOINTED AS CLASS COUNSEL ..........13

VI.     THE PROPOSED SETTLEMENT SHOULD BE GRANTED PRELIMINARY APPROVAL ........................................................................14

        A.      THE RISKS, COMPLEXITY, EXPENSE AND LIKELY DURATION OF FURTHER LITIGATION ALL SUPPORT APPROVAL ....................16

        B.      THE WORK PERFORMED BY COUNSEL SUPPORTS APPROVAL OF THE SETTLEMENT ...............................................................18

VI.  THE PROPOSED CLASS NOTICE AND CLAIMS PROCESS SATISFY DUE PROCESS ...................................................................................................19

A.  THE SETTLEMENT DOCUMENTS SATISFY DUE PROCESS AND MEET ALL OF THE ELEMENTS OF RULE 23(c)(2)(B) .................................19

B.  THE NOTICE PLAN AND CLAIMS PROCESS SATISFY DUE PROCESS BECAUSE THEY ARE CALCULATED TO GIVE ALL SETTLEMENT CLASS MEMBERS NOTICE..........................................................................20

VII.  CONCLUSION................................................................................................21

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE TOWER BUILDING
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

# TABLE OF AUTHORITIES

**Cases**

*Acosta v. Trans Union, LLC,*
243 F.R.D. 377, 384 (C.D. Cal. 2007) ................................................................. 9

*Amchem Prods., Inc. v. Windsor,*
521 U.S. 591 (1997) .............................................................................................. 8

*Baby Neal for and by Kanter v. Casey,*
43 F. 3d 48 (3d Cir. 1994) .................................................................................... 9

*Brinker v. Super.Ct.,*
165 Cal. App. 4th 25 (2008) ............................................................................... 17

*California Rural Legal Assistance v. Legal Services Co.,*
917 F.2d 1171 (9th Cir. 1990) ............................................................................ 11

*Cf. Torrisi v. Tucson Elec. Power Co.,*
8 F. 3d 1370 (9th Cir. 1993) ............................................................................... 20

*City of Seattle*, 955 F.2d at 1276 ........................................................................ 14

*Ferguson v. Lieff, Cabraser, Heimann & Bernstein,*
30 Cal.4th 1037 (2003) ....................................................................................... 16

*Franklin v. Kaypro Corp.,*
884 F.2d 1222 (9th Cir. 1989) ............................................................................ 16

*General Tel. Co. of Southwest v. Falcon,*
457 U.S. 147 (1982) ............................................................................................ 11

*Gutierrez v. Kovacevich "5" Farms,*
2004 WL 3745224 (E.D. Cal. Dec. 2, 2004) ..................................................... 10

*Haley v. Medtronic, Inc.,*
169 F.R.D. 643 (C.D. Cal. 1996) .......................................................................... 9

*Hanlon v. Chrysler Corp.,*
150 F. 3d 1011 (9th Cir. 1998) ......................................................... 9, 10, 11, 13, 15

*Hanon v. Dataproducts Corp.,*
976 F.2d 497 (9th Cir. 1992) .............................................................................. 11

*Harris v. Palm Springs Alpine Estates, Inc.,*
329 F. 2d 909 (9th Cir. 1964) ............................................................................... 9

*In re General Motors Corp. Pick-up Truck Fuel Tank Products Liability Litig.,*
55 F.3d 768 (3rd Cir. 1995) ................................................................................. 16

*In re Jiffy Lube Securities Litigation,*
927 F. 3d 155 (4th Cir. 1991). ............................................................................ 14

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE TOWER BUILDING
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

*In re Mego Financial Corp. Securities Litig.,*

    213 F.3d 454 (9th Cir. 2000) ........................................................... 15

*In re Traffic Exec. Ass'n,*

    627 F.2d 631 (2d Cir. 1980) ............................................................. 15

*Kullar v. Foot Locker Retail, Inc.,*

    168 Cal.App.4th 116 (2008) ............................................................. 16

*Morelock Enterprises, Inc. v. Weyerhaeuser Co.,*

    2004 WL 2997526 (D. Or. Dec. 16, 2004). .................................... 13

*Potter v. Pacific Coast Lumber Company,*

    37 Cal.2d 592 (1951) ................................................................ 14, 18

*Slaven v. BP Am., Inc.,*

    190 F.R.D. 649 (C.D. Cal. 2000) ....................................................... 9

*Staton v. Boeing Co.,*

    327 F. 3d 938 (9th Cir. Wash. 2003) ............................................... 11

*Tierno v. Rite-Aid Corp.,*

    No. 05-2520, 2006 WL 2535056 (N.D. Cal., Aug. 31, 2006) ........... 10

*Van Bronkhorst v. Safeco Corp.,*

    529 F.2d 943 (9th Cir., 1976) .................................................... 14, 18

*Wal-Mart Stores, Inc. v. Dukes,*

    131 S. Ct. 2541 (2011) ............................................................. 10, 13

*Wehner v. Syntex Corp.,*

    117 F.R.D. 641 (N.D.Cal. 1987) ..................................................... 11

*Wershba,*

    91 Cal.App.4th ................................................................................ 15

*Young v. Katz,*

    447 F.2d 431 (5th Cir. 1971) ........................................................... 16

**Business & Professions Code**

Business and Professions Code § 17200 ........................................... 10

California Business & Professions Code §§17200-17208 ...................... 3

**Labor Code**

Cal.Lab.Code

    § 2699.3(1) .................................................................................... 17

Cal.Lab.Code

    § 1174 ........................................................................................... 10

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE TOWER BUILDING
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

Cal.Lab.Code
    § 226.7 ........................................................................................................ 10

Cal.Lab.Code
    §512 ............................................................................................................ 10

Cal.Lab.Code
    § 226 .......................................................................................................... 10

**Newberg**
4 Newberg
    § 11:41 ................................................................................................... 14, 15

4 Newberg § 11:25 ......................................................................................... 15

**Weil & Brown**
Business and Professions Code
    § 17200 ...................................................................................................... 10

**Witkin**
4 Newberg
    § 11:25-26 ................................................................................................... 15

**Federal Rules of Civil Procedure**
Federal Rule of Civil Procedure
    23(a) .................................................................................................... passim

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE TOWER BUILDING
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE TOWER BUILDING
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

# I.   INTRODUCTION

By and through the instant motion, plaintiff Gilbert Salinas ("Representative Plaintiff" or "Plaintiff") requests that this Court enter an Order:

1.      Granting preliminarily approval of the Settlement Agreement;[1]

2.      Granting conditional certification to the Settlement Class;[2]

3.      Appointing Class Counsel, Class Representative and the Settlement Administrator; and

4.      Approving the Class Notice, and timeline for its administration.[3]

This motion is made based on this Memorandum of Points and Authorities, the Declaration of Hannah R. Salassi, Esq. and exhibits thereto, the complete file and records of this action, and any further briefing and arguments of counsel.

On or about June 7, 2013, Plaintiff and Defendant Kraft Foods Global, Inc. ("Kraft" and/or "Defendant") executed a Settlement Agreement which encompasses all claims asserted by the Representative Plaintiff on behalf of himself and a Class of approximately 131 individuals who were employed as route salespersons by Defendant in one or more of its Kraft Pizza Company locations in California at any time on or after April 25, 2008 through the date of preliminary approval ("Settlement Period").[4]

This case turns on Plaintiff's allegation that he and the putative class of route salespeople were improperly classified as overtime exempt employees. According to Defendant, the job of the route salesperson is "similar to managing their own business," and includes 1) increasing sales to existing accounts and 2) selling to new accounts.[5] Kraft treats the position as overtime exempt,

---

[1]      A copy of the fully executed settlement agreement, entitled "Class Action Settlement Agreement and Release of Claims," ("Settlement") is attached as Exhibit "A" to the Declaration of Hannah R. Salassi, Esq. ("Salassi Decl."), filed herewith. Unless otherwise noted, all exhibits referenced herein are attached as to the Salassi Decl.

[2]      The Class consists of the approximately 131 individuals who were employed as route salespersons by Defendant in one or more of its Kraft Foods locations in California at any time on or after April 25, 2008 through the date on which this Court grants preliminary approval. Exhibit "A," Settlement ¶ 6.

[3]      The proposed Class Notice is attached to the Settlement as Exhibit "A."

[4]      Salassi Decl. ¶ 9.

[5]      Exhibit "B," Defendant's Southwest Region 4-Week Route Training Manual; Exhibit "C," Kraft Foods Position Specification for Route Sales Representatives.

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE TOWER BUILDING
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

1  paying route salespeople strictly based on commission.[6]

2        Plaintiff, on the other hand, alleges that the route salesperson position does not meet the

3  criteria for overtime exemption. Route salespeople deliver Kraft pizza products from a central

4  storage facility, located in California, to the third party convenience and grocery stores on their pre-

5  assigned routes.[7] Plaintiff alleges that each Class Member drives from store to store, where he/she

6  checks the existing inventory, determines how much additional product is needed, unloads the

7  required amount from the truck and puts it away in its proper location.[8] Given the demands of their

8  routes, Plaintiff alleges, route salespersons rarely have time to take a meal or rest break, much less

9  find new business (i.e. conduct sales).[9] To the contrary, Plaintiff alleges that Class Members spend

10  the vast majority of their time performing the same mundane tasks: driving and delivering Kraft

11  products, job duties which do not meet any known test for exemption.[10] Members of the putative

12  class confirmed the same, their job consisted near-exclusively of going store to store, delivering

13  Kraft products and putting them out on shelves, with little to no time available for drumming up

14  sales, or taking breaks.[11]

15        Plaintiff and the putative class members were unique at Kraft because their position included

16  **both** delivery and sales.[12] The only Kraft subsidiary who used this "deliver and sell" method (vs. a

17  system where sales are made by one set of employees, and deliveries are made by another) was Kraft

18  Pizza Company, which was sold to Nestle in 2010.[13] Notably, after acquisition, Nestle promptly re-

19  classified the position as non-exempt, although nothing about the requirements of the job changed.[14]

20        Based on the allegation that the route salesperson position was misclassified, Plaintiff's

21  operative Complaint alleges that Defendant has had a consistent policy of: (1) permitting,

---

23  [6]      Exhibit "D," Kraft Pizza Company's Current Commission Rates; Exhibit "E," Plaintiff Gilbert Salinas' compensation records.

24  [7]      *Id.* ¶ 8.
   [8]      *Id.* ¶ 9.

25  [9]      *Id.* ¶¶ 7, 12.
   [10]     *Id.* ¶¶ 8-11.

26  [11]     *Id.* ¶¶ 8-9; Exhibit "F," Declaration of Eric Ramsey ¶¶ 6-7; Exhibit "G," Declaration of Earl Price ¶¶ 6-7.
   [12]     *See* Exhibit "H," Declaration of Greg Frenette ¶ 3; *See also* Exhibit "I," Declaration of John Markham ¶ 3.

27  [13]     *Id.*
   [14]     Exhibit "J," Declaration of Representative Plaintiff Gilbert Salinas in Support of Preliminary Approval of

28  Settlement (Salinas Decl.) ¶ 8. Notably, the result of the sale of Kraft Pizza Company to Nestle also means that Defendant's potential liability in this action closed in the middle of the class period alleged.

encouraging and/or requiring its allegedly overtime-exempt route salespersons, including the Representative Plaintiff and Class Members, to work in excess of eight hours per day and in excess of forty hours per week without paying them overtime compensation as required by California's wage and hour laws; (2) unlawfully failing to provide the Representative Plaintiff and Class Members statutorily-mandated meal and rest periods; and (3) willfully failing to provide the Representative Plaintiff and the Class Members with accurate semi-monthly itemized wage statements reflecting the total number of hours each worked, the applicable deductions, and the applicable hourly rates in effect during the pay period.[15] The Complaint also alleges that Defendant's knowing conduct constitutes an unlawful and/or fraudulent business practice, as set forth in California Business & Professions Code §§17200-17208, and includes a claim for penalties under California's Private Attorneys General Act of 2004 ("PAGA"), codified as Labor Code section 2699 *et seq.*[16]

Now, Plaintiff has agreed to settle his and the Class Members' wage and hour claims in exchange for Defendant's agreement to pay the class $900,000,[17] including an Enhancement Award for Plaintiff,[18] for release of claims under the Private Attorneys General Act ("PAGA") under Labor Code §§ 2699 et seq., reasonable attorneys' fees and costs, Defendant's share of the payroll taxes associated with this Settlement and the fees and expenses of the Settlement Administrator.[19]

As discussed below, the Settlement satisfies all the criteria for preliminary settlement approval under California law and falls well within the range of what constitutes a reasonable compromise for claims of this nature and size.

## II.   PROCEDURAL HISTORY AND SETTLEMENT NEGOTIATIONS

On April 25, 2012, Plaintiff, represented by Scott Cole & Associates, APC ("SCA" or "Class Counsel") filed a class action complaint in San Francisco County Superior Court asserting claims on

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE TOWER BUILDING
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

---

[15]  *See* Plaintiff's Complaint attached to the Notice of Removal, ECF Docket No. 1, Exhibit "A," ¶¶ 1, 3.
[16]  *Id.* ¶¶ 11, 71-77.
[17]  Exhibit "A," Settlement ¶ 3.
[18]  *Id.* ¶ 26. Counsel is requesting a $5,000 Enhancement Award.
[19]  *Id.*

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE TOWER BUILDING
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

behalf of all route salespersons employed by Defendant in the State of California from April 25, 2008 through the present.[20] Defendant filed its Answer on June 1, 2012.[21]  The case was removed to the United States District Court, Northern District of California on June 4, 2012.[22]

Through both formal written discovery and informal data exchanges, the parties have had an opportunity to review the information necessary to understand the likelihood of class certification, as well as the merits of Plaintiff's case for liability.[23] Plaintiff served, and Defendant responded to, Special Interrogatories and Request for Production of Documents.[24]  In conjunction with its discovery responses, Defendant provided the key documents necessary to investigate Class Members' claims, including the route salesperson job description, compensation structure, Defendant's handbook and route training manual, written policies regarding meal and rest periods and timesheets.[25]

In addition, in advance of mediation, Defendant provided Plaintiff with the data points needed to assess damages. The data points included: the total number of California Class Members, the total number of Class Period shifts and workdays, total time spent in a Class position, the average time spent working per Class Member during the Class Period, and average number of workweeks per Class Member.[26]  SCA also conducted its own investigation, interviewing Plaintiff and other Class Members, and obtaining declarations memorializing their experiences.[27]

On January 8, 2013 Plaintiff and Kraft attended a full day of mediation.  The parties did not reach an agreement at mediation, but continued to engage in extensive bi-lateral negotiations.[28] On or about February 9, 2013, Plaintiff and Defendant finally reached an agreement in principle, and, after several more months of negotiations, by June 7, 2013, all named parties and their respective counsel had executed the Settlement and agreed to its terms.

---

[20]    *See* Plaintiff's Complaint attached to the Notice of Removal, ECF Docket No. 1, Exhibit "A," ¶ 22; Salassi Decl. ¶ 3.
[21]    *Id.*
[22]    *Id.*
[23]    *Id.* ¶ 6.
[24]    *Id.*
[25]    *Id.*
[26]    *Id.* ¶ 7.
[27]    *Id.*
[28]    *Id.* ¶ 8.

Class Counsel is of the opinion that this Settlement is within the range of reasonableness and is in the best interest of the Class Members in light of all known facts and circumstances, including the risk of significant delay, defenses asserted by Defendant, and potential appellate issues.[29]

## III.   SUMMARY OF SETTLEMENT

### A.   PROPOSED CLASS ACTION SETTLEMENT

The *non-reversionary*, opt-out Settlement provides that Defendant will pay $900,000 to compensate Plaintiff and the Settlement Class (all members of the Plaintiff Class who do not opt-out) ("Class Members"),[30] as well as an Enhancement Award of up to $5,000 to Plaintiff for his service to the class,[31] Plaintiff's attorneys' fees totaling up to 33 1/3% of the Gross Settlement Fund (i.e., $299,700), Plaintiff's actual costs, the settlement administration fees and expenses,[32] Defendant's share of the payroll taxes associated with the monies distributed pursuant to this Settlement, and the release of the PAGA claims (the Parties have agreed to allocate $2,000).[33]

Each member of the Settlement Class is entitled to receive a pro rata portion of the Net Settlement Fund (his/her "Individual Settlement Share"), calculated based upon the number of weeks he/she worked during the Settlement Period, divided by the total number of workweeks worked by all Class Members during said period.[34]

The money initially allocated to members of the Plaintiff Class who submit timely opt-out forms will be allocated to the *cy pres*, Dress For Success.[35] In addition, settlement checks issued to the Class Representative and Qualified Claimants shall remain valid for one hundred and eighty calendar days from the date of issuance, and those checks not cashed before the Void Date will be paid to the *cy pres*.[36]

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE TOWER BUILDING
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

---

[29] *Id.* ¶ 11.
[30] Exhibit "A," Settlement ¶ 26.
[31] *Id.*
[32] *Id.*
[33] *Id.*
[34] *Id.* ¶ 26(c).
[35] *Id.* ¶ 26.
[36] *Id.* ¶ 43.

The Parties agree that one-third of the Individual Settlement Share that is distributed to each Qualified Claimant will be considered penalties, one-third will be considered interest and the remaining one-third will be considered wages.[37]

All members of the Plaintiff Class who do not timely request exclusion will be deemed to have fully released Defendant from the claims that were alleged in this suit and those that could have been alleged based on Plaintiff's factual allegations, for the period from April 25, 2008 to the date of preliminary approval, inclusive.[38]

## B.   PROPOSED SCHEDULE/SEQUENCE OF EVENTS UNDER SETTLEMENT

Should the preliminary approval hearing proceed as scheduled on July 18, 2013 and this Court enter a Conditional Approval Order, notice shall be provided to the class as follows:

Defendant will provide to the Settlement Administrator and Class Counsel, within fifteen calendar days of the entry of an Order granting preliminary approval of the Settlement and Class Notice, a database, including the names, last known addresses, home telephone number and e-mail address for each member of the Plaintiff Class, and data pertaining to the dates of employment and number of workweeks that each member of the Plaintiff Class was employed by Defendant during the Settlement Period.[39]

The Settlement Administrator will use the United States Postal Service National Change of Address ("NCOA") List to verify the accuracy of all addresses before the initial mailing date to ensure that the Class Notice is sent to all Plaintiff Class Members at the addresses most likely to result in immediate receipt of the claim documents.[40] With respect to any returned envelopes, the Settlement administrator will perform a routine skip trace procedure to obtain a current address and, if an updated address is located, then re-mail the envelope to such address within five calendar days of the receipt of the returned envelope.[41] Plaintiff Class Members to whom Class Notices were resent

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE TOWER BUILDING
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

---

[37] *Id.* ¶ 27.
[38] *Id.* ¶ 44.
[39] *Id.* ¶ 31.
[40] *Id.* ¶ 32.
[41] *Id.*

after having been returned undeliverable to the Settlement Administrator shall have ten calendar days thereafter to object, or opt out of the settlement.[42]

The Class Notice shall be sent to the Plaintiff Class, by first class mail, within twenty-five calendar days of the entry of an Order granting preliminary approval of this Settlement Agreement.[43] The Class Notice will apprise each member of the Plaintiff Class of the approximate dates he or she held an eligible position during the Settlement Period as well as his or her total number of workweeks. These calculations shall be based on Defendant's records, which are presumed accurate.[44]

If a member of the Plaintiff Class wishes to challenge the information set forth in the Class Notice, then the member must submit a written, signed challenge along with supporting documents, if any exist, to the Settlement Administrator at the address provided on the Class Notice within thirty calendar days of the date the Class Notice was mailed to the member of the Plaintiff Class (or within ten calendar days of the date the Class Notice was re-mailed).[45]

Members of the Plaintiff Class may opt-out of the Settlement by following the directions in the Class Notice.[46] Any such request must be postmarked not more than thirty calendar days after the date the Class Notice Package is mailed to the Plaintiff Class (or not more than ten calendar days after the date the Class Notice is re-mailed).[47] Persons who are eligible to and do submit valid and timely requests to opt-out of the Settlement will not participate in the Settlement, nor will they be bound by the terms of the proposed Settlement, if it is approved, or the Final Judgment in this Action.[48]

Objections to the Settlement must be filed with the clerk of the court and served on Class Counsel and Defendant's Counsel no later than thirty calendar days after the Class Notice Package is sent (or not more than ten calendar days after the date the Class Notice is re-mailed).[49]

---

[42] *Id.*
[43] *Id.* ¶ 32.
[44] *Id.* ¶ 39.
[45] *Id.* ¶ 41.
[46] *Id.* ¶ 34.
[47] *Id.*
[48] *Id.* ¶ 34.
[49] *Id.* ¶ 35.

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE TOWER BUILDING
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

The following table reflects the proposed sequence of events:

| Date/Triggering Event: | Event: |
| --- | --- |
| July 18, 2013 | Court enters Conditional Approval Order. |
| August 2, 2013 [15 calendar days after Conditional Approval]: | Deadline for Defendant to provide the Stipulated Class Members' contact information to Settlement Administrator. |
| August 12, 2013 [25 calendar days after Conditional Approval]: | Deadline for Settlement Administrator to mail Class Notice Package. |
| September 11, 2013 [30 days after Class Notice Package mailed (or within ten calendar days of the date the Class Notice was re-mailed)]: | Last day for Class Members to object to the Settlement or to opt-out of the Settlement via a written request for exclusion. |
| *To be Determined* [35 days or more before Final Approval Hearing] | Last Day for Class Counsel to file Motion for Final Approval. |

## IV.   CERTIFICATION FOR SETTLEMENT PURPOSES OF PLAINTIFF'S CLAIMS IS APPROPRIATE UNDER RULE 23

### A.   A DISTRICT COURT MAY CERTIFY A CLASS IF IT MEETS THE REQUIREMENTS OF RULE 23(a) AND RULE 23(b)

Through this motion, Plaintiff requests[50] that the Court make appropriate findings and conditionally certify the following class for purposes of settlement ("Settlement Class"):

> All persons who were employed as route salespersons by Defendant in one or more of its Kraft Pizza Company locations in California at any time on or after April 25, 2008 through the date of preliminary approval[51]

To certify a class, a district court must find that the proposed class meets the requirements of both Rule 23(a) and Rule 23(b). *See Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 623-24 (1997). As discussed below, the Settlement Class meets all four prerequisites of Rule 23(a) class certification

---

[50]   If the Court does not approve any material condition of this Settlement Agreement or effects a fundamental change of the Parties' Settlement, with the exception of any changes to the Class Notice, the award of Class Counsels' fees/costs, and the award of enhancement payments, then the entire Settlement Agreement will be voidable and unenforceable at the option of either Party hereto. *Id.* ¶ 50.

[51]   *Id.* ¶ 6.

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE TOWER BUILDING
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

– numerosity, commonality, typicality, and adequacy of representation – in addition to the requirements of Rule 23(b)(3) – predominance of common issues and superiority of the class action device.

## B. THE SETTLEMENT CLASS MEETS ALL FOUR REQUIREMENTS OF RULE 23(A)

### 1. Numerosity and Ascertainability Are Satisfied

Rule 23(a)(1) requires that a proposed class be so numerous that joinder of all class members is impracticable. *See* Fed. R. Civ. P. 23(a)(1); *Acosta v. Trans Union, LLC,* 243 F.R.D. 377, 384 (C.D. Cal. 2007). Plaintiff need not show that the number is so large that it would be impossible to join every class member. *See Harris v. Palm Springs Alpine Estates, Inc.,* 329 F. 2d 909, 913-914 (9th Cir. 1964). Here, the Settlement Class of approximately 131 members is clearly large enough to make joinder impracticable, and can be readily ascertained from Defendant's records.[52]

### 2. The Settlement Class Satisfies The Commonality Element

Under Federal Rule of Civil Procedure 23(a)(2), Plaintiff must show that there is a question of law or fact common to the Settlement Class, using a permissive standard. *Hanlon v. Chrysler Corp.,* 150 F. 3d 1011, 1019-20 (9th Cir. 1998) (emphasizing the "minimal" requirements and "permissive" interpretation of Rule 23(a)(2)); *Baby Neal for and by Kanter v. Casey*, 43 F. 3d 48, 56 (3d Cir. 1994); *Slaven v. BP Am., Inc.*, 190 F.R.D. 649, 655 (C.D. Cal. 2000) (stating that most courts have construed requirements "quite liberally"). A plaintiff may satisfy the commonality requirement by demonstrating either a common legal issue with divergent factual predicates or a common nucleus of facts with divergent legal remedies. *See Hanlon,* 150 F.3d at 1019; *Staton*, 327 F.3d at 953. Furthermore, the presence of merely one common issue of law or fact is sufficient. *See Haley v. Medtronic, Inc.,* 169 F.R.D. 643, 648 (C.D. Cal. 1996); *Slaven,* 190 F.R.D. at 655.

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE TOWER BUILDING
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

[52]    Salassi Decl. ¶ 16; Defendant does not, of course, stipulate to class treatment and in the event the proposed settlement of this action is not approved and finalized Defendant reserves its right to challenge class certification for any purpose other than settlement.

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE TOWER BUILDING
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

The common questions of law and fact satisfying Rule 23(a)(2)'s requirements[53] include:

i.   Whether Defendant's improperly classified Plaintiff and the Class Members as exempt employees, thereby depriving them of lawful wages;

ii.  Whether Defendant violated California Labor Code §§ 226.7 and/or 512 because its sales routes precluded Class Members from taking full, uninterrupted meal and/or rest periods;

iii. Whether Defendant violated California Labor Code § 1174 by failing to keep accurate records of Class Members' hours of work;

iv.  Whether Defendant violated California Labor Code § 226 by failing to provide Class Members with semimonthly itemized statements including total hours worked and all applicable hourly rates in effect during the pay period; and

v.   Whether Defendant's classification and meal and rest break policies and practices violated Business and Professions Code §§ 17200, *et seq.* (e.g. unfair, unlawful and/or fraudulent business practices) and/or PAGA.

All members of the putative class, i.e. Defendant's California, route salesperson workforce, were subject to common corporate policies and practices – overtime exempt classification and meal/rest policies.[54] Plaintiff and Defendant, of course, disagree as to whether these policies and practices are unlawful, but the fact remains that the following factual and legal issues are <u>identical</u> among all Class Members, irrespective of any particular employee's circumstances. As a result, this case is exactly the kind of class action where the "common answers [are] apt to drive the resolution of the litigation," meeting the commonality requirement under Rule 23(a). *Wal-Mart Stores, Inc.,* 131 S. Ct. at 2551.

### 3.   The Typicality Element is Met

The permissive standard of typicality focuses on the similarity between the legal theories of the proposed class representative and the legal theories of class members he/she seek to represent.

---

[53]   *See, e.g., Hanlon,* 150 F. 3d at 1019 (shared legal issues with divergent factual predicates sufficient for class certification); *Tierno v. Rite-Aid Corp.,* No. 05-2520, 2006 WL 2535056 (N.D. Cal., Aug. 31, 2006) (certifying a class of retail store managers); *Gutierrez v. Kovacevich "5" Farms,* 2004 WL 3745224, at *5 (E.D. Cal. Dec. 2, 2004) (finding commonality satisfied where plaintiffs presented common questions of whether defendants failed to pay plaintiffs for all time worked).

[54]   Salassi Decl. ¶ 5; *See generally* Exhibit "J," Salinas Decl.

*See Hanlon*, 150 F. 3d at 1020; *Staton v. Boeing Co.*, 327 F. 3d 938, 957 (9th Cir. Wa. 2003).[55] Typicality is satisfied if: 1) the unnamed plaintiffs suffered "the same or similar injury" as the named plaintiff, 2) the claim does not apply solely to the named plaintiff and 3) the unnamed plaintiff was "injured by the same course of conduct." *Hanon v. Dataproducts Corp.*, 976 F.2d 497, 508 (9th Cir. 1992).

As described above, Plaintiff and the Settlement Class have exactly the same legal and factual claims based on Defendant's allegedly unlawful policies relating to its classification of reoute salespersons as overtime-exempt, its failure to adequately provide meal and rest periods, and related claims. Further, the damages and injuries allegedly suffered by each Class Member is identical because they are all premised on and stem from identical factual allegations. Consequently, this case satisfies all three prongs of the *Hanon* test. The claims and injury alleged to have been suffered by Plaintiff are identical to those of the putative class.

### 4.    Plaintiff and His Counsel Satisfy the Adequacy Element

The proposed Class Representative, plaintiff Gilbert Salinas and his counsel have and will continue to "fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). The following questions demonstrate "legal adequacy": "(1) do the named plaintiffs and their counsel have any conflicts of interest with other class members, and (2) will the named plaintiffs and their counsel prosecute the action vigorously on behalf of the class?" *Hanlon,* 150 F.3d at 1020.

The adequacy of Plaintiff's counsel is explained in Section IV, *infra*. Regarding the adequacy of the Representative Plaintiff, he has served as representative of the class since approximately April 25, 2012.[56] Plaintiff has aligned his interests with that of the Class Members, all of whom share a common interest in challenging Defendant's policies regarding their exempt classification and Defendant's meal and rest break policies. Plaintiff and all class members share this common interest

---

[55]    The typicality and commonality requirements "tend to merge," and a finding of commonality ordinarily will support a finding of typicality. *General Tel. Co. of Southwest v. Falcon*, 457 U.S. 147, 157 n.13 (1982); *Wehner v. Syntex Corp.*, 117 F.R.D. 641, 644 (N.D.Cal. 1987); *California Rural Legal Assistance v. Legal Services Co.*, 917 F.2d 1171, 1175 (9th Cir. 1990) (the named plaintiffs need not be identically situated with all other class members, but must share a "common issue of law or fact.").

[56]    Exhibit "J," Salinas Decl. ¶ 4.

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE TOWER BUILDING
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE TOWER BUILDING
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

1   because each class member was arguably not being paid an overtime premium for hours worked over

2   eight in a day or over forty in a week, and not receiving the full time for meal and rest breaks due to

3   their classification as overtime-exempt and the demands of their routes.[57]

4         In addition, Plaintiff spent a significant amount of time on this case, including:

5       i.    Responding to his attorneys' questions regarding working conditions at Kraft;

6       ii.    Discussing the complaint and claims with his attorneys and providing information as
7             to liability and damages;

8       iii.    Receiving and responding to mail, electronic mail, and/or facsimiles from his
9             attorneys regarding this litigation and;

10      vi.    Remaining on-call and readily accessible on the date of the mediation session and
11            reviewing, discussing with counsel and consenting to the settlement.[58]

12        Moreover, if the case had resulted in an adverse disposition, Plaintiff might have been taxed

13  in the amount of Defendant's litigation costs, a result that would have crippled him financially. All

14  of the facts demonstrate Plaintiff Salinas's resolve to vigorously represent the class in this case and

15  to put the interests of the class above his own.[59]  Finally, Plaintiff is only entitled to his share of the

16  settlement as a class member and an enhancement award of $5,000, if approved by the Court.[60]

17  Plaintiff is an adequate class representative and the proposed enhancement award is reasonable

18  compensation for his service.

19

20        **C.**    **THE PROPOSED SETTLEMENT CLASS ALSO MEETS THE
       REQUIREMENTS OF RULE 23(b)(3)**

21        In order for a proposed settlement class to be certified under Rule 23 (b), it must be shown

22  that (1) "the questions of law or fact common to class members predominate over any questions

23  affecting only individual members" and (2) "a class action is superior to other available methods for

24  fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b)(3).  A proposed class will

25  satisfy the commonality requirement as long as any dissimilarities do not hinder the "generat[ion]

26  _____

27  [57]    *Id.* ¶ 6.
   [58]    *Id.* ¶ 13(d).
   [59]    *See generally Id.*
28  [60]    *Id.* ¶ 19.

[of] common answers apt to drive the resolution of the litigation." *Wal-Mart Stores, Inc. v. Dukes*, 131 S. Ct. 2541, 2551 (2011) (emphasis omitted).

The Plaintiff and class members, all non-exempt employees, are seeking relief for alleged injuries caused by Defendant's classification of the route salesperson position as overtime-exempt, plus its compensation and meal/rest break policies and practices.[61] Plaintiff and other class members claim each of these policies and practices were common to all class members. Accordingly, Plaintiff's and the proposed class's common questions of law and fact "predominate" over any perceived individual questions. Settlement class-wide is also "superior to other available methods for the fair and efficient adjudication of the controversy" because it allows all of the Settlement Class members' claims to be fairly, adequately and efficiently resolved to a degree that no other mechanism or forum would provide. Fed. R. Civ. P. 23(b)(3). As in *Hanlon*, the alternative methods of resolution are individual claims for a relatively small amount of damages. *See Hanlon,* 150 F. 3d at 1023. These claims "would prove uneconomic for potential plaintiffs" because "litigation costs would dwarf potential recovery," resulting in an inferior outcome. *Id.* In sum, the settlement class fully meets the commonality and superiority requirements of Rule 23(b)(3).

## V.   PLAINTIFF'S COUNSEL SHOULD BE APPOINTED AS CLASS COUNSEL

Federal Rule of Civil Procedure 23b (a) and (g) requires that courts consider the following factors when addressing the adequacy and appointment of class counsel: (1) whether counsel will fairly and adequately protect the interests of the class; (2) whether counsel has investigated the class claims; (3) whether counsel is experienced in handling class actions and complex litigation; (4) whether counsel is knowledgeable regarding the applicable law; and (5) whether counsel will commit adequate resources to representing the class. *See Morelock Enterprises, Inc. v. Weyerhaeuser Co.*, 2004 WL 2997526, *5 (D. Or. Dec. 16, 2004). Defendant does not dispute that SCA meets these requirements for purposes of the present Settlement. However, even if such

---

[61]   *See* Plaintiff's Complaint attached to the Notice of Removal, ECF Docket No. 1, Exhibit "A," ¶¶ 1, 3.

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE TOWER BUILDING
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

appointment was opposed, it is clear from the record presented herein that SCA meets these requirements.

As evidenced by SCA's resume,[62] the firm is highly experienced and knowledgeable regarding complex federal and state wage and hour class actions like this one. Indeed, the firm has handled scores of misclassification cases and successfully obtained certification of classes alleging claims just like those raised in this lawsuit.[63] In addition, Plaintiff's counsel conducted a pre-filing investigation of Defendant and its business practices and interviewed the Representative Plaintiff on numerous occasions regarding his work experience and the experiences of his colleagues.[64] Plaintiff's counsel also obtained all of the necessary information to evaluate this case's strengths and weaknesses via both formal discovery and an informal pre-mediation data exchange.[65] SCA has fully committed its resources to representing the class in this case and will continue to do so whether or not the Settlement is approved. Accordingly, appointment of SCA as Class Counsel is appropriate.

## VI.   THE PROPOSED SETTLEMENT SHOULD BE GRANTED PRELIMINARY APPROVAL

Rule 23(e) requires that the court find a class settlement to be fair, reasonable and adequate before entering preliminary or final approval. The primary concern of Rule 23(e) is the "protection of class members whose rights may not have been given adequate consideration during the settlement negotiations." *In re Jiffy Lube Securities Litigation*, 927 F. 3d 155, 158 (4th Cir. 1991). The law <u>favors</u> settlement, particularly in class actions and other complex cases, where substantial resources can be conserved by avoiding the time, cost and rigors of formal litigation. 4 Newberg § 11:41; *see also City of Seattle*, 955 F.2d at 1276; *Van Bronkhorst v. Safeco Corp.*, 529 F.2d 943, 950 (9th Cir., 1976); *Potter v. Pacific Coast Lumber Company*, 37 Cal.2d 592, 602 (1951). These concerns apply with particular force in a case such as this, where an allegedly illegal practice affected over a hundred of Defendant's current and former employees.

---

[62]   *See generally* Exhibit "K," SCA's Professional Resume.
[63]   *Id.*
[64]   Exhibit "J," Salinas Decl. ¶ 13.
[65]   *Id.* ¶ 6.

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE TOWER BUILDING
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE TOWER BUILDING
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

1    At this point, the Court need only determine whether the proposed settlement is within the

2    range of possible approval or "the range of reasonableness," and thus whether notice to the class and

3    the scheduling of a formal fairness hearing is worthwhile. *Wershba v. Apple Computer, Inc.*, 91 Cal.

4    App. 4th 224, 234-35 (2001); *see also* 4 Newberg § 11:25-26; *In re Traffic Exec. Ass'n*, 627 F.2d

5    631, 633-634 (2d Cir. 1980).

6    Courts balance several factors in determining whether a settlement is fair, adequate and

7    reasonable, in compliance with Rule 23(e), including the strength of plaintiff's case, the risk,

8    expense, complexity and likely duration of further litigation, the risk of maintaining a class action

9    through trial, the amount offered in settlement, the extent of discovery completed, the stage of the

10   proceedings, and the experience and views of counsel. *Hanlon*, 150 F. 3d at 1026; *In re Mego*

11   *Financial Corp. Securities Litig.*, 213 F.3d 454, 458 (9th Cir. 2000). Here:

12      1)   The settlement process employed (*i.e.*, use of a respected, neutral mediator) demonstrates

13           that settlement is the product of serious, informed, non-collusive negotiations;

14      2)   The settlement distribution does not grant any preferential treatment because the

15           distribution of monies is equally distributed based on a pro rata formula tied to employee

16           workweeks; and

17      3)   The settlement falls within the range of possible approval because this settlement is

18           nearly a millions dollars, although there is: (a) a distinct likelihood that class certification

19           would be denied, because, Defendant would argue, determining whether each Class

20           Member met the criteria for exempt status would require individualized determinations;

21           and (b) Defendant would proffer evidence that it expected Class Members to be

22           primarily involved in sales work, and the position was properly classified as overtime-

23           exempt. As a result, there is also a distinct likelihood that the putative class would

24           recover nothing by this lawsuit at trial.[66]

25

26

27

---

28   [66]   *See* Exhibit "L," Southwest Region Standards and Expectations regarding route salesperson sales
     expectations.

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE TOWER BUILDING
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

### A.   THE RISKS, COMPLEXITY, EXPENSE AND LIKELY DURATION OF FURTHER LITIGATION ALL SUPPORT APPROVAL

The court should weigh the benefits of the Settlement against the expense and delay involved in achieving an equivalent or even more favorable result at trial. *Young v. Katz*, 447 F.2d 431, 433 (5th Cir. 1971); *Kullar v. Foot Locker Retail, Inc.*, 168 Cal.App.4th 116, 129 (2008) (The trial court "bears the responsibility to ensure that the recovery represents a reasonable compromise, given the magnitude and apparent merit of the claims being released, **discounted by the risks and expenses** of attempting to establish and collect on those claims by pursuing the litigation.") (emphasis added).

The policy under California law that favors and encourages settlement of class actions and other complex cases applies with particular force here. California jurists recognize "an overriding public policy favoring settlement of class actions." *Ferguson v. Lieff, Cabraser, Heimann & Bernstein*, 30 Cal.4th 1037, 1054 (2003) (Kennard, J., concurring) (*citing Franklin v. Kaypro Corp.*, 884 F.2d 1222, 1229 (9th Cir. 1989) ("public policy favor[s] the compromise and settlement of disputes")); *see also In re General Motors Corp. Pick-up Truck Fuel Tank Products Liability Litig.*, 55 F.3d 768, 805 (3rd Cir. 1995). The alternative to a class action – i.e., individual litigation – could tax private and judicial resources over a period of years and, given the relatively modest amount of damages each class member allegedly incurred, would be uneconomical even for those with the finances, sophistication and tenacity to secure individual legal representation.

This Settlement, on the other hand, provides to *all* class members, regardless of their means, the opportunity for a monetary recovery in a prompt and efficient manner, without the risk of the Court denying class certification and the resultant recovery of nothing at all. The settlement represents a fair compromise of the issues in this case, based on the following factors:

- Obtaining certification of a misclassification case is often an uphill battle, resulting in a substantial risk the case would never even reach the liability phase. The risk of denial of class certification is one factor requiring a discount to the potential value of the claims alleged.

- In addition, because employers have no obligation to record rest periods, the relative lack of written proof, besides the declarations from the Class Members, would have diminished the prospect of certifying the claim.

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE TOWER BUILDING
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

- Even if the case were certified, proving that Defendant knew and/or intended that the requirements of the position would make it impossible for Class Members to spend the majority of their time on exempt work would be a difficult task. The same is true of establishing how often Class Members missed a meal or rest break, and whether Defendant's policies and practices were to blame for Class Members' inability to take them. Notably, Defendant produced a number of memoranda impressing upon its employees the importance of meal and rest breaks and acknowledgment forms from Plaintiff and other putative Class Members acknowledging receipt of the policy.[67]

- The Supreme Court's decision in *Brinker v. Super.Ct.*, 165 Cal. App. 4th 25, 21w (2008) (holding that employers "need only provide [meal breaks] and not ensure they are taken"), was a decidedly mixed result with regard to meal and rest break claims, favorable to workers in parts, but also establishing doctrines favorable to employers.

- Defendant would argue Plaintiff's claims are preempted by the Motor Carrier Act.[68]

- Plaintiffs also brought claims for PAGA penalties and waiting-time penalties, based on the failure to pay for all time worked and pay the appropriate meal and rest break premiums.[69] Defendant could have argued that PAGA penalties are discretionary, and any amount sought could be reduced or denied in full by a court (Cal.Lab.Code § 2699.3(1)).

- The lack of published cases to provide courts with guidance as to the application and discretion in approving PAGA awards renders valuation of the amount uncertain and implies a corresponding discount for settlement.

---

[67]      Exhibit "M," Defendant's Meal & Rest Periods, Supervisor Training-CA; Exhibit "N," Defendant's Frequently Asked Questions, California Law regarding Meal and Rest Periods; Exhibit "O," Defendant's Meal & Rest Periods, Employee Update; Exhibit "P," Kraft's Meal & Rest Periods Acknowledgment.
[68]      Exhibit "Q," a letter from Kraft's Chief Counsel Burton L. Reiter to Van Bui from the U.S. Department of Labor, dated September 16, 2005, regarding the complaint by Joseph J. Reyes.
[69]      *See* Plaintiff's Complaint attached to the Notice of Removal, ECF Docket No. 1, Exhibit "A," ¶¶ 71-77.

- Section 203 arguably requires a willful failure to pay wages, and in light of the difficulties associated with establishing a common policy of paying wages after they are due, the value of the claim had to be discounted.

Moreover, should the Court deny approval, most class members will, as a practical matter, be left without any remedy at all and, should any claimant elect to pursue his or her claim anyway, any one or more courts throughout California may be called upon to address the issues presented here in a costly piecemeal process. With that in mind, this Settlement is consistent with the "overriding public interest in settling and quieting litigation" that is "particularly true in class action suits." *Van Bronkhorst*, 529 F.2d at 950 (footnote omitted); *Potter*, 37 Cal.2d at 602; 4 *Newberg* § 11.41 at 87-89.

### B.   THE WORK PERFORMED BY COUNSEL SUPPORTS APPROVAL OF THE SETTLEMENT

As noted above, Plaintiff's counsel conducted a formal discovery campaign and obtained the documents needed to understand the route salesperson position, as well as Defendant's compensation and meal/rest break policies and practices.[70] Plaintiff also conducted an independent investigation of plaintiff and the Class Member's work experiences.[71] Finally, Plaintiff obtained, by informal means, the information needed to perform a damages analysis in advance of mediation.[72] The terms of the Settlement were then negotiated using an experienced mediator and after months of additional bi-lateral negotiations.[73] The end result of this work is a Settlement that experienced Plaintiff's counsel believes is a reasonable resolution for the class. It commits Defendant to pay the non-reversionary sum of $900,000 to a relatively small class of 131 employees, in exchange for a release of class claims. Plaintiff believes that such a Settlement is, under the circumstances, clearly fair, adequate, and reasonable and that it provides for reasonable compensation to Class Members. Likewise, Settlement Class members will receive a payment under the Settlement much quicker than if they pursued their claims through trial and appeal.

---

[70]   Salassi Decl. ¶ 6.
[71]   *Id.* ¶ 7.
[72]   *Id.*
[73]   *Id.* ¶ 8.

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE TOWER BUILDING
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE TOWER BUILDING
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

**VII.    THE PROPOSED CLASS NOTICE AND CLAIMS PROCESS SATISFY DUE PROCESS**

    **A.    THE SETTLEMENT DOCUMENTS SATISFY DUE PROCESS AND MEET ALL OF THE ELEMENTS OF RULE 23(c)(2)(B)**

Rule 23(c)(2)(B) provides that the court must direct to class members the best notice practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort. The notice should describe: (1) the nature of the action; (2) the definition of the class certified; (3) the class claims, issues, or defenses; (4) that a class member may enter an appearance through counsel if the member so desires; (5) that the court will exclude from the class any member who requests exclusion, stating when and how members may elect to be excluded; and (6) the binding effect of a class judgment on class members under Rule 23(c)(3). *See* Fed. R. Civ. P. Rule 23(c)(2)(B).

The content of the proposed Settlement Documents[74] herein fully complies with due process and FRCP Rule 23. The Settlement Documents provide the definition of the Class, describe the nature of the action, provide specifics regarding the date, time, and place of the Final Approval Hearing, and inform class members what their options are upon receiving the notice (i.e., opt out or object). The Settlement Documents explain that the Settlement release will apply to Class Members' claims unless they timely opt out from the Settlement, and also informs them that the Settlement amount will be used to compensate Plaintiff's Counsel for the approved amount of costs and fees, the cost of claims administration, the class representative's approved enhancement award, and payment to the California Labor & Workforce Development Agency ("LWDA") for release of claims under the Private Attorneys General Act ("PAGA") under Labor Code §§ 2699 *et seq.*

---

[74]    The proposed Class Notice is attached to the Settlement as Exhibit "A;" Exhibit "A," Settlement ¶ 20.

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE TOWER BUILDING
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

**B.   THE NOTICE PLAN AND CLAIMS PROCESS SATISFY DUE PROCESS BECAUSE THEY ARE CALCULATED TO GIVE ALL SETTLEMENT CLASS MEMBERS NOTICE**

The Settlement provides that the Settlement Documents will be mailed individually by the Claims Administrator to the last known address of Settlement Class members as identified through Defendant's records. Such a notice plan satisfies due process and Rule 23(c)(2)(B). The Claims Administrator will run the class member database through the National Change of Address database, and will use the most recent address for each class member – either from Defendant's records or the National Change of Address database – when mailing the Class Notice.[75] With respect to any returned envelopes, the Claims Administrator will take reasonable steps to locate any class member whose Class Notice is returned as undeliverable, such as a skip trace procedure to obtain a current address and, if an updated address is located, then re-mail the envelope to such address within five calendar days of the receipt of the returned envelope.[76]

The Class Notice provides instructions on how to opt-out and how to make an objection.[77] Persons who submit valid and timely requests will not participate in the Settlement, nor will they be bound by the terms of the proposed Settlement, if it is approved, or the Final Judgment in this Action.[78] Settlement Class members will have thirty days from the date of mailing to submit opt-out requests or to object to the Settlement, giving them sufficient time to comment on the Settlement.[79] *Cf. Torrisi v. Tucson Elec. Power Co.*, 8 F. 3d 1370, 1375 (9th Cir. 1993).

Finally, the distribution calculations to Class Members are fair, objective, and reasonably approximate the relative damages suffered by each Class Member. This proposed plan of distribution takes into account factors that would affect class member recoveries if this litigation were successfully concluded through judgment, such as each Class Member's length of employment.[80]

---

[75]    *Id.* ¶ 32.
[76]    *Id.*
[77]    See generally The proposed Class Notice, with accompanying Opt-out Form, as attached to the Settlement as Exhibit "A."
[78]    Exhibit "A," Settlement ¶ 34.
[79]    *Id.*
[80]    Exhibit "A," Settlement ¶ 26(c). Each member of the Plaintiff Class shall be entitled to receive a pro rata portion of the Net Settlement Fund (his/her "Individual Settlement Share"), calculated based upon the number of weeks worked thereby during the Settlement Period, divided by the total number of workweeks worked by all Plaintiff Class Members during said period.

**VIII.   CONCLUSION**

Based on the foregoing, and because the settlement is beneficial to the Class Members and will efficiently, economically and favorably resolve what would have been an otherwise protracted and expensive litigation, Plaintiff respectfully urges the Court to grant Preliminary Approval of the instant Settlement.


Dated: June 7, 2013                                                    **SCOTT COLE & ASSOCIATES, APC**



By:     /s/ Hannah R. Salassi
                                                                          Hannah R. Salassi, Esq.
                                                                          Attorneys for the Representative Plaintiff
                                                                          and the Plaintiff Class

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE TOWER BUILDING
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

Memorandum of Points & Authorities in Support of Plaintiff's Motion for Preliminary Settlement Approval