1 | Matthew R. Bainer, Esq. (S.B. #220972)
Hannah R. Salassi, Esq. (S.B. #230117)
2 | **SCOTT COLE & ASSOCIATES, APC**
1970 Broadway, Ninth Floor
3 | Oakland, California 94612
Telephone: (510) 891-9800
4 | Facsimile: (510) 891-7030
Email: mbainer@scalaw.com
5 | Email: hsalassi@scalaw.com
Web: www.scalaw.com

Attorneys for Representative Plaintiff
and the Plaintiff Class

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| GILBERT SALINAS, individually, and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>KRAFT FOODS GLOBAL, INC., and DOES 1 through 100, inclusive,<br><br>Defendants. | Case No. 12-CV-02894-CW<br><br>**CLASS ACTION**<br><br>**DECLARATION OF HANNAH R. SALASSI, ESQ. IN SUPPORT OF PLAINTIFF'S MOTION FOR AN ORDER:**<br><br>**(1) GRANTING PRELIMINARY APPROVAL OF THE CLASS ACTION SETTLEMENT AGREEMENT;**<br><br>**(2) GRANTING CONDITIONAL CERTIFICATION OF THE SETTLEMENT CLASS;**<br><br>**(3) APPOINTING CLASS COUNSEL;**<br><br>**(4) APPOINTING CLASS REPRESENTATIVE;**<br><br>**(5) APPOINTING SETTLEMENT ADMINISTRATOR; AND**<br><br>**(6) APPROVING CLASS NOTICE, OPT-OUT FORM AND TIMELINE FOR ADMINISTRATION**<br><br>Date: July 18, 2013<br>Time: 2:00 p.m.<br>Dept.: 9, 19th Floor<br>Judge: Jon S. Tigar |

I, Hannah R. Salassi, do hereby declare as follows:

1. I am an attorney-at-law, licensed to practice in all jurisdictions of this State, and I am an Associate attorney with the law offices of Scott Cole & Associates, APC ("SCA" or "Class Counsel"), attorneys-of-record for Representative Plaintiff Gilbert Salinas ("Plaintiff") and the Plaintiff Class in the above-entitled action.

2. I make these statements based on personal knowledge and would so testify if called as a witness at trial. I make this declaration in support of Plaintiff's Motion for Preliminary Approval of Class Action Settlement.

**PROCEDURAL HISTORY AND SETTLEMENT NEGOTIATIONS**

3. On April 25, 2012, Plaintiff, represented by Scott Cole & Associates, APC ("SCA" or "Class Counsel") filed a class action complaint in San Francisco County Superior Court asserting claims on behalf of all route salespersons employed by Defendant in the State of California from April 25, 2008 through the present. Defendant filed its Answer on June 1, 2012. The case was removed to the United States District Court, Northern District of California on June 4, 2012.

4. Plaintiff's operative Complaint alleges that Defendant improperly misclassified its California route salespersons as exempt from overtime compensation and deprived them of compensation for missed meal and rest periods. Representative Plaintiff seeks various forms of relief, not only for himself, but for all other similarly situated Kraft route salespersons employed in California during the Class Period.

5. Defendant's California, route salesperson workforce, were subject to common corporate policies and practices – overtime exempt classification and meal/rest policies. Each class member was arguably not being paid an overtime premium for hours worked over eight in a day or over forty in a week, and not receiving the full time for meal and rest breaks due to their classification as overtime-exempt and the demands of their routes.

6. Through both formal written discovery and informal data exchanges, the parties have had an opportunity to review the information necessary to understand the likelihood of class certification, as well as the merits of Plaintiff's case for liability. Plaintiff served, and Defendant responded to, Special Interrogatories and Request for Production of Documents. In conjunction with

1  its discovery responses, Defendant provided the key documents necessary to investigate Class
2  Members' claims, including the route salesperson job description, compensation structure,
3  Defendant's handbook and route training manual, written policies regarding meal and rest periods
4  and timesheets.

5        7.      In addition, in advance of mediation, Defendant provided Plaintiff with the data
6  points needed to assess damages. The data points included: the total number of California Class
7  Members, the total number of Class Period shifts and workdays, total time spent in a Class position,
8  the average time spent working per Class Member during the Class Period, and average number of
9  workweeks per Class Member. SCA also conducted its own investigation, interviewing Plaintiff and
10 other Class Members, and obtaining declarations memorializing their experiences.

11       8.      On January 8, 2013 Plaintiff and Kraft attended a full day of mediation with
12 experienced mediator Alan Berkowitz at the offices of Judicate West, San Francisco, California.
13 The parties did not reach an agreement at mediation, but continued to engage in extensive bi-lateral
14 negotiations. On or about February 9, 2013, Plaintiff and Defendant finally reached an agreement in
15 principle, and, after several more months of negotiations, by June 7, 2013, all named parties and
16 their respective counsel had executed the Settlement and agreed to its terms.

17       9.      The *non-reversionary* Settlement encompasses all claims asserted by the
18 Representative Plaintiff on behalf of a class of approximately 131 individuals who were employed as
19 route salespersons by Defendant in one or more of its Kraft Foods locations in California at any time
20 on or after April 25, 2008 through the date on which this Court enters a Final Judgment.

21       10.      Plaintiff has agreed to settle his and the Class Members' wage and hour claims in
22 exchange for Defendant's agreement to pay the class $900,000, including an Enhancement Award
23 for Plaintiff, for release of claims under the Private Attorneys General Act ("PAGA") under Labor
24 Code §§ 2699 et seq., reasonable attorneys' fees and costs, Defendant's share of the payroll taxes
25 associated with this Settlement and the fees and expenses of the Settlement Administrator.

26       11.      Class Counsel is of the opinion that this Settlement is within the range of
27 reasonableness and is in the best interest of the Class Members in light of all known facts and
28

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE TOWER BUILDING
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

circumstances, including the risk of significant delay, defenses asserted by Defendant, and potential appellate issues.

**FAIRNESS AND ADEQUACY OF THE PROPOSED SETTLEMENT**

12. On behalf of the putative class members and the Representative Plaintiff, Class Counsel conducted due diligence before entering into the mediation process.

13. Plaintiff submitted a thorough Mediation Brief summarizing the facts and legal theories surrounding Plaintiff's and the class' claims, the state of applicable law, and a comprehensive, classwide damages analysis. Furthermore, Class Counsel interviewed the Representative Plaintiff on numerous occasions regarding his work experience and the experiences of his colleagues.

14. These informal exchanges placed SCA in an excellent position to fairly evaluate the potential litigation risks facing Plaintiff and the putative Class Members.

15. The Representative Plaintiff's claims arise from the same facts and are based on the same legal theories as those applicable to the class as a whole. I am aware of no conflict between the Representative Plaintiff and the plaintiff class. Representative Plaintiff presents no additional legal claims beyond those held by other class members, acted responsibly during the course of the litigation, and fulfilled his duties as representative of the class.

16. The Settlement Class of approximately 131 members is clearly large enough to make joinder impracticable, and can be readily ascertained from Defendant's records.

17. Class Counsel evaluated the Settlement by weighing the maximum damages available to the class members for their overtime and statutory break claims against the relevant risk factors. These risks included:

- Obtaining certification of a misclassification case is often an uphill battle, the case might never reach the liability phase. Defendant would argue that determining whether Class Members met the criteria for exempt status would require individualized determination.

- In addition, because employers have no obligation to record rest periods, the relative lack of written proof, besides the declarations from the Class Members, would have diminished the prospect of certifying the claim.
- Even if the case were certified, proving that Defendant knew and/or intended that the requirements of the position would make it impossible for Class Members to spend the majority of their time on exempt work would be a difficult task. The same is true of establishing how often Class Members missed a meal or rest break, and whether Defendant's policies and practices were to blame for Class Members' inability to take them. Defendant would proffer evidence that it expected Class Members to be primarily involved in sales work, and the position was properly classified as overtime-exempt.
- The Supreme Court's decision in *Brinker v. Super.Ct.*, 165 Cal. App. 4th 25, 21w (2008) (holding that employers "need only provide [meal breaks] and not ensure they are taken"), was a decidedly mixed result with regard to meal and rest break claims, favorable to workers in parts, but also establishing doctrines favorable to employers.
- Plaintiffs also brought claims for PAGA penalties and waiting-time penalties, based on the failure to pay for all time worked and pay the appropriate meal and rest break premiums. Defendant could have argued that PAGA penalties are discretionary, and any amount sought could be reduced or denied in full by a court (Cal.Lab.Code § 2699.3(1)).
- The lack of published cases to provide courts with guidance as to the application and discretion in approving PAGA.
- Section 203 arguably requires a willful failure to pay wages, and it would be difficult to establish a common policy of paying wages after they are due.

18. Class Counsel's opinion that this settlement represents a fair, adequate, and reasonable result for the class is based on its weighing of the maximum possible recovery against the strengths of the defenses to class certification, liability, and damages as outlined in this declaration.

Declaration of Hannah R. Salassi, Esq. in Support of Plaintiff's Motion for Preliminary Settlement Approval

19. Based thereon, Class Counsel reached the conclusion that the proposed Settlement is fair, reasonable, adequate, and in the best interests of the class.

### CLASS COUNSEL

20. SCA is devoted almost exclusively to the prosecution of wage and hour class action matters such as this. SCA has prosecuted scores of class actions, the vast majority of which involved the same legal issues that are present in this litigation. SCA's attorneys are very knowledgeable regarding class certification and wage and hour issues, and have written scholarly articles and speak regularly at conferences on these issues.

21. Consistent with the negotiated Settlement Agreement, SCA may request an award of fees equal to 33 1/3% of the Gross Settlement Amount, in light of the risks incurred and benefits procured on behalf of the Settlement Class. Defendant does not oppose this request.

### SETTLEMENT NOTICE AND ADMINISTRATION

22. The parties have agreed that Class Counsel will obtain bids from various companies for the administration of Settlement and the Parties will select the most cost efficient bidder as the Settlement Administrator. The Settlement Administrator is responsible for implementing the terms of the Settlement related to notice and payment to class members and related matters.

### REQUEST FOR ATTORNEYS' FEES AND COSTS

23. Per the Settlement Agreement, Class Counsel may request up to $299,700.00 (33 1/3% of the Gross Settlement Amount) in attorneys' fees plus actual litigation costs.

24. At all times throughout this litigation, each of the attorneys, law clerks, paralegals, and legal assistants at SCA maintained contemporaneous time records reflecting the actual time spent on this matter.

25. As of April 30, 2013, SCA has advanced $5,750.00 in unreimbursed litigation costs, and will incur additional costs through the completion of the settlement approval process. Class Counsel will submit its billing records and an itemized cost journal with the Motion for Final Approval so as to reflect all work performed and costs incurred in the prosecution of this matter.

**EXHIBITS**

26. Attached hereto and marked as **Exhibit "A"** is a true and correct copy of the fully executed settlement agreement entitled "Class Action Settlement Agreement and Release of Claims."

27. Attached hereto and marked as **Exhibit "B"** is a true and correct copy of Defendant's Southwest Region 4-Week Route Training Manual, Bates Nos. KRAFT-SAL000142-154.

28. Attached hereto and marked as **Exhibit "C"** is a true and correct copy of Kraft Foods Position Specification for Route Sales Representatives, Bates Nos. KRAFT-SAL000139-140.

29. Attached hereto and marked as **Exhibit "D"** is a true and correct copy of Kraft Pizza Company's Current Commission Rates.

30. Attached hereto and marked as **Exhibit "E"** is a true and correct copy of Plaintiff Gilbert Salinas' compensation records, Bates Nos. KRAFT-SAL000215-275.

31. Attached hereto and marked as **Exhibit "F"** is a true and correct copy of the Declaration of Eric Ramsey.

32. Attached hereto and marked as **Exhibit "G"** is a true and correct copy of the Declaration of Earl Price.

33. Attached hereto and marked as **Exhibit "H"** is a true and correct copy of the Declaration of Greg Frenette.

34. Attached hereto and marked as **Exhibit "I"** is a true and correct copy of the Declaration of John Markham.

35. Attached hereto and marked as **Exhibit "J"** is a true and correct copy of the Declaration of Representative Plaintiff Gilbert Salinas in Support of Plaintiff's Motion for an Order: Granting Preliminary Approval of the Class Action Settlement Agreement.

36. Attached hereto and marked as **Exhibit "K"** is a true and correct copy of SCA's professional resume which outlines some of this firm's experience in complex/class litigation. As this resume demonstrates, SCA has substantial experience prosecuting complex litigation and/or

1  class action lawsuits and is devoted almost exclusively to the prosecution of wage and hour actions
2  such as this.

3      37.    Attached hereto and marked as **Exhibit "L"** is a true and correct copy of
4  Defendant's Southwest Region Standards and Expectations, Bates Nos. KRAFT-SAL000302-304.

5      38.    Attached hereto and marked as **Exhibit "M"** is a true and correct copy of
6  Defendant's Meal & Rest Periods, Supervisor Training-CA, Bates Nos. KRAFT-SAL000042-52.

7      39.    Attached hereto and marked as **Exhibit "N"** is a true and correct copy of
8  Defendant's Frequently Asked Questions, California Law regarding Meal and Rest Periods, Bates
9  Nos. KRAFT-SAL000053-55.

10     40.    Attached hereto and marked as **Exhibit "O"** is a true and correct copy of
11 Defendant's Meal & Rest Periods, Employee Update, Bates Nos. KRAFT-SAL000058-65.

12     41.    Attached hereto and marked as **Exhibit "P"** is a true and correct copy of Kraft's
13 Meal & Rest Periods Acknowledgment, Bates Nos. KRAFT-SAL000063.

14     42.    Attached hereto and marked as **Exhibit "Q"** is a true and correct copy of a letter
15 from Kraft's Chief Counsel Burton L. Reiter to Van Bui from the U.S. Department of Labor, dated
16 September 16, 2005, Bates Nos. KRAFT-SAL000130-138.

18 I declare, under penalty of perjury under the laws of the United States and the State of
19 California that the foregoing is true and correct.

21 Executed this 7th of June, 2013 at Oakland, California.

23         /s/ Hannah R. Salassi
        Hannah R. Salassi

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE TOWER BUILDING
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800