Exhibit A

## KRAFT FOODS GLOBAL, INC. "WAGE AND HOUR"

## CLASS ACTION SETTLEMENT AGREEMENT

## AND RELEASE OF CLAIMS

This Settlement Agreement and Release of Claims ("Settlement Agreement") is entered into by and between defendants Kraft Foods Group, Inc., and Representative Plaintiff Gilbert Salinas ("Representative Plaintiff," "Class Representative" and/or "Plaintiff") on behalf of himself individually, and on behalf of all members of the "Plaintiff Class" as described herein, on the other.

## DEFINITIONS

1.     "Class Counsel" is Matthew R. Bainer, Esq. and Hannah R. Salassi, Esq. of Scott Cole & Associates, APC.

2.     "Defendant's Counsel" is Douglas Farmer, Esq., Christopher Ahearn, Esq. and Michael Nader, Esq. of Ogletree, Deakins, Nash, Smoak & Stewart, P.C.

3.      "Gross Settlement Fund" refers to the amount of Nine-Hundred Thousand Dollars ($900,000) that Defendant will make available for payment, in its entirety, pursuant to this Settlement Agreement.

4.     "Net Settlement Fund" shall be calculated by deducting approved Class Counsel's attorneys' fees and litigation costs, the service payment to the Representative Plaintiff, the payment to the California Labor & Workforce Development Agency ("LWDA") for release of claims under the Private Attorneys General Act ("PAGA") under Labor Code §§ 2699 *et seq.*, Kraft Food Global, Inc.'s ("Defendant" and/or "Kraft") share of the payroll taxes associated with this Settlement and the fees and expenses of the Settlement Administrator from the Gross Settlement Fund.

5.      "Parties" refers to the Class Representative, the Plaintiff Class and Defendant, collectively.

6.      "Plaintiff Class" comprises the following class alleged in the Complaint, for the period of April 25, 2008 through the date of preliminary approval:  "All persons who were employed as route salespersons (defined to include "Sales Associates" "Sales Representatives", and "Sales Trainees") who were employed by Kraft Pizza Company in one or more of its locations in California at any time on or after April 25, 2008."

7.      "Qualified Claimant" and/or "Settlement Class" comprises all members of the Plaintiff Class who do not timely submit a valid opt out form consistent with the Claim Process as described herein.

8.      "Settlement Administrator" refers to the third party company responsible for administering the Settlement. Class Counsel will obtain bids from various such companies for the administration of this Settlement and the Parties will select the most cost efficient bidder.

9.      "Settlement Administration Expenses" are those expenses incurred by the Settlement Administrator in effectuating the Settlement.

10.     "Settlement Period" is April 25, 2008 through the date of preliminary approval.


## BACKGROUND

11.     This Settlement Agreement affects claims of the Plaintiff Class arising during the Settlement Period alleged in the Complaint. Plaintiff alleges that Defendant violated wage and hour laws and seeks, on Plaintiff's own behalf, and on behalf of the class alleged therein, unpaid wages and interest thereon, penalties, liquidated damages, injunctive and other equitable relief and reasonable attorneys' fees and costs, under, *inter alia*, Title 8 of the California Code of Regulations, Business & Professions Code §§ 17200 *et seq.*, various Industrial Welfare Commission Wage Order(s), California Code of Civil Procedure §1021.5 and various provisions of the California Labor Code.

DocuSign Envelope ID: A4A2D16C-489C-4C19-B101-58211CA8FDD0

12.     Defendant denies that it violated the law in any manner alleged in the Complaint or otherwise. Nothing contained herein, nor the consummation of this Settlement Agreement, is to be construed or deemed an admission of liability, culpability, negligence, or wrongdoing on the part of Defendant.

13.     The Parties intend to fully, finally, and forever settle, compromise, and discharge all disputes and claims arising during the Settlement Period alleged by the Plaintiff Class in the Complaint as well as known and unknown claims which could have been brought based on the specific factual allegations contained in the Complaint, including, but not limited to claims for unpaid wages, unpaid commissions, unpaid overtime, record-keeping violations, paycheck violations, meal period and rest period violations, and "waiting time" penalties, which arose between April 25, 2008 and the date of preliminary approval.

14.     The Parties intend that this Settlement Agreement shall include a full and complete settlement and release, as described herein, and which includes in its effect all present and former parent companies, subsidiaries, shareholders, officers, directors, attorneys, insurers, and affiliates of Defendant.

15.     Class Counsel represent that they have conducted a sufficiently thorough investigation into the claims of the Plaintiff Class against Defendant. Based on their own independent investigation and evaluation and all known facts and circumstances, including the risk of significant defenses asserted by Defendant, Class Counsel are of the opinion that the Settlement is fair, reasonable, and adequate and is in the best interest of the Plaintiff Class.

16.     The Parties agree to cooperate and take all steps necessary and appropriate to obtain preliminary and final approval of this Settlement and to effectuate all aspects of this Settlement Agreement. Such steps include, but are not limited to, stipulating to remand the instant action to state court for purposes of settlement approval.

## CERTIFICATION OF THE PLAINTIFF CLASS

## FOR SETTLEMENT PURPOSES ONLY

17.    For settlement purposes only, the Parties agree that the Plaintiff Class shall be certified. This Settlement Agreement is contingent upon the approval and certification by the Court of the Plaintiff Class for settlement purposes only. Defendant does not waive, and instead expressly reserves, its rights to challenge the propriety of class certification for any purpose should the Court not approve the Settlement Agreement. In connection with the proposed certification of the Plaintiff Class, the Parties shall cooperate and present to the Court for its consideration competent evidence, as may be requested by the Court, under the applicable due process requirements and standards for class certification.

## SETTLEMENT APPROVAL PROCEDURE

18.    This Settlement Agreement will become final and effective upon occurrence of all of the events described in paragraphs 19 through 24, inclusive.

19.    Execution of this Settlement Agreement by the Parties and their respective counsel of record.

20.    Entry of an Order by the Court (a) granting preliminary approval of the Settlement Agreement, including conditional certification of the Plaintiff Class for settlement purposes only, (b) approving the proposed Class Notice (the Parties' proposed form is attached hereto as Exhibit A and (c) scheduling a hearing date for final approval of the Settlement Agreement.

21.    Filing by Class Counsel, on or before the date of the final approval hearing, the Settlement Administrator's verification, in writing, that the Class Notice to the Plaintiff Class has been disseminated in accordance with the Court's preliminary approval Order.

22.    Defendant has the right to rescind the Settlement Agreement as a result of an Opt-Out percentage that equals or exceeds 10% of all members of the Settlement Class ("Excessive Opt-Out Percentage"). The Parties agree that, if the number of individuals opting out of the

DocuSign Envelope ID: A4A2D16C-489C-4C19-B101-58211CA8FDD0

settlement equals or exceeds the Excessive Opt-Out Percentage, Defendant may elect to terminate the Settlement Agreement by providing written notice to Class Counsel of same within ten (10) days after the expiration of the right of the Plaintiff Class Members to Opt-Out of the Settlement Agreement.

23.     Entry of an Order by the Court granting final approval of the Settlement Agreement.

24.     Occurrence of the "Effective Date," which, if there are no timely objections by members of the Plaintiff Class and/or any such objections have been withdrawn prior to the final approval hearing, shall be the date the Court signs an Order granting final approval of the Settlement Agreement. If timely objections are filed by one or more members of the Plaintiff Class which are not thereafter withdrawn prior to the final approval hearing, the Effective Date shall be the date that the Court's Order granting final approval to the Settlement Agreement is no longer appealable or if such an appeal is filed, the date on which the appeal is final.

## SETTLEMENT PAYMENT AND CALCULATION OF CLAIMS

25.     In consideration of the mutual covenants and promises set forth herein, the Parties agree, subject to the Court's approval, as follows:

26.     Settlement Amount: Defendant agrees to pay a total of Nine-Hundred Thousand Dollars ($900,000). This amount includes payments to Settlement Class Members who do not submit valid opt out forms, a *cy pres* payment as defined below, an Enhancement Award (i.e., service payment) to the Class Representative (of up to $5,000), $2,000 for the release of any Private Attorneys General Act ("PAGA") claims that could be asserted, fees and expenses of the Settlement Administrator, Class Counsel's approved attorneys' fees (of up to $299,700), Class Counsel's approved litigation costs, Defendant's share of the payroll taxes associated with this Settlement and any other payments provided by this Settlement. Defendant shall fully fund the Gross Settlement Fund to the Settlement Administrator within five (5) days of the Effective

KRAFT FOODS GLOBAL, INC. "WAGE AND HOUR" CLASS ACTION SETTLEMENT AGREEMENT AND RELEASE OF CLAIMS

Date. The money initially allocated for those Class Members that submit timely opt out forms will be then allocated as a *cy pres* payment to Dress for Success.

a.    Attorney's Fees and Costs: In conjunction with final approval of this Settlement Agreement, Class Counsel will apply to the Court for an award of attorneys' fees in an amount totaling up to 33 1/3% of the Gross Settlement Fund (i.e., $299,700), plus actual costs. Defendant will not oppose such application. If the Court does not approve an award of 33 1/3% of the Gross Settlement Fund, the difference between this amount and the actual amount approved shall be returned to the Net Settlement Fund to be distributed to the Settlement Class Members, according to the formula set forth below. These fees and costs are included in, and come from, the Gross Settlement Fund and will be paid directly to Class Counsel within five (5) days of the Effective Date. Class Counsel will be issued an IRS Form 1099 for their award of attorneys' fees.

b.    Enhancement Award: Subject to Court approval, in addition to any payment the Representative Plaintiff receives in his capacity as a Class Member, he will receive an Enhancement Award from the Gross Settlement Fund for his services as a Class Representative in an amount up to Five-Thousand Dollars ($5,000). The Class Representative's enhancement award will be distributed by the Settlement Administrator within five (5) business days after Defendant funds the Gross Settlement Fund noted herein and will include the issuance of an IRS Form 1099 in connection with this payment.

c.    Settlement Awards to Class Members: Each member of the Plaintiff Class shall be entitled to receive a pro rata portion of the Net Settlement Fund (his/her "Individual Settlement Share"), calculated based upon the number of weeks worked thereby during the Settlement Period, divided by the total number of workweeks worked by all Plaintiff Class Members during said period. The Settlement Administrator will calculate the number of workweeks worked by

KRAFT FOODS GLOBAL, INC. "WAGE AND HOUR" CLASS ACTION SETTLEMENT AGREEMENT AND RELEASE OF CLAIMS

Qualified Claimants, the amount to be paid per workweek, and the Individual Settlement Share to be paid to each Qualified Claimant. Settlement Class Members' settlement checks shall be distributed by the Settlement Administrator within ten (10) business days after Defendant funds the Gross Settlement Fund.

d.   <u>Payments to the California Labor & Workforce Development Agency</u>:   The Parties shall apply to the Court for approval of a payment under the California Private Attorneys General Act ("PAGA"), Labor Code §§ 2699 *et seq*. The Parties have agreed to allocate Two Thousand Dollars ($2,000) (the "PAGA Payment") from the Gross Settlement Amount towards a release of the PAGA claims, as described more fully herein. The Parties agree that this amount is reasonable in light of the facts and circumstances presented in the Action. If approved, the California Labor & Workforce Development Agency ("LWDA") shall be paid seventy-five percent (75%) of the total amount allocated towards PAGA claims from the Gross Settlement Fund within ten (10) business days after Defendant funds the Gross Settlement Fund noted herein. If approved, twenty-five percent (25%) of the total amount allocated towards PAGA claims shall be included in calculation of the Net Settlement Fund and thereafter distributed to the Settlement Class in accordance with the terms of this agreement. In the event the LWDA or Court rejects this allocation, the parties will meet and confer with the Court and the LWDA to reach a penalty allocation that is acceptable to all parties and that does not materially alter the terms of the Settlement Agreement. Notably, the LWDA has been notified of the pendency of this action, and has elected not to pursue penalties or any other remedy for the alleged violations described in the Complaint.

e.   <u>Cost of Settlement Administration</u>: The fees and expenses of the Settlement Administrator shall be paid from the Gross Settlement Fund within ten (10) business days after Defendant funds the Gross Settlement Fund. If Defendant opts

DocuSign Envelope ID: A4A2D16C-489C-4C19-B101-58211CA8FDD0

to terminate the Settlement Agreement pursuant to the terms of this agreement, then Defendant shall bear the cost of such fees and expenses. If the Settlement Agreement is not given final approval by the Court for any other reason, the Parties shall bear the cost of such fees and expenses equally.

f.      <u>Defendant's payroll taxes</u>: Defendant's share of the payroll taxes associated with the monies distributed pursuant to this Settlement shall be included in the Gross Settlement Fund.

## ALLOCATION AND TAX TREATMENT

27.     The Parties agree that one-third (33 1/3%) of the Individual Settlement Share that is distributed to each Qualified Claimant will be considered penalties and one-third (33 1/3%) will be considered interest. The penalties and interest portion will be reported as such to each Qualified Claimant via an IRS Form 1099. The parties agree that the remaining one-third (33 1/3%) of the amount distributed to each Qualified Claimant will be considered wages and will be reported as such to each Qualified Claimant on a W-2.

28.     All Parties represent that they have not received, and shall not rely on, advice or representations from other parties or their agents regarding the tax treatment of payments under federal, state, or local law. Any tax obligation arising from the Settlement Payments, Class Representatives' enhancement payments and/or Class Counsels' fees and costs made under the terms of this Agreement, will be the sole responsibility of each person receiving such payment(s). Each Qualified Claimant is responsible to pay his or her portion of the taxes due on any payment he or she receives under this Settlement Agreement.

## APPOINTMENT OF SETTLEMENT ADMINISTRATOR

29.     The Settlement Administrator will perform the duties of distributing notice, independently reviewing requests for exclusion and objections, and verifying and distributing any amounts due to Qualified Claimants as described in this Settlement Agreement. The

Settlement Administrator will report, in summary or narrative form, the substance of its findings. All disputes relating to the Settlement Administrator's ability and need to perform its duties shall be referred to the Court, if necessary, which will have continuing jurisdiction over the terms and conditions of this Settlement Agreement, until all payments and obligations contemplated by the Settlement Agreement have been fully carried out.

## NOTICE TO THE PLAINTIFF CLASS

30.     Attached to this Settlement Agreement is the Class Notice (Exhibit A). The Notice shall contain the amounts of payments from Defendant to each Class Member. Class Members shall not be required to pay return postage on the Class Notice and the cost of such postage shall be included in the fees and costs of the Settlement Administrator. Accordingly, the Class Notice will advise all Class Members of the binding nature of the release. Subject to Court approval of content, the Class Notice shall be sent to the Plaintiff Class, by first class mail, within twenty-five (25) calendar days of the entry of an Order granting preliminary approval of this Settlement Agreement.

31.     Defendant will provide to the Settlement Administrator and Class Counsel, within fifteen (15) calendar days of the entry of an Order granting preliminary approval of the Settlement and Class Notice, a database, including (1) the names, last known addresses, home telephone number and e-mail address for each member of the Plaintiff Class, and (2) data pertaining to the dates of employment and number of workweeks that each member of the Plaintiff Class was employed by Defendant during the Settlement Period. In addition thereto, the database provided to the Settlement Administrator shall also contain Social Security numbers for members of the Plaintiff Class. Defendant agrees to provide these Databases in a format reasonably acceptable to the Settlement Administrator and/or Class Counsel.

32.     The Settlement Administrator will use the United States Postal Service National Change of Address ("NCOA") List to verify the accuracy of all addresses before the initial mailing date to ensure that the Class Notice is sent to all Plaintiff Class Members at the addresses

most likely to result in immediate receipt of the claim documents. It will be conclusively presumed that if an envelope so mailed has not been returned within thirty (30) days of the mailing that the Class Member received the Class Notice. With respect to any returned envelopes, the Settlement administrator will perform a routine skip trace procedure to obtain a current address and, if an updated address is located, then re-mail the envelope to such address within five (5) calendar days of the receipt of the returned envelope. Plaintiff Class Members to whom Class Notices were resent after having been returned undeliverable to the Settlement Administrator shall have ten (10) calendar days thereafter to object, or opt out of the settlement. Class notices that are re-mailed shall be accompanied by a short cover letter from the Settlement Administrator informing the recipient of this adjusted deadline. No third mailing shall occur without good cause, as determined by the Settlement Administrator.

33.     Class Counsel shall provide the Court, at least five (5) calendar days prior to the final approval hearing, a declaration by the Settlement Administrator of due diligence and proof of mailing with regard to the mailing of the Class Notice.

## CLAIMS PROCESS

34.     Members of the Plaintiff Class may opt-out of the Settlement by following the directions in the Class Notice attached hereto as Exhibit A. Any such request must be postmarked not more than thirty (30) calendar days after the date the Class Notice Package is mailed to the Plaintiff Class (or not more than ten (10) calendar days after the date the Class Notice is re-mailed, in the circumstance described above). Requests to opt-out that do not include all required information, or that are not submitted on a timely basis, will be deemed null, void and ineffective. Persons who are eligible to and do submit valid and timely requests to opt-out of the Settlement will not participate in the Settlement, nor will they be bound by the terms of the proposed Settlement, if it is approved, or the Final Judgment in this Action.

35.     Objections to the Settlement must be filed with the clerk of the court and served on Class Counsel and Defendant's Counsel no later than thirty (30) calendar days after the Class

DocuSign Envelope ID: A4A2D16C-489C-4C19-B101-58211CA8FDD0

Notice Package is sent (or not more than ten (10) calendar days after the date the Class Notice is re-mailed, in the circumstance described above).

36.    Objections must describe why the objector believes the Settlement is unfair and whether the objector intends to appear at the final approval hearing. Deficient or untimely Objections shall not be considered. Class Members who fail to file and serve timely written objections in the manner specified above shall be deemed to have waived any objections and shall be foreclosed from making any objection (whether by appeal or otherwise) to the Settlement, unless otherwise ordered by the Court. Class Counsel and Defendants' Counsel may, at least ten (10) days (or some other number of days as the Court shall specify) before the Final Approval Hearing, file responses to any written objections submitted to the Court.

37.    Upon completion of its calculation of payments, the Settlement Administrator will provide Class Counsel and Defendant's counsel with a report listing the amount of all payments to be made to each Qualified Claimant. After receiving the Settlement Administrator's report, Class Counsel and Defendant's Counsel shall jointly review same to determine if the calculation of payments to Settlement Class members is consistent with this Settlement.

38.    Defendant will not retaliate against Members of the Plaintiff Class for any actions taken or not taken with respect to this Settlement or retaliate against the Class Representative for filing the litigation, and in response to any inquiry concerning the Class Representative, Defendant will only provide a neutral statement regarding the Class Representative as to his dates of employment and job title.

## CLASS NOTICE DISPUTE PROCESS

39.    The Class Notice will apprise each member of the Plaintiff Class of the approximate dates he or she held an eligible position during the Settlement Period as well as his or her total number of workweeks. These calculations shall be based on Defendant's records. Defendant's records are presumed to be accurate.

DocuSign Envelope ID: A4A2D16C-489C-4C19-B101-58211CA8FDD0

40.    If a member of the Plaintiff Class does not wish to challenge the information set forth in the Class Notice, then the member need do nothing, and payment will be made based on Defendant's records.

41.    If a member of the Plaintiff Class wishes to challenge the information set forth in the Class Notice, then the member must submit a written, signed challenge along with supporting documents, if any exist, to the Settlement Administrator at the address provided on the Class Notice within thirty (30) calendar days of the date the Class Notice was mailed to the member of the Plaintiff Class (or within ten (10) calendar days of the date the Class Notice was re-mailed, in the circumstance described above).

42.    No dispute will be considered timely if it is postmarked more than the number of days set forth in the preceding paragraph of this agreement. Absent an agreement between Class Counsel and Defendant's Counsel regarding how to address the dispute, the Settlement Administrator shall have authority to resolve the challenge and make a final and binding determination without hearing or right of appeal. Defendant agrees to provide the Settlement Administrator with additional documents necessary to assess the challenge. All disputes shall be resolved, either by agreement of Class Counsel and Defendant's Counsel or by decision of the Settlement Administrator as provided herein, prior to submitting the Settlement administrator's declaration to the Court for final approval.

43.    Settlement checks issued to the Class Representative and Qualified Claimants shall remain valid for one hundred and eighty (180) calendar days from the date of issuance. This expiration or cancellation date shall be clearly printed on the front of the check ("Void Date"). If the Class Representative or any Qualified Claimant does not cash his or her settlement payment check(s) before the Void Date, his or her settlement check(s) will be paid to the cy pres. Settlement checks can be reissued to Qualified Claimants upon request within this 180 date period but any reissued checks shall have the same Void Date as the original settlement check. Those Qualified Claimants who fail to cash their settlement checks will be deemed to have

DocuSign Envelope ID: A4A2D16C-489C-4C19-B101-58211CA8FDD0

waived irrevocably any right in or claim to a settlement share paid directly by Defendant, but the Settlement Agreement shall remain binding upon them.

## RELEASES

44.     Upon the final approval by the Court of this Settlement Agreement, and except as to such rights or claims as may be created by this Settlement Agreement, all members of the Plaintiff Class who do not timely request exclusion fully release and discharge Defendant and Defendant's present and former parent companies, subsidiaries, shareholders, officers, directors, attorneys, insurers, successors and assigns ("Releasees"), from any and all individual and class claims, debts, liabilities, demands, obligations, penalties, guarantees, costs, expenses, attorneys' fees, damages, action or causes of action of whatever kind or nature, whether known or unknown, that were actually alleged in the Complaint, as well as wage and hour class claims which could have been brought based on the specific factual allegations contained in the Complaint, including, but not limited to any claims under California or Federal law for unpaid wages, unpaid commissions, unpaid overtime, record-keeping violations, paycheck violations, meal period and rest period violations, and "waiting time" penalties, which arose between April 25, 2008 and the date of preliminary approval, inclusive.

45.     In order to achieve a full and complete release of Releasees by the Settlement Class of all claims arising from or related to the Complaint, each member of the Settlement Class acknowledges that this Settlement Agreement is intended to include in its effect all claims that were asserted or reasonably could have been asserted in this action, including any so-related claims that each member of the Settlement Class does not know or suspect to exist in his or her favor against Releasees. Consequently, with regard to claims that were brought or that relate to or reasonably could have arisen out of the specific facts alleged in the Complaint, the members of the Settlement Class also waive all rights and benefits afforded by Section 1542 of the Civil Code of the State of California, and do so understanding the significance of that waiver. Section 1542 provides:

DocuSign Envelope ID: A4A2D16C-489C-4C19-B101-58211CA8FDD0

A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.

46.     Upon final approval by the Court of this Settlement Agreement, and for and in consideration of the payment of the Class Representative's Enhancement Award to the Class Representative for services performed on behalf of the Class, the Class Representative fully releases and discharges Releasees from any and all claims, debts, liabilities, demands, obligations, guarantees, costs, expenses, attorneys' fees and costs, damages, penalties, prejudgment interest, actions or causes of action of whatever kind or nature arising out of or during his employment with Defendant.

## DUTIES OF THE PARTIES PRIOR TO COURT APPROVAL

47.     The Parties shall promptly submit this Settlement Agreement to the Court in support of Plaintiff's Motion for Preliminary Approval for determination by the Court as to its fairness, adequacy, and reasonableness and apply for the entry of a preliminary Order substantially in the following form:

a.     Scheduling a fairness hearing on the question of whether the proposed Settlement should be finally approved as fair, reasonable, and adequate as to the Plaintiff Class;

b.     Approving the proposed Class Notice;

c.     Preliminarily approving the Settlement; and

d.     Preliminarily certifying the Plaintiff Class for purposes of settlement.

## DUTIES OF THE PARTIES FOLLOWING FINAL COURT APPROVAL

48.     Following final approval by the Court of this Settlement Agreement, Class Counsel will submit a proposed final Order and judgment:

a.     Approving the Settlement Agreement, adjudging the terms thereof to be fair, reasonable, and adequate, and directing consummation of its terms and provisions;

DocuSign Envelope ID: A4A2D16C-489C-4C19-B101-58211CA8FDD0

    b.       Approving and awarding Class Counsel's fees and costs, the Settlement Administration Costs, and the Enhancement Award as set forth in the Settlement Agreement;

    c.       Dismissing the claims released herein from the operative Complaint with prejudice as to the Representative Plaintiff and Settlement Class Members (limited as to related claims).

## VOIDING THE SETTLEMENT AGREEMENT

49.    If the Court does not approve any material condition of this Settlement Agreement or effects a fundamental change of the Parties' Settlement, with the exception of any changes to the Class Notice, the award of Class Counsels' fees/costs, and the award of enhancement payments, then the entire Settlement Agreement will be voidable and unenforceable at the option of either Party hereto.

50.    Either Party may void this Settlement Agreement as provided in the preceding Paragraph, by giving notice in writing to all other Parties and the Court at any time prior to final approval of the Settlement Agreement by the Court.

## PARTIES' AUTHORITY

51.    The signatories represent that they are fully authorized to enter into this Settlement Agreement and bind the Parties to its terms and conditions.

## MUTUAL FULL COOPERATION

52.    The Parties agree to fully cooperate with each other to accomplish the terms of this Settlement Agreement, including but not limited to, execution of such documents as may reasonably be necessary to implement the terms of this Settlement Agreement. The Parties to this Settlement Agreement shall use their best efforts, including all efforts contemplated by this Settlement Agreement and any other efforts that may become necessary by order of the Court, or otherwise, to effectuate this Settlement Agreement. As soon as practicable after execution of this Settlement Agreement, Class

DocuSign Envelope ID: A4A2D16C-489C-4C19-B101-58211CA8FDD0

Counsel shall, with the assistance and cooperation of Defendant's Counsel, take all necessary steps to secure the Court's final approval of this Settlement Agreement.

53. Defendant understands that in the course of applying for settlement approval, Plaintiff will be required to submit sufficient evidence to support the fairness of the proposed settlement terms. Defendant affirmatively agrees to assist and support Plaintiff in providing such evidence and, if requested by Plaintiff, will provide declaration(s) or other admissible evidence reflecting class size, wage information, and workweeks worked during the Settlement Period.

## NO ADMISSION OF LIABILITY

54. Each of the Parties has entered into this Settlement Agreement with the intention to avoid further disputes and litigation with the attendant risk, inconvenience and expense. Nothing contained herein, nor the consummation of this Settlement Agreement, is to be construed or deemed an admission of liability, culpability, negligence, or wrongdoing on the part of Defendant. This Settlement Agreement is a settlement document and shall, pursuant to California Evidence Code Section 1152, be inadmissible as evidence in any proceeding. The preceding sentence shall not apply to an action or proceeding to approve, interpret, or enforce this Settlement Agreement.

## ENFORCEMENT OF THE SETTLEMENT AGREEMENT

55. In the event that one or more of the Parties to this Settlement Agreement institutes any legal action, arbitration, or other proceeding against any other party or Parties to enforce the provisions of this Settlement Agreement or to declare rights and/or obligations under this Settlement Agreement, the successful Party or Parties shall be entitled to recover from the unsuccessful Party or Parties reasonable attorneys' fees and costs, including expert witness fees incurred in connection with any enforcement actions.

## NOTICES

DocuSign Envelope ID: A4A2D16C-489C-4C19-B101-58211CA8FDD0

56.     Unless otherwise specifically provided, all notices, demands or other communications in connection with this Settlement Agreement shall be: (1) in writing; (2) deemed given on the third business day after mailing; and (3) sent via United States mail, addressed as follows:

> To Plaintiffs:
>
>> Matthew R. Bainer, Esq.
>> Hannah R. Salassi, Esq.
>> SCOTT COLE & ASSOCIATES, APC
>> 1970 Broadway, Ninth Floor
>> Oakland, California 94612
>
> To Defendants:
>
>> Douglas Farmer, Esq.
>> Christopher Ahearn, Esq.
>> Michael Nader, Esq.
>> Ogletree, Deakins, Nash, Smoak & Stewart
>> One Market Plaza, Suite 1300
>> San Francisco, California 94105

## CONSTRUCTION AND INTERPRETATION

57.     The Parties agree that the terms and conditions of this Settlement Agreement are the result of lengthy, intensive arm's-length negotiations between the Parties and that this Settlement Agreement shall not be construed in favor of or against any of the Parties by reason of their participation in the drafting of this Settlement Agreement.

58.     Paragraph titles are inserted as a matter of convenience and for reference, and in no way define, limit, extend, or describe the scope of this Settlement Agreement or any of its provisions. Each term of this Settlement Agreement is contractual and not merely a recital.

59.     This Agreement shall be subject to and governed by the laws of the State of California. The parties acknowledge that they are subject to the continuing jurisdiction of the Court to enforce the terms of the Settlement contained herein.

## MODIFICATION

KRAFT FOODS GLOBAL, INC. "WAGE AND HOUR" CLASS ACTION SETTLEMENT AGREEMENT AND RELEASE OF CLAIMS

DocuSign Envelope ID: A4A2D16C-489C-4C19-B101-58211CA8FDD0

60.     This Settlement Agreement may not be changed, altered, or modified, except in writing and signed by counsel for the Parties, and approved by the Court. This Settlement Agreement may not be discharged except by performance in accordance with its terms or by a writing signed by counsel for the Parties.

## INTEGRATION CLAUSE

61.     This Settlement Agreement contains the entire agreement between the Parties relating to any and all matters addressed in the Settlement Agreement, and all prior or contemporaneous agreements, understandings, representations, and statements, whether oral or written and whether by a Party or such Party's legal counsel, with respect to such matters are extinguished. No rights hereunder may be waived or modified except in a writing signed by all Parties.

## BINDING ON ASSIGNS

62.     This Settlement Agreement shall be binding upon and inure to the benefit of the Parties and their respective heirs, trustees, executors, administrators, successors and assigns.

## CLASS COUNSEL SIGNATORIES

63.     It is agreed that it is impossible or impractical to have each member of the Plaintiff Class execute this Settlement Agreement. The Notice will advise all Class Members of the binding nature of the release and such shall have the same force and effect as if each member of the Plaintiff Class executed this Settlement Agreement.

## COUNTERPARTS

64.     This Settlement Agreement may be executed in counterparts, and when each party has signed and delivered at least one such counterpart, each counterpart shall be deemed an original, and, when taken together with other signed counterparts, shall constitute one Settlement Agreement, which

DocuSign Envelope ID: A4A2D16C-489C-4C19-B101-58211CA8FDD0

shall be binding upon and effective as to all Parties. Copies of the executed agreement shall be effective for all purposes as though the signatures contained therein were original signatures.

**IT IS SO AGREED,**

**CLASS REPRESENTATIVE:**

DATED: ___5/15/2013___, 2013

By: _Gilbert Salinas_____
GILBERT SALINAS
Class Representative

**DEFENDANT:**

DATED: _____, 2013     KRAFT FOODS GROUP, INC.

By: _____

Title: _____

*APPROVED AS TO FORM,*

**CLASS COUNSEL:**

DATED: _5 / 15_____, 2013     SCOTT COLE & ASSOCIATES, APC

By: _____
Matthew R. Bainer, Esq.
Attorneys for Plaintiff and Plaintiff Class

**COUNSEL FOR DEFENDANT:**

shall be binding upon and effective as to all Parties. Copies of the executed agreement shall be effective for all purposes as though the signatures contained therein were original signatures.

**IT IS SO AGREED,**

**CLASS REPRESENTATIVE:**

DATED: _____, 2013

By: _____
       GILBERT SALINAS
       Class Representative

**DEFENDANT:**

DATED: __6/7__, 2013

       KRAFT FOODS GROUP, INC.

By: _____
       GREG J. OSTER
       Vice President, Corporate Controller

*APPROVED AS TO FORM,*

**CLASS COUNSEL:**


DATED: _____, 2013                    SCOTT COLE & ASSOCIATES, APC

                                        By: _____
                                            Matthew R. Bainer, Esq.
                                            Attorneys for Plaintiff and Plaintiff Class


**COUNSEL FOR DEFENDANT:**


DATED: June 7 , 2013                    OGLETREE, DEAKINS, NASH, SMOAK
                                        & STEWART

                                        By: _____
                                            Douglas Farmer, Esq.
                                            Attorneys for Defendants
                                            KRAFT FOODS GROUP, INC.

Exhibit B



# Southwest Region

# 4-Week Route Training

Southwest Region – 4-Week Route Training

KRAFT-SAL000142



# Trainee Sign-Off Sheets –

**Trainee:** _____

**District:** _____

| Sign-Off Sheet | Completed |
|---|---|
| Week 1 Training | |
| Week 2 Training | |
| Week 3 Training | |
| Week 4 Training | |
| Trainee's Feedback on Training | |
| Safety Training Acknowledgement | |

Attach all of the above sheets to this form and return to the Region office.

Southwest Region – 4-Week Route Training

KRAFT-SAL000143



**Week 1 –**
- 2-Day Pizza Training Seminar
- History
- Job Responsibilities
- Risk Management
- Quality / Product Knowledge

**Week 1 Goals –**
- CDL Training – Driving
- Merchandising
- Rotation on Every Call
- True Rows
- Selling for Displays
- Pulling Orders
- Check-in Process
- Loading Truck
- Freezer / Truck Rotation
- Audix

I have been trained on and understand the above processes.

_____     _____
Trainee                                                               Date

_____     _____
Trainer                                                               Date

Southwest Region  –  4-Week Route Training

KRAFT-SAL000144



**Week 2 –**
- Store Calls
- Writing an Order
- Managing Inventory
- Customer

**Week 2 Goals –**
- Introduction to Norand
- Writing a Shelf Order – Checking Backstock
- Daily Envelopes
- Admin Compliance
- Selling for Displays – Executing Sales Promotions
- Review Walk-around Inspection

I have been trained on and understand the above processes.

_____          _____
Trainee                                                            Date

_____          _____
Trainer                                                             Date

Southwest Region  –  4-Week Route Training

KRAFT-SAL000145



**Week 3 –**
- **Selling**

**Week 3 Goals –**
- Daily Recap of Weeks 1 and 2
- Trainee does 'Start of Day'
- DOT Forms
- Planning Account Call
- Writing Order
- Review Merchandising Standards
- Selling Technique
- Writing Truck Order
- Loading Truck / Rotation
- End of Day
- Administrative Details

I have been trained on and understand the above processes.

_____          _____

Trainee                                                     Date

_____          _____

Trainer                                                     Date

Southwest Region  –  4-Week Route Training

KRAFT-SAL000146



**Week 4 –**
- Trainee Coached Through Entire Week

**Week 4 Goals –**
- How to Handle
- Truck / Accident
- Norand Issues
    - Help Desk – Mobile Operations
    - Norand Won't Dex at KS
    - Discounts Don't Match B.D
    - Manual Invoices
- Review Sales Plan
- ICS Issues
- Repair Portable
- Off-Route Customer

I have been trained on and understand the above processes.

_____        _____
Trainee                                               Date

_____        _____
Trainer                                               Date

Southwest Region  –  4-Week Route Training

KRAFT-SAL000147



## TRAINEE'S FEEDBACK ON TRAINING

| | Satisfactory | Need More Information / Experience |
|---|---|---|
| Job Responsibilities | | |
| Product Knowledge | | |
| Pre-Call Planning | | |
| Handheld Computer | | |
| Checking In Product | | |
| Merchandising Section | | |
| Building Displays | | |
| Daily Ordering | | |
| Truck Loading / Unloading | | |
| Freezer Orders | | |
| End of Day Remittance | | |
| Selling | | |
| Inventory | | |
| Forecasting | | |
| Route Truck - Maintenance | | |

Other topics that would be helpful:

Comments:  (Please use back if more space is needed.)

_____          _____
Trainee                                                      Date

### Southwest Region  –  4-Week Route Training

KRAFT-SAL000148



# Safety Training Acknowledgement

I have been training on and understand the following processes. Furthermore, I accept the responsibility for workplace safety and will perform my job in accordance with all safety expectations each day.

| Safety Training | Trained / Understand |
|---|---|
| Vehicle Safety Checklist | |
| Smith System Driving Test | |
| Ergonomics | |
| Daily Vehicle Inspection | |
| Quarterly Vehicle Inspection | |
| Safe Driving Practices & Driver Standards | |
| KPC Safety Rules | |
| Serious Safety Misconduct | |
| Vehicle Accident Reporting Procedures | |
| Reporting Work Related Injury / Illness | |
| Drugs, Narcotics and Alcohol Policy | |
| Vehicle Preventative Maintenance Process | |
| Proper Footwear | |
| Truck passengers | |

_____          _____
Trainee                                                      Date

_____          _____
Trainer                                                       Date

Southwest Region  –  4-Week Route Training

KRAFT-SAL000149



## New Hire Safety Orientation –

- o Vehicle Safety Checklist

- o Smith System Driving Program

- o Ergonomics – Techniques for lifting / pushing / pulling

- o Daily Vehicle Inspection Report

- o Quarterly Vehicle Inspection Report

- o Safe Driving Practices and Driver Standard

- o KPC Safety Rules

- o Serious Safety Misconduct

- o Vehicle Accident Reporting Procedures

- o Reporting Work Related Injury / Illness

- o Drugs, Narcotics and Alcohol Policy

- o Vehicle Preventative Maintenance Process

- o Proper Footwear and Dress Code

- o Truck Passengers

Southwest Region  –  4-Week Route Training

KRAFT-SAL000150



## Job Responsibilities –

The Kraft Pizza Company sales force has built a reputation of superior service backing a superior frozen pizza.  As a sales person you must meet the high expectations of our customers by taking on many responsibilities.  Below are some basic components of the job.

- o Increasing sales to existing accounts
- o Selling to new accounts
- o Ordering product
- o Loading the truck
- o Delivering the product
- o Determining and filling account orders
- o Merchandising pizza sections
- o Merchandising and building displays
- o Route accounting
- o Communicating with management

Personalized service is never more apparent than at the sales level.  You personally set Kraft Pizza Company apart from other frozen pizza companies by meeting each of these responsibilities with an eye for detail.

Kraft Pizza Company sales people enjoy a certain amount of freedom, similar to managing their own business within a specified geographic territory.  There are always opportunities to open new accounts while properly servicing existing accounts and growing your business.

Our sales force sells, delivers and merchandises Tombstone Pizza, California Pizza Kitchen Pizza, DiGiorno Rising Crust Pizza, Jacks Pizza and other frozen food products.  Every person initially receives a comprehensive training program, learning everything necessary to do the job independently.  From that point forward, they are responsible for the following activities and duties:

Southwest Region  –  4-Week Route Training

KRAFT-SAL000151



**SALES:**

- o  Consistently meet or exceed pizza goals.
- o  Attain 100% customer participation on all Company promotions.
- o  Follow-up promptly on customer leads and secure new business opportunities.
- o  Actively seek plus business opportunities, special events, fund raisers, etc.
- o  Upgrade existing accounts through merchandising, theme displays and increased variety sales.

**SERVICE:**

- o  Develop favorable customer rapport in all accounts.
- o  Supply ample products in all sizes and varieties.
- o  Ensure consumer receives fresh product by rotating stock and replacing outdated or damaged products.
- o  Work with the District Manager in organizing route and service patterns.
- o  Ensure proper display and pricing of all products and utilize all available promotional material.
- o  Maintain proper inventory and order control in accounts and warehouses,
- o  Operate Company vehicles safely and courteously.
- o  Maintain a regular oven inspection program and replace as needed.

**ADMINISTRATIVE:**

- o  Complete all reports on time as required by the District Manager.
- o  Maintain an effective inventory control system.
- o  Ensure the truck, warehouse and promotional materials are clean and maintained.
- o  Report all competitive activities and all events that affect our business.
- o  Assume additional responsibilities as needed.
- o  Maintain files on all DOT regulations, IFTA, Log Books, Inspections

**SALES ACTIVITIES:**

- o  Selling activities vary between accounts.  Your responsibility as the salesperson is to increase sales in your existing accounts.  This can be done through a variety of ways.

Southwest Region  –  4-Week Route Training

KRAFT-SAL000152



Some examples are:

- o Improve the placement of our products in the freezer section.
- o Increase the number of facings on a shelf.
- o Sell for ads and displays.
- o Increase the number of varieties.
- o Increase your service pattern to avoid out of stocks.

There will be accounts on your route that do not sell our products.  You will be challenged to seek these potential customers out and convince them to carry our products.  You should always strive to increase the number of accounts on your route.

## ORDERING PRODUCT:

You will order product to sell on your route under two different headings.

- o A weekly "Freezer Order" will determine what product will be shipped from our manufacturing facility to your freezer for the following week's sales.
- o A daily "Freezer to Truck" order records the inventory loaded on your truck each day from your freezer.

At the end of each day you will load your truck for the following day's accounts.  This activity involves inventory accounting procedure as well as physically loading the merchandise onto the truck.

In a Direct Store Selling system (DSS), your accounts will not receive product unless you deliver it to them.  You are responsible for the inventory you are carrying.

## MERCHANDISING:

Merchandising is a major link.  Properly rotate the product so the consumer always purchases only fresh products.  You must also attractively display product with point of purchase material, inviting consumers to shop our section.

- o True shelving – all rows complete  - as per variety

Southwest Region  –  4-Week Route Training

KRAFT-SAL000153



One strategy for increasing sales is to merchandise pizza away from the usual section  This increases impulse sales.  When an account advertises or reduces the price of your items, you must take steps to ensure the product remains thoroughly stocked throughout the promotion.  You should always review the success of such promotions with store management.  Following each promotion, conduct a business review.  This will reinforce the profitability of your products so selling the next promotion will be easier.

**RECORD KEEPING:**

You are responsible for keeping records of orders, sales and inventory with the help of the handheld computer.  This computer is instrumental in communicating your sales activity on a daily basis.

You are responsible for keeping a route book current.  This will include who to talk to, directions to the accounts, receiving hours, and past sales information. The purpose of the route book is to avoid losing sales when a route is open due to vacation or an emergency.

Open lines of communication are essential for you, both during your training period and later when you become skilled at servicing your route.  Your District Manager, among other people is available to answer any questions or discuss matters concerning your route and job.  You will need to supply your District Manager with information on a regular basis.  District meetings are held regularly for sharing information and setting priorities.

Your overall goal as a Kraft Pizza Company employee is to accelerate sales within budget in the accounts in your territory.  This means selling existing accounts as well as selling new accounts.  This also includes setting objectives and achieving sales goals for your route.  We will spend the next few weeks preparing you to accept this responsibility.

Southwest Region  –  4-Week Route Training

KRAFT-SAL000154

Exhibit C

# KRAFT FOODS
## POSITION SPECIFICATION



| POSITION TITLE: | CODE | SALARY GRADE |
|---|---|---|
| Route Sales Representative (RSR) | | E05 |
| DEPARTMENT TITLE: | CODE | FLSA CODE |
| Sales | | |
| FUNCTION: | CODE | EEO CODE |
| Sales | | |
| BUSINESS UNIT: | CODE | EEO CODE |
| Kraft Pizza Company | | |
| SUPERVISOR TITLE: | CODE | LAST CHANGE |
| District Manger | | |

REASON FOR ACTION:       NEW POSITION ☐       REVISED SPECIFICATION ☐

*The statements included in this Position Specification reflect, in general, the duties and responsibilities of this position and are not to be interpreted as being all-inclusive.*

## Summary Statement:

Kraft Pizza Company's Route Sales Representatives enjoy a certain amount of freedom, similar to managing their own business within a specific geographic territory. There are always opportunities to open new accounts while properly servicing existing accounts and growing your business. Our sales force sells, delivers, and merchandises.

Every Rep initially receives eight weeks of comprehensive training, learning everything necessary to do the job independently. From that point forward, our Reps are responsible for the following activities and duties:

## Sales:

- Consistently striving to meet or exceed pizza and meat snack goals.
- One hundred percent customer participation on all company promotions for pizza and meat snacks.
- Following up promptly on customer leads and securing all new business opportunities.
- Actively seeking plus business opportunities, special events, fundraisers, etc.
- Upgrading existing accounts through merchandising, theme displays, and increasing variety sales.

## Primary Responsibilities/Accountabilities:

- Developing favorable customer rapport in all accounts.
- Supplying ample product in all sizes and varieties.
- Ensuring customer receives fresh product by rotating stock and replacing outdated or damaged product.
- Servicing on an as-needed basis. Working with the District Manager in organizing route and service patterns.
- Ensuring proper display and pricing of all products, and utilizing all available promotional material in every account.
- Maintaining complete, accurate, and current route books, to be carried into all accounts and used as a sales tool.
- Maintaining proper inventory and order control in all accounts and warehouses.
- Scheduling sales, demos, and ads in accordance with company standards.
- Operating company vehicles safety and courteously.
- Ability to perform physical duties of delivering frozen pizza products to retail stores; load delivery truck; pull and lift cases up to 25 lbs. Per case; drive delivery truck and work out of freezer unit in all types of weather conditions.

1

KRAFT-SAL000139

**Administrative:**

- Keep abreast of, and reporting all competitive activities and all events that effect our business.
- Completing all reports on time, as required by the District Manager.
- Maintaining an effective inventory control system.
- Ensuring that truck, warehouse, and promotional materials are clean and well maintained.
- Keeping aging reports under control and consistent with Company standards.
- Other additional responsibilities as needed.

2

KRAFT-SAL000140

Exhibit D

| KRAFT PIZZA COMPANY | | | | | | | |
|---|---|---|---|---|---|---|---|
| CURRENT COMMISSION RATES | | | (0) | (2) | **Updated:** | **11/19/2012** | |
| Item | | | **3.73%** | **3.48%** | **0.75%** | **1.86%** | Per Matt Sweeney |
| Class | B Level | Product Line | Conventional | Supported | RSD | Presell | (Avg % rate) |
| AA | 00505260 | 12" Tombstone Original | 0.17 | 0.17 | 0.034 | 0.085 | |
| AC | 00506220 | 12" Tombstone Thin Crust | 0.17 | 0.17 | 0.034 | 0.085 | |
| AF | 00505640 | 12" Tombstone Low Fat | 0.17 | 0.17 | 0.034 | 0.085 | |
| AG/AA | 00505920 | 12" Tombstone Half & Half | 0.17 | 0.17 | 0.034 | 0.085 | |
| AI | 00508020 | 12" Tombstone 3-pack | 0.36 | 0.36 | 0.072 | 0.180 | |
| AK | 00508940 | 12" DiGiorno | 0.21 | 0.19 | 0.042 | 0.105 | |
| AL | 00505240 | 9" Tombstone Original | 0.10 | 0.10 | 0.020 | 0.050 | |
| AM/AK | 00526320 | 12" DiGiorno Half & Half | 0.21 | 0.19 | 0.042 | 0.105 | |
| AO | 00969420 | 12" TPC Brick Oven | 0.17 | 0.17 | 0.034 | 0.085 | |
| AQ | 01041920 | 7" DiG MW T&C SQ | 0.12 | 0.11 | 0.024 | 0.060 | |
| AS | 00508920 | 8" DiGiorno | 0.13 | 0.11 | 0.026 | 0.065 | |
| AZ | 00011619 | 12" Tomb Garlic Bread Pizza | 0.17 | 0.17 | 0.034 | 0.085 | |
| A9 | 00970720 | 12" DiGiorno TC Square | 0.21 | 0.19 | 0.042 | 0.105 | |
| | | | | | | | |
| BD | 00509260 | 12" DiGiorno 3-pk Costco | 0.30 | 0.30 | 0.060 | 0.150 | |
| BH | 00509240 | 12" DiGiorno 2-pk | 0.28 | 0.28 | 0.056 | 0.140 | |
| BN | 00582320 | 12" DiGiorno Stuffed Crust | 0.21 | 0.19 | 0.042 | 0.105 | |
| BP | 00512020 | 9" CPK | 0.19 | 0.18 | 0.038 | 0.095 | |
| BQ | 00506820 | Tombstone Stuffed Crust | 0.21 | 0.21 | 0.042 | 0.105 | |
| BR | 01018020 | 12" CPK Thin Crust | 0.21 | 0.20 | 0.042 | 0.105 | |
| BS | 00008240 | DiGiorno Harvest Wheat TC | 0.21 | 0.19 | 0.042 | 0.105 | |
| BU | 00008076 | DiGiorno Harvest  Wheat | 0.21 | 0.19 | 0.042 | 0.105 | |
| BV | 00011374 | DiGiorno Ultimate | 0.21 | 0.19 | 0.042 | 0.105 | |
| BW | 00011379 | DiGiorno Ultimate  2-pk | 0.28 | 0.28 | 0.056 | 0.140 | |
| BZ | 00011378 | DiGiorno Ultimate 3-pk | 0.30 | 0.30 | 0.060 | 0.150 | |
| B2 | 00507760 | MDD 6-pk Variety | 0.10 | 0.10 | 0.020 | 0.050 | |
| B3/J4 | 00009315 | 12" CPK TC 3-pk | 0.30 | 0.30 | 0.060 | 0.150 | |
| B5 | 00508060 | 9" Tombstone OL 3-pk | 0.25 | 0.25 | 0.050 | 0.125 | |
| | | | | | | | |
| CG | 00986820 | 7" DiGiorno Microwave | 0.12 | 0.11 | 0.024 | 0.060 | |
| CH | 00009089 | 12" DiGiorno SQ Garlic Bread | 0.21 | 0.19 | 0.042 | 0.105 | |
| CP | 00009904 | DiGiorno Microwave RC 3-pk | 0.28 | 0.28 | 0.056 | 0.140 | |
| CY | 00009648 | 12" DiGiorno SQ Garlic Brd 2-pk | 0.28 | 0.28 | 0.056 | 0.140 | |
| | | | | | | | |
| JA | 00509840 | Jack's Original 12" | 0.12 | 0.11 | 0.024 | 0.060 | |
| JB | 00510240 | Jack's Great Combo | 0.13 | 0.12 | 0.026 | 0.065 | |
| JE | 00509820 | Jack's Original 9" | 0.08 | 0.07 | 0.016 | 0.040 | |
| JH | 00510540 | Jack's 12" Natural Rising | 0.17 | 0.16 | 0.034 | 0.085 | |
| JI | 00511720 | Jack's 4-pack or 12" | 0.33 | 0.33 | 0.066 | 0.165 | |
| J1 | 00012826 | 6.5" CPK MW Thin Crust | 0.10 | 0.10 | 0.020 | 0.050 | |
| J2 | 00012806 | 6.5" DG Microwave for One | 0.10 | 0.10 | 0.020 | 0.050 | |
| J5 | 00014265 | 12" CPK Self Rising Crust | 0.21 | 0.21 | 0.042 | 0.105 | |
| | | | | | | | |
| KB | 00511440 | Pizza Bursts 18 oz. | 0.12 | 0.11 | 0.024 | 0.060 | |
| KF/JA | 00561020 | 12" Jack's H/H | 0.12 | 0.11 | 0.024 | 0.060 | |
| KH | 00508940 | 12" DiGiorno Cartonless | 0.20 | 0.18 | 0.040 | 0.100 | |
| KK | 00012815 | 6.5" DG Microwave for One | 0.10 | 0.10 | 0.020 | 0.050 | |
| KL | 00012816 | 6.5" DG MW Thin Crust for One | 0.10 | 0.10 | 0.020 | 0.050 | |
| KM | 00012810 | 6.5" DG MW Garlic Bread | 0.10 | 0.10 | 0.020 | 0.050 | |
| KN | 00014218 | 6.5" DG Flatbread Melts | 0.10 | 0.10 | 0.020 | 0.050 | |
| KO | 00014258 | 6.5" CPK Flatbread Melts | 0.10 | 0.10 | 0.020 | 0.050 | |
| KR | 00014267 | 12" DG SRC Flatbread Pizza | 0.21 | 0.21 | 0.042 | 0.105 | |
| KS | 00012915 | 12" DG Ultimate Focaccia | 0.21 | 0.19 | 0.042 | 0.105 | |
| K1 | 01030020 | SBD Microwave | 0.10 | 0.10 | 0.020 | 0.050 | |
| | | | | | | | |
| NOTE:  Commissions are deducted for: | | Commissions are not deducted for: | | | | | |
| | (O3) Good Returns | Damaged Replacements | | | | | |
| | (06) Demo Samples Credit/CPO | Samples Replacements | | | | | |
| | (02) Damaged Return Credit/CPO | | | | | | |

Exhibit E

**GILBERT L SALINAS**



KRAFT PIZZA COMPANY
ONE KRAFT COURT
GLENVIEW,IL 60025

Pay Entity: 1064A

Pay Period End Date: 05/03/2008

HR Department: 705

Check Date:05/02/2008

HR Organization Unit: 8547

Internal Check Number: 081200011235

Labor Distribution Code

Employee ID: 12290942

Location: 4323

Department: 575

Major: 700

| Earnings | | | | Current | Year-to-Date |
|---|---|---|---|---|---|
| Holiday Pay | | | | $0.00 | $150.00 |
| Commission | | | | $1,621.23 | $15,528.61 |
| Special Sales Incentive Bonus | | | | $0.00 | $900.00 |
| Imputed Income-Group Life Ins | | | | $1.60 | $14.40 |
| | | Total Earnings | | $1,622.83 | $16,593.01 |
| **Before-tax Deductions** | | | | | |
| Pre-Tax Medical | | | | $67.50 | $607.50 |
| Pre-Tax Dental Insurance | | | | $3.00 | $27.00 |
| Thrift  Before -Tax - Matched | | | | $32.42 | $331.57 |
| | | Total Before-tax deductions | | $102.92 | $966.07 |
| **Taxes** | Exemptions | Filing Status | | | |
| FICA-Social Security Tax | | | | $96.25 | $989.43 |
| US Federal Income Tax | 4 | S | | $117.22 | $1,481.40 |
| FICA-Medicare Tax | | | | $22.51 | $231.40 |
| California Income Tax | 0 | S | | $48.77 | $623.77 |
| CA Disability Insurance | 0 | S | | $12.42 | $127.67 |
| | | Total Taxes | | $297.17 | $3,453.67 |
| **After-tax Deductions** | | | | | |
| Child Support | | | | $194.31 | $1,748.79 |
| MARSH PersonalPlans | | | | $7.20 | $64.80 |
| Salary Advance Loan | | | | $0.00 | $400.00 |
| Imputed  Income Offset | | | | $1.60 | $14.40 |
| Support Fee | | | | $1.50 | $13.50 |
| | | Total After-tax Deductions | | $204.61 | $2,241.49 |

**Net Pay**

Direct Deposit-Net Pay
Deposited into Account # 3143XXXXXXXXXXXX
Bank Number

| | Current | Year-to-Date |
|---|---|---|
| | $1,018.13 | $9,931.78 |
| Net Pay Totals | $1,018.13 | $9,931.78 |

KRAFT-SAL000215

**GILBERT L SALINAS**



KRAFT PIZZA COMPANY
ONE KRAFT COURT
GLENVIEW, IL 60025

Pay Entity: 1064A

HR Department: 705

HR Organization Unit: 8547

Labor Distribution Code

Location: 4323

Department: 575

Major: 700

Pay Period End Date: 05/17/2008

Check Date: 05/16/2008

Internal Check Number: 081340011227

Employee ID: 12290942

| Earnings | | | | Current | Year-to-Date |
|---|---|---|---|---|---|
| Holiday Pay | | | | $0.00 | $150.00 |
| Commission | | | | $1,829.46 | $17,358.07 |
| Special Sales Incentive Bonus | | | | $0.00 | $900.00 |
| Imputed Income-Group Life Ins | | | | $1.60 | $16.00 |
| | | | Total Earnings | $1,831.06 | $18,424.07 |

| Before-tax Deductions | | | | | |
|---|---|---|---|---|---|
| Pre-Tax Medical | | | | $67.50 | $675.00 |
| Pre-Tax Dental Insurance | | | | $3.00 | $30.00 |
| Thrift Before -Tax - Matched | | | | $36.59 | $368.16 |
| | | Total Before-tax deductions | | $107.09 | $1,073.16 |

| Taxes | Exemptions | Filing Status | | Current | Year-to-Date |
|---|---|---|---|---|---|
| FICA-Social Security Tax | | | | $109.15 | $1,098.58 |
| US Federal Income Tax | 4 | S | | $147.83 | $1,629.23 |
| FICA-Medicare Tax | | | | $25.53 | $256.93 |
| California Income Tax | 0 | S | | $65.10 | $688.87 |
| CA Disability Insurance | 0 | S | | $14.08 | $141.75 |
| | | Total Taxes | | $361.69 | $3,815.36 |

| After-tax Deductions | | | | | |
|---|---|---|---|---|---|
| Child Support | | | | $194.31 | $1,943.10 |
| MARSH PersonalPlans | | | | $7.20 | $72.00 |
| Salary Advance Loan | | | | $0.00 | $400.00 |
| Imputed Income Offset | | | | $1.60 | $16.00 |
| Support Fee | | | | $1.50 | $15.00 |
| | | Total After-tax Deductions | | $204.61 | $2,446.10 |

**Net Pay**

Direct Deposit-Net Pay

Deposited into Account # 3143XXXXXXXXXXXX

Bank Number ▮

| | | | | Current | Year-to-Date |
|---|---|---|---|---|---|
| | | | | $1,157.67 | $11,089.45 |
| | | Net Pay Totals | | $1,157.67 | $11,089.45 |

KRAFT-SAL000216

GILBERT L SALINAS



KRAFT PIZZA COMPANY
ONE KRAFT COURT
GLENVIEW,IL 60025

Pay Entity: 1064A
HR Department: 705
HR Organization Unit: 8547
Labor Distribution Code
Location: 4323
Department: 575
Major: 700

Pay Period End Date: 05/17/2008
Check Date:05/16/2008
Internal Check Number: 081340011228
Employee ID: 12290942

| Earnings | Current | Year-to-Date |
|---|---|---|
| Special Sales Incentive Bonus | $1,400.00 | $2,300.00 |
| Total Earnings | $1,400.00 | $2,300.00 |

| Before-tax Deductions | | |
|---|---|---|
| Thrift  Before -Tax - Matched | $28.00 | $396.16 |
| Total Before-tax deductions | $28.00 | $396.16 |

| Taxes | Exemptions | Filing Status | Current | Year-to-Date |
|---|---|---|---|---|
| FICA-Social Security Tax | | | $86.80 | $1,185.38 |
| US Federal Income Tax | 4 | S | $343.00 | $1,972.23 |
| FICA-Medicare Tax | | | $20.30 | $277.23 |
| California Income Tax | 0 | S | $127.60 | $816.47 |
| CA Disability Insurance | 0 | S | $11.20 | $152.95 |
| Total Taxes | | | $588.90 | $4,404.26 |

| After-tax Deductions | | |
|---|---|---|
| Child Support | $0.00 | $1,943.10 |
| MARSH PersonalPlans | $0.00 | $72.00 |
| Salary Advance Loan | $0.00 | $400.00 |
| Imputed  Income Offset | $0.00 | $16.00 |
| Support Fee | $0.00 | $15.00 |
| Total After-tax Deductions | $0.00 | $2,446.10 |

**Net Pay**
Direct Deposit-Net Pay
Deposited into Account # 3143XXXXXXXXXXXX
Bank Number

| | Current | Year-to-Date |
|---|---|---|
| | $783.10 | $11,872.55 |
| Net Pay Totals | $783.10 | $11,872.55 |

KRAFT-SAL000217

**GILBERT L SALINAS**



KRAFT PIZZA COMPANY
ONE KRAFT COURT
GLENVIEW,IL 60025

Pay Entity: 1064A

HR Department: 705

HR Organization Unit: 8547

Labor Distribution Code

Location: 4323

Department: 575

Major: 700

Pay Period End Date: 05/31/2008

Check Date:05/30/2008

Internal Check Number: 081480012690

Employee ID: 12290942

| Earnings | | | Current | Year-to-Date |
|---|---|---|---|---|
| Holiday Pay | | | $0.00 | $150.00 |
| Commission | | | $1,785.99 | $19,144.06 |
| Special Sales Incentive Bonus | | | $0.00 | $2,300.00 |
| Imputed Income-Group Life Ins | | | $0.00 | $16.00 |
| | | Total Earnings | $1,785.99 | $21,610.06 |
| **Before-tax Deductions** | | | | |
| Pre-Tax Medical | | | $0.00 | $675.00 |
| Pre-Tax Dental Insurance | | | $0.00 | $30.00 |
| Thrift  Before -Tax - Matched | | | $35.72 | $431.88 |
| | | Total Before-tax deductions | $35.72 | $1,136.88 |
| **Taxes** | Exemptions | Filing Status | | |
| FICA-Social Security Tax | | | $110.73 | $1,296.11 |
| US Federal Income Tax | 4 | S | $151.77 | $2,124.00 |
| FICA-Medicare Tax | | | $25.89 | $303.12 |
| California Income Tax | 0 | S | $67.20 | $883.67 |
| CA Disability Insurance | 0 | S | $14.29 | $167.24 |
| | | Total Taxes | $369.88 | $4,774.14 |
| **After-tax Deductions** | | | | |
| Child Support | | | $194.31 | $2,137.41 |
| MARSH PersonalPlans | | | $7.20 | $79.20 |
| Salary Advance Loan | | | $0.00 | $400.00 |
| Imputed  Income Offset | | | $0.00 | $16.00 |
| Support Fee | | | $1.50 | $16.50 |
| | | Total After-tax Deductions | $203.01 | $2,649.11 |

**Net Pay**

Direct Deposit-Net Pay

Deposited into Account # 3143XXXXXXXXXXXX

Bank Number

| | | | | |
|---|---|---|---|---|
| | | | $1,177.38 | $13,049.93 |
| | | Net Pay Totals | $1,177.38 | $13,049.93 |

**GILBERT L SALINAS**

KRAFT

KRAFT PIZZA COMPANY
ONE KRAFT COURT
GLENVIEW,IL 60025

Pay Entity: 1064A
HR Department: 705
HR Organization Unit: 8547

Pay Period End Date: 06/14/2008
Check Date:06/13/2008
Internal Check Number: 081620012838
Employee ID: 12290942

Labor Distribution Code
Location: 4323
Department: 575
Major: 700

| Earnings | Hours | Current | Year-to-Date |
|---|---|---|---|
| Holiday Pay | 8.00 | $75.00 | $225.00 |
| Commission | | $1,302.65 | $20,446.71 |
| Special Sales Incentive Bonus | | $0.00 | $2,300.00 |
| Imputed Income-Group Life Ins | | $1.60 | $17.60 |
| Total Earnings | | $1,379.25 | $22,989.31 |

| Before-tax Deductions | | Current | Year-to-Date |
|---|---|---|---|
| Pre-Tax Medical | | $67.50 | $742.50 |
| Pre-Tax Dental Insurance | | $3.00 | $33.00 |
| Thrift  Before -Tax - Matched | | $27.55 | $459.43 |
| Total Before-tax deductions | | $98.05 | $1,234.93 |

| Taxes | Exemptions | Filing Status | Current | Year-to-Date |
|---|---|---|---|---|
| FICA-Social Security Tax | | | $81.15 | $1,377.26 |
| US Federal Income Tax | 4 | S | $81.41 | $2,205.41 |
| FICA-Medicare Tax | | | $18.98 | $322.10 |
| California Income Tax | 0 | S | $34.03 | $917.70 |
| CA Disability Insurance | 0 | S | $10.47 | $177.71 |
| Total Taxes | | | $226.04 | $5,000.18 |

| After-tax Deductions | | Current | Year-to-Date |
|---|---|---|---|
| Child Support | | $194.31 | $2,331.72 |
| MARSH PersonalPlans | | $7.20 | $86.40 |
| Salary Advance Loan | | $0.00 | $400.00 |
| Imputed  Income Offset | | $1.60 | $17.60 |
| Support Fee | | $1.50 | $18.00 |
| Total After-tax Deductions | | $204.61 | $2,853.72 |

**Net Pay**
Direct Deposit-Net Pay
Deposited into Account # 3143XXXXXXXXXXXXX
Bank Number

| | Current | Year-to-Date |
|---|---|---|
| | $850.55 | $13,900.48 |
| Net Pay Totals | $850.55 | $13,900.48 |

KRAFT-SAL000219

**GILBERT L SALINAS**



KRAFT PIZZA COMPANY
ONE KRAFT COURT
GLENVIEW,IL 60025

Pay Entity: 1064A
HR Department: 705
HR Organization Unit: 8547

Pay Period End Date: 06/28/2008
Check Date:06/27/2008
Internal Check Number: 081760013218
Employee ID: 12290942

Labor Distribution Code
Location: 4323
Department: 575
Major: 700

| Earnings | | | Current | Year-to-Date |
|---|---|---|---|---|
| Holiday Pay | | | $0.00 | $225.00 |
| Commission | | | $1,406.09 | $21,852.80 |
| Special Sales Incentive Bonus | | | $0.00 | $2,300.00 |
| Imputed Income-Group Life Ins | | | $1.60 | $19.20 |
| | | Total Earnings | $1,407.69 | $24,397.00 |
| | | | | |
| **Before-tax Deductions** | | | | |
| Pre-Tax Medical | | | $67.50 | $810.00 |
| Pre-Tax Dental Insurance | | | $3.00 | $36.00 |
| Thrift  Before -Tax - Matched | | | $28.12 | $487.55 |
| | | Total Before-tax deductions | $98.62 | $1,333.55 |
| | | | | |
| **Taxes** | Exemptions | Filing Status | | |
| FICA-Social Security Tax | | | $82.90 | $1,460.16 |
| US Federal Income Tax | 4 | S | $85.59 | $2,291.00 |
| FICA-Medicare Tax | | | $19.39 | $341.49 |
| California Income Tax | 0 | S | $35.71 | $953.41 |
| CA Disability Insurance | 0 | S | $10.70 | $188.41 |
| | | Total Taxes | $234.29 | $5,234.47 |
| | | | | |
| **After-tax Deductions** | | | | |
| Child Support | | | $194.31 | $2,526.03 |
| MARSH PersonalPlans | | | $7.20 | $93.60 |
| Salary Advance Loan | | | $0.00 | $400.00 |
| Imputed  Income Offset | | | $1.60 | $19.20 |
| Support Fee | | | $1.50 | $19.50 |
| | | Total After-tax Deductions | $204.61 | $3,058.33 |

**Net Pay**
Direct Deposit-Net Pay
Deposited into Account # 3143XXXXXXXXXXXX
Bank Number

| | Current | Year-to-Date |
|---|---|---|
| | $870.17 | $14,770.65 |
| Net Pay Totals | $870.17 | $14,770.65 |

KRAFT-SAL000220

**GILBERT L SALINAS**



KRAFT PIZZA COMPANY
ONE KRAFT COURT
GLENVIEW,IL 60025

Pay Entity: 1064A
HR Department: 705
HR Organization Unit: 8547

Pay Period End Date: 07/12/2008
Check Date:07/11/2008
Internal Check Number: 081900013068
Employee ID: 12290942

Labor Distribution Code
Location: 4323
Department: 575
Major: 700

| Earnings | | | Current | Year-to-Date |
|---|---|---|---|---|
| Holiday Pay | | | $0.00 | $225.00 |
| Commission | | | $1,458.74 | $23,311.54 |
| Special Sales Incentive Bonus | | | $0.00 | $2,300.00 |
| Imputed Income-Group Life Ins | | | $1.60 | $20.80 |
| | | Total Earnings | $1,460.34 | $25,857.34 |
| **Before-tax Deductions** | | | | |
| Pre-Tax Medical | | | $67.50 | $877.50 |
| Pre-Tax Dental Insurance | | | $3.00 | $39.00 |
| Thrift  Before -Tax - Matched | | | $29.17 | $516.72 |
| | | Total Before-tax deductions | $99.67 | $1,433.22 |
| **Taxes** | **Exemptions** | **Filing Status** | | |
| FICA-Social Security Tax | | | $86.17 | $1,546.33 |
| US Federal Income Tax | 4 | S | $93.33 | $2,384.33 |
| FICA-Medicare Tax | | | $20.15 | $361.64 |
| California Income Tax | 0 | S | $38.80 | $992.21 |
| CA Disability Insurance | 0 | S | $11.12 | $199.53 |
| | | Total Taxes | $249.57 | $5,484.04 |
| **After-tax Deductions** | | | | |
| Child Support | | | $194.31 | $2,720.34 |
| MARSH PersonalPlans | | | $7.20 | $100.80 |
| Salary Advance Loan | | | $0.00 | $400.00 |
| Imputed  Income Offset | | | $1.60 | $20.80 |
| Support Fee | | | $1.50 | $21.00 |
| | | Total After-tax Deductions | $204.61 | $3,262.94 |

**Net Pay**
Direct Deposit-Net Pay
Deposited into Account # 3143XXXXXXXXXXXX
Bank Number

| | | | | |
|---|---|---|---|---|
| | | | $906.49 | $15,677.14 |
| | | Net Pay Totals | $906.49 | $15,677.14 |

**GILBERT L SALINAS**



KRAFT PIZZA COMPANY
ONE KRAFT COURT
GLENVIEW,IL 60025

Pay Entity: 1064A

HR Department: 705

HR Organization Unit: 8547

Labor Distribution Code

Location: 4323

Department: 575

Major: 700

Pay Period End Date: 07/26/2008

Check Date:07/25/2008

Internal Check Number: 082040013332

Employee ID: 12290942

| Earnings | Hours | Current | Year-to-Date |
|---|---|---|---|
| Holiday Pay | 8.00 | $75.00 | $300.00 |
| Commission | | $1,504.09 | $24,815.63 |
| Special Sales Incentive Bonus | | $0.00 | $2,300.00 |
| Imputed Income-Group Life Ins | | $1.60 | $22.40 |
| Total Earnings | | $1,580.69 | $27,438.03 |

| Before-tax Deductions | | Current | Year-to-Date |
|---|---|---|---|
| Pre-Tax Medical | | $67.50 | $945.00 |
| Pre-Tax Dental Insurance | | $3.00 | $42.00 |
| Thrift Before -Tax - Matched | | $31.58 | $548.30 |
| Total Before-tax deductions | | $102.08 | $1,535.30 |

| Taxes | Exemptions | Filing Status | Current | Year-to-Date |
|---|---|---|---|---|
| FICA-Social Security Tax | | | $93.63 | $1,639.96 |
| US Federal Income Tax | 4 | S | $111.02 | $2,495.35 |
| FICA-Medicare Tax | | | $21.90 | $383.54 |
| California Income Tax | 0 | S | $45.88 | $1,038.09 |
| CA Disability Insurance | 0 | S | $12.08 | $211.61 |
| Total Taxes | | | $284.51 | $5,768.55 |

| After-tax Deductions | | Current | Year-to-Date |
|---|---|---|---|
| Child Support | | $194.31 | $2,914.65 |
| MARSH PersonalPlans | | $7.20 | $108.00 |
| Salary Advance Loan | | $0.00 | $400.00 |
| Imputed  Income Offset | | $1.60 | $22.40 |
| Support Fee | | $1.50 | $22.50 |
| Total After-tax Deductions | | $204.61 | $3,467.55 |

**Net Pay**

Direct Deposit-Net Pay

Deposited into Account # 3143XXXXXXXXXXXX

Bank Number

| | Current | Year-to-Date |
|---|---|---|
| | $989.49 | $16,666.63 |
| Net Pay Totals | $989.49 | $16,666.63 |

KRAFT-SAL000222

**GILBERT L SALINAS**



KRAFT PIZZA COMPANY
ONE KRAFT COURT
GLENVIEW,IL 60025

Pay Entity: 1064A

HR Department: 705

HR Organization Unit: 8547

Labor Distribution Code

Location: 4323

Department: 575

Major: 700

Pay Period End Date: 08/09/2008

Check Date:08/08/2008

Internal Check Number: 082180013148

Employee ID: 12290942

| Earnings | Exemptions | Filing Status | Current | Year-to-Date |
|---|---|---|---|---|
| Holiday Pay | | | $0.00 | $300.00 |
| Commission | | | $1,734.38 | $26,550.01 |
| Special Sales Incentive Bonus | | | $0.00 | $2,300.00 |
| Imputed Income-Group Life Ins | | | $1.60 | $24.00 |
| Total Earnings | | | $1,735.98 | $29,174.01 |
| **Before-tax Deductions** | | | | |
| Pre-Tax Medical | | | $67.50 | $1,012.50 |
| Pre-Tax Dental Insurance | | | $3.00 | $45.00 |
| Thrift Before -Tax - Matched | | | $34.69 | $582.99 |
| Total Before-tax deductions | | | $105.19 | $1,640.49 |
| **Taxes** | **Exemptions** | **Filing Status** | | |
| FICA-Social Security Tax | | | $103.26 | $1,743.22 |
| US Federal Income Tax | 4 | S | $133.85 | $2,629.20 |
| FICA-Medicare Tax | | | $24.15 | $407.69 |
| California Income Tax | 0 | S | $57.64 | $1,095.73 |
| CA Disability Insurance | 0 | S | $13.32 | $224.93 |
| Total Taxes | | | $332.22 | $6,100.77 |
| **After-tax Deductions** | | | | |
| Child Support | | | $194.31 | $3,108.96 |
| Garnishment | | | $156.23 | $156.23 |
| MARSH PersonalPlans | | | $7.20 | $115.20 |
| Salary Advance Loan | | | $0.00 | $400.00 |
| Imputed Income Offset | | | $1.60 | $24.00 |
| Garnishment Fee | | | $1.50 | $1.50 |
| Support Fee | | | $1.50 | $24.00 |
| Total After-tax Deductions | | | $362.34 | $3,829.89 |

**Net Pay**

Direct Deposit-Net Pay

Deposited into Account # 3143XXXXXXXXXXXX

Bank Number ████

| | Current | Year-to-Date |
|---|---|---|
| | $936.23 | $17,602.86 |
| **Net Pay Totals** | $936.23 | $17,602.86 |

KRAFT-SAL000223

**GILBERT L SALINAS**



KRAFT PIZZA COMPANY
ONE KRAFT COURT
GLENVIEW, IL 60025

Pay Entity: 1064A
HR Department: 705
HR Organization Unit: 8547

Pay Period End Date: 08/23/2008
Check Date: 08/22/2008
Internal Check Number: 082320012575
Employee ID: 12290942

Labor Distribution Code
Location: 4323
Department: 575
Major: 700

| Earnings | | | Current | Year-to-Date |
|---|---|---|---|---|
| Holiday Pay | | | $0.00 | $300.00 |
| Commission | | | $1,520.01 | $28,070.02 |
| Special Sales Incentive Bonus | | | $0.00 | $2,300.00 |
| Imputed Income-Group Life Ins | | | $1.60 | $25.60 |
| | | Total Earnings | $1,521.61 | $30,695.62 |
| **Before-tax Deductions** | | | | |
| Pre-Tax Medical | | | $67.50 | $1,080.00 |
| Pre-Tax Dental Insurance | | | $3.00 | $48.00 |
| Thrift Before -Tax - Matched | | | $30.40 | $613.39 |
| | | Total Before-tax deductions | $100.90 | $1,741.39 |

| Taxes | Exemptions | Filing Status | Current | Year-to-Date |
|---|---|---|---|---|
| FICA-Social Security Tax | | | $89.97 | $1,833.19 |
| US Federal Income Tax | 4 | S | $102.34 | $2,731.54 |
| FICA-Medicare Tax | | | $21.04 | $428.73 |
| California Income Tax | 0 | S | $42.40 | $1,138.13 |
| CA Disability Insurance | 0 | S | $11.61 | $236.54 |
| | | Total Taxes | $267.36 | $6,368.13 |

| After-tax Deductions | | | Current | Year-to-Date |
|---|---|---|---|---|
| Child Support | | | $194.31 | $3,303.27 |
| Garnishment | | | $0.00 | $156.23 |
| MARSH PersonalPlans | | | $7.20 | $122.40 |
| Salary Advance Loan | | | $0.00 | $400.00 |
| Imputed Income Offset | | | $1.60 | $25.60 |
| Garnishment Fee | | | $0.00 | $1.50 |
| Support Fee | | | $1.50 | $25.50 |
| | | Total After-tax Deductions | $204.61 | $4,034.50 |

**Net Pay**
Direct Deposit-Net Pay
Deposited into Account # 3143XXXXXXXXXXXX
Bank Number

| | | | Current | Year-to-Date |
|---|---|---|---|---|
| | | | $948.74 | $18,551.60 |
| | | Net Pay Totals | $948.74 | $18,551.60 |

**GILBERT L SALINAS**



KRAFT PIZZA COMPANY
ONE KRAFT COURT
GLENVIEW, IL 60025

Pay Entity: 1064A

HR Department: 705

HR Organization Unit: 8547

Labor Distribution Code

Location: 4323

Department: 575

Major: 700

Pay Period End Date: 08/23/2008

Check Date: 08/22/2008

Internal Check Number: 082320012576

Employee ID: 12290942

| Earnings | | | Current | Year-to-Date |
|---|---|---|---|---|
| Special Sales Incentive Bonus | | | $1,160.00 | $3,460.00 |
| | | Total Earnings | $1,160.00 | $3,460.00 |

| Before-tax Deductions | | | | |
|---|---|---|---|---|
| Thrift  Before -Tax - Matched | | | $23.20 | $636.59 |
| | | Total Before-tax deductions | $23.20 | $636.59 |

| Taxes | Exemptions | Filing Status | | |
|---|---|---|---|---|
| FICA-Social Security Tax | | | $71.92 | $1,905.11 |
| US Federal Income Tax | 4 | S | $284.20 | $3,015.74 |
| FICA-Medicare Tax | | | $16.82 | $445.55 |
| California Income Tax | 0 | S | $105.72 | $1,243.85 |
| CA Disability Insurance | 0 | S | $9.28 | $245.82 |
| | | Total Taxes | $487.94 | $6,856.07 |

| After-tax Deductions | | | | |
|---|---|---|---|---|
| Child Support | | | $0.00 | $3,303.27 |
| Garnishment | | | $0.00 | $156.23 |
| MARSH PersonalPlans | | | $0.00 | $122.40 |
| Salary Advance Loan | | | $0.00 | $400.00 |
| Imputed  Income Offset | | | $0.00 | $25.60 |
| Garnishment Fee | | | $0.00 | $1.50 |
| Support Fee | | | $0.00 | $25.50 |
| | | Total After-tax Deductions | $0.00 | $4,034.50 |

**Net Pay**
Direct Deposit-Net Pay
Deposited into Account # 3143XXXXXXXXXXXX
Bank Number

| | | | Current | Year-to-Date |
|---|---|---|---|---|
| | | | $648.86 | $19,200.46 |
| | | Net Pay Totals | $648.86 | $19,200.46 |

KRAFT-SAL000225

**GILBERT L SALINAS**



KRAFT PIZZA COMPANY
ONE KRAFT COURT
GLENVIEW,IL 60025

Pay Entity: 1064A
HR Department: 705
HR Organization Unit: 8547

Pay Period End Date: 08/23/2008
Check Date:08/22/2008
Internal Check Number: 082320012577
Employee ID: 12290942

Labor Distribution Code
Location: 4323
Department: 575
Major: 700

| Taxes | Exemptions | Filing Status | | |
|---|---|---|---|---|
| FICA-Social Security Tax | | | $0.00 | $1,905.11 |
| US Federal Income Tax | 4 | S | $0.00 | $3,015.74 |
| FICA-Medicare Tax | | | $0.00 | $445.55 |
| California Income Tax | 0 | S | $0.00 | $1,243.85 |
| CA Disability Insurance | 0 | S | $0.00 | $245.82 |
| | | Total Taxes | $0.00 | $6,856.07 |
| **After-tax Deductions** | | | | |
| Child Support | | | $0.00 | $3,303.27 |
| Garnishment | | | -$156.23 | $0.00 |
| MARSH PersonalPlans | | | $0.00 | $122.40 |
| Salary Advance Loan | | | $0.00 | $400.00 |
| Imputed  Income Offset | | | $0.00 | $25.60 |
| Garnishment Fee | | | $0.00 | $1.50 |
| Support Fee | | | $0.00 | $25.50 |
| | | Total After-tax Deductions | -$156.23 | $3,878.27 |

**Net Pay**
Direct Deposit-Net Pay
Deposited into Account # 3143XXXXXXXXXXXXX
Bank Number

| | | | | |
|---|---|---|---|---|
| | | | $156.23 | $19,356.69 |
| | | Net Pay Totals | $156.23 | $19,356.69 |

**GILBERT L SALINAS**



KRAFT PIZZA COMPANY
ONE KRAFT COURT
GLENVIEW,IL 60025

Pay Entity: 1064A

HR Department: 705

HR Organization Unit: 8547

Labor Distribution Code

Location: 4323

Department: 575

Major: 700

Pay Period End Date: 09/06/2008

Check Date:09/05/2008

Internal Check Number: 082460012271

Employee ID: 12290942

| Earnings | | | | Current | Year-to-Date |
|---|---|---|---|---|---|
| Holiday Pay | | | | $0.00 | $300.00 |
| Commission | | | | $1,642.24 | $29,712.26 |
| Special Sales Incentive Bonus | | | | $0.00 | $3,460.00 |
| Imputed Income-Group Life Ins | | | | $1.60 | $27.20 |
| | | Total Earnings | | $1,643.84 | $33,499.46 |

| Before-tax Deductions | | | | | |
|---|---|---|---|---|---|
| Pre-Tax Medical | | | | $67.50 | $1,147.50 |
| Pre-Tax Dental Insurance | | | | $3.00 | $51.00 |
| Thrift Before -Tax - Matched | | | | $32.84 | $669.43 |
| | | Total Before-tax deductions | | $103.34 | $1,867.93 |

| Taxes | Exemptions | Filing Status | | | |
|---|---|---|---|---|---|
| FICA-Social Security Tax | | | | $97.55 | $2,002.66 |
| US Federal Income Tax | 4 | S | | $120.31 | $3,136.05 |
| FICA-Medicare Tax | | | | $22.81 | $468.36 |
| California Income Tax | 0 | S | | $50.42 | $1,294.27 |
| CA Disability Insurance | 0 | S | | $12.59 | $258.41 |
| | | Total Taxes | | $303.68 | $7,159.75 |

| After-tax Deductions | | | | | |
|---|---|---|---|---|---|
| Child Support | | | | $194.31 | $3,497.58 |
| MARSH PersonalPlans | | | | $7.20 | $129.60 |
| Salary Advance Loan | | | | $0.00 | $400.00 |
| Imputed Income Offset | | | | $1.60 | $27.20 |
| Garnishment Fee | | | | $0.00 | $1.50 |
| Support Fee | | | | $1.50 | $27.00 |
| | | Total After-tax Deductions | | $204.61 | $4,082.88 |

**Net Pay**

Direct Deposit-Net Pay

Deposited into Account # 3143XXXXXXXXXXXXX

Bank Number ▮▮▮▮▮

| | | | | Current | Year-to-Date |
|---|---|---|---|---|---|
| | | | | $1,032.21 | $20,388.90 |
| | | Net Pay Totals | | $1,032.21 | $20,388.90 |

**GILBERT L SALINAS**



KRAFT PIZZA COMPANY
ONE KRAFT COURT
GLENVIEW,IL 60025

Pay Entity: 1064A
HR Department: 705
HR Organization Unit: 8547

Labor Distribution Code
Location: 4323
Department: 575
Major: 700

Pay Period End Date: 09/20/2008
Check Date:09/19/2008
Internal Check Number: 082600012378
Employee ID: 12290942

| Earnings | Hours | Current | Year-to-Date |
|---|---|---|---|
| Holiday Pay | 8.00 | $75.00 | $375.00 |
| Commission | | $1,498.39 | $31,210.65 |
| Special Sales Incentive Bonus | | $0.00 | $3,460.00 |
| Imputed Income-Group Life Ins | | $1.60 | $28.80 |
| **Total Earnings** | | $1,574.99 | $35,074.45 |

| Before-tax Deductions | | Current | Year-to-Date |
|---|---|---|---|
| Pre-Tax Medical | | $67.50 | $1,215.00 |
| Pre-Tax Dental Insurance | | $3.00 | $54.00 |
| Thrift  Before -Tax - Matched | | $31.47 | $700.90 |
| **Total Before-tax deductions** | | $101.97 | $1,969.90 |

| Taxes | Exemptions | Filing Status | Current | Year-to-Date |
|---|---|---|---|---|
| FICA-Social Security Tax | | | $93.28 | $2,095.94 |
| US Federal Income Tax | 4 | S | $110.18 | $3,246.23 |
| FICA-Medicare Tax | | | $21.82 | $490.18 |
| California Income Tax | 0 | S | $45.54 | $1,339.81 |
| CA Disability Insurance | 0 | S | $12.03 | $270.44 |
| **Total Taxes** | | | $282.85 | $7,442.60 |

| After-tax Deductions | | Current | Year-to-Date |
|---|---|---|---|
| Child Support | | $194.31 | $3,691.89 |
| MARSH PersonalPlans | | $7.20 | $136.80 |
| Salary Advance Loan | | $0.00 | $400.00 |
| Imputed  Income Offset | | $1.60 | $28.80 |
| Garnishment Fee | | $0.00 | $1.50 |
| Support Fee | | $1.50 | $28.50 |
| **Total After-tax Deductions** | | $204.61 | $4,287.49 |

**Net Pay**

Direct Deposit-Net Pay
Deposited into Account # 3143XXXXXXXXXXXX
Bank Number

| | | Current | Year-to-Date |
|---|---|---|---|
| | | $985.56 | $21,374.46 |
| **Net Pay Totals** | | $985.56 | $21,374.46 |

**GILBERT L SALINAS**

**KRAFT**

KRAFT PIZZA COMPANY
ONE KRAFT COURT
GLENVIEW,IL 60025

Pay Entity: 1064A
HR Department: 705
HR Organization Unit: 8547

Pay Period End Date: 10/04/2008
Check Date:10/03/2008
Internal Check Number: 082740012294
Employee ID: 12290942

Labor Distribution Code
Location: 4323
Department: 575
Major: 700

| Earnings | | | Current | Year-to-Date |
|---|---|---|---|---|
| Holiday Pay | | | $0.00 | $375.00 |
| Commission | | | $1,712.40 | $32,923.05 |
| Special Sales Incentive Bonus | | | $0.00 | $3,460.00 |
| Imputed Income-Group Life Ins | | | $1.60 | $30.40 |
| | | Total Earnings | $1,714.00 | $36,788.45 |
| **Before-tax Deductions** | | | | |
| Pre-Tax Medical | | | $67.50 | $1,282.50 |
| Pre-Tax Dental Insurance | | | $3.00 | $57.00 |
| Thrift  Before -Tax - Matched | | | $34.25 | $735.15 |
| | | Total Before-tax deductions | $104.75 | $2,074.65 |
| **Taxes** | Exemptions | Filing Status | | |
| FICA-Social Security Tax | | | $101.89 | $2,197.83 |
| US Federal Income Tax | 4 | S | $130.62 | $3,376.85 |
| FICA-Medicare Tax | | | $23.83 | $514.01 |
| California Income Tax | 0 | S | $55.92 | $1,395.73 |
| CA Disability Insurance | 0 | S | $13.15 | $283.59 |
| | | Total Taxes | $325.41 | $7,768.01 |
| **After-tax Deductions** | | | | |
| Child Support | | | $194.31 | $3,886.20 |
| MARSH PersonalPlans | | | $7.20 | $144.00 |
| Salary Advance Loan | | | $0.00 | $400.00 |
| Imputed  Income Offset | | | $1.60 | $30.40 |
| Garnishment Fee | | | $0.00 | $1.50 |
| Support Fee | | | $1.50 | $30.00 |
| | | Total After-tax Deductions | $204.61 | $4,492.10 |

Net Pay
Direct Deposit-Net Pay
Deposited into Account # 3143XXXXXXXXXXXX
Bank Number

| | | | Current | Year-to-Date |
|---|---|---|---|---|
| | | | $1,079.23 | $22,453.69 |
| | | Net Pay Totals | $1,079.23 | $22,453.69 |

KRAFT-SAL000229

**GILBERT L SALINAS**





KRAFT PIZZA COMPANY
ONE KRAFT COURT
GLENVIEW,IL 60025

Pay Entity: 1064A
HR Department: 705
HR Organization Unit: 8547
Labor Distribution Code
Location: 4323
Department: 575
Major: 700

Pay Period End Date: 10/18/2008
Check Date:10/17/2008
Internal Check Number: 082880012125
Employee ID: 12290942

| Earnings | | | Current | Year-to-Date |
|---|---|---|---|---|
| Holiday Pay | | | $0.00 | $375.00 |
| Commission | | | $1,808.34 | $34,731.39 |
| Special Sales Incentive Bonus | | | $0.00 | $3,460.00 |
| Imputed Income-Group Life Ins | | | $1.60 | $32.00 |
| | | Total Earnings | $1,809.94 | $38,598.39 |
| **Before-tax Deductions** | | | | |
| Pre-Tax Medical | | | $67.50 | $1,350.00 |
| Pre-Tax Dental Insurance | | | $3.00 | $60.00 |
| Thrift  Before -Tax - Matched | | | $36.17 | $771.32 |
| | | Total Before-tax deductions | $106.67 | $2,181.32 |

| Taxes | Exemptions | Filing Status | | |
|---|---|---|---|---|
| FICA-Social Security Tax | | | $107.85 | $2,305.68 |
| US Federal Income Tax | 4 | S | $144.72 | $3,521.57 |
| FICA-Medicare Tax | | | $25.22 | $539.23 |
| California Income Tax | 0 | S | $63.44 | $1,459.17 |
| CA Disability Insurance | 0 | S | $13.92 | $297.51 |
| | | Total Taxes | $355.15 | $8,123.16 |

| After-tax Deductions | | | | |
|---|---|---|---|---|
| Child Support | | | $194.31 | $4,080.51 |
| MARSH PersonalPlans | | | $7.20 | $151.20 |
| Salary Advance Loan | | | $0.00 | $400.00 |
| Imputed  Income Offset | | | $1.60 | $32.00 |
| Garnishment Fee | | | $0.00 | $1.50 |
| Support Fee | | | $1.50 | $31.50 |
| | | Total After-tax Deductions | $204.61 | $4,696.71 |

**Net Pay**
Direct Deposit-Net Pay
Deposited into Account # 3143XXXXXXXXXXXX
Bank Number

| | | | Current | Year-to-Date |
|---|---|---|---|---|
| | | | $1,143.51 | $23,597.20 |
| | | Net Pay Totals | $1,143.51 | $23,597.20 |

KRAFT-SAL000230

**GILBERT L SALINAS**



KRAFT PIZZA COMPANY
ONE KRAFT COURT
GLENVIEW,IL 60025

Pay Entity: 1064A

HR Department: 705

HR Organization Unit: 8547

Labor Distribution Code

Location: 4323

Department: 575

Major: 700

Pay Period End Date: 11/01/2008

Check Date:10/31/2008

Internal Check Number: 083020011507

Employee ID: 12290942

| Earnings | | | Current | Year-to-Date |
|---|---|---|---|---|
| Holiday Pay | | | $0.00 | $375.00 |
| Commission | | | $2,487.02 | $37,218.41 |
| Special Sales Incentive Bonus | | | $0.00 | $3,460.00 |
| Imputed Income-Group Life Ins | | | $0.00 | $32.00 |
| | | Total Earnings | $2,487.02 | $41,085.41 |
| **Before-tax Deductions** | | | | |
| Pre-Tax Medical | | | $0.00 | $1,350.00 |
| Pre-Tax Dental Insurance | | | $0.00 | $60.00 |
| Thrift Before -Tax - Matched | | | $49.74 | $821.06 |
| | | Total Before-tax deductions | $49.74 | $2,231.06 |
| **Taxes** | Exemptions | Filing Status | | |
| FICA-Social Security Tax | | | $154.20 | $2,459.88 |
| US Federal Income Tax | 0 | S | $0.00 | $3,521.57 |
| FICA-Medicare Tax | | | $36.06 | $575.29 |
| California Income Tax | 0 | S | $129.68 | $1,588.85 |
| CA Disability Insurance | 0 | S | $19.89 | $317.40 |
| | | Total Taxes | $339.83 | $8,462.99 |
| **After-tax Deductions** | | | | |
| Child Support | | | $194.31 | $4,274.82 |
| MARSH PersonalPlans | | | $7.20 | $158.40 |
| Salary Advance Loan | | | $0.00 | $400.00 |
| Imputed Income Offset | | | $0.00 | $32.00 |
| Garnishment Fee | | | $0.00 | $1.50 |
| Support Fee | | | $1.50 | $33.00 |
| | | Total After-tax Deductions | $203.01 | $4,899.72 |

**Net Pay**

Direct Deposit-Net Pay

Deposited into Account # 3143XXXXXXXXXXXX

Bank Number

| | Current | Year-to-Date |
|---|---|---|
| | $1,894.44 | $25,491.64 |
| Net Pay Totals | $1,894.44 | $25,491.64 |

KRAFT-SAL000231



**GILBERT L SALINAS**



KRAFT PIZZA COMPANY
ONE KRAFT COURT
GLENVIEW,IL 60025

Pay Entity: 1064A

HR Department: 705

HR Organization Unit: 8547

Labor Distribution Code

Location: 4323

Department: 575

Major: 700

Pay Period End Date: 11/15/2008

Check Date:11/14/2008

Internal Check Number: 083160012061

Employee ID: 12290942

| | Exemptions | Filing Status | Current | Year-to-Date |
|---|---|---|---|---|
| **Earnings** | | | | |
| Holiday Pay | | | $0.00 | $375.00 |
| Commission | | | $2,650.13 | $39,868.54 |
| Special Sales Incentive Bonus | | | $0.00 | $3,460.00 |
| Imputed Income-Group Life Ins | | | $1.60 | $33.60 |
| Total Earnings | | | $2,651.73 | $43,737.14 |
| **Before-tax Deductions** | | | | |
| Pre-Tax Medical | | | $67.50 | $1,417.50 |
| Pre-Tax Dental Insurance | | | $3.00 | $63.00 |
| Thrift  Before -Tax - Matched | | | $53.00 | $874.06 |
| Total Before-tax deductions | | | $123.50 | $2,354.56 |
| **Taxes** | | | | |
| FICA-Social Security Tax | | | $160.03 | $2,619.91 |
| US Federal Income Tax | 0 | S | $0.00 | $3,521.57 |
| FICA-Medicare Tax | | | $37.43 | $612.72 |
| California Income Tax | 0 | S | $138.14 | $1,726.99 |
| CA Disability Insurance | 0 | S | $20.65 | $338.05 |
| Total Taxes | | | $356.25 | $8,819.24 |
| **After-tax Deductions** | | | | |
| Child Support | | | $194.31 | $4,469.13 |
| MARSH PersonalPlans | | | $7.20 | $165.60 |
| Salary Advance Loan | | | $0.00 | $400.00 |
| Imputed  Income Offset | | | $1.60 | $33.60 |
| Garnishment Fee | | | $0.00 | $1.50 |
| Support Fee | | | $1.50 | $34.50 |
| Total After-tax Deductions | | | $204.61 | $5,104.33 |

**Net Pay**

Direct Deposit-Net Pay
Deposited into Account # 3143XXXXXXXXXXXX

Bank Number

| | Current | Year-to-Date |
|---|---|---|
| | $1,967.37 | $27,459.01 |
| Net Pay Totals | $1,967.37 | $27,459.01 |

**GILBERT L SALINAS** 



KRAFT PIZZA COMPANY
ONE KRAFT COURT
GLENVIEW,IL 60025

Pay Entity: 1064A

HR Department: 705

HR Organization Unit: 8547

Labor Distribution Code

Location: 4323

Department: 575

Major: 700

Pay Period End Date: 11/29/2008

Check Date:11/28/2008

Internal Check Number: 083290012112

Employee ID: 12290942

| Earnings | | | Current | Year-to-Date |
|---|---|---|---|---|
| Holiday Pay | | | $0.00 | $375.00 |
| Commission | | | $2,052.17 | $41,920.71 |
| Special Sales Incentive Bonus | | | $0.00 | $3,460.00 |
| Imputed Income-Group Life Ins | | | $1.60 | $35.20 |
| | | Total Earnings | $2,053.77 | $45,790.91 |
| **Before-tax Deductions** | | | | |
| Pre-Tax Medical | | | $67.50 | $1,485.00 |
| Pre-Tax Dental Insurance | | | $3.00 | $66.00 |
| Thrift Before -Tax - Matched | | | $41.04 | $915.10 |
| | | Total Before-tax deductions | $111.54 | $2,466.10 |
| **Taxes** | Exemptions | Filing Status | | |
| FICA-Social Security Tax | | | $122.96 | $2,742.87 |
| US Federal Income Tax | 0 | S | $0.00 | $3,521.57 |
| FICA-Medicare Tax | | | $28.76 | $641.48 |
| California Income Tax | 0 | S | $83.64 | $1,810.63 |
| CA Disability Insurance | 0 | S | $15.87 | $353.92 |
| | | Total Taxes | $251.23 | $9,070.47 |
| **After-tax Deductions** | | | | |
| Child Support | | | $194.31 | $4,663.44 |
| MARSH PersonalPlans | | | $7.20 | $172.80 |
| Salary Advance Loan | | | $0.00 | $400.00 |
| Imputed Income Offset | | | $1.60 | $35.20 |
| Garnishment Fee | | | $0.00 | $1.50 |
| Support Fee | | | $1.50 | $36.00 |
| | | Total After-tax Deductions | $204.61 | $5,308.94 |

**Net Pay**

Direct Deposit-Net Pay

Deposited into Account # 3143XXXXXXXXXXXX

Bank Number 

| | Current | Year-to-Date |
|---|---|---|
| | $1,486.39 | $28,945.40 |
| Net Pay Totals | $1,486.39 | $28,945.40 |

KRAFT-SAL000233

**GILBERT L SALINAS**



KRAFT PIZZA COMPANY
ONE KRAFT COURT
GLENVIEW,IL 60025

Pay Entity: 1064A
HR Department: 705
HR Organization Unit: 8547

Labor Distribution Code
Location: 4323
Department: 575
Major: 700

Pay Period End Date: 11/29/2008
Check Date:11/28/2008
Internal Check Number: 083290012113
Employee ID: 12290942

| Earnings | | | Current | Year-to-Date |
|---|---|---|---|---|
| Special Sales Incentive Bonus | | | $1,000.00 | $4,460.00 |
| | | Total Earnings | $1,000.00 | $4,460.00 |

| Before-tax Deductions | | | | |
|---|---|---|---|---|
| Thrift  Before -Tax - Matched | | | $20.00 | $935.10 |
| | | Total Before-tax deductions | $20.00 | $935.10 |

| Taxes | Exemptions | Filing Status | | |
|---|---|---|---|---|
| FICA-Social Security Tax | | | $62.00 | $2,804.87 |
| US Federal Income Tax | 0 | S | $0.00 | $3,521.57 |
| FICA-Medicare Tax | | | $14.50 | $655.98 |
| California Income Tax | 0 | S | $91.14 | $1,901.77 |
| CA Disability Insurance | 0 | S | $8.00 | $361.92 |
| | | Total Taxes | $175.64 | $9,246.11 |

| After-tax Deductions | | | | |
|---|---|---|---|---|
| Child Support | | | $0.00 | $4,663.44 |
| MARSH PersonalPlans | | | $0.00 | $172.80 |
| Salary Advance Loan | | | $0.00 | $400.00 |
| Imputed  Income Offset | | | $0.00 | $35.20 |
| Garnishment Fee | | | $0.00 | $1.50 |
| Support Fee | | | $0.00 | $36.00 |
| | | Total After-tax Deductions | $0.00 | $5,308.94 |

**Net Pay**
Direct Deposit-Net Pay
Deposited into Account # 3143XXXXXXXXXXXX
Bank Number

| | | | Current | Year-to-Date |
|---|---|---|---|---|
| | | | $804.36 | $29,749.76 |
| | | Net Pay Totals | $804.36 | $29,749.76 |

KRAFT-SAL000234

**GILBERT L SALINAS**



KRAFT PIZZA COMPANY
ONE KRAFT COURT
GLENVIEW,IL 60025

Pay Entity: 1064A

HR Department: 705

HR Organization Unit: 8547

Labor Distribution Code

Location: 4323

Department: 575

Major: 700

Pay Period End Date: 12/13/2008

Check Date:12/12/2008

Internal Check Number: 083440011814

Employee ID: 12290942

| Earnings | Hours | Current | Year-to-Date |
|---|---|---|---|
| Holiday Pay | | $0.00 | $375.00 |
| Personal Holiday | 40.00 | $375.00 | $375.00 |
| Commission | | $1,914.13 | $43,834.84 |
| Special Sales Incentive Bonus | | $0.00 | $4,460.00 |
| Imputed Income-Group Life Ins | | $1.60 | $36.80 |
| **Total Earnings** | | $2,290.73 | $49,081.64 |

| Before-tax Deductions | | Current | Year-to-Date |
|---|---|---|---|
| Pre-Tax Medical | | $67.50 | $1,552.50 |
| Pre-Tax Dental Insurance | | $3.00 | $69.00 |
| Thrift  Before -Tax - Matched | | $45.78 | $980.88 |
| **Total Before-tax deductions** | | $116.28 | $2,602.38 |

| Taxes | Exemptions | Filing Status | Current | Year-to-Date |
|---|---|---|---|---|
| FICA-Social Security Tax | | | $137.66 | $2,942.53 |
| US Federal Income Tax | 0 | S | $0.00 | $3,521.57 |
| FICA-Medicare Tax | | | $32.19 | $688.17 |
| California Income Tax | 0 | S | $105.24 | $2,007.01 |
| CA Disability Insurance | 0 | S | $17.76 | $379.68 |
| **Total Taxes** | | | $292.85 | $9,538.96 |

| After-tax Deductions | | Current | Year-to-Date |
|---|---|---|---|
| Child Support | | $194.31 | $4,857.75 |
| MARSH PersonalPlans | | $7.20 | $180.00 |
| Salary Advance Loan | | $0.00 | $400.00 |
| Imputed  Income Offset | | $1.60 | $36.80 |
| Garnishment Fee | | $0.00 | $1.50 |
| Support Fee | | $1.50 | $37.50 |
| **Total After-tax Deductions** | | $204.61 | $5,513.55 |

**Net Pay**

Direct Deposit-Net Pay
Deposited into Account # 3143XXXXXXXXXXXXX

| Bank Number | | Current | Year-to-Date |
|---|---|---|---|
| | | $1,676.99 | $31,426.75 |
| **Net Pay Totals** | | $1,676.99 | $31,426.75 |

KRAFT-SAL000235

**GILBERT L SALINAS**





KRAFT PIZZA COMPANY
ONE KRAFT COURT
GLENVIEW,IL 60025

Pay Entity: 1064A
HR Department: 705
HR Organization Unit: 8547

Pay Period End Date: 12/27/2008
Check Date:12/26/2008
Internal Check Number: 083570011818
Employee ID: 12290942

Labor Distribution Code
Location: 4323
Department: 575
Major: 700

| Earnings | | | Current | Year-to-Date |
|---|---|---|---|---|
| Holiday Pay | | | $0.00 | $375.00 |
| Personal Holiday | | | $0.00 | $375.00 |
| Commission | | | $2,279.27 | $46,114.11 |
| Special Sales Incentive Bonus | | | $0.00 | $4,460.00 |
| Imputed Income-Group Life Ins | | | $1.60 | $38.40 |
| | | Total Earnings | $2,280.87 | $51,362.51 |
| **Before-tax Deductions** | | | | |
| Pre-Tax Medical | | | $67.50 | $1,620.00 |
| Pre-Tax Dental Insurance | | | $3.00 | $72.00 |
| Thrift  Before -Tax - Matched | | | $45.59 | $1,026.47 |
| | | Total Before-tax deductions | $116.09 | $2,718.47 |
| **Taxes** | **Exemptions** | **Filing Status** | | |
| FICA-Social Security Tax | | | $137.04 | $3,079.57 |
| US Federal Income Tax | 0 | S | $0.00 | $3,521.57 |
| FICA-Medicare Tax | | | $32.05 | $720.22 |
| California Income Tax | 0 | S | $104.34 | $2,111.35 |
| CA Disability Insurance | 0 | S | $17.68 | $397.36 |
| | | Total Taxes | $291.11 | $9,830.07 |
| **After-tax Deductions** | | | | |
| Child Support | | | $194.31 | $5,052.06 |
| MARSH PersonalPlans | | | $7.20 | $187.20 |
| Salary Advance Loan | | | $0.00 | $400.00 |
| Imputed  Income Offset | | | $1.60 | $38.40 |
| Garnishment Fee | | | $0.00 | $1.50 |
| Support Fee | | | $1.50 | $39.00 |
| | | Total After-tax Deductions | $204.61 | $5,718.16 |

**Net Pay**
Direct Deposit-Net Pay
Deposited into Account # 3143XXXXXXXXXXXX
Bank Number

| | | | Current | Year-to-Date |
|---|---|---|---|---|
| | | | $1,669.06 | $33,095.81 |
| | | Net Pay Totals | $1,669.06 | $33,095.81 |

**GILBERT L SALINAS**



KRAFT PIZZA COMPANY
ONE KRAFT COURT
GLENVIEW,IL 60025

Pay Entity: 1064A
HR Department: 705
HR Organization Unit: 8547
Labor Distribution Code
Location: 4323
Department: 575
Major: 700

Pay Period End Date: 01/10/2009
Check Date:01/09/2009
Internal Check Number: 090060011898
Employee ID: 12290942

| Earnings | Hours | Current | Year-to-Date |
|---|---|---|---|
| Personal Holiday | 8.00 | $75.00 | $75.00 |
| Commission | | $1,794.22 | $1,794.22 |
| Imputed Income-Group Life Ins | | $1.36 | $1.36 |
| Total Earnings | | $1,870.58 | $1,870.58 |

| Before-tax Deductions | | Current | Year-to-Date |
|---|---|---|---|
| Pre-Tax Medical | | $72.50 | $72.50 |
| Pre-Tax Dental Insurance | | $3.00 | $3.00 |
| Thrift  Before -Tax - Matched | | $37.38 | $37.38 |
| Total Before-tax deductions | | $112.88 | $112.88 |

| Taxes | Exemptions | Filing Status | Current | Year-to-Date |
|---|---|---|---|---|
| FICA-Social Security Tax | | | $111.29 | $111.29 |
| US Federal Income Tax | 4 | S | $149.23 | $149.23 |
| FICA-Medicare Tax | | | $26.03 | $26.03 |
| California Income Tax | 0 | S | $64.15 | $64.15 |
| CA Disability Insurance | 0 | S | $19.75 | $19.75 |
| Total Taxes | | | $370.45 | $370.45 |

| After-tax Deductions | | Current | Year-to-Date |
|---|---|---|---|
| Child Support | | $194.31 | $194.31 |
| MARSH PersonalPlans | | $7.20 | $7.20 |
| Imputed  Income Offset | | $1.36 | $1.36 |
| Support Fee | | $1.50 | $1.50 |
| Total After-tax Deductions | | $204.37 | $204.37 |

**Net Pay**
Direct Deposit-Net Pay
Deposited into Account # 3143XXXXXXXXXXXXX
Bank Number

| | | Current | Year-to-Date |
|---|---|---|---|
| | | $1,182.88 | $1,182.88 |
| Net Pay Totals | | $1,182.88 | $1,182.88 |

KRAFT-SAL000237

**GILBERT L SALINAS**




KRAFT PIZZA COMPANY
ONE KRAFT COURT
GLENVIEW,IL 60025

Pay Entity: 1064A
HR Department: 705
HR Organization Unit: 8547

Pay Period End Date: 01/24/2009
Check Date:01/23/2009
Internal Check Number: 090200012320
Employee ID: 12290942

Labor Distribution Code
Location: 4323
Department: 575
Major: 700

| Earnings | Hours | Current | Year-to-Date |
|---|---|---|---|
| Personal Holiday | 8.00 | $75.00 | $150.00 |
| Commission | | $1,869.93 | $3,664.15 |
| Imputed Income-Group Life Ins | | $1.37 | $2.73 |
| Total Earnings | | $1,946.30 | $3,816.88 |

| Before-tax Deductions | | Current | Year-to-Date |
|---|---|---|---|
| Pre-Tax Medical | | $72.50 | $145.00 |
| Pre-Tax Dental Insurance | | $3.00 | $6.00 |
| Thrift  Before -Tax - Matched | | $38.90 | $76.28 |
| Total Before-tax deductions | | $114.40 | $227.28 |

| Taxes | Exemptions | Filing Status | Current | Year-to-Date |
|---|---|---|---|---|
| FICA-Social Security Tax | | | $115.99 | $227.28 |
| US Federal Income Tax | 4 | S | $160.36 | $309.59 |
| FICA-Medicare Tax | | | $27.13 | $53.16 |
| California Income Tax | 0 | S | $70.09 | $134.24 |
| CA Disability Insurance | 0 | S | $20.57 | $40.32 |
| Total Taxes | | | $394.14 | $764.59 |

| After-tax Deductions | | Current | Year-to-Date |
|---|---|---|---|
| Child Support | | $194.31 | $388.62 |
| MARSH PersonalPlans | | $7.20 | $14.40 |
| Imputed  Income Offset | | $1.37 | $2.73 |
| Support Fee | | $1.50 | $3.00 |
| Total After-tax Deductions | | $204.38 | $408.75 |

**Net Pay**
Direct Deposit-Net Pay
Deposited into Account # 3143XXXXXXXXXXXX
Bank Number

| | | Current | Year-to-Date |
|---|---|---|---|
| | | $1,233.38 | $2,416.26 |
| Net Pay Totals | | $1,233.38 | $2,416.26 |

KRAFT-SAL000238

**GILBERT L SALINAS**





KRAFT PIZZA COMPANY
ONE KRAFT COURT
GLENVIEW,IL 60025

Pay Entity: 1064A

HR Department: 705

HR Organization Unit: 8547

Pay Period End Date: 02/07/2009

Check Date:02/06/2009

Internal Check Number: 090340011630

Employee ID: 12290942

Labor Distribution Code

Location: 4323

Department: 575

Major: 700

| Earnings | | | Current | Year-to-Date |
|---|---|---|---|---|
| Personal Holiday | | | $0.00 | $150.00 |
| Commission | | | $2,243.55 | $5,907.70 |
| Imputed Income-Group Life Ins | | | $1.36 | $4.09 |
| | | Total Earnings | $2,244.91 | $6,061.79 |
| **Before-tax Deductions** | | | | |
| Pre-Tax Medical | | | $72.50 | $217.50 |
| Pre-Tax Dental Insurance | | | $3.00 | $9.00 |
| Thrift  Before -Tax - Matched | | | $44.87 | $121.15 |
| | | Total Before-tax deductions | $120.37 | $347.65 |
| **Taxes** | **Exemptions** | **Filing Status** | | |
| FICA-Social Security Tax | | | $134.51 | $361.79 |
| US Federal Income Tax | 4 | S | $224.40 | $533.99 |
| FICA-Medicare Tax | | | $31.45 | $84.61 |
| California Income Tax | 0 | S | $95.75 | $229.99 |
| CA Disability Insurance | 0 | S | $23.87 | $64.19 |
| | | Total Taxes | $509.98 | $1,274.57 |
| **After-tax Deductions** | | | | |
| Child Support | | | $194.31 | $582.93 |
| MARSH PersonalPlans | | | $7.20 | $21.60 |
| Imputed  Income Offset | | | $1.36 | $4.09 |
| Support Fee | | | $1.50 | $4.50 |
| | | Total After-tax Deductions | $204.37 | $613.12 |

**Net Pay**
Direct Deposit-Net Pay
Deposited into Account # 3143XXXXXXXXXXXX
Bank Number

| | | | Current | Year-to-Date |
|---|---|---|---|---|
| | | | $1,410.19 | $3,826.45 |
| | | Net Pay Totals | $1,410.19 | $3,826.45 |

**GILBERT L SALINAS**



KRAFT PIZZA COMPANY
ONE KRAFT COURT
GLENVIEW,IL 60025

Pay Entity: 1064A
HR Department: 705
HR Organization Unit: 8547

Labor Distribution Code
Location: 4323
Department: 575
Major: 700

Pay Period End Date: 02/21/2009
Check Date:02/20/2009
Internal Check Number: 090480012575
Employee ID: 12290942

| Earnings | | Current | Year-to-Date |
|---|---|---|---|
| Personal Holiday | | $0.00 | $150.00 |
| Commission | | $2,575.63 | $8,483.33 |
| Imputed Income-Group Life Ins | | $1.37 | $5.46 |
| | Total Earnings | $2,577.00 | $8,638.79 |

| Before-tax Deductions | | | |
|---|---|---|---|
| Pre-Tax Medical | | $72.50 | $290.00 |
| Pre-Tax Dental Insurance | | $3.00 | $12.00 |
| Thrift  Before -Tax - Matched | | $51.51 | $172.66 |
| | Total Before-tax deductions | $127.01 | $474.66 |

| Taxes | Exemptions | Filing Status | Current | Year-to-Date |
|---|---|---|---|---|
| FICA-Social Security Tax | | | $155.09 | $516.88 |
| US Federal Income Tax | 0 | S | $0.00 | $533.99 |
| FICA-Medicare Tax | | | $36.27 | $120.88 |
| California Income Tax | 0 | S | $126.01 | $356.00 |
| CA Disability Insurance | 0 | S | $27.51 | $91.70 |
| | | Total Taxes | $344.88 | $1,619.45 |

| After-tax Deductions | | | |
|---|---|---|---|
| Child Support | | $194.31 | $777.24 |
| MARSH PersonalPlans | | $7.20 | $28.80 |
| Imputed  Income Offset | | $1.37 | $5.46 |
| Support Fee | | $1.50 | $6.00 |
| | Total After-tax Deductions | $204.38 | $817.50 |

**Net Pay**
Direct Deposit-Net Pay
Deposited into Account # 3143XXXXXXXXXXXX
Bank Number

| | | Current | Year-to-Date |
|---|---|---|---|
| | | $1,900.73 | $5,727.18 |
| | Net Pay Totals | $1,900.73 | $5,727.18 |

**GILBERT L SALINAS**



KRAFT PIZZA COMPANY
ONE KRAFT COURT
GLENVIEW,IL 60025

Pay Entity: 1064A
HR Department: 705
HR Organization Unit: 8547

Labor Distribution Code
Location: 4323
Department: 575
Major: 700

Pay Period End Date: 03/07/2009
Check Date:03/06/2009
Internal Check Number: 090620012202
Employee ID: 12290942

| Earnings | | | Current | Year-to-Date |
|---|---|---|---|---|
| Personal Holiday | | | $0.00 | $150.00 |
| Commission | | | $1,685.94 | $10,169.27 |
| Imputed Income-Group Life Ins | | | $1.36 | $6.82 |
| | | Total Earnings | $1,687.30 | $10,326.09 |
| **Before-tax Deductions** | | | | |
| Pre-Tax Medical | | | $72.50 | $362.50 |
| Pre-Tax Dental Insurance | | | $3.00 | $15.00 |
| Thrift  Before -Tax - Matched | | | $33.72 | $206.38 |
| | | Total Before-tax deductions | $109.22 | $583.88 |

| Taxes | Exemptions | Filing Status | | |
|---|---|---|---|---|
| FICA-Social Security Tax | | | $99.93 | $616.81 |
| US Federal Income Tax | 0 | S | $0.00 | $533.99 |
| FICA-Medicare Tax | | | $23.37 | $144.25 |
| California Income Tax | 0 | S | $49.79 | $405.79 |
| CA Disability Insurance | 0 | S | $17.73 | $109.43 |
| | | Total Taxes | $190.82 | $1,810.27 |

| After-tax Deductions | | | | |
|---|---|---|---|---|
| Child Support | | | $194.31 | $971.55 |
| MARSH PersonalPlans | | | $7.20 | $36.00 |
| Imputed  Income Offset | | | $1.36 | $6.82 |
| Support Fee | | | $1.50 | $7.50 |
| | | Total After-tax Deductions | $204.37 | $1,021.87 |

**Net Pay**
Direct Deposit-Net Pay
Deposited into Account # 3143XXXXXXXXXXXX
Bank Number

| | | | Current | Year-to-Date |
|---|---|---|---|---|
| | | | $1,182.89 | $6,910.07 |
| | | Net Pay Totals | $1,182.89 | $6,910.07 |

KRAFT-SAL000241

**GILBERT L SALINAS**



KRAFT PIZZA COMPANY
ONE KRAFT COURT
GLENVIEW,IL 60025

Pay Entity: 1064A

HR Department: 705

HR Organization Unit: 8547

Labor Distribution Code

Location: 4323

Department: 575

Major: 700

Pay Period End Date: 03/07/2009

Check Date:03/06/2009

Internal Check Number: 090620012203

Employee ID: 12290942

| Earnings | Exemptions | Filing Status | Current | Year-to-Date |
|---|---|---|---|---|
| Special Sales Incentive Bonus | | | $2,000.00 | $2,000.00 |
| **Total Earnings** | | | $2,000.00 | $2,000.00 |
| **Before-tax Deductions** | | | | |
| Thrift  Before -Tax - Matched | | | $40.00 | $246.38 |
| **Total Before-tax deductions** | | | $40.00 | $246.38 |
| **Taxes** | **Exemptions** | **Filing Status** | | |
| FICA-Social Security Tax | | | $124.00 | $740.81 |
| US Federal Income Tax | 0 | S | $0.00 | $533.99 |
| FICA-Medicare Tax | | | $29.00 | $173.25 |
| California Income Tax | 0 | S | $182.28 | $588.07 |
| CA Disability Insurance | 0 | S | $22.00 | $131.43 |
| **Total Taxes** | | | $357.28 | $2,167.55 |
| **After-tax Deductions** | | | | |
| Child Support | | | $0.00 | $971.55 |
| MARSH PersonalPlans | | | $0.00 | $36.00 |
| Imputed  Income Offset | | | $0.00 | $6.82 |
| Support Fee | | | $0.00 | $7.50 |
| **Total After-tax Deductions** | | | $0.00 | $1,021.87 |

**Net Pay**

Direct Deposit-Net Pay

Deposited into Account # 3143XXXXXXXXXXXX

Bank Number ███████

| | Current | Year-to-Date |
|---|---|---|
| | $1,602.72 | $8,512.79 |
| **Net Pay Totals** | $1,602.72 | $8,512.79 |

KRAFT-SAL000242





**GILBERT L SALINAS**

KRAFT PIZZA COMPANY
ONE KRAFT COURT
GLENVIEW,IL 60025

Pay Entity: 1064A
HR Department: 705
HR Organization Unit: 8547
Labor Distribution Code
Location: 4323
Department: 575
Major: 700

Pay Period End Date: 03/21/2009
Check Date:03/20/2009
Internal Check Number: 090760011618
Employee ID: 12290942

| Earnings | Current | Year-to-Date |
|---|---|---|
| Personal Holiday | $0.00 | $150.00 |
| Commission | $1,881.04 | $12,050.31 |
| Special Sales Incentive Bonus | $0.00 | $2,000.00 |
| Imputed Income-Group Life Ins | $1.37 | $8.19 |
| **Total Earnings** | $1,882.41 | $14,208.50 |

| Before-tax Deductions | | |
|---|---|---|
| Pre-Tax Medical | $72.50 | $435.00 |
| Pre-Tax Dental Insurance | $3.00 | $18.00 |
| Thrift  Before -Tax - Matched | $37.62 | $284.00 |
| **Total Before-tax deductions** | $113.12 | $737.00 |

| Taxes | Exemptions | Filing Status | Current | Year-to-Date |
|---|---|---|---|---|
| FICA-Social Security Tax | | | $112.03 | $852.84 |
| US Federal Income Tax | 0 | S | $0.00 | $533.99 |
| FICA-Medicare Tax | | | $26.20 | $199.45 |
| California Income Tax | 0 | S | $65.08 | $653.15 |
| CA Disability Insurance | 0 | S | $19.88 | $151.31 |
| **Total Taxes** | | | $223.19 | $2,390.74 |

| After-tax Deductions | | |
|---|---|---|
| Child Support | $194.31 | $1,165.86 |
| MARSH PersonalPlans | $7.20 | $43.20 |
| Imputed  Income Offset | $1.37 | $8.19 |
| Support Fee | $1.50 | $9.00 |
| **Total After-tax Deductions** | $204.38 | $1,226.25 |

**Net Pay**
Direct Deposit-Net Pay
Deposited into Account # 3143XXXXXXXXXXXX
Bank Number

| | Current | Year-to-Date |
|---|---|---|
| | $1,341.72 | $9,854.51 |
| **Net Pay Totals** | $1,341.72 | $9,854.51 |

KRAFT-SAL000243

**GILBERT L SALINAS**





KRAFT PIZZA COMPANY
ONE KRAFT COURT
GLENVIEW,IL 60025

Pay Entity: 1064A

HR Department: 705

HR Organization Unit: 8547

Pay Period End Date: 04/04/2009

Check Date:04/03/2009

Internal Check Number: 090900011572

Employee ID: 12290942

Labor Distribution Code

Location: 4323

Department: 575

Major: 700

| Earnings | Current | Year-to-Date |
|---|---|---|
| Personal Holiday | $0.00 | $150.00 |
| Commission | $2,108.39 | $14,158.70 |
| Special Sales Incentive Bonus | $0.00 | $2,000.00 |
| Imputed Income-Group Life Ins | $1.36 | $9.55 |
| Total Earnings | $2,109.75 | $16,318.25 |

| Before-tax Deductions | | |
|---|---|---|
| Pre-Tax Medical | $72.50 | $507.50 |
| Pre-Tax Dental Insurance | $3.00 | $21.00 |
| Thrift  Before -Tax - Matched | $42.17 | $326.17 |
| Total Before-tax deductions | $117.67 | $854.67 |

| Taxes | Exemptions | Filing Status | Current | Year-to-Date |
|---|---|---|---|---|
| FICA-Social Security Tax | | | $126.12 | $978.96 |
| US Federal Income Tax | 0 | S | $0.00 | $533.99 |
| FICA-Medicare Tax | | | $29.50 | $228.95 |
| California Income Tax | 0 | S | $83.43 | $736.58 |
| CA Disability Insurance | 0 | S | $22.38 | $173.69 |
| Total Taxes | | | $261.43 | $2,652.17 |

| After-tax Deductions | | |
|---|---|---|
| Child Support | $194.31 | $1,360.17 |
| MARSH PersonalPlans | $7.20 | $50.40 |
| Imputed  Income Offset | $1.36 | $9.55 |
| Support Fee | $1.50 | $10.50 |
| Total After-tax Deductions | $204.37 | $1,430.62 |

**Net Pay**
Direct Deposit-Net Pay
Deposited into Account # 3143XXXXXXXXXXXX
Bank Number

| | Current | Year-to-Date |
|---|---|---|
| | $1,526.28 | $11,380.79 |
| Net Pay Totals | $1,526.28 | $11,380.79 |

KRAFT-SAL000244

**GILBERT L SALINAS**



KRAFT PIZZA COMPANY
ONE KRAFT COURT
GLENVIEW,IL 60025

Pay Entity: 1064A
HR Department: 705
HR Organization Unit: 8547

Pay Period End Date: 04/18/2009
Check Date:04/17/2009
Internal Check Number: 091040012079
Employee ID: 12290942

Labor Distribution Code
Location: 4323
Department: 575
Major: 700

| Earnings | | Current | Year-to-Date |
|---|---|---|---|
| Personal Holiday | | $0.00 | $150.00 |
| Commission | | $2,061.96 | $16,220.66 |
| Special Sales Incentive Bonus | | $0.00 | $2,000.00 |
| Imputed Income-Group Life Ins | | $1.37 | $10.92 |
| | **Total Earnings** | $2,063.33 | $18,381.58 |

| Before-tax Deductions | | | |
|---|---|---|---|
| Pre-Tax Medical | | $72.50 | $580.00 |
| Pre-Tax Dental Insurance | | $3.00 | $24.00 |
| Thrift Before -Tax - Matched | | $41.24 | $367.41 |
| | **Total Before-tax deductions** | $116.74 | $971.41 |

| Taxes | Exemptions | Filing Status | Current | Year-to-Date |
|---|---|---|---|---|
| FICA-Social Security Tax | | | $123.25 | $1,102.21 |
| US Federal Income Tax | 0 | S | $0.00 | $533.99 |
| FICA-Medicare Tax | | | $28.82 | $257.77 |
| California Income Tax | 0 | S | $79.27 | $815.85 |
| CA Disability Insurance | 0 | S | $21.86 | $195.55 |
| | | **Total Taxes** | $253.20 | $2,905.37 |

| After-tax Deductions | | | |
|---|---|---|---|
| Child Support | | $194.31 | $1,554.48 |
| MARSH PersonalPlans | | $7.20 | $57.60 |
| Imputed Income Offset | | $1.37 | $10.92 |
| Support Fee | | $1.50 | $12.00 |
| | **Total After-tax Deductions** | $204.38 | $1,635.00 |

**Net Pay**
Direct Deposit-Net Pay
Deposited into Account # 3143XXXXXXXXXXXX
Bank Number

| | | Current | Year-to-Date |
|---|---|---|---|
| | | $1,489.01 | $12,869.80 |
| | **Net Pay Totals** | $1,489.01 | $12,869.80 |

KRAFT-SAL000245

**GILBERT L SALINAS** 



KRAFT PIZZA COMPANY
ONE KRAFT COURT
GLENVIEW,IL 60025

Pay Entity: 1064A

HR Department: 705

HR Organization Unit: 8547

Labor Distribution Code

Location: 4323

Department: 575

Major: 700

Pay Period End Date: 05/02/2009

Check Date:05/01/2009

Internal Check Number: 091180011473

Employee ID: 12290942

| Earnings | | | Current | Year-to-Date |
|---|---|---|---|---|
| Personal Holiday | | | $0.00 | $150.00 |
| Commission | | | $1,773.38 | $17,994.04 |
| Special Sales Incentive Bonus | | | $0.00 | $2,000.00 |
| Imputed Income-Group Life Ins | | | $1.36 | $12.28 |
| | | Total Earnings | $1,774.74 | $20,156.32 |
| **Before-tax Deductions** | | | | |
| Pre-Tax Medical | | | $72.50 | $652.50 |
| Pre-Tax Dental Insurance | | | $3.00 | $27.00 |
| Thrift  Before -Tax - Matched | | | $35.47 | $402.88 |
| | | Total Before-tax deductions | $110.97 | $1,082.38 |
| **Taxes** | **Exemptions** | **Filing Status** | | |
| FICA-Social Security Tax | | | $105.35 | $1,207.56 |
| US Federal Income Tax | 0 | S | $0.00 | $533.99 |
| FICA-Medicare Tax | | | $24.64 | $282.41 |
| California Income Tax | 0 | S | $60.44 | $876.29 |
| CA Disability Insurance | 0 | S | $18.70 | $214.25 |
| | | Total Taxes | $209.13 | $3,114.50 |
| **After-tax Deductions** | | | | |
| Child Support | | | $194.31 | $1,748.79 |
| MARSH PersonalPlans | | | $7.20 | $64.80 |
| Imputed  Income Offset | | | $1.36 | $12.28 |
| Support Fee | | | $1.50 | $13.50 |
| | | Total After-tax Deductions | $204.37 | $1,839.37 |

**Net Pay**

Direct Deposit-Net Pay

Deposited into Account # 3143XXXXXXXXXXXXX

Bank Number

| | Current | Year-to-Date |
|---|---|---|
| | $1,250.27 | $14,120.07 |
| Net Pay Totals | $1,250.27 | $14,120.07 |

KRAFT-SAL000246

**GILBERT L SALINAS**




KRAFT PIZZA COMPANY
ONE KRAFT COURT
GLENVIEW,IL 60025

Pay Entity: 1064A

HR Department: 705

HR Organization Unit: 8547

Labor Distribution Code

Location: 4323

Department: 575

Major: 700

Pay Period End Date: 05/16/2009

Check Date:05/15/2009

Internal Check Number: 091320012123

Employee ID: 12290942

| Earnings | | | Current | Year-to-Date |
|---|---|---|---|---|
| Personal Holiday | | | $0.00 | $150.00 |
| Commission | | | $1,667.72 | $19,661.76 |
| Special Sales Incentive Bonus | | | $0.00 | $2,000.00 |
| Imputed Income-Group Life Ins | | | $1.37 | $13.65 |
| | | Total Earnings | $1,669.09 | $21,825.41 |
| **Before-tax Deductions** | | | | |
| Pre-Tax Medical | | | $72.50 | $725.00 |
| Pre-Tax Dental Insurance | | | $3.00 | $30.00 |
| Thrift Before -Tax - Matched | | | $33.35 | $436.23 |
| | | Total Before-tax deductions | $108.85 | $1,191.23 |
| **Taxes** | **Exemptions** | **Filing Status** | | |
| FICA-Social Security Tax | | | $98.81 | $1,306.37 |
| US Federal Income Tax | 0 | S | $0.00 | $533.99 |
| FICA-Medicare Tax | | | $23.11 | $305.52 |
| California Income Tax | 0 | S | $52.18 | $928.47 |
| CA Disability Insurance | 0 | S | $17.52 | $231.77 |
| | | Total Taxes | $191.62 | $3,306.12 |
| **After-tax Deductions** | | | | |
| Child Support | | | $194.31 | $1,943.10 |
| MARSH PersonalPlans | | | $7.20 | $72.00 |
| Imputed  Income Offset | | | $1.37 | $13.65 |
| Support Fee | | | $1.50 | $15.00 |
| | | Total After-tax Deductions | $204.38 | $2,043.75 |

**Net Pay**

Direct Deposit-Net Pay

Deposited into Account # 3143XXXXXXXXXXXX

Bank Number ████

| | | | $1,164.24 | $15,284.31 |
|---|---|---|---|---|
| | | Net Pay Totals | $1,164.24 | $15,284.31 |

KRAFT-SAL000247

**GILBERT L SALINAS**



KRAFT PIZZA COMPANY
ONE KRAFT COURT
GLENVIEW,IL 60025

Pay Entity: 1064A
HR Department: 705
HR Organization Unit: 8547

Labor Distribution Code
Location: 4323
Department: 575
Major: 700

Pay Period End Date: 05/30/2009
Check Date:05/29/2009
Internal Check Number: 091460011458
Employee ID: 12290942

| Earnings | | | Current | Year-to-Date |
|---|---|---|---|---|
| Personal Holiday | | | $0.00 | $150.00 |
| Commission | | | $1,868.37 | $21,530.13 |
| Special Sales Incentive Bonus | | | $0.00 | $2,000.00 |
| Imputed Income-Group Life Ins | | | $0.00 | $13.65 |
| | | Total Earnings | $1,868.37 | $23,693.78 |
| **Before-tax Deductions** | | | | |
| Pre-Tax Medical | | | $0.00 | $725.00 |
| Pre-Tax Dental Insurance | | | $0.00 | $30.00 |
| Thrift Before -Tax - Matched | | | $37.37 | $473.60 |
| | | Total Before-tax deductions | $37.37 | $1,228.60 |

| Taxes | Exemptions | Filing Status | | |
|---|---|---|---|---|
| FICA-Social Security Tax | | | $115.83 | $1,422.20 |
| US Federal Income Tax | 0 | S | $0.00 | $533.99 |
| FICA-Medicare Tax | | | $27.09 | $332.61 |
| California Income Tax | 0 | S | $74.24 | $1,002.71 |
| CA Disability Insurance | 0 | S | $20.56 | $252.33 |
| | | Total Taxes | $237.72 | $3,543.84 |

| After-tax Deductions | | | | |
|---|---|---|---|---|
| Child Support | | | $194.31 | $2,137.41 |
| MARSH PersonalPlans | | | $7.20 | $79.20 |
| Imputed Income Offset | | | $0.00 | $13.65 |
| Support Fee | | | $1.50 | $16.50 |
| | | Total After-tax Deductions | $203.01 | $2,246.76 |

**Net Pay**
Direct Deposit-Net Pay
Deposited into Account # 3143XXXXXXXXXXXX
Bank Number

| | | | Current | Year-to-Date |
|---|---|---|---|---|
| | | | $1,390.27 | $16,674.58 |
| | | Net Pay Totals | $1,390.27 | $16,674.58 |

KRAFT-SAL000248

**GILBERT L SALINAS**



KRAFT PIZZA COMPANY
ONE KRAFT COURT
GLENVIEW,IL 60025

Pay Entity: 1064A
HR Department: 705
HR Organization Unit: 8547
Labor Distribution Code
Location: 4323
Department: 575
Major: 700

Pay Period End Date: 05/30/2009
Check Date:05/29/2009
Internal Check Number: 091460011459
Employee ID: 12290942

| Earnings | | | Current | Year-to-Date |
|---|---|---|---|---|
| Special Sales Incentive Bonus | | | $1,760.00 | $3,760.00 |
| | | Total Earnings | $1,760.00 | $3,760.00 |

| Before-tax Deductions | | | | |
|---|---|---|---|---|
| Thrift  Before -Tax - Matched | | | $35.20 | $508.80 |
| | | Total Before-tax deductions | $35.20 | $508.80 |

| Taxes | Exemptions | Filing Status | | |
|---|---|---|---|---|
| FICA-Social Security Tax | | | $109.12 | $1,531.32 |
| US Federal Income Tax | 0 | S | $0.00 | $533.99 |
| FICA-Medicare Tax | | | $25.52 | $358.13 |
| California Income Tax | 0 | S | $164.72 | $1,167.43 |
| CA Disability Insurance | 0 | S | $19.36 | $271.69 |
| | | Total Taxes | $318.72 | $3,862.56 |

| After-tax Deductions | | | | |
|---|---|---|---|---|
| Child Support | | | $0.00 | $2,137.41 |
| MARSH PersonalPlans | | | $0.00 | $79.20 |
| Imputed  Income Offset | | | $0.00 | $13.65 |
| Support Fee | | | $0.00 | $16.50 |
| | | Total After-tax Deductions | $0.00 | $2,246.76 |

Net Pay
Direct Deposit-Net Pay
Deposited into Account # 3143XXXXXXXXXXXX
Bank Number ▮▮▮▮▮

| | | | Current | Year-to-Date |
|---|---|---|---|---|
| | | | $1,406.08 | $18,080.66 |
| | | Net Pay Totals | $1,406.08 | $18,080.66 |

KRAFT-SAL000249

**GILBERT L SALINAS**



KRAFT PIZZA COMPANY
ONE KRAFT COURT
GLENVIEW,IL 60025

Pay Entity: 1064A

HR Department: 705

HR Organization Unit: 8547

Labor Distribution Code

Location: 4323

Department: 575

Major: 700

Pay Period End Date: 06/13/2009

Check Date:06/12/2009

Internal Check Number: 091600011109

Employee ID: 12290942

| Earnings | Hours | Current | Year-to-Date |
|---|---|---|---|
| Holiday Pay | 8.00 | $75.00 | $75.00 |
| Personal Holiday | | $0.00 | $150.00 |
| Commission | | $2,084.97 | $23,615.10 |
| Special Sales Incentive Bonus | | $0.00 | $3,760.00 |
| Imputed Income-Group Life Ins | | $1.36 | $15.01 |
| Total Earnings | | $2,161.33 | $27,615.11 |

| Before-tax Deductions | | Current | Year-to-Date |
|---|---|---|---|
| Pre-Tax Medical | | $72.50 | $797.50 |
| Pre-Tax Dental Insurance | | $3.00 | $33.00 |
| Thrift  Before -Tax - Matched | | $43.20 | $552.00 |
| Total Before-tax deductions | | $118.70 | $1,382.50 |

| Taxes | Exemptions | Filing Status | Current | Year-to-Date |
|---|---|---|---|---|
| FICA-Social Security Tax | | | $129.33 | $1,660.65 |
| US Federal Income Tax | 0 | S | $0.00 | $533.99 |
| FICA-Medicare Tax | | | $30.25 | $388.38 |
| California Income Tax | 0 | S | $92.88 | $1,260.31 |
| CA Disability Insurance | 0 | S | $22.94 | $294.63 |
| Total Taxes | | | $275.40 | $4,137.96 |

| After-tax Deductions | | Current | Year-to-Date |
|---|---|---|---|
| Child Support | | $194.31 | $2,331.72 |
| MARSH PersonalPlans | | $7.20 | $86.40 |
| Imputed  Income Offset | | $1.36 | $15.01 |
| Support Fee | | $1.50 | $18.00 |
| Total After-tax Deductions | | $204.37 | $2,451.13 |

**Net Pay**

Direct Deposit-Net Pay

Deposited into Account # 3143XXXXXXXXXXXX

Bank Number

| | | Current | Year-to-Date |
|---|---|---|---|
| | | $1,562.86 | $19,643.52 |
| Net Pay Totals | | $1,562.86 | $19,643.52 |

**GILBERT L SALINAS**





KRAFT PIZZA COMPANY
ONE KRAFT COURT
GLENVIEW,IL 60025

Pay Entity: 1064A

HR Department: 705

HR Organization Unit: 8547

Pay Period End Date: 06/27/2009

Check Date:06/26/2009

Internal Check Number: 091740011496

Employee ID: 12290942

Labor Distribution Code

Location: 4323

Department: 575

Major: 700

| Earnings | Exemptions | Filing Status | Current | Year-to-Date |
|---|---|---|---|---|
| Holiday Pay | | | $0.00 | $75.00 |
| Personal Holiday | | | $0.00 | $150.00 |
| Commission | | | $1,644.20 | $25,259.30 |
| Special Sales Incentive Bonus | | | $0.00 | $3,760.00 |
| Imputed Income-Group Life Ins | | | $1.37 | $16.38 |
| **Total Earnings** | | | $1,645.57 | $29,260.68 |
| **Before-tax Deductions** | | | | |
| Pre-Tax Medical | | | $72.50 | $870.00 |
| Pre-Tax Dental Insurance | | | $3.00 | $36.00 |
| Thrift  Before -Tax - Matched | | | $32.88 | $584.88 |
| **Total Before-tax deductions** | | | $108.38 | $1,490.88 |
| **Taxes** | **Exemptions** | **Filing Status** | | |
| FICA-Social Security Tax | | | $97.34 | $1,757.99 |
| US Federal Income Tax | 0 | S | $0.00 | $533.99 |
| FICA-Medicare Tax | | | $22.76 | $411.14 |
| California Income Tax | 0 | S | $50.74 | $1,311.05 |
| CA Disability Insurance | 0 | S | $17.27 | $311.90 |
| **Total Taxes** | | | $188.11 | $4,326.07 |
| **After-tax Deductions** | | | | |
| Child Support | | | $194.31 | $2,526.03 |
| MARSH PersonalPlans | | | $7.20 | $93.60 |
| Imputed  Income Offset | | | $1.37 | $16.38 |
| Support Fee | | | $1.50 | $19.50 |
| **Total After-tax Deductions** | | | $204.38 | $2,655.51 |

**Net Pay**

Direct Deposit-Net Pay

Deposited into Account # 3143XXXXXXXXXXXX

Bank Number

| | Current | Year-to-Date |
|---|---|---|
| | $1,144.70 | $20,788.22 |
| **Net Pay Totals** | $1,144.70 | $20,788.22 |

 GILBERT L SALINAS



KRAFT PIZZA COMPANY
ONE KRAFT COURT
GLENVIEW,IL 60025

Pay Entity: 1064A
HR Department: 705
HR Organization Unit: 8547

Pay Period End Date: 07/11/2009
Check Date:07/10/2009
Internal Check Number: 091880012308
Employee ID: 12290942

Labor Distribution Code
Location: 4323
Department: 575
Major: 700

| Earnings | | | Current | Year-to-Date |
|---|---|---|---|---|
| Holiday Pay | | | $0.00 | $75.00 |
| Personal Holiday | | | $0.00 | $150.00 |
| Commission | | | $1,992.01 | $27,251.31 |
| Special Sales Incentive Bonus | | | $0.00 | $3,760.00 |
| Imputed Income-Group Life Ins | | | $1.36 | $17.74 |
| | | Total Earnings | $1,993.37 | $31,254.05 |
| **Before-tax Deductions** | | | | |
| Pre-Tax Medical | | | $72.50 | $942.50 |
| Pre-Tax Dental Insurance | | | $3.00 | $39.00 |
| Thrift  Before -Tax - Matched | | | $39.84 | $624.72 |
| | Total Before-tax deductions | | $115.34 | $1,606.22 |
| **Taxes** | Exemptions | Filing Status | | |
| FICA-Social Security Tax | | | $118.91 | $1,876.90 |
| US Federal Income Tax | 0 | S | $0.00 | $533.99 |
| FICA-Medicare Tax | | | $27.81 | $438.95 |
| California Income Tax | 0 | S | $78.12 | $1,389.17 |
| CA Disability Insurance | 0 | S | $21.10 | $333.00 |
| | | Total Taxes | $245.94 | $4,572.01 |
| **After-tax Deductions** | | | | |
| Child Support | | | $194.31 | $2,720.34 |
| MARSH PersonalPlans | | | $7.20 | $100.80 |
| Imputed  Income Offset | | | $1.36 | $17.74 |
| Support Fee | | | $1.50 | $21.00 |
| | Total After-tax Deductions | | $204.37 | $2,859.88 |

Net Pay
Direct Deposit-Net Pay
Deposited into Account # 3143XXXXXXXXXXXX
Bank Number

| | | | $1,427.72 | $22,215.94 |
|---|---|---|---|---|
| | | Net Pay Totals | $1,427.72 | $22,215.94 |

KRAFT-SAL000252

**GILBERT L SALINAS**





KRAFT PIZZA COMPANY
ONE KRAFT COURT
GLENVIEW,IL 60025

Pay Entity: 1064A
HR Department: 705
HR Organization Unit: 8547

Pay Period End Date: 07/25/2009
Check Date:07/24/2009
Internal Check Number: 092020011016
Employee ID: 12290942

Labor Distribution Code
Location: 4323
Department: 575
Major: 700

| Earnings | Hours | Current | Year-to-Date |
|---|---|---|---|
| Holiday Pay | 8.00 | $75.00 | $150.00 |
| Personal Holiday | | $0.00 | $150.00 |
| Commission | | $1,763.66 | $29,014.97 |
| Special Sales Incentive Bonus | | $0.00 | $3,760.00 |
| Imputed Income-Group Life Ins | | $1.37 | $19.11 |
| **Total Earnings** | | $1,840.03 | $33,094.08 |

| Before-tax Deductions | | Current | Year-to-Date |
|---|---|---|---|
| Pre-Tax Medical | | $72.50 | $1,015.00 |
| Pre-Tax Dental Insurance | | $3.00 | $42.00 |
| Thrift  Before -Tax - Matched | | $36.77 | $661.49 |
| **Total Before-tax deductions** | | $112.27 | $1,718.49 |

| Taxes | Exemptions | Filing Status | Current | Year-to-Date |
|---|---|---|---|---|
| FICA-Social Security Tax | | | $109.40 | $1,986.30 |
| US Federal Income Tax | 0 | S | $0.00 | $533.99 |
| FICA-Medicare Tax | | | $25.59 | $464.54 |
| California Income Tax | 0 | S | $65.72 | $1,454.89 |
| CA Disability Insurance | 0 | S | $19.41 | $352.41 |
| **Total Taxes** | | | $220.12 | $4,792.13 |

| After-tax Deductions | | Current | Year-to-Date |
|---|---|---|---|
| Child Support | | $194.31 | $2,914.65 |
| MARSH PersonalPlans | | $7.20 | $108.00 |
| Imputed  Income Offset | | $1.37 | $19.11 |
| Support Fee | | $1.50 | $22.50 |
| **Total After-tax Deductions** | | $204.38 | $3,064.26 |

**Net Pay**
Direct Deposit-Net Pay
Deposited into Account # 3143XXXXXXXXXXXX
Bank Number

| | Current | Year-to-Date |
|---|---|---|
| | $1,303.26 | $23,519.20 |
| **Net Pay Totals** | $1,303.26 | $23,519.20 |

KRAFT-SAL000253



**GILBERT L SALINAS**



KRAFT PIZZA COMPANY
ONE KRAFT COURT
GLENVIEW,IL 60025

Pay Entity: 1064A

HR Department: 705

HR Organization Unit: 8547

Labor Distribution Code

Location: 4323

Department: 575

Major: 700

Pay Period End Date: 08/08/2009

Check Date:08/07/2009

Internal Check Number: 092160010607

Employee ID: 12290942

| Earnings | | | Current | Year-to-Date |
|---|---|---|---|---|
| Holiday Pay | | | $0.00 | $150.00 |
| Personal Holiday | | | $0.00 | $150.00 |
| Commission | | | $2,190.97 | $31,205.94 |
| Special Sales Incentive Bonus | | | $0.00 | $3,760.00 |
| Imputed Income-Group Life Ins | | | $1.36 | $20.47 |
| | Total Earnings | | $2,192.33 | $35,286.41 |
| **Before-tax Deductions** | | | | |
| Pre-Tax Medical | | | $72.50 | $1,087.50 |
| Pre-Tax Dental Insurance | | | $3.00 | $45.00 |
| Thrift  Before -Tax - Matched | | | $43.82 | $705.31 |
| | Total Before-tax deductions | | $119.32 | $1,837.81 |
| **Taxes** | Exemptions | Filing Status | | |
| FICA-Social Security Tax | | | $131.24 | $2,117.54 |
| US Federal Income Tax | 0 | S | $0.00 | $533.99 |
| FICA-Medicare Tax | | | $30.69 | $495.23 |
| California Income Tax | 0 | S | $95.78 | $1,550.67 |
| CA Disability Insurance | 0 | S | $23.28 | $375.69 |
| | | Total Taxes | $280.99 | $5,073.12 |
| **After-tax Deductions** | | | | |
| Child Support | | | $194.31 | $3,108.96 |
| MARSH PersonalPlans | | | $7.20 | $115.20 |
| Imputed  Income Offset | | | $1.36 | $20.47 |
| Support Fee | | | $1.50 | $24.00 |
| | Total After-tax Deductions | | $204.37 | $3,268.63 |

**Net Pay**

Direct Deposit-Net Pay

Deposited into Account # 3143XXXXXXXXXXXX

Bank Number

| | | | | |
|---|---|---|---|---|
| | | | $1,587.65 | $25,106.85 |
| | | Net Pay Totals | $1,587.65 | $25,106.85 |

KRAFT-SAL000254

**GILBERT L SALINAS**





KRAFT PIZZA COMPANY
ONE KRAFT COURT
GLENVIEW,IL 60025

Pay Entity: 1064A

HR Department: 705

HR Organization Unit: 8547

Labor Distribution Code

Location: 4323

Department: 575

Major: 700

Pay Period End Date: 08/22/2009

Check Date:08/21/2009

Internal Check Number: 092300009841

Employee ID: 12290942

| Earnings | Current | Year-to-Date |
|---|---|---|
| Holiday Pay | $0.00 | $150.00 |
| Personal Holiday | $0.00 | $150.00 |
| Commission | $1,802.15 | $33,008.09 |
| Special Sales Incentive Bonus | $0.00 | $3,760.00 |
| Imputed Income-Group Life Ins | $1.37 | $21.84 |
| Total Earnings | $1,803.52 | $37,089.93 |

| Before-tax Deductions | | |
|---|---|---|
| Pre-Tax Medical | $72.50 | $1,160.00 |
| Pre-Tax Dental Insurance | $3.00 | $48.00 |
| Thrift  Before -Tax - Matched | $36.04 | $741.35 |
| Total Before-tax deductions | $111.54 | $1,949.35 |

| Taxes | Exemptions | Filing Status | | |
|---|---|---|---|---|
| FICA-Social Security Tax | | | $107.14 | $2,224.68 |
| US Federal Income Tax | 0 | S | $0.00 | $533.99 |
| FICA-Medicare Tax | | | $25.06 | $520.29 |
| California Income Tax | 0 | S | $62.77 | $1,613.44 |
| CA Disability Insurance | 0 | S | $19.01 | $394.70 |
| Total Taxes | | | $213.98 | $5,287.10 |

| After-tax Deductions | | |
|---|---|---|
| Child Support | $194.31 | $3,303.27 |
| MARSH PersonalPlans | $7.20 | $122.40 |
| Imputed  Income Offset | $1.37 | $21.84 |
| Support Fee | $1.50 | $25.50 |
| Total After-tax Deductions | $204.38 | $3,473.01 |

**Net Pay**

Direct Deposit-Net Pay

Deposited into Account # 3143XXXXXXXXXXXX

Bank Number

| | Current | Year-to-Date |
|---|---|---|
| | $1,273.62 | $26,380.47 |
| Net Pay Totals | $1,273.62 | $26,380.47 |

KRAFT-SAL000255

**GILBERT L SALINAS**





KRAFT PIZZA COMPANY
ONE KRAFT COURT
GLENVIEW,IL 60025

Pay Entity: 1064A

HR Department: 705

HR Organization Unit: 8547

Labor Distribution Code

Location: 4323

Department: 575

Major: 700

Pay Period End Date: 09/05/2009

Check Date:09/04/2009

Internal Check Number: 092440009272

Employee ID: 12290942

| Earnings | | | Current | Year-to-Date |
|---|---|---|---|---|
| Holiday Pay | | | $0.00 | $150.00 |
| Personal Holiday | | | $0.00 | $150.00 |
| Commission | | | $2,028.06 | $35,036.15 |
| Special Sales Incentive Bonus | | | $0.00 | $3,760.00 |
| Imputed Income-Group Life Ins | | | $1.36 | $23.20 |
| | Total Earnings | | $2,029.42 | $39,119.35 |
| **Before-tax Deductions** | | | | |
| Pre-Tax Medical | | | $72.50 | $1,232.50 |
| Pre-Tax Dental Insurance | | | $3.00 | $51.00 |
| Thrift  Before -Tax - Matched | | | $40.56 | $781.91 |
| | Total Before-tax deductions | | $116.06 | $2,065.41 |
| **Taxes** | **Exemptions** | **Filing Status** | | |
| FICA-Social Security Tax | | | $121.14 | $2,345.82 |
| US Federal Income Tax | 0 | S | $0.00 | $533.99 |
| FICA-Medicare Tax | | | $28.33 | $548.62 |
| California Income Tax | 0 | S | $81.04 | $1,694.48 |
| CA Disability Insurance | 0 | S | $21.49 | $416.19 |
| | | Total Taxes | $252.00 | $5,539.10 |
| **After-tax Deductions** | | | | |
| Child Support | | | $194.31 | $3,497.58 |
| MARSH PersonalPlans | | | $7.20 | $129.60 |
| Imputed  Income Offset | | | $1.36 | $23.20 |
| Support Fee | | | $1.50 | $27.00 |
| | Total After-tax Deductions | | $204.37 | $3,677.38 |

**Net Pay**

Direct Deposit-Net Pay

Deposited into Account # 3143XXXXXXXXXXXXX

Bank Number

| | | | Current | Year-to-Date |
|---|---|---|---|---|
| | | | $1,456.99 | $27,837.46 |
| | Net Pay Totals | | $1,456.99 | $27,837.46 |

KRAFT-SAL000256

GILBERT L SALINAS



KRAFT PIZZA COMPANY
ONE KRAFT COURT
GLENVIEW,IL 60025

Pay Entity: 1064A
HR Department: 705
HR Organization Unit: 8547
Labor Distribution Code
Location: 4323
Department: 575
Major: 700

Pay Period End Date: 09/05/2009
Check Date:09/04/2009
Internal Check Number: 092440009273
Employee ID: 12290942

| Earnings | Exemptions | Filing Status | Current | Year-to-Date |
|---|---|---|---|---|
| Special Sales Incentive Bonus | | | $2,000.00 | $5,760.00 |
| **Total Earnings** | | | $2,000.00 | $5,760.00 |
| **Before-tax Deductions** | | | | |
| Thrift  Before -Tax - Matched | | | $40.00 | $821.91 |
| **Total Before-tax deductions** | | | $40.00 | $821.91 |
| **Taxes** | **Exemptions** | **Filing Status** | | |
| FICA-Social Security Tax | | | $124.00 | $2,469.82 |
| US Federal Income Tax | 0 | S | $0.00 | $533.99 |
| FICA-Medicare Tax | | | $29.00 | $577.62 |
| California Income Tax | 0 | S | $187.18 | $1,881.66 |
| CA Disability Insurance | 0 | S | $22.00 | $438.19 |
| **Total Taxes** | | | $362.18 | $5,901.28 |
| **After-tax Deductions** | | | | |
| Child Support | | | $0.00 | $3,497.58 |
| MARSH PersonalPlans | | | $0.00 | $129.60 |
| Imputed  Income Offset | | | $0.00 | $23.20 |
| Support Fee | | | $0.00 | $27.00 |
| **Total After-tax Deductions** | | | $0.00 | $3,677.38 |

Net Pay
Direct Deposit-Net Pay
Deposited into Account # 3143XXXXXXXXXXXX
Bank Number

| | Current | Year-to-Date |
|---|---|---|
| | $1,597.82 | $29,435.28 |
| **Net Pay Totals** | $1,597.82 | $29,435.28 |

KRAFT-SAL000257

**GILBERT L SALINAS** 



KRAFT PIZZA COMPANY
ONE KRAFT COURT
GLENVIEW,IL 60025

Pay Entity: 1064A

Pay Period End Date: 09/19/2009

HR Department: 705

Check Date:09/18/2009

HR Organization Unit: 8547

Internal Check Number: 092580009110

Labor Distribution Code

Employee ID: 12290942

Location: 4323

Department: 575

Major: 700

| Earnings | | Current | Year-to-Date |
|---|---|---|---|
| Holiday Pay | | $0.00 | $150.00 |
| Personal Holiday | | $0.00 | $150.00 |
| Commission | | $1,903.75 | $36,939.90 |
| Special Sales Incentive Bonus | | $0.00 | $5,760.00 |
| Imputed Income-Group Life Ins | | $1.37 | $24.57 |
| | Total Earnings | $1,905.12 | $43,024.47 |

| Before-tax Deductions | | | |
|---|---|---|---|
| Pre-Tax Medical | | $72.50 | $1,305.00 |
| Pre-Tax Dental Insurance | | $3.00 | $54.00 |
| Thrift  Before -Tax - Matched | | $38.08 | $859.99 |
| | Total Before-tax deductions | $113.58 | $2,218.99 |

| Taxes | Exemptions | Filing Status | Current | Year-to-Date |
|---|---|---|---|---|
| FICA-Social Security Tax | | | $113.44 | $2,583.26 |
| US Federal Income Tax | 0 | S | $0.00 | $533.99 |
| FICA-Medicare Tax | | | $26.53 | $604.15 |
| California Income Tax | 0 | S | $70.99 | $1,952.65 |
| CA Disability Insurance | 0 | S | $20.13 | $458.32 |
| | | Total Taxes | $231.09 | $6,132.37 |

| After-tax Deductions | | | |
|---|---|---|---|
| Child Support | | $194.31 | $3,691.89 |
| MARSH PersonalPlans | | $7.20 | $136.80 |
| Imputed  Income Offset | | $1.37 | $24.57 |
| Support Fee | | $1.50 | $28.50 |
| | Total After-tax Deductions | $204.38 | $3,881.76 |

**Net Pay**
Direct Deposit-Net Pay
Deposited into Account # 3143XXXXXXXXXXXX
Bank Number ■■■■■

| | | Current | Year-to-Date |
|---|---|---|---|
| | | $1,356.07 | $30,791.35 |
| | Net Pay Totals | $1,356.07 | $30,791.35 |

KRAFT-SAL000258

**GILBERT L SALINAS**





KRAFT PIZZA COMPANY
ONE KRAFT COURT
GLENVIEW,IL 60025

Pay Entity: 1064A

HR Department: 705

HR Organization Unit: 8547

Labor Distribution Code

Location: 4323

Department: 575

Major: 700

Pay Period End Date: 10/03/2009

Check Date:10/02/2009

Internal Check Number: 092720008869

Employee ID: 12290942

| Earnings | Hours | Current | Year-to-Date |
|---|---|---|---|
| Holiday Pay | 8.00 | $75.00 | $375.00 |
| Commission | | $2,491.42 | $39,431.32 |
| Special Sales Incentive Bonus | | $0.00 | $5,760.00 |
| Imputed Income-Group Life Ins | | $1.36 | $25.93 |
| Total Earnings | | $2,567.78 | $45,592.25 |

| Before-tax Deductions | | Current | Year-to-Date |
|---|---|---|---|
| Pre-Tax Medical | | $72.50 | $1,377.50 |
| Pre-Tax Dental Insurance | | $3.00 | $57.00 |
| Thrift  Before -Tax - Matched | | $51.33 | $911.32 |
| Total Before-tax deductions | | $126.83 | $2,345.82 |

| Taxes | Exemptions | Filing Status | Current | Year-to-Date |
|---|---|---|---|---|
| FICA-Social Security Tax | | | $154.52 | $2,737.78 |
| US Federal Income Tax | 0 | S | $0.00 | $533.99 |
| FICA-Medicare Tax | | | $36.14 | $640.29 |
| California Income Tax | 0 | S | $130.92 | $2,083.57 |
| CA Disability Insurance | 0 | S | $27.42 | $485.74 |
| Total Taxes | | | $349.00 | $6,481.37 |

| After-tax Deductions | | Current | Year-to-Date |
|---|---|---|---|
| Child Support | | $194.31 | $3,886.20 |
| MARSH PersonalPlans | | $7.20 | $144.00 |
| Imputed  Income Offset | | $1.36 | $25.93 |
| Support Fee | | $1.50 | $30.00 |
| Total After-tax Deductions | | $204.37 | $4,086.13 |

**Net Pay**
Direct Deposit-Net Pay
Deposited into Account # 3143XXXXXXXXXXXXX
Bank Number

| | Current | Year-to-Date |
|---|---|---|
| | $1,887.58 | $32,678.93 |
| Net Pay Totals | $1,887.58 | $32,678.93 |

**GILBERT L SALINAS**



KRAFT PIZZA COMPANY
ONE KRAFT COURT
GLENVIEW,IL 60025

Pay Entity: 1064A

HR Department: 705

HR Organization Unit: 8547

Labor Distribution Code

Location: 4323

Department: 575

Major: 700

Pay Period End Date: 10/17/2009

Check Date:10/16/2009

Internal Check Number: 092860008819

Employee ID: 12290942

| Earnings | Exemptions | Filing Status | Current | Year-to-Date |
|---|---|---|---|---|
| Holiday Pay | | | $0.00 | $375.00 |
| Commission | | | $2,153.15 | $41,584.47 |
| Special Sales Incentive Bonus | | | $0.00 | $5,760.00 |
| Imputed Income-Group Life Ins | | | $1.37 | $27.30 |
| Total Earnings | | | $2,154.52 | $47,746.77 |
| **Before-tax Deductions** | | | | |
| Pre-Tax Medical | | | $72.50 | $1,450.00 |
| Pre-Tax Dental Insurance | | | $3.00 | $60.00 |
| Thrift  Before -Tax - Matched | | | $43.06 | $954.38 |
| Total Before-tax déductions | | | $118.56 | $2,464.38 |
| **Taxes** | | | | |
| FICA-Social Security Tax | | | $128.90 | $2,866.68 |
| US Federal Income Tax | 0 | S | $0.00 | $533.99 |
| FICA-Medicare Tax | | | $30.14 | $670.43 |
| California Income Tax | 0 | S | $92.24 | $2,175.81 |
| CA Disability Insurance | 0 | S | $22.86 | $508.60 |
| Total Taxes | | | $274.14 | $6,755.51 |
| **After-tax Deductions** | | | | |
| Child Support | | | $194.31 | $4,080.51 |
| MARSH PersonalPlans | | | $7.20 | $151.20 |
| Imputed  Income Offset | | | $1.37 | $27.30 |
| Support Fee | | | $1.50 | $31.50 |
| Total After-tax Deductions | | | $204.38 | $4,290.51 |

**Net Pay**

Direct Deposit-Net Pay

Deposited into Account # 3143XXXXXXXXXXXX

Bank Number

|  |  |  |  | $1,557.44 | $34,236.37 |
|---|---|---|---|---|---|
| | | Net Pay Totals | | $1,557.44 | $34,236.37 |

KRAFT-SAL000260

**GILBERT L SALINAS**



KRAFT PIZZA COMPANY
ONE KRAFT COURT
GLENVIEW,IL 60025

Pay Entity: 1064A

Pay Period End Date: 10/31/2009

HR Department: 705

Check Date:10/30/2009

HR Organization Unit: 8547

Internal Check Number: 093000008458

Labor Distribution Code

Employee ID: 12290942

Location: 4323

Department: 575

Major: 700

| Earnings | | | Current | Year-to-Date |
|---|---|---|---|---|
| Holiday Pay | | | $0.00 | $375.00 |
| Commission | | | $2,425.57 | $44,010.04 |
| Special Sales Incentive Bonus | | | $0.00 | $5,760.00 |
| Imputed Income-Group Life Ins | | | $0.00 | $27.30 |
| | | Total Earnings | $2,425.57 | $50,172.34 |
| **Before-tax Deductions** | | | | |
| Pre-Tax Medical | | | $0.00 | $1,450.00 |
| Pre-Tax Dental Insurance | | | $0.00 | $60.00 |
| Thrift Before -Tax - Matched | | | $48.51 | $1,002.89 |
| | | Total Before-tax deductions | $48.51 | $2,512.89 |
| **Taxes** | **Exemptions** | **Filing Status** | | |
| FICA-Social Security Tax | | | $150.39 | $3,017.07 |
| US Federal Income Tax | 0 | S | $407.42 | $941.41 |
| FICA-Medicare Tax | | | $35.17 | $705.60 |
| California Income Tax | 0 | S | $124.82 | $2,300.63 |
| CA Disability Insurance | 0 | S | $26.69 | $535.29 |
| | | Total Taxes | $744.49 | $7,500.00 |
| **After-tax Deductions** | | | | |
| Child Support | | | $194.31 | $4,274.82 |
| MARSH PersonalPlans | | | $7.20 | $158.40 |
| Imputed Income Offset | | | $0.00 | $27.30 |
| Support Fee | | | $1.50 | $33.00 |
| | | Total After-tax Deductions | $203.01 | $4,493.52 |

**Net Pay**
Direct Deposit-Net Pay
Deposited into Account # 3143XXXXXXXXXXXX
Bank Number ■■■■■

| | | | | |
|---|---|---|---|---|
| | | | $1,429.56 | $35,665.93 |
| | | Net Pay Totals | $1,429.56 | $35,665.93 |

KRAFT-SAL000261

**GILBERT L SALINAS**




KRAFT PIZZA COMPANY
ONE KRAFT COURT
GLENVIEW,IL 60025

Pay Entity: 1064A
HR Department: 705
HR Organization Unit: 8547

Pay Period End Date: 11/14/2009
Check Date:11/13/2009
Internal Check Number: 093140003618
Employee ID: 12290942

Labor Distribution Code
Location: 4323
Department: 575
Major: 700

| Earnings | | | Current | Year-to-Date |
|---|---|---|---|---|
| Holiday Pay | | | $0.00 | $375.00 |
| Commission | | | $2,407.07 | $46,417.11 |
| Special Sales Incentive Bonus | | | $0.00 | $5,760.00 |
| Imputed Income-Group Life Ins | | | $1.36 | $28.66 |
| | | **Total Earnings** | $2,408.43 | $52,580.77 |
| **Before-tax Deductions** | | | | |
| Pre-Tax Medical | | | $72.50 | $1,522.50 |
| Pre-Tax Dental Insurance | | | $3.00 | $63.00 |
| Thrift  Before -Tax - Matched | | | $48.14 | $1,051.03 |
| | | **Total Before-tax deductions** | $123.64 | $2,636.53 |
| **Taxes** | **Exemptions** | **Filing Status** | | |
| FICA-Social Security Tax | | | $144.64 | $3,161.71 |
| US Federal Income Tax | 4 | S | $243.97 | $1,185.38 |
| FICA-Medicare Tax | | | $33.83 | $739.43 |
| California Income Tax | 0 | S | $127.61 | $2,428.24 |
| CA Disability Insurance | 0 | S | $25.66 | $560.95 |
| | | **Total Taxes** | $575.71 | $8,075.71 |
| **After-tax Deductions** | | | | |
| Child Support | | | $194.31 | $4,469.13 |
| MARSH PersonalPlans | | | $7.20 | $165.60 |
| Imputed  Income Offset | | | $1.36 | $28.66 |
| Support Fee | | | $1.50 | $34.50 |
| | | **Total After-tax Deductions** | $204.37 | $4,697.89 |

**Net Pay**
Direct Deposit-Net Pay
Deposited into Account # 3143XXXXXXXXXXXX
Bank Number

| | Current | Year-to-Date |
|---|---|---|
| | $1,504.71 | $37,170.64 |
| **Net Pay Totals** | $1,504.71 | $37,170.64 |

**GILBERT L SALINAS**




KRAFT PIZZA COMPANY
ONE KRAFT COURT
GLENVIEW,IL 60025

Pay Entity: 1064A
HR Department: 705
HR Organization Unit: 8547

Pay Period End Date: 11/28/2009
Check Date:11/27/2009
Internal Check Number: 093270008970
Employee ID: 12290942

<u>Labor Distribution Code</u>
Location: 4323
Department: 575
Major: 700

| Earnings | | | Current | Year-to-Date |
|---|---|---|---|---|
| Holiday Pay | | | $0.00 | $375.00 |
| Commission | | | $2,570.44 | $48,987.55 |
| Special Sales Incentive Bonus | | | $0.00 | $5,760.00 |
| Imputed Income-Group Life Ins | | | $1.37 | $30.03 |
| | | Total Earnings | $2,571.81 | $55,152.58 |
| **Before-tax Deductions** | | | | |
| Pre-Tax Medical | | | $72.50 | $1,595.00 |
| Pre-Tax Dental Insurance | | | $3.00 | $66.00 |
| Thrift  Before -Tax - Matched | | | $51.41 | $1,102.44 |
| | | Total Before-tax deductions | $126.91 | $2,763.44 |
| **Taxes** | **Exemptions** | **Filing Status** | | |
| FICA-Social Security Tax | | | $154.77 | $3,316.48 |
| US Federal Income Tax | 4 | S | $283.99 | $1,469.37 |
| FICA-Medicare Tax | | | $36.20 | $775.63 |
| California Income Tax | 0 | S | $144.43 | $2,572.67 |
| CA Disability Insurance | 0 | S | $27.46 | $588.41 |
| | | Total Taxes | $646.85 | $8,722.56 |
| **After-tax Deductions** | | | | |
| Child Support | | | $194.31 | $4,663.44 |
| MARSH PersonalPlans | | | $7.20 | $172.80 |
| Imputed  Income Offset | | | $1.37 | $30.03 |
| Support Fee | | | $1.50 | $36.00 |
| | | Total After-tax Deductions | $204.38 | $4,902.27 |

**Net Pay**
Direct Deposit-Net Pay
Deposited into Account # 3143XXXXXXXXXXXXX
Bank Number█████

| | Current | Year-to-Date |
|---|---|---|
| | $1,593.67 | $38,764.31 |
| Net Pay Totals | $1,593.67 | $38,764.31 |

KRAFT-SAL000263

**GILBERT L SALINAS**



KRAFT PIZZA COMPANY
ONE KRAFT COURT
GLENVIEW, IL 60025

Pay Entity: 1064A

HR Department: 705

HR Organization Unit: 8547

Labor Distribution Code

Location: 4323

Department: 575

Major: 700

Pay Period End Date: 11/28/2009

Check Date: 11/27/2009

Internal Check Number: 093270008971

Employee ID: 12290942

| Earnings | | | Current | Year-to-Date |
|---|---|---|---|---|
| Special Sales Incentive Bonus | | | $1,640.00 | $7,400.00 |
| | | Total Earnings | $1,640.00 | $7,400.00 |
| **Before-tax Deductions** | | | | |
| Thrift  Before -Tax - Matched | | | $32.80 | $1,135.24 |
| | | Total Before-tax deductions | $32.80 | $1,135.24 |

| Taxes | Exemptions | Filing Status | | |
|---|---|---|---|---|
| FICA-Social Security Tax | | | $101.68 | $3,418.16 |
| US Federal Income Tax | 4 | S | $401.80 | $1,871.17 |
| FICA-Medicare Tax | | | $23.78 | $799.41 |
| California Income Tax | 0 | S | $168.76 | $2,741.43 |
| CA Disability Insurance | 0 | S | $18.04 | $606.45 |
| | | Total Taxes | $714.06 | $9,436.62 |

| After-tax Deductions | | | | |
|---|---|---|---|---|
| Child Support | | | $0.00 | $4,663.44 |
| MARSH PersonalPlans | | | $0.00 | $172.80 |
| Imputed  Income Offset | | | $0.00 | $30.03 |
| Support Fee | | | $0.00 | $36.00 |
| | | Total After-tax Deductions | $0.00 | $4,902.27 |

**Net Pay**

Direct Deposit-Net Pay

Deposited Into Account # 3143XXXXXXXXXXXX

Bank Number ████████

| | | | Current | Year-to-Date |
|---|---|---|---|---|
| | | | $893.14 | $39,657.45 |
| | | Net Pay Totals | $893.14 | $39,657.45 |

**GILBERT L SALINAS** 



KRAFT PIZZA COMPANY
ONE KRAFT COURT
GLENVIEW,IL 60025

Pay Entity: 1064A

Pay Period End Date: 12/12/2009

HR Department: 705

Check Date:12/11/2009

HR Organization Unit: 8547

Internal Check Number: 093420008908

Labor Distribution Code

Employee ID: 12290942

Location: 4323

Department: 575

Major: 700

| Earnings | | | Current | Year-to-Date |
|---|---|---|---|---|
| Holiday Pay | | | $0.00 | $375.00 |
| Commission | | | $1,635.48 | $50,623.03 |
| Special Sales Incentive Bonus | | | $0.00 | $7,400.00 |
| Imputed Income-Group Life Ins | | | $1.36 | $31.39 |
| | | Total Earnings | $1,636.84 | $58,429.42 |
| **Before-tax Deductions** | | | | |
| Pre-Tax Medical | | | $72.50 | $1,667.50 |
| Pre-Tax Dental Insurance | | | $3.00 | $69.00 |
| Thrift Before -Tax - Matched | | | $32.71 | $1,167.95 |
| | | Total Before-tax deductions | $108.21 | $2,904.45 |

| Taxes | Exemptions | Filing Status | | |
|---|---|---|---|---|
| FICA-Social Security Tax | | | $96.80 | $3,514.96 |
| US Federal Income Tax | 4 | S | $97.45 | $1,968.62 |
| FICA-Medicare Tax | | | $22.64 | $822.05 |
| California Income Tax | 0 | S | $55.22 | $2,796.65 |
| CA Disability Insurance | 0 | S | $17.17 | $623.62 |
| | | Total Taxes | $289.28 | $9,725.90 |

| After-tax Deductions | | | | |
|---|---|---|---|---|
| Child Support | | | $194.31 | $4,857.75 |
| MARSH PersonalPlans | | | $7.20 | $180.00 |
| Imputed Income Offset | | | $1.36 | $31.39 |
| Support Fee | | | $1.50 | $37.50 |
| | | Total After-tax Deductions | $204.37 | $5,106.64 |

**Net Pay**
Direct Deposit-Net Pay
Deposited into Account # 0070XXXXXXXXXXXX
Bank Number

| | | | Current | Year-to-Date |
|---|---|---|---|---|
| | | | $1,034.98 | $40,692.43 |
| | | Net Pay Totals | $1,034.98 | $40,692.43 |

KRAFT-SAL000265

**GILBERT L SALINAS**



KRAFT PIZZA COMPANY
ONE KRAFT COURT
GLENVIEW,IL 60025

Pay Entity: 1064A
HR Department: 705
HR Organization Unit: 8547

Pay Period End Date: 12/26/2009
Check Date:12/24/2009
Internal Check Number: 093550008888
Employee ID: 12290942

Labor Distribution Code
Location: 4323
Department: 575
Major: 700

| Earnings | Hours | Current | Year-to-Date |
|---|---|---|---|
| Holiday Pay | 8.00 | $75.00 | $450.00 |
| Commission | | $3,078.37 | $53,701.40 |
| Special Sales Incentive Bonus | | $0.00 | $7,400.00 |
| Imputed Income-Group Life Ins | | $1.37 | $32.76 |
| Total Earnings | | $3,154.74 | $61,584.16 |

| Before-tax Deductions | | Current | Year-to-Date |
|---|---|---|---|
| Pre-Tax Medical | | $72.50 | $1,740.00 |
| Pre-Tax Dental Insurance | | $3.00 | $72.00 |
| Thrift Before -Tax - Matched | | $63.07 | $1,231.02 |
| Total Before-tax deductions | | $138.57 | $3,043.02 |

| Taxes | Exemptions | Filing Status | Current | Year-to-Date |
|---|---|---|---|---|
| FICA-Social Security Tax | | | $190.91 | $3,705.87 |
| US Federal Income Tax | 0 | S | $0.00 | $1,968.62 |
| FICA-Medicare Tax | | | $44.65 | $866.70 |
| California Income Tax | 0 | S | $204.44 | $3,001.09 |
| CA Disability Insurance | 0 | S | $33.87 | $657.49 |
| Total Taxes | | | $473.87 | $10,199.77 |

| After-tax Deductions | | Current | Year-to-Date |
|---|---|---|---|
| Child Support | | $194.31 | $5,052.06 |
| MARSH PersonalPlans | | $7.20 | $187.20 |
| Imputed Income Offset | | $1.37 | $32.76 |
| Support Fee | | $1.50 | $39.00 |
| Total After-tax Deductions | | $204.38 | $5,311.02 |

**Net Pay**
Direct Deposit-Net Pay
Deposited into Account # 0070XXXXXXXXXXXX
Bank Number ▇▇▇▇▇▇

| | | Current | Year-to-Date |
|---|---|---|---|
| | | $2,337.92 | $43,030.35 |
| Net Pay Totals | | $2,337.92 | $43,030.35 |

**GILBERT L SALINAS**





KRAFT PIZZA COMPANY
ONE KRAFT COURT
GLENVIEW,IL 60025

Pay Entity: 1064A

HR Department: 705

HR Organization Unit: 8547

Labor Distribution Code

Location: 4323

Department: 575

Major: 700

Pay Period End Date: 12/26/2009

Check Date:12/24/2009

Internal Check Number: C35610300203

Employee ID: 12290942

| Earnings | Hours | Current | Year-to-Date |
|---|---|---|---|
| Holiday Pay | 32.00 | $300.00 | $750.00 |
| Total Earnings | | $300.00 | $750.00 |

| Before-tax Deductions | | Current | Year-to-Date |
|---|---|---|---|
| Thrift  Before -Tax - Matched | | $6.00 | $1,237.02 |
| Total Before-tax deductions | | $6.00 | $1,237.02 |

| Taxes | Exemptions | Filing Status | Current | Year-to-Date |
|---|---|---|---|---|
| FICA-Social Security Tax | | | $18.60 | $3,724.47 |
| US Federal Income Tax | 0 | | $0.00 | $1,968.62 |
| FICA-Medicare Tax | | | $4.35 | $871.05 |
| California Income Tax | 0 | | $0.00 | $3,001.09 |
| CA Disability Insurance | 0 | | $3.30 | $660.79 |
| Total Taxes | | | $26.25 | $10,226.02 |

**Net Pay**

Direct Deposit-Net Pay
Deposited into Account # 0070XXXXXXXXXXXX
Bank Number

| | Current | Year-to-Date |
|---|---|---|
| | $267.75 | $43,298.10 |
| Net Pay Totals | $267.75 | $43,298.10 |

**GILBERT L SALINAS**



KRAFT PIZZA COMPANY
ONE KRAFT COURT
GLENVIEW,IL 60025

Pay Entity: 1064A

HR Department: 705

HR Organization Unit: 8547

Labor Distribution Code

Location: 4323

Department: 575

Major: 700

Pay Period End Date: 01/09/2010

Pay Check Date:01/08/2010

Internal Check Number: 100050008608

Employee ID: 12290942

| Earnings | Hours | Current | Year-to-Date |
|---|---|---|---|
| Holiday Pay | 8.00 | $75.00 | $75.00 |
| Commission | | $2,112.26 | $2,112.26 |
| Total Earnings | | $2,187.26 | $2,187.26 |

| Taxable Benefits | | | |
|---|---|---|---|
| Group Life Insurance | | $1.96 | $1.96 |

| Before-tax Deductions | | | |
|---|---|---|---|
| Pre-Tax Medical | | $73.00 | $73.00 |
| Pre-Tax Dental Insurance | | $3.00 | $3.00 |
| Thrift  Before -Tax - Matched | | $43.75 | $43.75 |
| Total Before-tax deductions | | $119.75 | $119.75 |

| Taxes | Exemptions | Filing Status | Current | Year-to-Date |
|---|---|---|---|---|
| FICA-Social Security Tax | | | $131.02 | $131.02 |
| FICA-Medicare Tax | | | $30.64 | $30.64 |
| California Income Tax | 0 | S | $106.67 | $106.67 |
| CA Disability Insurance | 0 | S | $23.25 | $23.25 |
| Total Taxes | | | $291.58 | $291.58 |

| After-tax Deductions | | | |
|---|---|---|---|
| Child Support | | $194.31 | $194.31 |
| Support Fee | | $1.50 | $1.50 |
| Total After-tax Deductions | | $195.81 | $195.81 |

**Net Pay**

Direct Deposit-Net Pay

Deposited into Account # 0070XXXXXXXXXXXX

Bank Number

| | Current | Year-to-Date |
|---|---|---|
| | $1,580.12 | $1,580.12 |
| Net Pay Totals | $1,580.12 | $1,580.12 |

**GILBERT L SALINAS**




KRAFT PIZZA COMPANY
ONE KRAFT COURT
GLENVIEW,IL 60025

Pay Entity: 1064A

HR Department: 705

HR Organization Unit: 8547

Labor Distribution Code

Location: 4323

Department: 575

Major: 700

Pay Period End Date: 01/23/2010

Check Date:01/22/2010

Internal Check Number: 100190008922

Employee ID: 12290942

| Earnings | | Hours | Current | Year-to-Date |
|---|---|---|---|---|
| Holiday Pay | | 8.00 | $75.00 | $150.00 |
| Commission | | | $1,921.17 | $4,033.43 |
| | **Total Earnings** | | $1,996.17 | $4,183.43 |
| **Taxable Benefits** | | | | |
| Group Life Insurance | | | $1.96 | $3.92 |
| **Before-tax Deductions** | | | | |
| Pre-Tax Medical | | | $73.00 | $146.00 |
| Pre-Tax Dental Insurance | | | $3.00 | $6.00 |
| Thrift  Before -Tax - Matched | | | $39.92 | $83.67 |
| | **Total Before-tax deductions** | | $115.92 | $235.67 |

| Taxes | Exemptions | Filing Status | Current | Year-to-Date |
|---|---|---|---|---|
| FICA-Social Security Tax | | | $119.17 | $250.19 |
| FICA-Medicare Tax | | | $27.87 | $58.51 |
| California Income Tax | 0 | S | $87.58 | $194.25 |
| CA Disability Insurance | 0 | S | $21.14 | $44.39 |
| | **Total Taxes** | | $255.76 | $547.34 |

| After-tax Deductions | | | Current | Year-to-Date |
|---|---|---|---|---|
| Child Support | | | $194.31 | $388.62 |
| Support Fee | | | $1.50 | $3.00 |
| | **Total After-tax Deductions** | | $195.81 | $391.62 |

**Net Pay**

Direct Deposit-Net Pay

Deposited into Account # 0070XXXXXXXXXXXX

Bank Number ▮▮▮

|  |  | $1,428.68 | $3,008.80 |
|---|---|---|---|
| | **Net Pay Totals** | $1,428.68 | $3,008.80 |

KRAFT-SAL000269



**GILBERT L SALINAS**



KRAFT PIZZA COMPANY
ONE KRAFT COURT
GLENVIEW,IL 60025

Pay Entity: 1064A
HR Department: 705
HR Organization Unit: 8547

Labor Distribution Code
Location: 4323
Department: 575
Major: 700

Pay Period End Date: 02/06/2010
Check Date:02/05/2010
Internal Check Number: 100330008641
Employee ID: 12290942

| Earnings | | | Current | Year-to-Date |
|---|---|---|---|---|
| Holiday Pay | | | $0.00 | $150.00 |
| Commission | | | $2,692.31 | $6,725.74 |
| | | Total Earnings | $2,692.31 | $6,875.74 |
| **Taxable Benefits** | | | | |
| Group Life Insurance | | | $1.96 | $5.88 |
| **Before-tax Deductions** | | | | |
| Pre-Tax Medical | | | $73.00 | $219.00 |
| Pre-Tax Dental Insurance | | | $3.00 | $9.00 |
| Thrift Before -Tax - Matched | | | $53.85 | $137.52 |
| | | Total Before-tax deductions | $129.85 | $365.52 |
| **Taxes** | Exemptions | Filing Status | | |
| FICA-Social Security Tax | | | $162.33 | $412.52 |
| FICA-Medicare Tax | | | $37.97 | $96.48 |
| California Income Tax | 0 | S | $158.67 | $352.92 |
| CA Disability Insurance | 0 | S | $28.80 | $73.19 |
| | | Total Taxes | $387.77 | $935.11 |
| **After-tax Deductions** | | | | |
| Child Support | | | $194.31 | $582.93 |
| Support Fee | | | $1.50 | $4.50 |
| | | Total After-tax Deductions | $195.81 | $587.43 |

**Net Pay**
Direct Deposit-Net Pay
Deposited into Account # 0070XXXXXXXXXXXXX
Bank Number

|  | | | Current | Year-to-Date |
|---|---|---|---|---|
| | | | $1,978.88 | $4,987.68 |
| | | Net Pay Totals | $1,978.88 | $4,987.68 |

KRAFT-SAL000270

**GILBERT L SALINAS**





KRAFT PIZZA COMPANY
ONE KRAFT COURT
GLENVIEW,IL 60025

Pay Entity: 1064A
HR Department: 705
HR Organization Unit: 8547

Labor Distribution Code
Location: 4323
Department: 575
Major: 700

Pay Period End Date: 02/20/2010
Check Date:02/19/2010
Internal Check Number: 100470008589
Employee ID: 12290942

| Earnings | Exemptions | Filing Status | Current | Year-to-Date |
|---|---|---|---|---|
| Holiday Pay | | | $0.00 | $150.00 |
| Commission | | | $3,117.14 | $9,842.88 |
| Total Earnings | | | $3,117.14 | $9,992.88 |
| **Taxable Benefits** | | | | |
| Group Life Insurance | | | $1.96 | $7.84 |
| **Before-tax Deductions** | | | | |
| Pre-Tax Medical | | | $73.00 | $292.00 |
| Pre-Tax Dental Insurance | | | $3.00 | $12.00 |
| Thrift Before -Tax - Matched | | | $62.34 | $199.86 |
| Total Before-tax deductions | | | $138.34 | $503.86 |
| **Taxes** | | | | |
| FICA-Social Security Tax | | | $188.68 | $601.20 |
| US Federal Income Tax | 0 | S | $570.76 | $570.76 |
| FICA-Medicare Tax | | | $44.12 | $140.60 |
| California Income Tax | 0 | S | $202.40 | $555.32 |
| CA Disability Insurance | 0 | S | $33.47 | $106.66 |
| Total Taxes | | | $1,039.43 | $1,974.54 |
| **After-tax Deductions** | | | | |
| Child Support | | | $194.31 | $777.24 |
| Support Fee | | | $1.50 | $6.00 |
| Total After-tax Deductions | | | $195.81 | $783.24 |

**Net Pay**
Direct Deposit-Net Pay
Deposited into Account # 0070XXXXXXXXXXXX
Bank Number

|  | Current | Year-to-Date |
|---|---|---|
|  | $1,743.56 | $6,731.24 |
| Net Pay Totals | $1,743.56 | $6,731.24 |

KRAFT-SAL000271

**GILBERT L SALINAS**




KRAFT PIZZA COMPANY
ONE KRAFT COURT
GLENVIEW,IL 60025

Pay Entity: 1064A
HR Department: 705
HR Organization Unit: 8547

Labor Distribution Code
Location: 4323
Department: 575
Major: 700

Pay Period End Date: 03/06/2010
Check Date:03/05/2010
Internal Check Number: 100610009317
Employee ID: 12290942

| Earnings | | | Current | Year-to-Date |
|---|---|---|---|---|
| Holiday Pay | | | $0.00 | $150.00 |
| Commission | | | $2,253.37 | $12,096.25 |
| | | Total Earnings | $2,253.37 | $12,246.25 |
| **Taxable Benefits** | | | | |
| Group Life Insurance | | | $1.96 | $9.80 |
| **Before-tax Deductions** | | | | |
| Pre-Tax Medical | | | $73.00 | $365.00 |
| Pre-Tax Dental Insurance | | | $3.00 | $15.00 |
| Thrift  Before -Tax - Matched | | | $0.00 | $199.86 |
| | | Total Before-tax deductions | $76.00 | $579.86 |

| Taxes | Exemptions | Filing Status | | |
|---|---|---|---|---|
| FICA-Social Security Tax | | | $135.12 | $736.32 |
| US Federal Income Tax | 0 | S | $0.00 | $570.76 |
| FICA-Medicare Tax | | | $31.60 | $172.20 |
| California Income Tax | 0 | S | $118.21 | $673.53 |
| CA Disability Insurance | 0 | S | $23.98 | $130.64 |
| | | Total Taxes | $308.91 | $2,283.45 |

| **After-tax Deductions** | | | |
|---|---|---|---|
| Child Support | | $194.31 | $971.55 |
| Support Fee | | $1.50 | $7.50 |
| | Total After-tax Deductions | $195.81 | $979.05 |

**Net Pay**
Direct Deposit-Net Pay
Deposited into Account # 0070XXXXXXXXXXXXX
Bank Number

| | | Current | Year-to-Date |
|---|---|---|---|
| | | $1,672.65 | $8,403.89 |
| | Net Pay Totals | $1,672.65 | $8,403.89 |

KRAFT-SAL000272

**GILBERT L SALINAS**




KRAFT PIZZA COMPANY
ONE KRAFT COURT
GLENVIEW,IL 60025

Pay Entity: 1064A

Pay Period End Date: 03/06/2010

HR Department: 705

Check Date:03/05/2010

HR Organization Unit: 8547

Internal Check Number: 100610009318

Labor Distribution Code

Employee ID: 12290942

Location: 4323

Department: 575

Major: 700

| Earnings | | | Current | Year-to-Date |
|---|---|---|---|---|
| Special Sales Incentive Bonus | | | $2,000.00 | $2,000.00 |
| | | Total Earnings | $2,000.00 | $2,000.00 |

| Taxes | Exemptions | Filing Status | | |
|---|---|---|---|---|
| FICA-Social Security Tax | | | $124.00 | $860.32 |
| US Federal Income Tax | 0 | S | $0.00 | $570.76 |
| FICA-Medicare Tax | | | $29.00 | $201.20 |
| California Income Tax | 0 | S | $204.60 | $878.13 |
| CA Disability Insurance | 0 | S | $22.00 | $152.64 |
| | | Total Taxes | $379.60 | $2,663.05 |

| After-tax Deductions | | | | |
|---|---|---|---|---|
| Child Support | | | $0.00 | $971.55 |
| Support Fee | | | $0.00 | $7.50 |
| | Total After-tax Deductions | | $0.00 | $979.05 |

Net Pay
Direct Deposit-Net Pay
Deposited into Account # 0070XXXXXXXXXXXX
Bank Number

| | | | Current | Year-to-Date |
|---|---|---|---|---|
| | | | $1,620.40 | $10,024.29 |
| | | Net Pay Totals | $1,620.40 | $10,024.29 |

**GILBERT L SALINAS**





NESTLE PIZZA SERVICES, LLC
800 NORTH BRAND BLVD
GLENDALE,CA 91203

Pay Entity: 9784A

HR Department: 705

HR Organization Unit: 9763

Labor Distribution Code

Location: 9793

Department: 212

Major: 700

Pay Period End Date: 03/20/2010

Check Date:03/19/2010

Internal Check Number: 100750008633

Employee ID: 12290942

| | Exemptions | Filing Status | Current | Year-to-Date |
|---|---|---|---|---|
| **Earnings** | | | | |
| Commission | | | $1,603.82 | $1,603.82 |
| Total Earnings | | | $1,603.82 | $1,603.82 |
| **Taxable Benefits** | | | | |
| Group Life Insurance | | | $1.96 | $1.96 |
| **Before-tax Deductions** | | | | |
| Pre-Tax Medical | | | $73.00 | $73.00 |
| Pre-Tax Dental Insurance | | | $3.00 | $3.00 |
| Total Before-tax deductions | | | $76.00 | $76.00 |
| **Taxes** | | | | |
| FICA-Social Security Tax | | | $94.85 | $94.85 |
| FICA-Medicare Tax | | | $22.18 | $22.18 |
| California Income Tax | 0 | S | $56.05 | $56.05 |
| CA Disability Insurance | 0 | S | $16.83 | $16.83 |
| Total Taxes | | | $189.91 | $189.91 |
| **After-tax Deductions** | | | | |
| Child Support | | | $194.31 | $194.31 |
| Support Fee | | | $1.50 | $1.50 |
| Total After-tax Deductions | | | $195.81 | $195.81 |

**Net Pay**

Direct Deposit-Net Pay

Deposited into Account # 0070XXXXXXXXXXXX

Bank Number ███████

| | | Current | Year-to-Date |
|---|---|---|---|
| | | $1,142.10 | $1,142.10 |
| Net Pay Totals | | $1,142.10 | $1,142.10 |

**GILBERT L SALINAS**




NESTLE PIZZA SERVICES, LLC
800 NORTH BRAND BLVD
GLENDALE, CA 91203

Pay Entity: 9784A
HR Department: 705
HR Organization Unit: 9763

Pay Period End Date: 04/03/2010
Check Date: 04/02/2010
Internal Check Number: 100890008511
Employee ID: 12290942

Labor Distribution Code
Location: 9793
Department: 212
Major: 700

| Earnings | | | Current | Year-to-Date |
|---|---|---|---|---|
| Commission | | | $2,339.49 | $3,943.31 |
| | | Total Earnings | $2,339.49 | $3,943.31 |
| **Taxable Benefits** | | | | |
| Group Life Insurance | | | $1.96 | $3.92 |
| **Before-tax Deductions** | | | | |
| Pre-Tax Medical | | | $73.00 | $146.00 |
| Pre-Tax Dental Insurance | | | $3.00 | $6.00 |
| | | Total Before-tax deductions | $76.00 | $152.00 |

| Taxes | Exemptions | Filing Status | | |
|---|---|---|---|---|
| FICA-Social Security Tax | | | $140.45 | $235.30 |
| FICA-Medicare Tax | | | $32.85 | $55.03 |
| California Income Tax | 0 | S | $127.26 | $183.31 |
| CA Disability Insurance | 0 | S | $24.92 | $41.75 |
| | | Total Taxes | $325.48 | $515.39 |

| After-tax Deductions | | | | |
|---|---|---|---|---|
| Child Support | | | $194.31 | $388.62 |
| Support Fee | | | $1.50 | $3.00 |
| | | Total After-tax Deductions | $195.81 | $391.62 |

**Net Pay**
Direct Deposit-Net Pay
Deposited into Account # 0070XXXXXXXXXXXX
Bank Number

| | | | Current | Year-to-Date |
|---|---|---|---|---|
| | | | $1,742.20 | $2,884.30 |
| | | Net Pay Totals | $1,742.20 | $2,884.30 |

KRAFT-SAL000275

Exhibit F

DocuSign Envelope ID: C5B3906A-1A21-480F-8B22-37BB4E90B5D7

1  Matthew R. Bainer, Esq. (S.B. #220972)
   Hannah R. Salassi, Esq. (S.B. #230117)
2  **SCOTT COLE & ASSOCIATES, APC**
   1970 Broadway, Ninth Floor
3  Oakland, California 94612
   Telephone:     (510) 891-9800
4  Facsimile:      (510) 891-7030
   Email: mbainer@scalaw.com
5  Email: hsalassi@scalaw.com
   Web:   www.scalaw.com
6
7  Attorneys for Representative Plaintiff
   and the Plaintiff Class

8                    **UNITED STATES DISTRICT COURT**

9                  **NORTHERN DISTRICT OF CALIFORNIA**

10

11 GILBERT SALINAS, individually, and       )   **Case No. 12-CV-02894 CW**
   on behalf of all others similarly        )
12 situated,                                )
                                            )   **CLASS ACTION**
13                            Plaintiff,    )
                                            )   **DECLARATION OF ERIC RAMSEY**
14 vs.                                      )
                                            )
15 KRAFT FOODS GLOBAL, INC., and            )
   DOES 1 through 100, inclusive,           )
16                                          )
                             Defendants.    )
17 _____ )

18

19 I, Eric Ramsey do hereby declare as follows:

20        1.      My address is ███████████████████████. I have personal knowledge

21 of the facts set forth in this declaration and could and would testify competently thereto.

22        2.      I was employed by Kraft Foods Global, Inc., (hereinafter "Kraft") as a Route

23 Salesperson from approximately 5/1999, through approximately 01/2010. During that time I worked

24 at the facility located in Fresno, California.

25        3.      Moreover, during this time period, I worked the following routes: first, I was a relief

26 driver for the Visalia, Tulare, Hanford and Lemoore routes (for approximately 2.5 years), then the

27 Fresno route (for approximately 4 years). All of my regular routes were inside the State of

28 California. Other than when I worked as relief driver, I was employed as a strictly-commissioned

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE TOWER BUILDING
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

-1-
Declaration of Eric Ramsey

DocuSign Envelope ID: C5B3906A-1A21-480F-88B2-87BB4F90B5D7

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE TOWER BUILDING
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

1  employee and was never told that my position might be entitled to overtime pay for hours worked in

2  excess of eight (8) hours per day or forty (40) hours per week, nor did anyone from Kraft ever

3  observe me performing my daily duties in order to determine how I should be classified for overtime

4  purposes.

5        4.      During my employment with Kraft, I often worked more than 8 hours a day and more

6  than 40 hours in a workweek. During my typical work week, I worked an average of 10-15 overtime

7  hours, which is a conservative estimate. During particular periods, I worked as many as 15-20 hours

8  of overtime per week. I was never paid overtime wages for any of the hours I worked over eight (8)

9  hours per day or over forty (40) hours per week. Regardless of the number of hours I worked in a

10  given week, I was only paid for the number of Kraft products I sold, and, for low-performing routes,

11  a small base salary.

12        5.      During my employment with Kraft, my employer(s) failed to consistently provide

13  break and/or meal periods to me, either because they refused to adequately staff the routes and/or

14  because my work assignments prohibited me from taking such breaks. During my typical week, I

15  was denied rest breaks an average of 4-5 days per week. I was typically denied meal periods an

16  average of 4-5 days per week.

17        6.      Each typical day, my regular duties were primarily driving, which consisted of

18  inspecting my truck, then driving to the first store on my route, and then from one store to the next

19  along my predetermined route. I stopped at gas stations when the truck was low on fuel and pumped

20  gas into the truck myself. I was also required to find parking at each location and to park the truck.

21  This required driving was regularly quite time consuming due to these duties and the heavy traffic I

22  often encountered. As such, these driving tasks took anywhere from 20 to 30 minutes of my typical

23  day to complete.

24        7.      The task which took up the largest portion of my time was restocking inventory. This

25  required viewing the existing inventory at the store, determining how much more product was

26  needed, entering that amount into a handheld computer, unloading the inventory from the truck and

27  then stocking the inventory in the correct places in the store. Depending on how much product was

28  out for purchase, I also moved product from the store's storage freezer to the display freezers or

DocuSign Envelope ID: C5B3906A-1A21-480E-8B23-87BB4E90BSD7

shelves. Sometimes I also had to tear down old displays and replace them with new ones. These tasks typically took at least 6 hours per day to complete.

8.      All of the above described job duties were repetitive and did not involve making new sales.

9.      When possible, I was asked to solicit new business for Kraft in the course of performing my previously described duties. In reality, this task was an extremely small part of my daily routine, and took only around about 60 to 75 minutes of my typical day to complete.

10.      After the completion of the above described duties; I drove my truck back to the storage facility. Once there, I had to pull the inventory to fill my orders for the following day, check the accuracy of the bill of lading, inspect and load my truck, and generate an end of day report and mail the report to the Kraft corporate office. These tasks took anywhere from 60 to 75 minutes of my typical day to complete.

11.      I was also required to attend occasional meetings with members of management, as well as attend job-related trainings.

12.      I sent my individual customer orders to the storage facility the day before I was due to pick the order up, for delivery to the store the following day. For example, I would place an order on Tuesday, pick up the product at the end of my shift on Wednesday and deliver the product on Thursday.

13.      It is my understanding that the product I delivered was manufactured in a Kraft manufacturing facility, located in Medford, Wisconsin. Orders for product to be sent from the manufacturing facility in Wisconsin to the storage facility in Fresno, California (where I picked it up) were made by account managers. Actual individual customer orders were placed by me, as described above, based on the how much inventory I observed the store selling during previous deliveries.

14.      At every Kraft location that I have worked, Route Salespersons were required to spend the majority of their time performing manual labor, such as stocking and merchandising. Kraft provided these locations with strict rules regarding the restocking and driving duties and other

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE TOWER BUILDING
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

DocuSign Envelope ID: C5B3906A11A21-480E-88B2-873B4E90B5D7

1    operations procedures, such that we were given little latitude to exercise independent judgment or

2    discretion.

3          I declare under penalty of perjury under the laws of the State of California that the foregoing

4    is true and correct.

5

6          Executed this 4th day of January, 2013 at ___Fresno_____, California.

7                                  DocuSigned by:

8                                  Eric Ramsey _____
                              81AB43DD0CE7411...

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE TOWER BUILDING
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

-4-
Declaration of Eric Ramsey

Exhibit G

1  Matthew R. Bainer, Esq. (S.B. #220972)
   Hannah R. Salassi, Esq. (S.B. #230117)
2  **SCOTT COLE & ASSOCIATES, APC**
   1970 Broadway, Ninth Floor
3  Oakland, California 94612
   Telephone:     (510) 891-9800
4  Facsimile:     (510) 891-7030
   Email: mbainer@scalaw.com
5  Email: hsalassi@scalaw.com
   Web:   www.scalaw.com
6
   Attorneys for Representative Plaintiff
7  and the Plaintiff Class

8              **UNITED STATES DISTRICT COURT**

9            **NORTHERN DISTRICT OF CALIFORNIA**

10

11  GILBERT SALINAS, individually, and    )   **Case No. 12-CV-02894 CW**
    on behalf of all others similarly     )
12  situated,                             )
                                          )   **CLASS ACTION**
13                          Plaintiff,    )
                                          )   **DECLARATION OF EARL PRICE**
14  vs.                                   )
                                          )
15  KRAFT FOODS GLOBAL, INC., and         )
    DOES 1 through 100, inclusive,        )
16                                        )
                            Defendants.   )
17  _____   )

18

19  I, Earl Price do hereby declare as follows:

20       1.     My address is ███████████████████████. I have personal knowledge

21  of the facts set forth in this declaration and could and would testify competently thereto.

22       2.     I was employed by Kraft Foods Global, Inc., (hereinafter "Kraft") as a Route

23  Salesperson from approximately 8/03/2001, through approximately 7/2010. During that time I

24  worked at the Fresno Distribution Center facility located in Fresno, California.

25       3.     Moreover, during this time period, I worked the following routes: South Fresno, Los

26  Banos, Merced, Madera, and then 6 years for North Fresno, Oakhurst, Clovis, Mariposa and several

27  others. At no time did my route take me outside the State of California. In this position, I was

28  employed as a strictly-commissioned employee and was never told that my position might be

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE TOWER BUILDING
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

1 entitled to overtime pay for hours worked in excess of eight (8) hours per day or forty (40) hours per

2 week, nor did anyone from Kraft ever observe me performing my daily duties in order to determine

3 how I should be classified for overtime purposes. The Kraft philosophy was "the more you work the

4 more commission you get paid".

5       4.     During my employment with Kraft, I often worked more than 10-12 hours a day and

6 more than 50-60 hours in a workweek. During my typical work week, I worked an average of 10-20

7 overtime hours. I was never paid overtime wages for any of the hours I worked over eight (8) hours

8 per day or over forty (40) hours per week. Regardless of the number of hours I worked in a given

9 week, I was only paid for the number of Kraft products I sold, and Kraft even deducted from my

10 paycheck for product I brought back, e.g. spoiled product taken from the store.

11       5.     During my employment with Kraft, my employer(s) failed to consistently provide

12 break and/or meal periods to me, either because they refused to adequately staff the routes and/or

13 because my work assignments prohibited me from taking such breaks. During my typical week, my

14 routes precluded me from taking meal and rest breaks most days of the week.

15       6.     Each typical day, my regular duties were primarily driving, which consisted of

16 inspecting my truck, then driving to the first store on my route, and then from one store to the next

17 along my predetermined route. I stopped at gas stations when the truck was low on fuel and pumped

18 gas into the truck myself. I was also required to find parking at each location and to park the truck.

19 This required driving was regularly quite time consuming due to these duties and the heavy traffic I

20 often encountered. As such, these driving tasks took anywhere from 45 to 65 minutes of my typical

21 day to complete.

22       7.     The task which took up the largest portion of my time was "checking-in" with the

23 designated store personnel, restocking inventory and merchandising. This required viewing the

24 existing inventory at the store, determining how much more product was needed, entering that

25 amount into a handheld computer, unloading the inventory from the truck and then stocking the

26 inventory in the correct places in the store. Depending on how much product was out for purchase, I

27 also moved product from the store's storage freezer to the display freezers or shelves. These tasks

28 took anywhere from 6 to 7 hours of my typical day to complete.

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE TOWER BUILDING
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE TOWER BUILDING
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

8.   All of the above described job duties were repetitive and did not require independent judgment.

9.   When possible, I was asked to solicit new business for Kraft in the course of performing my previously described duties. In reality, this task was an extremely small part of my daily routine, and took only around 1 to 2 hours of my typical day to complete.

10.   After the completion of the above described duties; I drove my truck back to the storage facility. Once there, I had to pull the inventory to fill my orders for the following day, check the accuracy of the bill of lading, inspect and load my truck, and generate an end of day report and mail the report to the Kraft corporate office. These tasks took anywhere from 1.5 hours to 2 hours of my typical day to complete.

11.   I was also required to attend occasional meetings with members of management, as well as attend job-related trainings.

12.   I sent my individual customer orders to the storage facility the day before I was due to pick the order up, for delivery to the store the following day. For example, I would place an order on Tuesday, pick up the product at the end of my shift on Wednesday and deliver the product on Thursday.

13.   It is my understanding that the product I delivered was primarily manufactured in a Kraft manufacturing facility, located in Medford, Wisconsin. Orders for product to be sent from the manufacturing facility in Wisconsin to the storage facility in Fresno, California (where I picked it up) were made by account managers, based on sales projections from prior years. However, the actual individual customer orders were placed by me, as described above, based on the how much inventory I observed the store selling during previous deliveries.

14.   I spent that vast majority of my time on the tasks listed above. Kraft provided me and others in my position with strict rules regarding the restocking and driving duties and other operations procedures, such that we were given little latitude to exercise independent judgment or discretion.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed this 4th of January, 2013  at _____, California.

Clovis



DocuSigned by:

Earl W. Price

5C54ED9AF4C5483...

Declaration of Earl Price

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE TOWER BUILDING
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

Exhibit H

1  Douglas J. Farmer, State Bar No. 139646
   douglas.farmer@ogletreedeakins.com
2  Michael J. Nader, State Bar No. 200425
   michael.nader@ogletreedeakins.com
3  Christopher M. Ahearn, State Bar No. 239089
   chris.ahearn@ogletreedeakins.com
4  OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
   Steuart Tower, Suite 1300
5  One Market Plaza
   San Francisco, CA  94105
6  Telephone:    415.442.4810
   Facsimile:    415.442.4870
7
   Attorneys for Defendant
8  KRAFT FOODS GROUP, INC. (erroneously sued as
   KRAFT FOODS GLOBAL, INC.)
9

10              **UNITED STATES DISTRICT COURT**

11            **NORTHERN DISTRICT OF CALIFORNIA**

12

13  GILBERT SALINAS, individually, and on        Case No. 12-cv-02894-JST
    behalf of all others similarly situated,
14                                               (Alameda County Superior Court, Case No. RG
             Plaintiff,                          08422259)
15
         vs.                                     **DECLARATION OF GREG FRENETTE**
16
    KRAFT FOODS GLOBAL, INC., and DOES 1
17  through 100, inclusive,

18           Defendants.

19

20

21

22

23

24

25

26

27

28

                                                           Case No. 12-cv-02894-JST

1

**DECLARATION OF GREG FRENETTE**

2

I, Greg Frenette, declare as follows:

3      1.      I am currently employed by Mondelēz Global LLC, and hold the position of
4   Director, Human Resources – West Area Sales & Customer Logistics.  In that capacity, I have had
5   overall supervisory responsibility with regard to human resources matters concerning sales and
6   logistics (including delivery) employees in the state of California for Mondelēz Global LLC since
7   October 1, 2012.  Prior to October 1, 2012, and since at least April 25, 2008, I also had such
8   responsibility for such employees of Kraft Foods Group (formerly Kraft Foods Global, Inc.), Inc.,
9   including its subsidiary Kraft Pizza Company.  Kraft Foods Global, Inc. changed its name to Kraft
10   Foods Group, Inc. on or about October 1, 2012.  I am familiar with and have reviewed business
11   records of Mondelēz Global LLC, Kraft Foods Global, Inc. and Kraft Foods Group, Inc., including
12   Kraft Foods Group, Inc.'s subsidiary Kraft Pizza Company (which was a subsidiary of Kraft Foods
13   Global, Inc. until March 2010) with regard to the matters set forth below.  I am informed and
14   believe that the facts set forth below are true and, if called and sworn as a witness, I could and
15   would competently testify to the same.  I have the authority to attest to the matters set forth below
16   on behalf of Kraft Foods Group, Inc.

17      2.      Beginning at least four (4) years prior to April 25, 2012, Plaintiff Gilbert Salinas
18   was employed by an entity called "Kraft Pizza Company."  In or about March 2010, the assets of
19   Kraft Pizza Company were sold by Kraft Foods Global, Inc. to an unrelated corporation, Nestle.
20   Kraft Pizza Company was a wholly owned subsidiary of Kraft Foods Global, Inc. at the time of the
21   March 2010 sale.  The March 2010 sale was an asset sale only.  On or about October 1, 2012, the
22   parent of Kraft Foods Group, Inc., Kraft Foods Inc. changed its name to Mondelēz International,
23   Inc. ("Mondelēz") and Mondelēz spun off Kraft Foods Group, Inc. Both Kraft Foods Group, Inc.
24   and Mondelēz are now, unrelated public separate companies.  Mondelēz also created a subsidiary
25   operating company, called Mondelēz Global LLC,

26      3.      During the time period from April 25, 2008 to the present, Mondelēz Global LLC,
27   Kraft Foods Group, Inc. and Kraft Foods Global, Inc., and their respective and collective
28   subsidiaries, including Kraft Pizza Company, have employed several classes of drivers and

1  salespersons to sell and deliver their products.  During that time period, such employees fell into

2  three basic categories:  (1) salespersons whose primary duty has been to sell products, and whose

3  duties have not included delivery of products; (2) drivers whose primary duty has been to deliver

4  such products, and whose duties have not included the sale of products; and (3) employees whose

5  duties included both sales and delivery (i.e., the "Route Salespersons" defined by Plaintiffs in

6  paragraph 22 of the Plaintiff's Complaint in this action (which I have read and understood)).  The

7  only employees of any Kraft Foods Inc. subsidiary, including Kraft Foods Group, Inc., Kraft Foods

8  Global, Inc., Mondelēz Global LLC, who have fallen into category (3) stated above are "Sales

9  Associates", "Sales Representatives", and "Sales Trainees", who were employed by Kraft Pizza

10 Company.

11      4.      Kraft Foods  Group Inc., has not employed any Sales Associates, Sales

12 Representatives or Sales Trainees (as referenced in paragraph 3 above) during the time period from

13 March 2010 to September 30, 2012.  Mondelēz Global LLC has not employed any such Sales

14 Associates, Sales Representatives, or Sales Trainees during the time period since the creation of

15 Mondelēz Global LLC on October 1, 2012 to the present.

16      I declare under penalty of perjury under the laws of the United States of America that the

17 foregoing is true and correct.

18      Executed on May 30 2013, at Aurora, Colorado.

19

20

21                                        Greg Frenette

22

23

24

25

26

27

28

Exhibit I

1  Douglas J. Farmer, State Bar No. 139646
   douglas.farmer@ogletreedeakins.com
2  Michael J. Nader, State Bar No. 200425
   michael.nader@ogletreedeakins.com
3  Christopher M. Ahearn, State Bar No. 239089
   chris.ahearn@ogletreedeakins.com
4  OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
   Steuart Tower, Suite 1300
5  One Market Plaza
   San Francisco, CA  94105
6  Telephone:    415.442.4810
   Facsimile:    415.442.4870
7
   Attorneys for Defendant
8  KRAFT FOODS GROUP, INC. (erroneously sued as
   KRAFT FOODS GLOBAL, INC.)
9

10              **UNITED STATES DISTRICT COURT**

11            **NORTHERN DISTRICT OF CALIFORNIA**

12

13  GILBERT SALINAS, individually, and on            Case No. 12-cv-02894-JST
    behalf of all others similarly situated,
14                                                   (Alameda County Superior Court, Case No. RG
                 Plaintiff,                          08422259)
15
             vs.                                     **DECLARATION OF JOHN MARKHAM**
16
    KRAFT FOODS GLOBAL, INC., and DOES 1
17  through 100, inclusive,
18               Defendants.
19

20

21

22

23

24

25

26

27

28

1

## DECLARATION OF JOHN MARKHAM

2     I, John Markham, declare as follows:

3     1.     I am currently employed by Kraft Foods Group, Inc., and hold the position of Vice

4     President of Sales, Food Service, and Corporate Functions, and I have held that position since at

5     least October 1, 2012. In that capacity, I have knowledge of the records of Kraft Foods Group, Inc.

6     concerning the types of sales employees employed by Kraft Foods Group, Inc. I am informed and

7     believe that the facts set forth below are true and, if called and sworn as a witness, I could and

8     would competently testify to the same. I have the authority to attest to the matters set forth below

9     on behalf of Kraft Foods Group, Inc.

10     2.     Beginning at least four (4) years prior to April 25, 2012, Plaintiff Gilbert Salinas

11     was employed by an entity called "Kraft Pizza Company." In or about March 2010, the assets of

12     Kraft Pizza Company were sold to an unrelated corporation, Nestle. Kraft Pizza Company was a

13     wholly owned subsidiary of Kraft Foods Global, Inc. at the time of the March 2010 sale. The

14     March 2010 sale was an asset sale only.

15     3.     During the time period from April 25, 2008 to October 1, 2012, Kraft Foods Global,

16     Inc., and its subsidiaries, including Kraft Pizza Company, employed several classes of drivers and

17     salespersons to sell and deliver their products. During that time period, such employees fell into

18     three basic categories: (1) salespersons whose primary duty has been to sell products, and whose

19     duties have not included delivery of products; (2) drivers whose primary duty has been to deliver

20     such products, and whose duties have not included the sale of products; and (3) employees whose

21     duties included both sales and delivery (i.e., the "Route Salespersons" defined by Plaintiffs in

22     paragraph 22 of the Plaintiff's Complaint in this action (which I have read and understood)). The

23     only employees of Kraft Foods Group, Inc., who have fallen into category (3) stated above are

24     "Sales Associates", "Sales Representatives", and "Sales Trainees", who were employed by Kraft

25     Pizza Company.

26     ///

27     ///

28     ///

Salinas v. Kraft
FEDERAL - Decl

4.      Kraft Foods Group Inc., has not employed any Sales Associates, Sales Representatives or Sales Trainees (as referenced in paragraph 3 above) during the time period from October 1, 2012 to the present.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on May _20_ 2013, at Northfield, Illinois.

John Markham

Exhibit J

1  Matthew R. Bainer, Esq. (S.B. #220972)
   Hannah R. Salassi, Esq. (S.B. #230117)
2  **SCOTT COLE & ASSOCIATES, APC**
   1970 Broadway, Ninth Floor
3  Oakland, California 94612
   Telephone: (510) 891-9800
4  Facsimile:  (510) 891-7030
   Email: mbainer@scalaw.com
5  Email: hsalassi@scalaw.com
   Web: www.scalaw.com
6

7  Attorneys for Representative Plaintiff
   and the Plaintiff Class
8

9                    **UNITED STATES DISTRICT COURT**

10                  **NORTHERN DISTRICT OF CALIFORNIA**

11

12  GILBERT SALINAS, individually, and        ) **Case No. 12-CV-02894-CW**
    on behalf of all others similarly         )
13  situated,                                 )
                                              ) **CLASS ACTION**
14                                            )
                          Plaintiff,          ) **DECLARATION OF REPRESENTATIVE**
15                                            ) **PLAINTIFF GILBERT SALINAS IN**
    vs.                                       ) **SUPPORT OF PLAINTIFF'S MOTION FOR**
16                                            ) **AN ORDER:**
    KRAFT FOODS GLOBAL, INC., and             )
17  DOES 1 through 100, inclusive,            )     **(1) GRANTING PRELIMINARY**
                                              )     **APPROVAL OF THE CLASS ACTION**
18                        Defendants.         )     **SETTLEMENT AGREEMENT;**
                                              )
19                                            )     **(2) GRANTING CONDITIONAL**
                                              )     **CERTIFICATION OF THE**
20                                            )     **SETTLEMENT CLASS;**
                                              )
21                                            )     **(3) APPOINTING CLASS COUNSEL;**
                                              )
22                                            )     **(4) APPOINTING CLASS**
                                              )     **REPRESENTATIVE;**
23                                            )
                                              )     **(5) APPOINTING SETTLEMENT**
24                                            )     **ADMINISTRATOR; AND**
                                              )
25                                            )     **(6) APPROVING CLASS NOTICE, OPT-**
                                              )     **OUT FORM AND TIMELINE FOR**
26                                            )     **ADMINISTRATION**
                                              )
27                                            ) **Date:    July 18, 2013**
                                              ) **Time:    2:00 p.m.**
28                                            ) **Dept.:   9, 19th Floor**
                                              ) **Judge:   Jon S. Tigar**

*(left margin, vertical text)* SCOTT COLE & ASSOCIATES, APC / ATTORNEYS AT LAW / THE WACHOVIA TOWER / 1970 BROADWAY, NINTH FLOOR / OAKLAND, CA 94612 / TEL: (510) 891-9800

I, Gilbert Salinas, do hereby declare as follows:

1.   I make these statements based on personal knowledge and would so testify if called as a witness at trial.  I make this declaration in support of Plaintiff's motion for order:  (1) granting preliminary approval of the Class Action settlement; (2) granting conditional certification of the settlement class, (3) appointing class counsel; (4) appointing class representative, (5) appointing claims administrator and (6) approving Class Notice and timeline for administration.

2.   I was employed by Kraft Foods Global, Inc., (hereinafter "Kraft") as a Route Salesperson from approximately January 5, 2007, through April, 2010, and continue to work in the same position with the new owner of the business, Nestle. After Nestle bought Kraft, the route salesperson position was re-classified as non-exempt, so that I receive an hourly wage, including overtime for hours over 8 in a day or over 40 in a week. Nothing about the requirements of the job have changed. I work at the facility located in Fresno, California.

3.   I work the following route: Fresno to Merced (the Central Valley area).

4.   I have served as the representative Plaintiff in this action since on or about April 25, 2012, the date the Complaint was filed.

5.   During this time, I retained and have been represented by the law firm of Scott Cole & Associates, APC ("SCA").

6.   During my employment with Kraft, I often worked more than 8 hours a day, and more than 40 hours in a workweek including 8 hours every other Saturday. During my typical work week, I worked an average of 12 and a half overtime hours a week.  During particular periods, I worked as many as 20 and a half hours overtime every other week.  I was never paid overtime wages for any of the hours I worked over eight (8) hours per day or over forty (40) hours per week.  Regardless of the number of hours I worked in a given week, I was only paid for the number of Kraft products I sold.

7.   During my employment with Kraft, my employer(s) failed to consistently provide break and/or meal periods to me. My work assignments prohibited me from taking such breaks. During my typical week, I was denied rest breaks an average of 4 days per week and denied meal periods an average of 4 days per week.

8.   My regular duties were primarily driving, which consisted of inspecting my truck,

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE WACHOVIA TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

DocuSign Envelope ID: B711D728-6887-4E0D-8647-DCD71FDAA183

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE WACHOVIA TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL (510) 891-9800

1  then driving to the first store on my route, and continuing on to each store in succession, until my
2  route was completed. I stopped at gas stations when the truck was low on fuel and pumped gas into
3  the truck myself. I was also required to find parking at each location and to park the truck. This
4  required driving was regularly quite time-consuming and took anywhere from 1 to 2 hours in a
5  typical day.

6      9.      The task which took up the largest portion of my time was re-stocking inventory. This
7  required viewing the existing inventory at the store, determining how much more product was
8  needed, entering that amount into a handheld computer, unloading the inventory from the truck and
9  then stocking the inventory in the correct places in the store. Depending on how much product was
10  out for purchase, I also moved product from the store's storage freezer to the display freezers or
11  shelves. These tasks took anywhere from 1 ½ to 2 hours per store to complete.

12      10.      The demands of my route meant I had very little or no time to find new business. At
13  every Kraft location that I have worked, Route Salespersons were required to spend the majority of
14  their time performing manual labor and tasks requiring little or no independent thought.  Kraft
15  provided these locations with strict rules regarding the restocking and driving duties and other
16  operations procedures, such that we were given little latitude to exercise independent judgment or
17  discretion.

18      11.      I have spent a substantial amount of time participating in the investigation,
19  prosecution, and settlement of this case, including, without limitation:

20          (a)      responding to my attorneys' questions regarding working conditions at Kraft,
21                  including their policies pertaining to allegations that Kraft failed to pay all
22                  wages due; failed to provide statutorily-mandated meal and rest periods and
23                  failed to provide accurate semi-monthly itemized wage statements.

24          (b)      discussing the complaint and claims with my attorneys and providing
25                  information as to liability and damages;

26          (c)      receiving and responding to mail, electronic mail, and/or facsimiles from my
27                  attorneys regarding this litigation and my consent to the settlement; and

28          (d)      remaining on-call and readily accessible on the date of the mediation session

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE WACHOVIA TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

1   and discussing the settlement with my attorneys and reviewing the settlement

2   agreement.

3          12.    I have placed the interests of my fellow Class Members ahead of my own, and I have

4   endeavored to remain active and involved in this case at all times.  Additionally, I have maintained

5   regular contact with my attorneys and made sure that I was accessible at all times.

6          13.    I took a huge risk by coming forward and filing this class action. Although future

7   employers are not supposed to retaliate against me for my involvement in this case, I think the reality

8   is that I will experience a certain stigma for untold years to come.

9          14.    In addition, I risked being taxed in the amount of Kraft's litigation costs in the event

10  of an adverse disposition of the case.  For me, this would have been financially devastating.

11         15.    I am familiar with the terms of the settlement reached by my attorneys and I believe

12  they are fair and reasonable both to me and to members of the class.

13         16.    I entered into a consensual contingency fee agreement with SCA, and I

14  wholeheartedly endorse the award of attorneys' fees and costs sought thereby.

15         17.    I will not receive any undisclosed compensation in this lawsuit outside of my share as

16  a class member and whatever enhancement award the Court approves at the final approval hearing.

17

18         I declare under penalty of perjury under the laws of the State of California that the foregoing

19  is true and correct.  Executed this 6th day of June 2013, at Fresno, California.

20

21

22  

23

24

25

26

27

28

Exhibit K

# Scott Cole & Associates, APC
## Class Action Attorneys

## Firm Resume & Overview

**Introduction**:

Scott Cole & Associates, APC ("SCA") represents individuals in employment and consumer class action litigation. Founded in 1992, SCA has been devoted primarily to such matters, having litigated hundreds of cases against businesses of all types and in nearly every industry imaginable.  The members of SCA have extensive experience prosecuting class/complex actions, both in a sole counsel capacity and in leadership positions, oftentimes among many firms, in California and nation-wide litigation, have published articles dealing with various substantive issues as well as class action litigation/procedure, speak regularly at public events, and have served as consulting experts in class action litigation. Over nearly two decades, the firm has recovered hundreds of millions of dollars to hundreds of thousands of plaintiffs, been involved in record-setting resolutions and helped achieve the correction of numerous unlawful employment and consumer fraud practices.

**Attorney Backgrounds, Education and Professional Affiliations**:

In addition to an extensive staff of paralegal and other legal support personnel, the firm's practice is lead by the following attorneys, listed here by seniority with the firm.

Scott Edward Cole, Esq.
Born December 28, 1965 in San Pablo, California. San Francisco State University, B.A., Speech Communications (Individual Major in Rhetoric), 1989, Minor Study in Business Administration, 1989; University of San Francisco School of Law, J.D., 1992; President, University of San Francisco Labor & Employment Law Society;  Admitted, California State Bar, December 1992; Member, California State Bar Labor and Employment Law Section, 1993-present; Admitted, United States District Court (Northern District), 1992; Admitted, United States Court of Appeals (9th Circuit), 1993; Admitted, United States District Court (Eastern District),  1995; Admitted, United States District Court (Central District), 2005; Admitted, United States District Court (Southern District), 2005; National Association of Securities Dealers (Registered Representative [Series 7], 1987-1989); Member/Referral Attorney, Animal Legal Defense Fund (1998-2000); Member, Board of Directors, American Synergy Center (2001); Member, Association of Trial Lawyers of America (2005-present); Member, California Employment Lawyers Association (2005-present); Member, American Bar Association (2007-present); Member, Alameda County Bar Association (2008-present); Vice Chair (2009 & 2010), Alameda County Bar Association's Labor & Employment Law Section Executive Committee; Member, National Employment Lawyers Association (2009-present); U.S. Delegate to the InterAmerican Meeting of Labor and Trade Union Lawyers, Havana, Cuba, March 2012.

Matthew R. Bainer, Esq.

Born March 27, 1976 in Riverside California. University of California. B.A., American Studies, 1999, Minor Study in City Planning; University of San Francisco School of Law, J.D., 2002; Managing Editor, University of San Francisco Maritime Law Journal, 2001-2002; Admitted, California State Bar, 2002; Admitted, United States District Court (Northern District), 2003; Admitted, United States Court of Appeal for the Ninth Circuit, 2003; Admitted, United States District Court (Central District), 2006; Member, California State Bar Labor and Employment Section (2003-present); Member, Alameda County Bar Association (2010); Executive Committee Member (2010), Alameda County Bar Association's Labor & Employment Law Section. Mr. Bainer serves as Senior Associate.

Molly A. DeSario, Esq.

Born January 25, 1978 in Kettering, OH. University of Cincinnati, B.A., Marketing and International Business 1999; Northeastern University, School of Law, J.D., 2002; Teaching Assistant, Legal Writing and Research Course, 2001-2002. Admitted Maryland State Bar, 2002; Admitted, United States District Court for the District of Maryland, 2003. Admitted, California State Bar, 2004; Admitted, United States Court of Appeals for the Ninth Circuit, 2004; Admitted, United States District Court (Northern District), 2009. Member of the California Employment Lawyers Association, the San Francisco Barristers Club, the American Bar Association and the Queen's Bench Bar Association of the San Francisco Bay Area.  Ms. DeSario serves as a Senior Associate.

Hannah R. Salassi, Esq.

Born May 13, 1976 in Houston, TX. University of Oklahoma, B.A., Letters (cum laude); University of Texas at Austin School of Law, J.D., 2003; Law Clerk, Travis County District Attorney's Office; Admitted, California State Bar, 2003; Admitted, United States District Court (Northern District), 2004; Admitted, Texas State Bar, 2004; Admitted, United States District Court (Central District), 2011; Admitted, United States District Court (Eastern District), 2011. Ms. Salassi is an associate attorney with the firm.

Jessica L. Campbell, Esq.

Born August 15, 1986 in Boston, MA. University of California at Berkeley, B.A., Rhetoric, Legal Studies; Santa Clara University School of Law, J.D., 2011; Admitted, California State Bar, 2011; Admitted, United States District Court (Northern District), 2012; Admitted, United States District Court (Central District), 2013. Ms. Campbell is an associate attorney with the firm.

**SCA Scholarly Publications (*Partial List Only*):**

Scott Edward Cole & Matthew Roland Bainer, *The Quest for Class Certification*, Employment Law Strategist (Sept. & Oct. 2003).

Scott Edward Cole & Matthew Roland Bainer, *To Be or Not to Be a Penalty: Defining the Recovery Under California's Meal and Rest Period Provisions*, Golden Gate U. L. Rev. (Spring 2005).

Scott Edward Cole & Matthew Roland Bainer, *To Certify or Not to Certify: A Circuit-By-Circuit Primer of the Varying Standards for Class Certification in Actions under the Federal Labors Standards Act*, B.U. Pub. Int. L.J. (Spring 2004).

Scott Edward Cole, *Kullar v. Footlocker Retail, Inc.: A New Standard for Class Action Settlement Approval*, CELA Bulletin (April 2009).

Matthew Roland Bainer, *Ninth Circuit Provides Much Needed Guidance on Evidentiary Burdens in Overtime Misclassification Litigation,* CELA Bulletin (May 2009).

Kevin Robert Allen, *Putting the "Rest" Back in Rest Break,* Alameda County Bar Association - Labor & Employment Section News (Autumn 2009).

Michael Scott Lubofsky, *Barristers to Blogs: Softening Ethical Restrictions in the Digital Age,* Los Angeles Daily Journal (June 14, 2010).


**Representative Class Action/Complex Litigation Matters:**

Scott Cole & Associates, APC has represented hundreds of thousands of individuals in hundreds of legal matters, including over one hundred class actions and/or complex litigation cases.  While the firm has experience in environmental, business and personal injury matters, nowadays, SCA is almost entirely devoted to the prosecution of class action wage and hour matters, only a sampling of which are listed below.  We are currently investigating wage and hour violations by numerous companies and are prepared to prosecute these as California and/or nationwide cases.  Far from being a comprehensive list of our class action experience, examples of the types of cases we litigate include:


**Employment Class Action Litigation Experience [*Partial List Only*]:**

Brandt, et al. v. California State Automobile Association, et al.
> This wage and hour class action was brought on behalf of all Nevada claims adjusters working for CSAA between January 1997 and the present.  This lawsuit alleged that, during these years, CSAA mis-classified these workers as exempt "administrators" and refused to pay them for overtime hours worked and fraudulently promised to pay them overtime compensation upon settlement of a companion case (*Thomas v. Cal. State Auto. Assoc.*, below).  We served as co-counsel, *pro hac vice*, for the proposed class of employees in this matter.  This action has settled.

Bulow v. Wells Fargo Investments, LLC
> This matter was filed as a nation-wide class action against Wells Fargo Investments, on behalf of its Financial Consultants to recover overtime pay, compensation for denied meal and rest periods (California only) and reimbursement for business related service and supply expenses (California only). This matter has settled.

Cano, et al. v. United Parcel Service, Inc.
> This wage and hour complex litigation matter involved the alleged mis-classification of overtime non-exempt Operations Management Specialists, Operational Excellence Specialists and/or Industrial Engineering Specialist at this company's California facilities. This action settled in 2004 for $4.5 million.

Chaidez, et al. v. Odwalla, Inc.
> This wage and hour complex litigation matter involved the alleged misclassifica-tion of overtime non-exempt California Route Sales Representatives. We served as primary counsel for this proposed class of employees.  This action has settled.

Chang v. Tower Mart
> Scott Cole & Associates, APC filed this lawsuit, alleging violations of California law for failure to pay overtime to Tower Mart's California store managers.  It is also alleged that the company denied these managers meal and rest periods. This matter has settled.

Chatellier, et al. v. The White House/Black Market Stores Inc.
> This lawsuit involved claims against this retail clothing store for violations of California law for failure to pay overtime to its Store Managers as well as for the alleged denial of meal and rest periods. The settlement achieved in this action represented one of the highest per-workweek wage and hour settlements at the time.

Christman, et al. v. Good Guys, Inc., et al.
> This legal action alleged violations of California law for unpaid overtime wages and for failure to provide rest and meal periods.  In this settled action, we brought claims on behalf of multiple employee classifications.

CKE Overtime Cases
> This class action was brought against fast food chain Carl's Jr. for violations of California's overtime laws on behalf of the company's California restaurant chain Managers. The coordinated litigation settled for up to $9.0 million in 2004.

Dailey, et al. v. Performant Financial Corporation
> Scott Cole & Associates, APC filed this class action in 2010, on behalf of the company's non-exempt employees seeking wages for alleged violations of California law for unpaid overtime and denial of meal and/or rest periods.

Davis, et al. v. American Commercial Security Service, Inc., et al.
> Scott Cole & Associates, APC filed a claim against American Commercial Security Services, Inc. for violations of California law for denial of meal and rest periods toward security guards. The action achieved class certification status in 2009.

Davis, et al. v. Universal Protection Security Systems, Inc., et al.
> Scott Cole & Associates, APC filed a claim in 2009 against Universal Protection Security Systems, Inc. for violations of California law for denial of meal and rest periods toward security guards.

DeNeveu, et al. v. Ross Stores, Inc.
> Scott Cole & Associates, APC filed this class action in December 2009, alleging violations of California law for failure to pay overtime to Ross's salaried Store Manager positions.  It was also alleged that the company denied these managers rest and meal periods.

Despres (Cornn), et al. v. United Parcel Service, Inc.
> This wage and hour class action litigation was brought to remedy violations of meal and rest period regulations on behalf of the company's California ground delivery drivers. We served as co-counsel for the certified class of drivers.  This action settled for $87 million, an unprecedented settlement amount for such claims.

El Hakei v. Godiva Chocolatier, Inc.
> Scott Cole & Associates, APC filed this class action in March 2010, alleging violations of California law for failure to pay overtime wages and denied meal and rest periods to its salaried managers in Godiva Chocolatier boutiques in California.

Escow-Fulton, et al. v. Sports and Fitness Clubs of America
> Scott Cole & Associates, APC filed this class action against this health and fitness company on behalf of the company's California "Group X" Instructors to recover regular and overtime pay, related penalties and un-reimbursed expenses.  The action achieved class certification status in 2009.

Fakhro, et al. v. Turner's Outdoors, Inc, et al.
> This lawsuit alleges violations of California law for failure to pay overtime to the company's California Store Managers. It was also alleged that the company denied these managers rest and meal periods.  The Court granted final approval to a classwide settlement in 2009.

Gilhuly v. Kmart Corporation
> Scott Cole & Associates, APC filed this class action in December 2009, alleging violations of California law for failure to pay wages, including unpaid overtime compensation, to Kmart's Sales Coach, Operations Manager and Merchandise Manager

positions.  It was also alleged that the company denied these managers rest and meal periods.

Grindstaff, et al. v. Kohl's Department Stores, Inc.
    This action alleged violations of California law for failure to pay overtime to assistant store managers. It was also alleged that the company denied its assistant store managers rest and meal periods. This action settled in 2008 for $6 million.

Grootboom, et al. v. Security Industry Specialists, Inc., et al.
    This class action was filed on behalf of the company's California-based security guards to recover unpaid wages and compensation for missed meal and rest periods in violation of California law.  This action settled in 2009.

Holm, et al. v. Borders, Inc., et al.
    Scott Cole & Associates, APC served as counsel for the proposed class against this retail chain for violation of California law for failure to pay Inventory and/or Sales Managers overtime wages.  It was also alleged that the proposed class had been denied rest and meal periods.  This matter settled in 2007 for $3.5 million.

Ingraham v. Orchard Supply Hardware, Corp.
    Scott Cole & Associates, APC filed this matter on behalf of all company employees who were forced to maintain, as a condition of employment, a company-issued uniform. This class action also seeks recovery of unpaid wages, compensation for the improper denial of overtime pay and for missed meal and rest periods. This matter settled in 2008.

Kelly, et al. v. Walgreen Co.
    Scott Cole & Associates, APC filed an action against this retailer on behalf of employees who were allegedly subject to security searches for which they were not compensated, in violation of California law.  Also alleged was that the company denied these employees rest and meal periods. The action settled for $7.5 million. SCA was appointed Lead [settlement] class counsel.

Kullar, et al. v. Foot Locker, Inc.
    This action was brought against this sporting retailer on behalf of California employees who were allegedly forced to purchase shoes of a distinctive color or design as a term and condition of their employment and in violation of state law. The Court approved a $2.0 million settlement that resolved this action.

Kurihara, et al. v. Best Buy Co., Inc.
    We filed an action against this retailer on behalf of employees who were allegedly subject to security searches for which they were not compensated, in violation of California law. Also alleged was that the company denied these employees rest and meal periods. In

2007, the Court certified a class of over 16,000 Best Buy employees. The action settled for $5 million in 2010.

Lyons v. Elephant Bar Restaurant
    Scott Cole & Associates, APC filed an action against this restaurant chain challenging violations of California law for denial of meal and rest periods on behalf of the restaurant's hourly, non-exempt employees.

Mambuki, et al. v. Securitas Security Services USA, Inc., et al.
    Scott Cole & Associates, APC filed a claim against this defendant for violations of California law (for denial of meal and rest periods) on behalf of the company's California-based security guards. This action settled in 2008 for $15 million.

McFann, et al. v. Volt Telecommunications Group, Inc.
    Scott Cole & Associates, APC filed this action on behalf of company field technicians to recover reimbursement for business-related expenses and for unpaid wages.  The Court approved an Arbitration Award entered pursuant to a $3.45 million classwide settlement in 2009.

Menchyk, et al. v. Beverages & More, Inc.
    Scott Cole & Associates, APC filed this action for violations of California law for unpaid overtime wages and for failure to provide meal and rest periods. Although a small putative class (98 class members), it settled for $1.2 million, representing one of the highest per-workweek settlements in California at the time.

Moore, et al. v. Albertsons Inc.
    Scott Cole & Associates, APC filed this action for violations of California's overtime laws on behalf of the company's California Drug Managers. This action settled for $2.35 million, again representing one of highest per-workweek settlements in the state at the time.

Nunez v. AC Square
    Scott Cole & Associates, APC filed this class action on behalf of all California Technicians employed by AC Square (during the applicable claims period) to recover unpaid wages including overtime pay, meal and rest period compensation, related penalties and un-reimbursed expenses.  This action has settled.

O'Brien v. Edward D. Jones & Co., LP.
    We filed a nation-wide (and New York State) class action against this financial securities company on behalf of the company's financial services representatives to recover overtime pay and related penalties.  We served on a Lead Counsel Committee in this action, which settled in 2007 for $19 million.

O'Hara, et al. v. Factory 2-U Stores, Inc.

This class action, filed in 2000, alleged mis-classification of Factory 2-U's California Store Managers and Assistant Store Managers as exempt from overtime pay. In 2001, the Alameda County Superior Court certified two sub-classes (Managers and Assistant Managers) and, in 2002, granted final approval to a settlement of the action for $2 million.

Ramirez, et al. v. The Coca Cola Company, et al.

This is one of two companion actions we prosecuted against this soft drink giant for violations of California's overtime laws.  This action was brought on behalf of over 4,000 hourly workers at the company's bottling, distribution and sales centers who were allegedly forced to work "off-the-clock" for Coca Cola and/or whose time records were ordered modified by the company.  This well-publicized action settled for $12 million and on very favorable terms for the claimants.  We filed the first action on these issues and ultimately worked with co-counsel for the proposed class of workers. The action has settled.

Rowe, et al v. California Commerce Casino, Inc.

Scott Cole & Associates, APC filed a claim against this casino for violations of California law for failure to pay overtime to their dealers. Additionally, it was alleged that the casino demanded that its dealers pay a portion of their wages into a "tip pool" from which the supervisors (who had authority over the dealers) drew extra income. We and our co-counsel have settled the action, in part.

Runnings, et al. v. Dollar Tree Stores, Inc.

This lawsuit alleged violations of California law for failure to pay overtime to Dollar Tree's California store managers. It was also alleged that the company denied these managers rest and meal periods. This lawsuit is the second case we filed against this retailer (the first one having settled several years prior for roughly $8 million) for the same violations. The court granted our class certification motion in 2009.

Schweinsburg v. Paragon Systems, Inc.

Scott Cole & Associates, APC filed a claim in 2009 against Paragon Systems, Inc., for violations of California law for denial of meal and rest periods toward non-exempt security guards. This case has settled.

Thomas, et al. v. Cal. State Auto. Assoc.

Scott Cole & Associates, APC filed this class action litigation on behalf of all California claims adjusters working for CSAA after mid-January 1997.  This lawsuit alleged that, during those years, CSAA mis-classified these workers as exempt "administrators" and refused to pay them for overtime hours worked. This lawsuit settled for $8 million.  We commenced this action and served as co-counsel for the nearly 1,200 claims representatives.

Tierno, et al. v. Rite Aid Corporation

Scott Cole & Associates, APC filed this action against Rite Aid Corporation on behalf of its salaried California Store Managers.  It was alleged that defendant, purportedly the nation's third largest drug store chain, failed to pay overtime to those workers and denied them their meal and rest periods. In 2006, the federal court certified the class in this action, and approved our $6.9 million non-reversionary settlement in 2009.

Torres, et al. v. ABC Security Services, Inc.

Scott Cole & Associates, APC filed this litigation, alleging violations of Cali- fornia law for denial of meal and rest periods on behalf of the company's security guards. This action received class certification status in 2006 and has since settled.

**Other Mass and/or Complex Litigation Experience:**

Baltazar, et al. v. Apple, Inc.

This class action lawsuit was filed on behalf of the millions of purchasers of Apple's iPad tablet computer. Among the claims, the Complaint alleges fraud and violations of applicable false advertising laws arising out of the iPad's tendency to overheat and cease functioning under normal environmental conditions.

Britton, et al. v. Johnson & Johnson, et al.

This false advertising class action lawsuit was filed on behalf of purchasers of Listerine Total Care Anticavity Mouthwash, manufactured by Johnson & Johnson. The Complaint alleges that Listerine is not, in fact, a FDA-approved product for fighting plaque above the gum line and, by advertising it as such, the company has profited from an unfair business practice.

In Re Tosco SFR Litigation

During incidents on April 16, 1997 and, again, on January 7, 1998, the Tosco (old Unocal) Refinery in Rodeo, California released toxic chemicals airborne into the environment. These harmful substances traveled airborne into neighboring communities, seriously affecting the health of citizens and local workers. Our firm served as Lead Counsel in this complex litigation and represented thousands of members of the community in that role. We settled this matter for $2.5 million, the funds from which were disbursed to over 2,000 claimants who participated in the settlement.

In Re Unocal Refinery Litigation

In response to Unocal's 16-day airborne release of chemicals over the County of Contra Costa in 1994, we filed a class action against the corporation on behalf of thousands of victims and thereafter served as one of a handful of firms (among dozens of law firms of record) on the Plaintiffs' Steering Committee. After hard-fought litigation, the matter eventually settled for $80 million.

In Re Westley Tire Fire Litigation

On September 22, 1999, lightning struck and ignited a pile of approximately 7 million illegally stored waste tires in Westley, California, a town about 70 miles east of San Francisco. Over the subsequent five weeks, the fire spewed smoke and carcinogens over a large portion of the State of California. Our firm served as the (sole) Lead and (shared)

Liaison Counsel over a Plaintiffs' Steering/Management Committee in the consolidated actions against the owners and operators of this tire pile and related entities. These cases sought compensation for those individuals and businesses suffering personal and/or property damages as a result of these toxic substances and the fire's fall-out. In 2001, we reached a settlement with one defendant (CMS Generation Co.) for $9 million. In 2003, the Court granted final approval of the settlement.  In 2005, two of the remaining defendants settled for an aggregate amount of roughly $1.4 million.

<u>Onyeige, et al. v. Union Telecard Alliance, LLC, et al.</u>
  Scott Cole & Associates, APC filed an action against Union Telecard Alliance, LLC alleging negligent misrepresentation and for deceptive advertising practices related to the marketing of its pre-paid telephone calling cards. This action settled for approximately $22 million.

<u>Witriol, et al. v. LexisNexis., et al.</u>
  Scott Cole & Associates, APC filed an action against this company for its allegedly-unlawful disclosure of private credit, financial and/or other personal information. This action has settled.


**<u>Notable Appellate Experience:</u>**

<u>Baddie v. Berkeley Farms, Inc.</u> (9th Cir. 1995) 64 F.3d 487
  Case No. No. 93-17187

<u>Dunbar v. Albertson's, Inc.</u> (2006) 141 Cal.App.4th 1422
  First Dist., Division 1, Case No., A111153

<u>Kullar v. Foot Locker Retail, Inc.</u> (2008) 168 Cal.App.4th 116
  Case No. A119697

<u>O'Hara v. Factory 2-U Stores, Inc.</u> (2003) Not Reported in Cal.Rptr.3d, 2003 WL 22451991
  First District, Division 4, Case No. A101452

<u>Taylor v. Park Place Asset Management, et al.</u> (1999)
  First Dist., Division 5, Case No. A086407

<u>Whiteway v. Fedex Kinko's Office and Print Services</u> (9th Cir. 2009) 319 Fed.Appx. 688
  Case No. 07-16696

Scott Cole & Associates, APC //  Class Action Attorneys
1970 Broadway, Ninth Floor //  Oakland, California 94612
Telephone: (510) 891-9800 //  Facsimile: (510) 891-7030 //  Web Site:  www.scalaw.com

Exhibit L



**SOUTHWEST REGION**
**<u>Standards and Expectations</u>**

Kraft Pizza Route Sales Representatives enjoy a certain amount of freedom, similar to managing their own business within a specified geographic territory.  There are always opportunities to open new accounts while properly servicing existing accounts and growing your business.  Our sales force sells, delivers, and merchandises.

Every Rep initially receives up to eight weeks of comprehensive training, depending on the person's needs, learning everything necessary to do the job independently.  From that point forward, our Reps are responsible for the following activities and duties.

**Sales –**
- o Consistently strive to meet or exceed goals within trade.
- o 100% customer participation on all company promotions.
- o Follow up promptly on customer leads and secure all new business opportunities.
- o All customers are to be serviced at regular intervals based on needs (i.e. same day and time each week) $0 - $99 = EOW, $100 - $499 = 1x, $500 - $999 = 2x, and $1,000 + 3x + per week.
- o Consistently strive to meet a min. 95% service level frequency to all customers.  Route frequency must be set by the District Manager with input from the sales rep.  Monitored weekly by DM using the "422" report from the AS400.  All accounts must be recognized in the hand held by either a SALE or SNS.
- o If an account is missed, you must call the Store Manager (within 24 hrs) and reschedule.  Any missed customer must be serviced by Saturday of the same week.
- o All grocery stores are to be serviced a minimum (per scheduled) and more often as needed.  (Stores must be covered on weekends during quality merchandising weeks to minimize out of stocks.)
- o Sales Reps are to communicate with the Frozen Food or Store Manager each time the customer is serviced.
- o All Accounts must have a current "Customer Care" sticker on the back freezer door for quick reference (convenient for your customers to locate).
- o All demo's must be closely monitored during the time the demo's are being run ensuring the customer does not run out of product and minimize any demo concerns (i.e. oven not working, demo person not selling, etc.).
- o Any customer call-in and service problem will be handled immediately either by a customer visit or by a <u>phone call the same day.</u>

**<u>Merchandising</u> –**
- o Upgrading existing  accounts through increased distribution (TDP's) merchandising (TQMP's), theme displays, increased frequency, etc.
  - o All sets must be set to plan with the proper placement of power items, true rows and matching tags.
  - o Strive to continuously grow KPC distribution with new products and existing products where we have distribution voids.  Grow the overall frozen pizza space.

Standards and Expectations
Page –2-

KRAFT-SAL000302

- o   Displays will have multiple varieties following power placement guidelines.  Displays must be built before the ad breaks.
- o   All customers will have door signs, bunker posters, shelf talkers with the product, price and savings clearly written (where possible).
- o   Theme displays will have Company POS (price signs, bunkers posters, rail cards, etc), crepe paper and or balloons to attract customers to the displays.  Specific themed POS must be used when available (i.e. Super Bowl, Halloween, BTS, etc.).
- o   Products must be rotated during each store visit ensuring no out-of-code product.  **OUT-OF-CODE PRODUCT IS NOT ALLOWED IN ANY STORE AND SHOULD BE REMOVED AND DESTROYED.**
- o   Portable freezers must be neat, clean and defrosted at all times (only KPC products allowed).
- o   Products must be merchandised with Suns Up or neatly organized on the shelf for ease of shopping for the consumers.  High velocity items at eye level.
- o   All pizzas must be stood up on the shelf (do not lay them down).
- o   Create appetite appeal.  Shelving must be neat, clean and organized with trays replaced as needed (i.e. dirty, broken, etc) with brand labels applied to the trays.
- o   Keep sets organized with price tags clearly displayed for each variety carried.  (Product must match shelf tag – DO NOT MIX FACINGS).
- o   Products carried must be the suggested high velocity products for the space provided.
- o   Back freezer is not a warehouse.  It must be checked on every visit!
- o   Minimize product abuse.

**Professionalism-**
- o   Route Books must be kept updated and accurate and include the following info:  account name, account number, street address, correct telephone number, current store/frozen manager, service days, complete and accurate directions (using street names and hwy numbers), any special info for ordering, list of authorized products, build to inventories as well as info on back stock needs.  These must be kept in the trucks at all times.
- o   Sales Rep Route Information Books <u>MUST</u> be kept current and in the truck at all times.
- o   Be prepared for vacation.  Have truck full of fuel, post-it-notes on <u>all</u> route cards, truck fully loaded, and build to load sheets for each day.
- o   Vehicle / Co. property maintenance:  Keep trucks and freezers / warehouses clean and organized.  Remember, your truck is a rolling billboard for the company.
- o   Defrost trucks as needed.
- o   Dress Code:  collared shirts, dress slacks (no shorts or jeans) company or sports hats only, no tennis shoes.  Dress For Success!
- o   Maintain proper and professional etiquette at all times in all accounts.
- o   Check voice mail / Audix four times daily.  Morning, noon, before leaving your last and before ending the day.

**Paperwork –**
- o   Remittances mailed daily from a post office.
- o   Manage inventory with minimal variance

Standards and Expectations
Page –3-

- o   Complete an accurate truck inventory weekly.

KRAFT-SAL000303

- o  Complete all additional paper work as required by DM.
- o  Report your mileage as requested by the Region Admin.

**<u>Misc.</u>**

- o  Keep abreast of competitive activity and communicate info to DM
- o  Utilize safe driving techniques
- o  Utilize safe lifting techniques
- o  CDL's and DOT's must be kept current.

**EXPECT THE BEST!**

KRAFT-SAL000304

Exhibit M



Meal & Rest Periods

Supervisor Training – CA

KRAFT-SAL000042

# California ~ Meal & Rest Periods Law

- Salaried non-exempt, hourly, and commissioned employees (referred to as "NE") are entitled to a 30-minute meal period whenever they work over 5 hours in a workday

- NE employees can voluntarily enter into a mutual agreement with the supervisor to waive a meal period if they work no more than 6 hours in a day

- NE employees are entitled to a second 30-minute meal period whenever they work over 10 hours in a workday

- NE employees can voluntarily enter into a mutual agreement to waive the second meal period if they work no more than 12 hours in a day and they do not waive the first meal period

- NE employees must be relieved of all duties during meal periods. If an employer fails to give a required meal period, the employee can recover one hour of pay at their regular rate of pay for each meal period not provided

- NE employees are authorized and permitted to take a 10-minute rest period for each 4 hour work period or major fraction thereof

KRAFT-SAL000043

KRAFT-SAL000044

# Supervisor's Responsibilities

- Review Meal & Rest Periods Policy with employees

- Obtain Acknowledgement Forms

- Review time records bi-weekly
  - Hours worked – eligibility for meal periods
  - Timing and length of meal periods
  - Review inconsistencies

- Discuss irresolvable inconsistencies with Human Resources

- Maintain accurate filing of timesheets

# File Maintenance Process

- Collect bi-weekly timesheets
  - salaried non-exempt - electronically
  - pizza reps and drivers – manually
  - SSRs, Sr. SSRs - provide stamped/addressed envelopes

- Review SalaryPlus bi-weekly
  - SRs, SAs

- Create folder for each employee and file timesheets in chronological order

- Random audit completed by manager and HR

KRAFT-SAL000045

KRAFT-SAL000046

# Communication to Employees

- Kraft Foods Global Inc. and the law require that employees take meal and rest periods during the work day. We have learned that there are inconsistent practices used by our employees for keeping track of when they are taking their appropriate meal periods

- In order to insure that our employees are taking the appropriate meal and rest periods, and in order to have consistent practices, we will have you complete a timesheet which will be turned in bi-weekly (SalaryPlus will utilize tablets)

- To ensure you understand the importance of taking meal and rest periods, you will also need to sign an acknowledgement form



KRAFT-SAL000047

# Employee's Responsibilities

- Take appropriate meal and rest periods in timely fashion

- Mutually agree if not taking the meal period
  - For first meal period if shift does not exceed six hours
  - For second meal period if shift does not exceed twelve hours
  - Note agreement to waive meal period on the timesheet (SalaryPlus to utilize email)

- Accurately report meal periods

- Turn in the timesheet bi-weekly (SalaryPlus utilize tablets)

- Note **any exceptions** in the comment section



# Meal & Rest Periods

Acknowledgement

I recognize that I am obligated to accurately report my time worked, including meal periods I have taken. I understand that:

- I am entitled to a 30-minute meal period whenever I work over 5 hours in a workday;

- I can voluntarily enter into a mutual agreement with my supervisor to waive my meal period if I work no more than 6 hours in a day;

- I am entitled to a second 30-minute meal period whenever I work over 10 hours in a workday;

- I can voluntarily enter into a mutual agreement with my supervisor to waive this second meal period if I work no more than 12 hours in a day and do not waive my first meal period;

- I am authorized and permitted to take a 10-minute rest period for each 4 hour work period or major fraction thereof.

I understand that it is Kraft's policy that all time records be completely accurate and that any falsification of time records may lead to disciplinary action, up to and including termination of employment. I understand that I am required to report to Human Resources any time that I am asked or pressured by any manager or supervisor to provide an inaccurate time report.

_____
Employee Name Printed

_____          _____
Employee Signature                                    Date

KRAFT-SAL000048

# Kraft Foods Employee Time Sheet - 2 Weeks

**Print Name:** _____

**Period Ending:** _____

| DAY OF WEEK | Date (mm/dd/yy) | Start Work Time | Meal 1 Start | Meal 1 End | Waive Meal 1 (Please Initial) Yes | No | Meal 2 Start | Meal 2 End | Waive Meal 2 (Please Initial) Yes | No | End Work Time |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Sunday | | | | | | | | | | | |
| Monday | | | | | | | | | | | |
| Tuesday | | | | | | | | | | | |
| Wednesday | | | | | | | | | | | |
| Thursday | | | | | | | | | | | |
| Friday | | | | | | | | | | | |
| Saturday | | | | | | | | | | | |
| Sunday | | | | | | | | | | | |
| Monday | | | | | | | | | | | |
| Tuesday | | | | | | | | | | | |
| Wednesday | | | | | | | | | | | |
| Thursday | | | | | | | | | | | |
| Friday | | | | | | | | | | | |
| Saturday | | | | | | | | | | | |
| COMMENTS | | | | | | | | | | | |

I certify that the time and hours recorded on this time report accurately and fully reflect all time I have worked during the pay period included on this form. I also certify I took a 30-minute meal period whenever I worked over 5 hours in a workday, and I was authorized and permitted to take a 10-minute rest period for each 4 hour work period or major fraction thereof. I understand I can voluntarily enter into a mutual agreement with my supervisor to waive my meal period if I work no more than 6 hours in a day. I further certify I received a second 30-minute meal period whenever I worked over 10 hours in a workday. I understand I can voluntarily enter into a mutual agreement with my supervisor to waive this second meal period if I work no more than 12 hours in a day and do not waive my first meal period. I have been given the opportunity to correct any inaccuracies in this time report. I understand that any falsification of time records may lead to disciplinary action, up to and including termination of employment, and that it is Kraft's policy that all time records be completely accurate when signed. I understand that I am required to report to Human Resources any time that I am asked or pressured by any manager or supervisor to provide an inaccurate time report.

**Employee Signature:** _____          **Manager Signature:** _____

KRAFT-SAL000049

# Kraft Pizza Company Employee Time Sheet

**Print Name:** _____

**Period Ending:** _____

| DAY OF WEEK | Date (mm/dd/yy) | Start Work Time | Meal 1 Start | Meal 1 End | Waive Meal 1 (Please Initial) Yes | No | Meal 2 Start | Meal 2 End | Waive Meal 2 (Please Initial) Yes | No | End Work Time |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Sunday | | | | | | | | | | | |
| Monday | | | | | | | | | | | |
| Tuesday | | | | | | | | | | | |
| Wednesday | | | | | | | | | | | |
| Thursday | | | | | | | | | | | |
| Friday | | | | | | | | | | | |
| Saturday | | | | | | | | | | | |
| COMMENTS | | | | | | | | | | | |

I certify that the time and hours recorded on this time report accurately and fully reflect all time I have worked during the pay period included on this form. I also certify I took a 30-minute meal period whenever I worked over 5 hours in a workday, and I was authorized and permitted to take a 10-minute rest period for each 4 hour work period or major fraction thereof. I understand I can voluntarily enter into a mutual agreement with my supervisor to waive my meal period if I work no more than 6 hours in a day. I further certify I received a second 30-minute meal period whenever I worked over 10 hours in a workday. I understand I can voluntarily enter into a mutual agreement with my supervisor to waive this second meal period if I work no more than 12 hours in a day and do not waive my first meal period. I have been given the opportunity to correct any inaccuracies in this time report. I understand that any falsification of time records may lead to disciplinary action, up to and including termination of employment, and that it is Kraft's policy that all time records be completely accurate when signed. I understand that I am required to report to Human Resources any time that I am asked or pressured by any manager or supervisor to provide an inaccurate time report.

**Employee Signature:** _____

**Manager Signature:** _____

KRAFT-SAL000050

KRAFT-SAL000051

# Supervisor Acknowledgement

- Accountability is Key
  - Employee
  - Manager

- Cost of not managing may lead into millions of dollars



KRAFT-SAL000052



## Meal & Rest Periods
### Supervisor Acknowledgement

I understand that under California law salaried non-exempt, hourly, and commissioned employees (referred to as "NE") are entitled to meal and rest periods. Specifically:

- NE employees are entitled to a 30-minute meal period whenever they work over 5 hours in a workday;

- NE employees who work no more than 6 hours in a day can voluntarily enter into a mutual agreement with their supervisor to waive this first meal period;

- NE employees are entitled to a second 30-minute meal period whenever they work over 10 hours in a workday;

- NE employees can voluntarily enter into a mutual agreement with their supervisor to waive this second meal period if they work no more than 12 hours in a day and do not waive the first meal period;

- NE employees are authorized and permitted to take a 10-minute rest period for each 4 hour work period or major fraction thereof;

- NE employees are required to follow the Meal & Rest Periods policy.  If they repeatedly violate the Meal & Rest Periods policy, contact Human Resources to review the issues.

I understand I am responsible to review all timesheets bi-weekly to ensure compliance with the Meal & Rest Periods policy.  I also understand that the timesheets will periodically be audited.

I understand that it is Kraft's policy that all time records are completely accurate and that non-compliance of this policy may lead to disciplinary action, up to and including termination of employment.  I understand I am prohibited from asking or pressuring any employee to falsify time records, and that doing so may lead to disciplinary action, up to and including termination of employment.

_____          _____          _____
Employee Name Printed              Employee Signature                Date



Exhibit N

# <u>Frequently Asked Questions</u>
# <u>California  Law Regarding Meal and Rest Periods</u>

## <u>Meal Period</u>

**Q.  What are the basic requirements for meal periods under California law?**

A:  Under California law, employees must be provided with no less than a 30-minute meal period when the work period is more than 5 hours. A second 30-minute meal period is to be provided if the employee works more than 10 hours.

**Q:  Can an employee waive a meal period?   If so, does the employee have to make the request every time or can it be a blanket waiver?**

A: A first meal period can be waived if the employee's work day is not more than 6 hours.    The second meal period can be waived if the work day is not more than 12 hours and the employee has not waived the first meal period.   Any waiver must be by mutual consent of the employer and employee.  A one-time blanket waiver can be used until revoked.

**Q:  Can I take my meal period at the beginning or end of my shift?**

A:  No.  You, as a non-exempt employee, per California Law are required to take a 30-minute uninterrupted meal break after 5 hours of *work* unless your total shift is 6 hours or less.

**Q:  My work schedule is the alternative work week of 4 "10 hour shifts" each week. What breaks and meal periods am I entitled to according to California law? (Logistics)**

A:  Even though you work an alternative work week, you are still entitled to a 30-minute uninterrupted meal period after 5 hours of work and a 10-minute break after 3.5 hours of work.

**Q:  Can I work through my meal period so that I end my work day 30 minutes early?**

A: No, you cannot work through your meal period and leave work early prior to your scheduled quitting time.

KRAFT-SAL000053

## Rest Period

**Q:  What are the basic requirements for rest periods under California law?**

A:  California employees covered by the rest period provisions of the Industrial Welfare Commission Wage Orders must be provided with a 10-minute paid rest period for every 4 hours worked or major fraction thereof. Insofar as is practicable, the rest period should be in the middle of the work period.

**Q:  Must the rest periods always be in the middle of each four-hour work period?**

A:  Rest breaks must be given as close to the middle of the 4 hour work period as is practicable. If the nature or circumstances of the work prevent the employer from giving the break at the preferred time, the employee must still receive the required break, but may take it at another point in the work period.

**Q:  Can I work through both of my rest periods so that I can leave my job 20 minutes early?**

A:  No, you cannot work through your rest period(s) so that you can leave work early or arrive late.

**Q:  (Logistics/Admin) Do I have to stay on the work premises during my rest period?**

A:  Yes, your employer can require that you stay on the premises during your rest period. Since you are being compensated for the time during your rest period, your employer can require that you remain on its premises.

**Q:  Can I have additional rest breaks if I am a smoker?**

A:  No, under California law rest period time is based on the total hours worked daily, and only one 10-minute rest period need be authorized for every 4 hours of work or major fraction thereof.

**Q:  When I need to use the toilet facilities during my work period does that count as my 10-minute rest break?**

A:  No, the 10-minute rest period is not designed to be exclusively for use of toilet facilities. Also, a break of less than 10 minutes to use the toilet does not constitute a rest break.

## Miscellaneous

KRAFT-SAL000054

**Q:  (Admin) - I never had to fill out these timesheets before, why am I doing this now?**

A:   We understand that this is a new process. You work very hard and it's important to take the appropriate meal and rest periods during the day.  The timesheet is a tool to insure you do take those meal periods during the day.

**Q:  (Pizza SR) - I thought that as a commissioned Sales Rep, we were considered Exempt employees. Why are we now being asked to comply with non-exempt oriented policies and procedures?**

A:   We want to be sure that all of our Sales Representatives, including Pizza, are provided with appropriate meal and rest periods.

**Q:   What if I do not submit the timesheets on time or I am inconsistent in submitting the completed forms, what happens?**

A:  If you have a consistent problem with correctly submitting your information, it could lead to disciplinary action.

**Q:   What happens if a manager knows of employees not taking their meals or breaks?**

A:  The manager is responsible for insuring that meal and rest periods are taken. Therefore, it is the manager's responsibility to hold the employee accountable.

KRAFT-SAL000055

Exhibit O



KRAFT-SAL000058

Meal & Rest Periods

Employee Update

5/9/2012

KRAFT-SAL000059

# Update to Meal Periods Tracking

■ New Acknowledgement Form

- To ensure employees understand the importance of taking meal and rest periods, an acknowledgement form will need to be signed.

■ New recording form

- In order to ensure that employees are taking the appropriate meal periods and to remain consistent in our practices, a timesheet will need to be completed and turned in bi-weekly.

■ SalaryPlus users email supervisor when requesting a meal waiver.

KRAFT-SAL000060

# Employee's Responsibilities

- Take appropriate meal and rest periods in timely fashion

- Mutually agree if not taking the meal period
  - For first meal period if shift does not exceed six hours
  - For second meal period if shift does not exceed twelve hours
  - Note agreement to waive meal period on the timesheet (SalaryPlus to utilize email)

- Accurately report meal periods

- Turn in the timesheet bi-weekly (SalaryPlus utilize tablets)

- Note **any exceptions** in the comment section

KRAFT-SAL000061



# Meal & Rest Periods

Acknowledgement

I recognize that I am obligated to accurately report my time worked, including meal periods I have taken. I understand that:

- I am entitled to a 30-minute meal period whenever I work over 5 hours in a workday;

- I can voluntarily enter into a mutual agreement with my supervisor to waive my meal period if I work no more than 6 hours in a day;

- I am entitled to a second 30-minute meal period whenever I work over 10 hours in a workday;

- I can voluntarily enter into a mutual agreement with my supervisor to waive this second meal period if I work no more than 12 hours in a day and do not waive my first meal period;

- I am authorized and permitted to take a 10-minute rest period for each 4 hour work period or major fraction thereof.

I understand that it is Kraft's policy that all time records be completely accurate and that any falsification of time records may lead to disciplinary action, up to and including termination of employment. I understand that I am required to report to Human Resources any time that I am asked or pressured by any manager or supervisor to provide an inaccurate time report.

_____

Employee Name Printed

_____

Employee Signature                    Date

# Kraft Foods Employee Time Sheet - 2 Weeks

**Print Name:** _____

**Period Ending:** _____

| DAY OF WEEK | Date (mm/dd/yy) | Start Work Time | Meal 1 Start | Meal 1 End | Waive Meal 1 (Please Initial) Yes | Waive Meal 1 (Please Initial) No | Meal 2 Start | Meal 2 End | Waive Meal 2 (Please Initial) Yes | Waive Meal 2 (Please Initial) No | End Work Time |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Sunday | | | | | | | | | | | |
| Monday | | | | | | | | | | | |
| Tuesday | | | | | | | | | | | |
| Wednesday | | | | | | | | | | | |
| Thursday | | | | | | | | | | | |
| Friday | | | | | | | | | | | |
| Saturday | | | | | | | | | | | |
| Sunday | | | | | | | | | | | |
| Monday | | | | | | | | | | | |
| Tuesday | | | | | | | | | | | |
| Wednesday | | | | | | | | | | | |
| Thursday | | | | | | | | | | | |
| Friday | | | | | | | | | | | |
| Saturday | | | | | | | | | | | |
| COMMENTS | | | | | | | | | | | |

I certify that the time and hours recorded on this time report accurately and fully reflect all time I have worked during the pay period included on this form. I also certify I took a 30-minute meal period whenever I worked over 5 hours in a workday, and I was authorized and permitted to take a 10-minute rest period for each 4 hour work period or major fraction thereof. I understand I can voluntarily enter into a mutual agreement with my supervisor to waive my meal period if I work no more than 6 hours in a day. I further certify I received a second 30-minute meal period whenever I worked over 10 hours in a workday. I understand I can voluntarily enter into a mutual agreement with my supervisor to waive this second meal period if I work no more than 12 hours in a day and do not waive my first meal period. I have been given the opportunity to correct any inaccuracies in this time report. I understand that any falsification of time records may lead to disciplinary action, up to and including termination of employment, and that it is Kraft's policy that all time records be completely accurate when signed. I understand that I am required to report to Human Resources any time that I am asked or pressured by any manager or supervisor to provide an inaccurate time report.

**Employee Signature:** _____          **Manager Signature:** _____

KRAFT-SAL000062



# Meal & Rest Periods
## Acknowledgement

I recognize that I am obligated to accurately report my time worked, including meal periods I have taken. I understand that:

- I am entitled to a 30-minute meal period whenever I work over 5 hours in a workday;

- I can voluntarily enter into a mutual agreement with my supervisor to waive my meal period if I work no more than 6 hours in a day;

- I am entitled to a second 30-minute meal period whenever I work over 10 hours in a workday;

- I can voluntarily enter into a mutual agreement with my supervisor to waive this second meal period if I work no more than 12 hours in a day and do not waive my first meal period;

- I am authorized and permitted to take a 10-minute rest period for each 4 hour work period or major fraction thereof.

I understand that it is Kraft's policy that all time records be completely accurate and that any falsification of time records may lead to disciplinary action, up to and including termination of employment.  I understand that I am required to report to Human Resources any time that I am asked or pressured by any manager or supervisor to provide an inaccurate time report.


_____
Employee Name Printed


_____          _____
Employee Signature                                              Date

KRAFT-SAL000063

# Kraft Foods Employee Time Sheet - 2 Weeks

**Print Name:** _____

**Period Ending:** _____

| DAY OF WEEK | Date (mm/dd/yy) | Start Work Time | Meal 1 Start | Meal 1 End | Waive Meal 1 (Please Initial) Yes | No | Meal 2 Start | Meal 2 End | Waive Meal 2 (Please Initial) Yes | No | End Work Time |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Sunday | | | | | | | | | | | |
| Monday | | | | | | | | | | | |
| Tuesday | | | | | | | | | | | |
| Wednesday | | | | | | | | | | | |
| Thursday | | | | | | | | | | | |
| Friday | | | | | | | | | | | |
| Saturday | | | | | | | | | | | |
| Sunday | | | | | | | | | | | |
| Monday | | | | | | | | | | | |
| Tuesday | | | | | | | | | | | |
| Wednesday | | | | | | | | | | | |
| Thursday | | | | | | | | | | | |
| Friday | | | | | | | | | | | |
| Saturday | | | | | | | | | | | |
| COMMENTS | | | | | | | | | | | |

I certify that the time and hours recorded on this time report accurately and fully reflect all time I have worked during the pay period included on this form. I also certify I took a 30-minute meal period whenever I worked over 5 hours in a workday, and I was authorized and permitted to take a 10-minute rest period for each 4 hour work period or major fraction thereof. I understand I can voluntarily enter into a mutual agreement with my supervisor to waive my meal period if I work no more than 6 hours in a day. I further certify I received a second 30-minute meal period whenever I worked over 10 hours in a workday. I understand I can voluntarily enter into a mutual agreement with my supervisor to waive this second meal period if I work no more than 12 hours in a day and do not waive my first meal period. I have been given the opportunity to correct any inaccuracies in this time report. I understand that any falsification of time records may lead to disciplinary action, up to and including termination of employment, and that it is Kraft's policy that all time records be completely accurate when signed. I understand that I am required to report to Human Resources any time that I am asked or pressured by any manager or supervisor to provide an inaccurate time report.

**Employee Signature:** _____

**Manager Signature:** _____

KRAFT-SAL000064

Updated 5/9/2012

# Kraft Pizza Company Employee Time Sheet

**Print Name:** _____

**Period Ending:** _____

| DAY OF WEEK | Date (mm/dd/yy) | Start Work Time | Meal 1 Start | Meal 1 End | Waive Meal 1 (Please Initial) Yes | Waive Meal 1 (Please Initial) No | Meal 2 Start | Meal 2 End | Waive Meal 2 (Please Initial) Yes | Waive Meal 2 (Please Initial) No | End Work Time |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Sunday | | | | | | | | | | | |
| Monday | | | | | | | | | | | |
| Tuesday | | | | | | | | | | | |
| Wednesday | | | | | | | | | | | |
| Thursday | | | | | | | | | | | |
| Friday | | | | | | | | | | | |
| Saturday | | | | | | | | | | | |
| COMMENTS | | | | | | | | | | | |

I certify that the time and hours recorded on this time report accurately and fully reflect all time I have worked during the pay period included on this form.  I also certify I took a 30-minute meal period whenever I worked over 5 hours in a workday, and I was authorized and permitted to take a 10-minute rest period for each 4 hour work period or major fraction thereof.  I understand I can voluntarily enter into a mutual agreement with my supervisor to waive my meal period if I work no more than 6 hours in a day.  I further certify I received a second 30-minute meal period whenever I worked over 10 hours in a workday.  I understand I can voluntarily enter into a mutual agreement with my supervisor to waive this second meal period if I work no more than 12 hours in a day and do not waive my first meal period.  I have been given the opportunity to correct any inaccuracies in this time report. I understand that any falsification of time records may lead to disciplinary action, up to and including termination of employment, and that it is Kraft's policy that all time records be completely accurate when signed. I understand that I am required to report to Human Resources any time that I am asked or pressured by any manager or supervisor to provide an inaccurate time report.

**Employee Signature:** _____      **Manager Signature:** _____

Version 7-31-09

2009 - Meal Rest Period Form 3_CA Employee Timesheets-Pizza.xls

KRAFT-SAL000065

Exhibit P



# Meal & Rest Periods
### Acknowledgement

I recognize that I am obligated to accurately report my time worked, including meal periods I have taken. I understand that:

- I am entitled to a 30-minute meal period whenever I work over 5 hours in a workday;

- I can voluntarily enter into a mutual agreement with my supervisor to waive my meal period if I work no more than 6 hours in a day;

- I am entitled to a second 30-minute meal period whenever I work over 10 hours in a workday;

- I can voluntarily enter into a mutual agreement with my supervisor to waive this second meal period if I work no more than 12 hours in a day and do not waive my first meal period;

- I am authorized and permitted to take a 10-minute rest period for each 4 hour work period or major fraction thereof.

I understand that it is Kraft's policy that all time records be completely accurate and that any falsification of time records may lead to disciplinary action, up to and including termination of employment.  I understand that I am required to report to Human Resources any time that I am asked or pressured by any manager or supervisor to provide an inaccurate time report.

_____
Employee Name Printed


_____        _____
Employee Signature                          Date

KRAFT-SAL000063

Exhibit Q

 **Kraft Foods**

Burton L. Reiter
Chief Counsel
Labor and Benefits

September 16, 2005

Mr. Van Bui
U.S. Department of Labor
Employment Standards Administration
Wage & Hour Division
770 The City Drive South, Suite 5710
Orange, CA 92868

      Re:    **Complaint of Joseph J. Reyes**

Dear Mr. Bui:

      You requested certain information from Human Resources Manager Greg Frenette regarding Kraft Pizza Company's ("KPC") Delivery Driver[1] and Delivery Driver Trainee position. As the information you are seeking involves various legal issues, Mr. Frenette forwarded your request me for response. That information, as well as an explanation of the exempt status of the Delivery Drivers and Delivery Driver Trainees, follows.

1.    Requested Information.

      The information you requested is as follows:

- Number of Delivery Drivers in Southern California: 35

- Average Delivery Driver Trainee Salary: $37,700

- Average length of Delivery Driver Trainee program: 4-8 weeks

- The training materials for the Delivery Driver position, including a job description for the position, are attached as Exhibit A. Information on the Delivery Driver Trainee program, in addition to a summary of the Delivery Driver position, is contained below. A recent job posting with the California Job Bank for the Trainee position is enclosed as Exhibit B.

---

[1] The position's actual job title is Route Sales Representative.

KRAFT-SAL000130

Mr. Van Bui
September 16, 2005
Page 2

2.   <u>Summary of Position, Legal Authorities, and Exempt Status Analysis</u>.

Following is a summary of the Delivery Driver position, the relevant legal authorities, and the application of those authorities to the position.

A.   <u>Kraft Pizza Company's Delivery Driver Position</u>.

Kraft Pizza Company Delivery Drivers deliver, sell and merchandise KPC pizza and meat snack products.

The Delivery Driver position has three main areas of responsibility:  service, sales and administrative.  Service includes loading and driving delivery trucks; developing customer rapport; supplying, delivering, rotating, displaying, and pricing product; utilizing promotional materials; scheduling sales, demonstrations, and advertisements; and maintaining both sales and non-sales paperwork.  Sales includes striving to meet or exceed goals in existing accounts; securing participation by current customers in company promotions; seeking new customers; seeking additional business opportunities; and upgrading existing accounts.  Administrative duties include keeping abreast of competitive activities; completing paperwork, including an inventory control system; and maintaining trucks and other equipment.

All pizza deliveries to customers by the Delivery Drivers located in California is produced and shipped from Wisconsin.  The product is ordered in response to actual orders placed by specific customers and shipped to leased warehouses in California where it sits for two to fourteen days before being delivered to the customer for whom it was shipped.  The product is then transported from the warehouse to the customer by the Delivery Drivers.  The product is not modified in any way during this process.

Delivery Drivers earn from approximately $40,000 to over $50,000 per year, entirely in the form of commissions.

The Delivery Driver Trainee program is geared toward hands-on completion of the Delivery Drivers' duties.  Therefore, Delivery Driver Trainees perform the same duties as the Delivery Drivers, as described above.  The enclosed training materials (Exhibit C) show Delivery Driver duties including both delivery and sales functions.  Notably, the training includes instruction on how to complete DOT forms, as Delivery Drivers are subject to DOT regulation.  The training also includes instruction on safe driving, vehicle loading, product delivery, vehicle maintenance, and vehicle inspection and accident reports.  Delivery Driver Trainees receive an annual salary of $37,700, or a weekly salary of $725.00.

KRAFT-SAL000131

Mr. Van Bui
September 16, 2005
Page 3

     B.     <u>Relevant Overtime Exemptions</u>.

         Because Delivery Drivers both drive and sell, they qualify for both the Motor Carrier Act ("MCA") exemption found at 29 U.S.C. § 213(b)(1) and 29 C.F.R. §§ 782 *et seq.* and the outside sales exemption found at 29 U.S.C. § 213(a)(1) and 29 C.F.R. §§ 541.500 *et seq.* However, because the analysis of the applicability of the outside sales exemption is more fact intensive, and because the MCA exemption applies as well, this letter will address only the MCA exemption.  By not explaining the facts which support the outside sales exemption herein, however, KPC does not waive its position as to the applicability of that exemption.

         Under the Fair Labor Standards Act ("FLSA"), employees of a motor carrier are exempt from the federal overtime requirement where the Secretary of Transportation has the power to establish qualifications and maximum hours of service pursuant to the Motor Carrier Act (49 U.S.C. § 31502).  29 U.S.C. § 213(b)(1); 29 C.F.R. §§ 782 et seq.[2]  The FLSA exemption applies to those employees who:

     (1)     Are employed by a carrier whose transportation of passengers or property by motor vehicle is subject to [Secretary of Transportation] jurisdiction under section 204 of the Motor Carrier Act, and

     (2)     Engage in activities of a character directly affecting the safety of operation of motor vehicles in the transportation on the public highways of passengers or property in interstate or foreign commerce within the meaning of the Motor Carrier Act.

29 C.F.R. § 782.2.

---

[2]     Under the FLSA exemption, it is immaterial whether the Secretary of the Department of Transportation ("DOT") has exercised the power to regulate under the MCA.  As long as the DOT <u>can</u> regulate an employee's minimum qualifications and maximum hours of service, the Secretary of the Department of Labor ("DOL") cannot regulate with respect to overtime.  29 C.F.R. § 782.1(a); <u>Levinson v. Spector Motor Service</u>, 330 U.S. 649, 91 L. Ed. 1158 (1947); <u>Friedrich v. U.S. Computer Services</u>, 974 F.2d 409, 416 (3d Cir. 1992); <u>Martin v. Coyne Int'l Enterprises, Corp.</u>, 966 F.2d 61 (2d Cir. 1992).  KPC is in fact treating Delivery Drivers as regulated by the DOT (they complete DOT time logs, are subjected to DOT drug testing requirements, etc.)

KRAFT-SAL000132

Mr. Van Bui
September 16, 2005
Page 4

       Generally, three requirements must be met in order to qualify for the exemption: (1) the employer must be a carrier, such as a motor private carrier, subject to the MCA;[3] (2) the employees must be engaged in activities of a character directly affecting the safety of operation of a motor vehicle; and (3) the transportation must be in interstate or foreign commerce.

       You have raised with Mr. Frenette the issue of whether the Delivery Drivers are engaged in interstate or foreign commerce.  It is my understanding that you informed Mr. Frenette, incorrectly, that they are not.

       Interstate commerce exists where a driver is crossing state lines, or where a driver's travel within a single state is part of "trade, traffic, or transportation originating or terminating outside the state or the United States."  49 C.F.R. § 390.5.  *See also* 29 C.F.R. § 782.7.

       If goods being transported solely within a state originated from outside that state, the travel will be considered interstate commerce where the goods are part of a "continuous movement in interstate commerce."  *See Shew v. Southland Corp. (Cabell's Dairy Div.)*, 370 F.2d 376, 380 (5th Cir. 1966).  The focus is on the "essential character of the commerce, manifested by [the] shipper's fixed and persisting transportation intent at the time of the shipment, and is ascertained from all of the facts and circumstances surrounding the transportation."  *Burlington Northern, Inc. v. Weyerhaeuser Co.*, 719 F.2d 304, 308 (9th Cir. 1983) (*quoting Southern Pac. Transp. Co. v. I.C.C.*, 565 F.2d 615, 617 (9th Cir. 1977) (emphasis in original)).

       For interstate commerce to be found, two requirements must be met.  First, the shipper must know that goods being shipped to a warehouse in a different state will be delivered to specific customers within that state.  *Klitzke v. Steiner Corp.*, 110 F.3d 1465, 1469 (9th Cir. 1997) (route salespeople delivering products solely within the State of Oregon were delivering products in interstate commerce where more than 50 percent of the items being delivered were received from out-of-state in response to orders placed by the salespeople for specific in-state

---

[3]    Under the MCA, a "motor private carrier," is defined as:

    [A] person, other than a motor carrier, transporting property by motor vehicle when:
    (A) the transportation is [in interstate commerce] as provided in [49 U.S.C. § 13501];
    (B) the person is the owner, lessee, or bailee of the property being transported; and
    (C) the property is being transported for sale, lease, rent, or bailment or to further a
        commercial enterprise. 49 U.S.C. § 13102(13).

KRAFT-SAL000133

Mr. Van Bui
September 16, 2005
Page 5

customers).  While most courts have held the out of-state shipper does not need to know the identity of the final customer at the time of shipment, the out-of-state shipper must know that the products are destined to move beyond a warehouse to a final customer within that state at the time of shipment.  *See Bilyou v. Dutchess Beer Distribs.*, 2001 U.S. Dist. LEXIS 3342 (S.D.N.Y. Mar. 9, 2001), *aff'd, Bilyou v. Dutchess Beer Distribs.*, 300 F.3d 217 (2d Cir. N.Y. 2002); Beggs v. Kroger Co., 167 F.2d 700 (8th Cir. 1948).  For example, pre existing orders pursuant to a requirement or supply contract have been found to qualify as continuous movement in interstate commerce.  *See Foxworthy v. Hiland Dairy Co.*, 997 F.2d 670 (10th Cir. 1993).

Second, the goods must not "come to rest" at an in-state warehouse before being shipped to customers within the state.  Goods will "come to rest" if they remain at the warehouse for long periods of time or are processed or commingled with other products such that the goods lose their original identity.  *Texas v. United States*, 866 F.2d 1546, 1556 (5th Cir. 1989) (carpet manufactured in Georgia did not come to rest in Texas warehouse where carpet was marked "storage-in-transit" and "was not processed or commingled in any way to cause it to lose the identity it had when it left [Georgia]"); *Kline v. Wirtz*, 373 F.2d 281 (5th Cir. 1967) (interstate movement ceased when meat from Iowa delivered to storage/processing plant in Florida was boned, trimmed and cut before delivery to customers within Florida).

The MCA does not define what type of "property" must be transported for the exemption to apply.  However, the DOL has taken the position that it will find the DOT has jurisdiction when "the transportation of property, regardless of its bulk or weight, is the primary purpose of an interstate trip by a private carrier, or if the transportation of such property is a distinct and definite reason for the trip along with the transportation of persons."  *Friedrich v. U.S. Computer Services*, 974 F.2d 409, 417 (3d. Cir. 1992) (*quoting* DOL Field Operations Handbook at 24a05(c)).

It appears one of your concerns with the Delivery Driver Trainee position is that the Trainees are not driving all the time.  However, it is not necessary that they do so.  The DOL's Fact Sheet No. 019, "The Motor Carrier Exemption Under the Fair Labor Standards Act,"[4] provides that an employee who performs work in interstate commerce will be covered by the motor carrier exemption for a four month period following interstate commerce work. Specifically, the Fact Sheet No. 019 states as follows:

Where safety affecting employees have not made an actual trip [in interstate commerce], they may still be subject to DOT's jurisdiction if:

---

[4]   Fact Sheet No. 019 can be found at: http://www.dol.gov/esa/regs/compliance/whd/whdfs19.htm and is attached as Exhibit D.

KRAFT-SAL000134

Mr. Van Bui
September 16, 2005
Page 6

(1)  the employer is shown to have an involvement in interstate commerce and;

(2)  it can be established that the employee could have, in the regular course of employment, been reasonably expected to make an interstate journey or could have worked on the motor vehicle in such a way to be safety affecting.

Satisfactory evidence of the above could take the form of statements from the employees, or documentation from the employer, such as employee agreements.  Where such evidence is developed with regard to an employee, **the DOT will assert jurisdiction over that employee for a four (4) month period beginning with the date he/she could have been called upon to, or actually did, engage in the carrier's interstate activities. Thus, such employee(s) would be exempt under Section 13(b)(1) [of the FLSA] for the same four-month period,** notwithstanding references to the contrary in Regulations, 29 C.F.R. § 782.2.

Both factors at issue here, the interstate commerce requirement and the four month coverage rule, have been confirmed in opinion letters from the United States Department of Transportation ("DOT") and Department of Labor ("DOL").

In October 2001, the DOT confirmed that "drivers operating entirely within one state, but transporting cargo that is an interstate commerce," can be engaged in interstate commerce if the essential character of the movement, manifested by the shippers' fixed and persisting intent at the time of the shipment, shows that the transportation is indeed interstate. (*See* Exhibit E.)

In August 2004, the DOL considered sales representatives who were somewhat similar to KPC's Delivery Drivers, but did not transport product.  The sales representatives at issue were not responsible for delivering their employer's products to the stores, but instead incidentally carried "various job-related items necessary for the performance of the job," such as display rack parts and promotional materials.  The DOL nevertheless concluded (1) that because the property they were transporting crossed state lines, they were exempt from the FLSA's overtime requirements based on the MCA exemption, and (2) that the four month coverage rule mentioned above applied.  (*See* Exhibit F.)

Finally, the DOL recently issued a published opinion letter regarding the MCA exemption.  A January 2005 letter again addresses drivers who "transport products over the last leg of their journey and do not drive across a state line."  Again, the DOL confirmed that "[t]here

KRAFT-SAL000135

Mr. Van Bui
September 16, 2005
Page 7

is no question that [the interstate] requirement is satisfied under the MCA and section 13(b)(1) for the interstate leg of the trip when the out-of-state shipper designates a final destination of the goods at the time of shipment." (*See* Exhibit G.)

Thus, the DOL has confirmed not only that the intrastate transportation of products moving in interstate commerce can satisfy the interstate commerce requirement of the MCA exemption, but also that employees need not drive in interstate commerce every day in order to qualify; instead, there is a four month coverage rule for employees who could be called upon to make such a trip.

C.   Applicability of the MCA Exemption to KPC's Delivery Drivers and Delivery Driver Trainees.

As discussed above, there are three basic requirements for the federal motor carrier exemption:  (1) the employer must be a carrier, such as a motor private carrier, subject to the MCA; (2) the employee must be engaged in activities of a character directly affecting the safety of operation of a motor vehicle; and (3) the transportation must be in interstate or foreign commerce.

KPC is a motor private carrier; it is transporting product it owns, in interstate commerce, for sale.

Likewise, Delivery Drivers and Delivery Driver Trainees are performing "safety-affecting activities" within the meaning of the MCA.

Finally, Delivery Drivers and Delivery Driver Trainees are transporting goods in interstate commerce.  The pizza delivered by the Pizza Delivery Drivers and Delivery Driver Trainees is ordered from out of state for specific customers, comes to rest for a maximum of fourteen days before being distributed to those customers, and is not modified during that time. This system satisfies the requirement that the goods being transported were shipped in interstate commerce.  The Delivery Driver Trainees are engaged in the same work; consequently, their travel qualifies as interstate as well.

With regard to the applicability of the DOL's four month coverage rule discussed above, KPC does have an involvement in interstate commerce, and Delivery Drivers and Delivery Driver Trainees could be reasonably expected to transport product in interstate commerce or otherwise perform safety-affecting activities.  Therefore, this rule should be applicable, and the Delivery Driver Trainees should be covered by the MCA exemption during their entire four to eight week training program.

KRAFT-SAL000136

Mr. Van Bui
September 16, 2005
Page 8

3.      <u>Conclusion</u>.

        We believe this letter will provide you all the information you need regarding
KPC's Delivery Driver position, the Delivery Driver Trainee program, and the applicability of
the MCA exemption.  However, please let me know if you have any additional questions or if we
can provide any additional information.

                                        Very truly yours,

                                        Burton L. Reiter

cc: Greg Frenette
Enclosures

KRAFT-SAL000137

Mr. Van Bui
September 16, 2005
Page 9

bcc:    Guy N. Halgren, Esq.
        Samantha D. Hardy, Esq.

KRAFT-SAL000138