Matthew R. Bainer, Esq. (S.B. #220972)
Molly A. DeSario, Esq. (S.B. #230763)
Hannah R. Salassi, Esq. (S.B. #230117)
**SCOTT COLE & ASSOCIATES, APC**
1970 Broadway, Ninth Floor
Oakland, California 94612
Telephone: (510) 891-9800
Facsimile: (510) 891-7030
Email: mbainer@scalaw.com
Email: mdesario@scalaw.com
Email: hsalassi@scalaw.com
Web:   www.scalaw.com

Attorneys for Representative Plaintiff
and the Plaintiff Class

Douglas J. Farmer, Esq. (S.B. #139646)
Michael J. Nader, Esq, (S.B. #200425)
Christopher M. Ahearn, Esq. (S.B. #239089)
**OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.**
Steuart Tower, Suite 1300, One Market Plaza
San Francisco, California  94105
Telephone:     (415) 442-4810
Facsimile:     (415) 442-4870
Email:          douglas.farmer@ogletreedeakins.com
Email:          michael.nader@ogletreedeakins.com
Email:          Chris.ahearn@ogletreedeakins.com

Attorneys for Defendant
KRAFT FOODS GROUP, INC. (erroneously sued as
KRAFT FOODS GLOBAL, INC.)

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GILBERT SALINAS, individually, and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>KRAFT FOODS GLOBAL, INC., and DOES 1 through 100, inclusive,<br><br>Defendants. | Case No. 4:12-cv-02894-JST<br><br>**COLLECTIVE ACTION**<br><br>**STIPULATION AND [PROPOSED] ORDER GRANTING LEAVE TO FILE FIRST AMENDED COMPLAINT** |

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE TOWER BUILDING
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

Representative Plaintiff Gilbert Salinas ("Plaintiff"), individually, and on behalf of all others similarly situated, and defendant Kraft Foods Group, Inc. (erroneously sued as Kraft Foods Global, Inc.) ("Defendant"), by and through their respective counsel of record, hereby agree and stipulate as follows:

**IT IS STIPULATED AND AGREED,** by and between the parties, through their respective attorneys of record and subject to the approval of the Court, to permit the filing of Plaintiff's First Amended Complaint to 1) dismiss the erroneously sued Defendant Kraft Foods Global, Inc., without prejudice and 2) add Defendant Kraft Foods Group, Inc.;

**IT IS FURTHER STIPULATED AND AGREED**, by and between the parties through their respective attorneys of record and subject to the approval of the Court, that the proposed First Amended Complaint in the form attached hereto as Exhibit "A" shall be deemed filed upon this Court's entry of the [Proposed] Order attached hereto.

**IT IS SO STIPULATED.**

Dated: June 11, 2013

**SCOTT COLE & ASSOCIATES, APC**

By:    /s/ Hannah R. Salassi
Hannah R. Salassi, Esq.
Attorneys for the Representative Plaintiffs
and the Plaintiff Class

Dated: June 11, 2013

**OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.**

By:    /s/ Adam J. Karr
Douglas J. Farmer, Esq.
Christopher M. Ahearn, Esq.
Attorneys for Defendant

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE TOWER BUILDING
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

**[PROPOSED] ORDER**

UPON GOOD CAUSE APPEARING, AND PURSUANT TO THE STIPULATION BETWEEN PARTIES, THE COURT HEREBY ORDERS AS FOLLOWS:

~~Leave is hereby granted for Plaintiff to file his First Amended Complaint in the form of Exhibit "A" attached hereto, and shall be deemed filed as of the date of entry of this Order.~~

Salinas may file the proposed Amended complaint, which is attached to this stipulation as Exhibit "A," after this this Stipulation and Order is filed.

IT IS SO STIPULATED AS MODIFIED.

Dated: ___June 11, 2013_____

By: _____



The ...
United ...
Judge Jon S. Tigar

*IT IS SO ORDERED AS MODIFIED*

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE TOWER BUILDING
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9820

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and forgoing document was served on June 13, 2013, to all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system.

DATED: JUNE 11, 2013

SCOTT COLE & ASSOCIATES, APC

By:  /s/ Hannah R. Salassi

Hannah R. Salassi, Esq.
Attorneys for the Representative Plaintiff
and the Plaintiff Class

# EXHIBIT A

1 | Matthew R. Bainer, Esq. (S.B. #220972)
2 | Molly A. DeSario, Esq. (S.B. #230763)
  | Hannah R. Salassi, Esq. (S.B. #230117)
3 | **SCOTT COLE & ASSOCIATES, APC**
  | 1970 Broadway, Ninth Floor
  | Oakland, California 94612
4 | Telephone: (510) 891-9800
  | Facsimile: (510) 891-7030
5 | Email: mbainer@scalaw.com
  | Email: mdesario@scalaw.com
6 | Email: hsalassi@scalaw.com
  | Web:   www.scalaw.com
7 |
8 | Attorneys for Representative Plaintiff
  | and the Plaintiff Class

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| GILBERT SALINAS, individually, and on behalf of all others similarly situated, | Case No. 4:12-cv-02894-JST |
| Plaintiff, | **COLLECTIVE ACTION** |
| vs. | **FIRST AMENDED COMPLAINT FOR DAMAGES, INJUNCTIVE RELIEF, AND RESTITUTION** |
| KRAFT FOODS GROUP, INC., and DOES 1 through 100, inclusive, | |
| Defendants. | **[DEMAND FOR JURY TRIAL]** |

Representative Plaintiff alleges as follows:

**PRELIMINARY STATEMENT**

1.     This is a class action, brought on behalf of Gilbert Salinas (hereinafter "Representative Plaintiff") and all other persons similarly situated ("Class Members") who are or were employed as a Route Salesperson by defendant Kraft Foods Group, Inc. ("Defendant" and/or "Kraft Foods") in the State of California within the applicable class period. The Representative Plaintiff, on behalf of himself and the Class Members, seeks unpaid wages,

including unpaid overtime compensation, compensation for missed meal and rest periods, interest thereon and other penalties, injunctive and other equitable relief, and reasonable attorneys' fees and costs under, *inter alia*, Title 8 of the California Code of Regulations, California Business and Professions Code §§ 17200, *et seq.*, California Code of Civil Procedure § 1021.5, and various provisions of the California Labor Code.

2.      The Class Period is designated as the time from April 25, 2008 through the date of trial, based upon the allegation that the violations of California's wage and hour laws, as described more fully below, have been ongoing throughout that time.

3.      During the Class Period, Defendant has had a consistent policy of (1) permitting, encouraging and/or requiring its allegedly overtime-exempt salaried route salespersons, including the Representative Plaintiff and Class Members, to work in excess of eight hours per day and in excess of forty hours per week without paying them overtime compensation as required by California's wage and hour laws, (2) unlawfully failing to provide the Representative Plaintiff and Class Members statutorily-mandated meal and rest periods; and (3) willfully failing to provide the Representative Plaintiff and the Class Members with accurate semi-monthly itemized wage statements reflecting the total number of hours worked, the applicable deductions, and the applicable hourly rates in effect during the pay period.

4.      In addition, Representative Plaintiff alleges that Defendant has had a consistent policy of willfully failing to pay compensation (including unpaid overtime) in a prompt and timely manner to Representative Plaintiff and other Class Members whose employment with Defendant has terminated.

## **INTRODUCTION**

5.      Kraft Foods is a publically traded company on the New York Stock Exchange and is purportedly the second largest food company in the world with annual revenues of over forty-nine billion dollars.

6.      Kraft Foods operates numerous manufacturing facilities worldwide and in California, including the one in which Representative Plaintiff worked as a route salesperson.

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE WACHOVIA TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
1970 BROADWAY, NINTH FLOOR
THE WACHOVIA TOWER
OAKLAND, CA 94612
TEL: (510) 891-9800

The Representative Plaintiff is informed and believes and, on that basis, alleges that within the Class Period, Defendant employed numerous individuals in California in recent years who occupied route salesperson positions at Kraft Foods locations in California, employment positions which did not, and currently do not, meet any known test for exemption from the payment of overtime wages and/or the entitlement to meal or rest periods.

7.      Despite actual knowledge of these facts and legal mandates, Defendant has and continues to enjoy an advantage over its competition and a resultant disadvantage to its workers by electing not to pay premium (overtime, meal and rest period wages) and/or "penalty" (a.k.a. "waiting time") wages to its route salespersons at its California locations.

8.      Representative Plaintiff is informed and believes and, based thereon, alleges that officers of Kraft Foods knew of these facts and legal mandates yet, nonetheless, repeatedly authorized and/or ratified violation of the laws cited herein.

9.      Despite Defendant's knowledge of Class Members' entitlement to overtime pay and meal and/or rest periods for all applicable work periods, Defendant failed to provide the same, in violation of California state statutes, the applicable California Industrial Welfare Commission Wage Order, and Title 8 of the California Code of Regulations. This action is brought to redress and end this long-time pattern of unlawful conduct once and for all.

## JURISDICTION AND VENUE

10.      This Court has jurisdiction over the Representative Plaintiff's and Class Members' claims for unpaid wages and/or penalties under, *inter alia,* the applicable California Industrial Welfare Commission Wage Order, Title 8 of the California Code of Regulations, California Labor Code §§ 201-203, 226, 226.7, 406, 510, 512, 1174, 1194, 1198, 2699, 2800, 2802, and California Code of Civil Procedure § 1021.5.

11.      This Court also has jurisdiction over Representative Plaintiff's and Class Members' claims for injunctive relief and restitution of ill-gotten benefits arising from Defendant's unfair and/or fraudulent business practices under California Business & Professions Code § 17200, *et seq.*

12.     Venue as to Defendant is proper in this judicial district, pursuant to California Code of Civil Procedure § 395(a). Defendant maintains locations within San Francisco County, transacts business, has agents, and is otherwise within this Court's jurisdiction for purposes of service of process. The unlawful acts alleged herein have a direct effect on the Representative Plaintiff and those similarly situated within the State of California and County of San Francisco.

## PLAINTIFF

13.     Plaintiff Gilbert Salinas is a natural person and was, during the relevant time period identified herein, employed by Defendant as a route salesperson at one or more of Defendant's California locations.

14.     As used throughout this Complaint, the term "Class Members" refers to the Representative Plaintiff herein as well as each and every person eligible for membership in the class of persons as further described and defined herein.

15.     At all times herein relevant, the Representative Plaintiff was and is now a person within the class of persons further described and defined herein.

16.     The Representative Plaintiff brings this action on behalf of himself and as a class action, pursuant to California Code of Civil Procedure § 382, on behalf of all persons similarly situated and proximately damaged by the unlawful conduct described herein.

## DEFENDANT

17.     At all times herein relevant, Kraft Foods was a corporation, duly licensed, located and doing business in, but not limited to, the County of San Francisco, in the State of California.

18.     Representative Plaintiff is informed and believes and, on that basis, allege that Defendant has, and does, directly and/or indirectly employ and/or exercise control over the wages, hours and working conditions of the Representative Plaintiff and the Class Members.

19.     Those defendants identified as Does 1 through 100, inclusive, are and were, at all relevant times herein-mentioned, officers, directors, partners, and/or managing agents of some or each of the remaining defendants. Representative Plaintiff is informed and believes and, on that

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE WACHOVIA TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE WACHOVIA TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

basis, alleges that at all relevant times herein mentioned, defendants Kraft Foods and those identified as Does 1 through 100, inclusive, employed, and/or exercised control over the wages, hours, and/or working conditions of the Representative Plaintiff and Class Members at numerous California locations as identified in the preceding paragraph.

20.     The Representative Plaintiff is unaware of the true names and capacities of those defendants sued herein as Does 1 through 100, inclusive and, therefore, sue these defendants by such fictitious names. The Representative Plaintiff will seek leave of court to amend this Complaint when such names are ascertained. The Representative Plaintiff is informed and believes and, on that basis, alleges that each of the fictitiously-named defendants was responsible in some manner for, gave consent to, ratified, and/or authorized the conduct herein alleged and that the Representative Plaintiff's and Class Members' damages, as herein alleged, were proximately caused thereby.

21.     Representative Plaintiff is informed and believes and, on that basis, alleges that, at all relevant times herein mentioned, each of the defendants was the agent and/or employee of each of the remaining defendants and, in doing the acts herein alleged, was acting within the course and scope of such agency and/or employment.

## CLASS ACTION ALLEGATIONS

22.     Representative Plaintiff brings this action individually and as a class action on behalf of all persons similarly situated and proximately damaged by Defendant's conduct including, but not necessarily limited to, the following Plaintiff Class:

> "All persons who were employed as route salespersons by Defendant in one or more of its Kraft Foods locations in California at any time on or after April 25, 2008"

23.     Defendant, its officers and directors are excluded from the Plaintiff Class.

24.     This action has been brought and may properly be maintained as a class action under California Code of Civil Procedure § 382 because there is a well-defined community of interest in the litigation and the proposed Class is easily ascertainable:

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE WACHOVIA TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

a.  <u>Numerosity:</u> A class action is the only available method for the fair and efficient adjudication of this controversy. The members of the Plaintiff Class are so numerous that joinder of all members is impractical, if not impossible, insofar as Representative Plaintiff is informed and believes and, on that basis, alleges that there are sufficient Class Members to meet the numerosity requirement. Membership in the Class will be determined upon analysis of employee and payroll, among other, records maintained by Defendant.

b.  <u>Commonality:</u> The Representative Plaintiff and the Class Members share a community of interests in that there are numerous common questions and issues of fact and law which predominate over any questions and issues solely affecting individual members, including, but not necessarily limited to:

1)  Whether Defendant violated IWC Wage Order and/or California Labor Code § 510 by failing to pay overtime compensation to its route salespersons who worked in excess of forty hours per week and/or eight hours per day;

2)  Whether Defendant violated California Business and Professions Code § 17200, *et seq.* by failing to pay overtime compensation to its route salespersons who worked in excess of forty hours per week and/or eight hours per day;

3)  Whether Defendant violated California Labor Code § 1174 by failing to keep accurate records of employees' hours of work;

4)  Whether Defendant violated California Labor Code §§ 201-203 by failing to pay overtime wages due and owing at the time that certain Class Members' employment with Defendant terminated;

5)  Whether Defendant violated California Labor Code § 226 by failing to provide the semimonthly itemized statements to Class Members of total hours worked by each and all applicable hourly rates in effect during the pay period;

6)  Whether Class Members are entitled to "waiting time" penalties, pursuant to California Labor Code § 203; and

c.  <u>Typicality:</u> The Representative Plaintiff's claims are typical of the claims of Class Members. The Representative Plaintiff and Class Members sustained damages arising out of and caused by Defendants' common course of conduct in violation of law, as alleged herein.

d.  <u>Superiority of Class Action:</u> Since the damages suffered by individual Class Members, while not inconsequential, may be relatively small, the expense and burden of individual litigation by each member makes or may make it impractical for Class Members to seek redress individually for the wrongful conduct alleged herein. Should separate actions be brought, or be required to be brought, by each individual Class Member, the resulting multiplicity of lawsuits would cause undue hardship and expense for the Court and the litigants. The prosecution of separate actions would also create a risk of inconsistent rulings which might be dispositive of the interests of other Class Members who are not parties to the adjudications

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE WACHOVIA TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

1  and/or may substantially impede their ability to adequately protect their interests.

2  e.  Adequacy of Representation: The Representative Plaintiff in this class action is an adequate representative of the Plaintiff Class in that the

3  Representative Plaintiff's claims are typical of those of the Plaintiff Class and the Representative Plaintiff has the same interest in the litigation of

4  this case as the Class Members. The Representative Plaintiff is committed to vigorous prosecution of this case and has retained competent counsel

5  who are experienced in conducting litigation of this nature. The Representative Plaintiff is not subject to any individual defenses unique

6  from those conceivably applicable to Class Members as a whole. The Representative Plaintiff anticipates no management difficulties in this

7  litigation.

8

9  **COMMON FACTUAL ALLEGATIONS**

10  25.  As described herein, for years Defendant has knowingly failed to adequately

11  compensate those employees within the class definition identified above for all wages earned

12  (including premium wages such as overtime wages and/or compensation for missed meal and/or

13  rest periods) under the California Labor Code and the applicable IWC Wage Order, thereby

14  enjoying a significant competitive edge over other retailers.

15  26.  Defendant has declined to pay these wages, even upon a Class Member's

16  termination or resignation from employment, in blatant violation of California Labor Code § 201

17  and/or § 202.

18  27.  California Labor Code §§ 201 and 202 require Defendant to pay severed

19  employees all wages due and owed to the employee immediately upon discharge or within 72

20  hours of resignation of their positions, in most circumstances. California Labor Code § 203

21  provides that an employer who willfully fails to timely pay such wages must, as a penalty,

22  continue to pay the subject employees' wages until the back wages are paid in full or an action is

23  commenced, and the payment of such penalty shall continue for a period of time up to 30 days.

24  28.  Furthermore, despite its knowledge of the Representative Plaintiff and the Class

25  Members' entitlement to compensation for all hours worked, Defendant violated California

26  Labor Code § 1174(d) by failing to provide or require the use, maintenance, or submission of

27  time records by members of the class. Defendant also failed to provide the Representative

28  Plaintiff and Class Members with accurate semimonthly itemized statements of the total number

of hours worked by each, and all applicable hourly rates in effect, during the pay period, in violation of California Labor Code § 226. In failing to provide the required documents, Defendant has not only failed to pay its workers the full amount of compensation due but the company has also, until now, effectively shielded itself from its employees' scrutiny by concealing the magnitude and financial impact of its wrongdoing that such documents might otherwise have led workers to discover.

29.     Representative Plaintiff and all persons similarly situated are entitled to unpaid compensation, yet, to date, have not received such compensation despite many of the same having been terminated by and/or resigned from Kraft Foods. More than 30 days have passed since certain Class Members have left Defendant's employ.

30.     As a consequence of Defendant's willful conduct in not paying former employees compensation for all hours worked in a prompt and timely manner, certain Class Members are entitled to up to 30 days wages as a penalty under California Labor Code § 203, together with attorneys' fees and costs.

31.     As a direct and proximate result of Defendant's unlawful conduct, as set forth herein, Representative Plaintiff and Class Members have sustained damages, as described above, including compensation for loss of earnings for hours worked on behalf of Defendant, in an amount to be established at trial. As a further direct and proximate result of Defendant's unlawful conduct, as set forth herein, certain Class Members are entitled to recover "waiting time" penalties (pursuant to California Labor Code § 203) and penalties for failure to provide semimonthly statements of hours worked and all applicable hourly rates (pursuant to California Labor Code § 226) in an amount to be established at trial. As a further direct and proximate result of Defendant's unlawful conduct, as set forth herein, Representative Plaintiff and Class Members are also entitled to recover costs and attorneys' fees pursuant to California Labor Code § 1194 and/or California Civil Code § 1021.5 and 1032, among other authorities.

32.     Representative Plaintiff seeks injunctive relief prohibiting Defendant from engaging in the complained-of illegal labor acts and practices in the future. Representative Plaintiff also seeks restitution of costs incurred by Representative Plaintiff and Class Members

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE WACHOVIA TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

under California's Unfair Competition Law. Unless enjoined, Defendant's unlawful conduct will continue unchecked, while Representative Plaintiff and Class Members bear the financial brunt of Defendant's unlawful conduct. As a further direct and proximate result of Defendant's unlawful conduct, as set forth herein, Representative Plaintiff and the Plaintiff Class are also entitled to recover costs and attorneys' fees, pursuant to statute.

33.     Plaintiff has complied, or will comply, with the procedures for bringing suit specified in California Labor Code §2699.3, by letter dated April 25, 2012. Plaintiff gave written notice by certified mail to the Labor and Workforce Development Agency ("LWDA') and Defendant of the specific provisions of the California Labor Code alleged to have been violated, including the facts and theories to support these violations.

## FIRST CAUSE OF ACTION
### UNLAWFUL FAILURE TO PAY OVERTIME WAGES
**(Violation of IWC Wage Order 7 and California Labor Code §§ 510, 1194 and 1198)**

34.     Representative Plaintiff incorporates in this cause of action each and every allegation of the preceding paragraphs, with the same force and effect as though fully set forth herein.

35.     During the Class Period, the Representative Plaintiff and the Class Members worked, on many occasions, in excess of eight hours in a workday and/or 40 hours in a workweek. The precise number of overtime hours will be proven at trial.

36.     During the Class Period, Defendant refused to compensate the Representative Plaintiff and Class Members for all of the overtime wages earned, in violation of the applicable IWC Wage Order and provisions of the California Labor Code.

37.     Moreover, during said time period, many of the Class Members herein were employed by and thereafter terminated or resigned from their positions with Defendant yet were not paid all wages due upon said termination or within 72 hours of said resignation of employment therefrom. Said non-payment of all wages due was the direct and proximate result of a willful refusal to do so by Defendant.

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE WACHOVIA TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE WACHOVIA TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

38.     At all relevant times, Defendant was aware of, and was under a duty to comply with, the overtime provisions of the California Labor Code including, but not limited to, California Labor Code §§510, 1194 and 1198.

39.     California Labor Code §510(a), in pertinent part, provides:

> Any work in excess of eight hours in one workday and any work in excess of 40 hours in any one workweek and the first eight hours worked on the seventh day of work in any one workweek shall be compensated at the rate of no less than one and one-half times the regular rate of pay for an employee.

40.     California Labor Code §1194(a), in pertinent part, provides:

> Notwithstanding any agreement to work for a lesser wage, any employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorneys' fees, and costs of suit.

41.     California Labor Code §1198, in pertinent part, provides:

> The maximum hours of work and the standard conditions of labor fixed by the commission shall be the maximum hours of work and the standard conditions of labor for employees. The employment of any employee for longer hours than those fixed by the order or under conditions of labor prohibited by the order is unlawful.

42.     By refusing to compensate the Representative Plaintiff and Class Members for overtime wages earned, Defendant violated those California Labor Code provisions cited herein as well as the applicable IWC Wage Order(s).

43.     As a direct and proximate result of Defendant's unlawful conduct, as set forth herein, the Representative Plaintiff and the Plaintiff Class have sustained damages, including loss of earnings for hours of overtime worked on behalf of Kraft Foods, in an amount to be established at trial, and are entitled to recover attorneys' fees and costs of suit.

///

///

///

///

///

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
1970 BROADWAY, NINTH FLOOR
THE WACHOVIA TOWER
OAKLAND, CA 94612
TEL: (510) 891-9800

**SECOND CAUSE OF ACTION**
**FAILURE TO PROVIDE MEAL AND REST PERIODS**
**(California Labor Code §§ 226.7 and 512)**

44.　　Representative Plaintiff incorporates in this cause of action each and every allegation of the preceding paragraphs, with the same force and effect as though fully set forth herein.

45.　　At all relevant times, Defendant was aware of and was under a duty to comply with California Labor Code §226.7 and §512.

46.　　California Labor Code §226.7 provides:

　　(a)　　No employer shall require any employee to work during any meal or rest period mandated by an applicable order of the Industrial Welfare Commission.

　　(b)　　If an employer fails to provide an employee a meal period or rest period in accordance with an applicable order of the Industrial Welfare Commission, the employer shall pay the employee one additional hour of pay at the employee's regular rate of compensation for each work day that the meal or rest period is not provided.

47.　　Moreover, California Labor Code §512(a) provides:

An employer may not employ an employee for a work period of more than five hours per day without providing the employee with a meal period of not less than 30 minutes, except that if the total work period per day of the employee is no more than six hours, the meal period may be waived by mutual consent of both the employer and employee. An employer may not employ an employee for a work period of more than 10 hours per day without providing the employee with a second meal period of not less than 30 minutes, except that if the total hours worked is no more than 12 hours, the second meal period may be waived by mutual consent of the employer and the employee only if the first meal period was not waived.

48.　　Sections 11 and 12, respectively, of the applicable IWC Wage Order mandate that employers provide all applicable meal and/or rest periods to non-exempt (including exempt-misclassified) employees.

49.　　Section 11 of the applicable IWC Wage Order provides:

　　(A) No employer shall employ any person for a work period of more than five (5) hours without a meal period of not less than 30 minutes...

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE WACHOVIA TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

(B) An employer may not employ an employee for a work period of more than ten (10) hours per day without providing the employee with a second meal period of not less than 30 minutes…

(C) If an employer fails to provide an employee a meal period in accordance with the applicable provisions of this order, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each workday that the meal period is not provided.

50.    Moreover, Section 12 of the applicable IWC Wage Order provides:

(A) Every employer shall authorize and permit all employees to take rest periods, which insofar as practicable shall be in the middle of each work period. The authorized rest period time shall be based on the total hours worked daily at the rate of ten (10) minutes net rest time per four (4) hours or major fraction thereof ....

(B) If an employer fails to provide an employee a rest period in accordance with the applicable provisions of this order, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each workday that the rest period is not provided.

51.    By failing to consistently provide uninterrupted thirty-minute meal periods within the first five hours of work each day and/or uninterrupted net ten-minute rest periods to Representative Plaintiff and the Class Members, Defendant violated the California Labor Code and applicable IWC Wage Order provisions.

52.    Representative Plaintiff is informed and believes and, on that basis, alleges that Defendant has never paid the one hour of compensation to any Class Members due to its violations of the California Labor Code and applicable IWC Wage Order provisions.

53.    As a direct and proximate result of Defendant's unlawful conduct, as set forth herein, Representative Plaintiff and Class Members have sustained damages, including lost compensation resulting from missed meal and/or rest periods, in an amount to be established at trial.

54.    As a further direct and proximate result of Defendant's unlawful conduct, as set forth herein, certain Class Members are entitled to recover "waiting time" and other penalties, in

1    amounts to be established at trial, as well as recovery of attorneys' fees and costs, pursuant to

2    statute.

3

### THIRD CAUSE OF ACTION
### FAILURE TO PROVIDE ACCURATE ITEMIZED WAGE STATEMENTS
#### (California Labor Code §§ 226 and 1174)

6        55.     Representative Plaintiff incorporates in this cause of action each and every

7    allegation of the preceding paragraphs, with the same force and effect as though fully set forth

8    herein.

9        56.     California Labor Code §226(a) provides:

10           Each employer shall semimonthly, or at the time of each payment
             of wages, furnish each of his or her employees either as a
11           detachable part of the check, draft or voucher paying the
             employee's wages, or separately when wages are paid by personal
12           check or cash, an itemized wage statement in writing showing: (1)
             gross wages earned; (2) total number of hours worked by each
13           employee whose compensation is based on an hourly wage; (3) all
             deductions, provided that all deductions made on written orders of
14           the employee may be aggregated and shown as one item; (4) net
             wages earned; (5) the inclusive date of the period for which the
15           employee is paid; (6) the name of the employee and his or her
             social security number; and (7) the name and address of the legal
16           entity which is the employer.

17       57.     Moreover, California Labor Code §226(e) provides:

18           An employee suffering injury as a result of a knowing and
19           intentional failure by an employer to comply with subdivision (a)
             is entitled to recover the greater of all actual damages or fifty
20           dollars ($50) for the initial pay period in which a violation occurs
             and one hundred dollars ($100) per employee for each violation in
21           a subsequent pay period, not exceeding an aggregate penalty of
             four thousand dollars ($4,000), and is entitled to an award of costs
22           and reasonable attorney's fees.

23       58.     Finally, California Labor Code §1174(d) provides:

24
25           Every person employing labor in this state shall. . . [k]eep, at a
             central location in the state...payroll records showing the hours
26           worked daily by and the wages paid to...employees.... These
             records shall be kept in accordance with rules established for this
27           purpose by the commission, but in any case shall be kept on file for
             not less than two years.

28

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE WACHOVIA TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

59.     Representative Plaintiff seeks to recover actual damages, costs, and attorneys' fees under these provisions on behalf of himself and on behalf of all Class Members.

60.     Defendant has failed to provide timely, accurate itemized wage statements to the Representative Plaintiff and Class Members in accordance with California Labor Code §226. Representative Plaintiff is informed and believes and, on that basis, alleges that none of the statements provided by Defendant accurately reflected actual gross wages earned, net wages earned, or the appropriate deductions of such Class Members.

61.     As a direct and proximate result of Defendant's unlawful conduct, as set forth herein, the Representative Plaintiff and Class Members have sustained damages in an amount to be established at trial, and are entitled to recover attorneys' fees and costs of suit.

### FOURTH CAUSE OF ACTION
### FAILURE TO PAY WAGES ON TERMINATION
### (California Labor Code § 203)

62.     Representative Plaintiff incorporates in this cause of action each and every allegation of the preceding paragraphs, with the same force and effect as though fully set forth herein.

63.     California Labor Code §203 provides that:

> If an employer willfully fails to pay, without abatement or reduction, in accordance with Sections 201 and 202, any wages of an employee who is discharged or who quits, the wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid or until an action therefor is commenced; but the wages shall not continue for more than 30 days.

64.     Representative Plaintiff and numerous Class Members were employed by Kraft Foods during the class period and were thereafter terminated or resigned from their positions, yet they were not paid all premium (overtime) wages due upon said termination or within 72 hours of said resignation of employment therefrom. Said non-payment was the direct and proximate result of a willful refusal to do so by Defendant.

65.     More than thirty days has elapsed since Representative Plaintiff and certain Class Members were involuntarily terminated or voluntarily resigned from Defendant's employ.

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE WACHOVIA TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

66.     As a direct and proximate result of Defendant's willful conduct in failing to pay Representative Plaintiff and said Class Members for all hours worked, Representative Plaintiff and other affected Class Members are entitled to recover "waiting time" penalties of up to thirty days' wages pursuant to California Labor Code §203 in an amount to be established at trial, together with interest thereon, and attorneys' fees and costs.

### FIFTH CAUSE OF ACTION
**UNFAIR BUSINESS PRACTICES UNDER THE UNFAIR COMPETITION ACT**
**(California Business & Professions Code §§ 17200-17208)**

67.     Representative Plaintiff incorporates in this cause of action each and every allegation of the preceding paragraphs, with the same force and effect as though fully set forth herein.

68.     Representative Plaintiff further brings this cause of action seeking equitable and statutory relief to stop Defendant's misconduct, as complained of herein, and to seek restitution of the amounts Defendant acquired through the unfair, unlawful, and fraudulent business practices described herein.

69.     Defendant's knowing conduct, as alleged herein, constitutes an unlawful and/or fraudulent business practice, as set forth in California Business & Professions Code §§ 17200-17208. Specifically, Defendant conducted business activities while failing to comply with the legal mandates cited herein.

70.     Defendant has clearly established a policy of accepting a certain amount of collateral damage, as represented by the damages to the Representative Plaintiff and to Class Members herein alleged, as incidental to its business operations, rather than accept the alternative costs of full compliance with fair, lawful, and honest business practices, ordinarily borne by its responsible competitors and as set forth in legislation and the judicial record.

///
///
///
///

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE WACHOVIA TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

### SIXTH CAUSE OF ACTION
### PRIVATE ATTORNEYS GENERAL ACT CLAIMS
#### (California Labor Code §§ 2699)

71.     Plaintiff incorporates in this cause of action each and every allegation of the preceding paragraphs, with the same force and effect as though fully set forth herein.

72.     California Labor Code § 2699(a) states:

> Notwithstanding any other provision of the law, any provision of this code that provides for a civil penalty to be assessed and collected by the Labor and Workforce Development Agency or any of its departments, divisions, commissions, boards, agencies, or employees, for a violation of this code, may, as an alternative, be recovered through a civil action brought by an aggrieved employee on behalf of himself and other current or former employees...

73.     Plaintiff (and each and every other Class Member) is an "aggrieved employee," as defined by California Labor Code § 2699(c), because he was employed by Defendant and was one of many employees against whom violations of law were committed.

74.     Plaintiff has met and/or will meet all of the requirements set forth in California Labor Code § 2699.3 necessary to maintain a civil action against Defendants for violations of (and/or recovery under) California Labor Code §§ 201-203, inclusive, 226, 226.7, 510, 512, 1174, 1194, 1198, 2800 and/or 2802.

75.     Plaintiff brings this action on behalf of himself and all Class Members alleging violations of the California Labor Code sections cited in the preceding paragraph.

76.     As a direct and proximate result of Defendant's unlawful conduct, as set forth herein, Plaintiff and Class Members have sustained damages, including loss of earnings, in an amount to be established at trial.

77.     As a further direct and proximate result of Defendant's unlawful conduct, as set forth herein, Plaintiff and Class Members are entitled to recover various penalties as provided by California Labor Code § 2699 in an amount to be established at trial, as well as costs and attorneys' fees, pursuant to statute.

///

///

///

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE WACHOVIA TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

**RELIEF SOUGHT**

1.      **WHEREFORE, the Representative Plaintiff**, on behalf of himself and the proposed Plaintiff Class, prays for judgment and the following specific relief against Defendants, and each of them, jointly and separately, as follows:

2.      That the Court declare, adjudge, and decree that this action is a proper class action and certify the proposed Class and/or any other appropriate subclasses under California Code of Civil Procedure § 382;

3.      That the Court declare, adjudge and decree that Defendant violated the overtime provisions of the California Labor Code and the applicable California Industrial Welfare Commission Wage Order as to the Representative Plaintiff and Class Members;

4.      That the Court declare, adjudge, and decree that Defendant willfully violated its legal duties to pay overtime under the California Labor Code and the applicable California Industrial Welfare Commission Wage Orders;

5.      That the Court declare, adjudge, and decree that the Representative Plaintiff and Class Members were, at all times relevant hereto, and are still, entitled to be paid overtime for work beyond eight hours in a day and 40 in a week;

6.      That the Court make an award to the Representative Plaintiff and Class Members of damages and/or restitution for the amount of unpaid overtime compensation, including interest thereon, and penalties in an amount to be proven at trial;

7.      That the Court make an award to the Representative Plaintiff and the Class Members of one hour of pay at each employee's regular rate of compensation for each workday that a meal period was not provided;

8.      That the Court make an award to the Representative Plaintiff and the Class Members of one hour of pay at each employee's regular rate of compensation for each workday that a rest period was not provided;

9.      That the Court make an award to the Representative Plaintiff and Class Members of civil penalties specified in California Labor Code § 2699 for each violation of California Labor Code §§ 201-203, inclusive, 226, 226.7, 510, 512, 1174, 1194 and 1198;

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE WACHOVIA TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

10.    That the Court order Defendant to pay restitution to the Representative Plaintiff and the Class Members due to Defendant's unlawful activities, pursuant to California Business and Professions Code §§17200-17208;

11.    That the Court further enjoin Defendant, ordering it to cease and desist from unlawful activities in violation of California Business and Professions Code §17200, *et seq.*

12.    For all other Orders, findings and determinations identified and sought in this Complaint;

13.    For interest on the amount of any and all economic losses, at the prevailing legal rate;

14.    For reasonable attorneys' fees, pursuant to California Labor Code §1194 and/or California Code of Civil Procedure §1021.5; and

15.    For costs of suit and any and all such other relief as the Court deems just and proper.

Dated: June 11, 2013

**SCOTT COLE & ASSOCIATES, APC**

By:    <u>/s/ Hannah R. Salassi</u>
Hannah R. Salassi, Esq.
Attorneys for the Representative Plaintiffs
and the Plaintiff Class

## JURY DEMAND

Plaintiff and the Plaintiff Class hereby demand trial by jury of all issues triable as of right by jury.

Dated: June 11, 2013

**SCOTT COLE & ASSOCIATES, APC**

By:    <u>/s/ Hannah R. Salassi</u>
Hannah R. Salassi, Esq.
Attorneys for the Representative Plaintiffs
and the Plaintiff Class

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE WACHOVIA TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

First Amended Complaint for Damages, Injunctive Relief and Restitution