1   Matthew R. Bainer, Esq. (S.B. #220972)
    Hannah R. Salassi, Esq. (S.B. #230117)
2   **SCOTT COLE & ASSOCIATES, APC**
    1970 Broadway, Ninth Floor
3   Oakland, California 94612
    Telephone: (510) 891-9800
4   Facsimile:  (510) 891-7030
    Email: mbainer@scalaw.com
5   Email: hsalassi@scalaw.com
    Web: www.scalaw.com
6

7   Attorneys for Representative Plaintiff
    and the Plaintiff Class
8

9                    **UNITED STATES DISTRICT COURT**

10                   **NORTHERN DISTRICT OF CALIFORNIA**

11

12  GILBERT SALINAS, individually, and          )   **Case No. 12-CV-02894-WHO**
    on behalf of all others similarly           )
13  situated,                                   )   **CLASS ACTION**
                                                )
14              Plaintiff,                       )   **DECLARATION OF HANNAH R. SALASSI,**
                                                )   **ESQ. IN SUPPORT OF PLAINTIFF'S**
15  vs.                                          )   **MOTION FOR AN ORDER GRANTING**
                                                )   **FINAL APPROVAL OF CLASS ACTION**
16  KRAFT FOODS GLOBAL, INC., and                )   **SETTLEMENT**
    DOES 1 through 100, inclusive,              )
17                                               )
                                                )
18              Defendants.                      )   **Date:      November 13, 2013**
                                                )   **Time:      2:00 p.m.**
19                                               )   **Dept.:     Courtroom 2, 17th Floor**
                                                )   **Judge:     William H. Orrick**
20                                               )
                                                )
21                                               )
                                                )
22                                               )
                                                )
23                                               )
                                                )
24                                               )
                                                )
25                                               )
                                                )
26                                               )
                                                )
27                                               )
                                                )
28                                               )

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE TOWER BUILDING
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL.: (510) 891-9800

-1-
Declaration of Hannah R. Salassi, Esq. in Support of Plaintiff's Motion for Preliminary Settlement Approval

I, Hannah R. Salassi, do hereby declare as follows:

1.      I am an attorney-at-law, licensed to practice in all jurisdictions of this State, and I am an Associate attorney with the law offices of Scott Cole & Associates, APC ("SCA" or "Class Counsel"), attorneys-of-record for Representative Plaintiff Gilbert Salinas ("Plaintiff") and the Plaintiff Class in the above-entitled action.

2.      I make these statements based on personal knowledge and would so testify if called as a witness at trial. I make this declaration in support of Plaintiff's Motion for Final Approval of Class Action Settlement.

## PROCEDURAL HISTORY AND SETTLEMENT NEGOTIATIONS

3.      On April 25, 2012, Plaintiff, represented by Scott Cole & Associates, APC ("SCA" or "Class Counsel") filed a class action complaint in San Francisco County Superior Court asserting claims on behalf of all route salespersons employed by Defendant in the State of California from April 25, 2008 through the present. The case was removed to the United States District Court, Northern District of California on June 4, 2012.

4.      The parties completed both formal and informal discovery prior to reaching a settlement. SCA reviewed documents produced by Defendant including the route salesperson job description, compensation structure, Defendant's handbook, route training manual, written policies regarding meal and rest periods and timesheets. These documents confirmed Kraft Foods' class-wide employment policy of classifying all Class Members as exempt employees.

5.      Interviews with Class Members indicated they regularly worked more than eight hours per day and more than forty hours per week, never received overtime wages nor received their statutorily mandated meal or rest periods.

6.      In addition to the information outlined above, prior to mediation, Defendant provided Plaintiff with the additional data points needed to complete a damages analysis, including number of Class Members, average wage, number of workweeks and date the business was acquired by Nestle, which ended the Class Period as to Kraft Foods Global, Inc.

7.      On January 8, 2013 Plaintiff and Kraft attended a full day of mediation with experienced mediator Alan Berkowitz at the offices of Judicate West, San Francisco, California.

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE TOWER BUILDING
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

Declaration of Hannah R. Salassi, Esq. in Support of Plaintiff's Motion for Preliminary Settlement Approval

8.      The pre-mediation discovery and informal data exchange allowed Plaintiff to intelligently weigh the theoretical value of the Class Members claims against the likelihood of class certification.

9.      The parties were unable to reach an agreement, but continued negotiations over the following weeks. On or about February 9, 2013, Plaintiff and Defendant finally reached an agreement in principal, and, after several more months of negotiations, by June 7, 2013, all named parties and their respective counsel had executed the Settlement and agreed to its terms.

10.     A true and correct copy of the Settlement Agreement is attached hereto and marked as Exhibit "A."

11.     Class Counsel is of the opinion that this Settlement is within the range of reasonableness and is in the best interest of the Class Members in light of all known facts and circumstances, including the risk of significant delay, defenses asserted by Defendant, and potential appellate issues.

## FAIRNESS AND ADEQUACY OF THE SETTLEMENT AGREEMENT

12.     Class Counsel evaluated the Settlement by weighing the maximum damages available to the class members for their overtime and statutory break claims against the relevant risk factors. These risks included:

- Obtaining certification of a misclassification case is often an uphill battle, meaning the case might never reach the liability phase. Defendant would argue that determining whether Class Members met the criteria for exempt status would require individualized determination.

- In addition, because employers have no obligation to record rest periods, the relative lack of written proof would have diminished the prospect of certifying the claim.

- Even if the case were certified, proving that Defendant knew and/or intended that the requirements of the position would make it impossible for Class Members to spend the majority of their time on exempt work would be a difficult task. The same is true of establishing how often Class Members missed a meal or rest break, and whether Defendant's policies and practices were to blame for Class Members' inability to

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE TOWER BUILDING
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE TOWER BUILDING
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

1  take them. The route sales person job description produced by the Defendant

2  specifically states that route salespersons are responsible for making new sales.

3  • Kraft has a meal and rest break policy that complies with California Law and

4  employees acknowledge receipt of those policies.

5  • Plaintiff's claims could be found to be preempted by the Motor Carrier Act.

6  • The Supreme Court's decision in *Brinker v. Super.Ct.*, 165 Cal. App. 4th 25, 21

7  (2008) helped clarify California meal and rest break law, but held that employers

8  "need only provide [meal breaks] and not ensure they are taken"), meaning Plaintiff

9  would have the burden of showing he and the Class Members were unable to take

10  breaks because the nature of their work precluded it, not because they chose to

11  continue working in order to make more sales, and Defendant knew or should have

12  known that the job requirements had this effect.

13  • Section 203 arguably requires a willful failure to pay wages, and it would be difficult

14  to establish a common policy of paying wages after they are due.

15  • PAGA penalties are discretionary, and there is a lack of published cases giving

16  guidance on applying and approving PAGA awards, decreasing the value of

17  Plaintiff's claims thereunder.

18  13.  The Settlement Administrator's estimated per work week value owed to each class

19  member averages $57.45.

20  14.  Class Counsel's opinion that this settlement represents a fair, adequate, and

21  reasonable result for the class is based on its weighing of the maximum possible recovery against the

22  strengths of the defenses to class certification, liability, and damages as outlined in this declaration.

23  15.  Based thereon, Class Counsel reached the conclusion that the proposed Settlement is

24  in the best interests of the class.

25  **CLASS COUNSEL**

26  16.  Since SCA was founded in 1992, its attorneys have devoted themselves primarily to

27  prosecuting employment law matters and, since 2000, almost exclusively to class actions.  In that

28  time, the firm has litigated a large number of wage and hour class actions dealing with meal and rest

1    break violations, and was one of the first California firms to devote itself so entirely to a wage and

2    hour practice. A true and correct copy of SCA's professional resume is attached hereto as Exhibit

3    "G."

4         17.    SCA's attorneys regularly serve as guest speakers at wage and hour conferences and

5    have written articles on wage and hour class action issues. SCA served as co-counsel in connection

6    with the largest meal and rest period-only settlement in the nation's history (*Cornn/Despres v.*

7    *United Parcel Service, Inc. et al.*, Case No. 3:03-cv-02001 THE (N.D. Cal. 2007) ($87 million)) and

8    has successfully achieved class certification in difficult factual scenarios. *See, e.g., Kurihara v. Best*

9    *Buy*, Case No. C 06-01884 MHP (N.D. Cal. 2007) (49,000+ non-exempt employee class certified for

10   meal/rest period violations due to employee security checks); *Torres v. ABC Security*, Case No.

11   RG04158744 (Alameda County Sup. Ct.) (1,600 person class of security guards working at scores of

12   different work sites).

13        18.    Consistent with the negotiated Settlement Agreement, SCA requests an award of fees

14   equal to 33 1/3% of the Gross Settlement Amount, in light of the risks incurred and benefits

15   procured on behalf of the Settlement Class. Defendant does not oppose this request.

16        19.    From the outset, the prosecution of this case has involved significant financial

17   risks for Class Counsel. SCA undertook this matter solely on a contingent basis, with no guarantee

18   of recovery of fees or even reimbursement of costs, and no guarantee as to the potential duration of

19   this litigation.

20        20.    The time Class Counsel spent on litigation and the settlement process in this case

21   prevented it from pursuing other work at the same hourly rates reflected in the lodestar it submitted

22   here. Indeed, SCA devoted over 700 hours to litigating this action against Defendant.

23        21.    Class Counsel has provided this Court with a summary of its hourly rates (which

24   are scaled in accordance with the degree of specialization, expertise and reputation they bring to this

25   litigation) and hours billed in this matter, which reflect contemporaneous time records kept by all

26   SCA staff throughout the litigation. SCA has reported a total lodestar of roughly $266,837.00.

27        22.    In the course of this litigation, Class Counsel incurred substantial costs in the form of

28   legal and factual research, photocopies, fax, travel, postage and telephone charges, with SCA

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE TOWER BUILDING
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

Declaration of Hannah R. Salassi, Esq. in Support of Plaintiff's Motion for Preliminary Settlement Approval

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE TOWER BUILDING
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL.: (510) 891-9800

1   incurring over $6,397.94 (as of September 16, 2103). SCA will incur additional expenses through

2   the completion of the distribution process including, but not limited to, photocopies, fax, postage and

3   telephone charges.

4   **EXHIBITS**

5       23.        Attached hereto and marked as **Exhibit "A"** is a true and correct copy of the fully

6   executed settlement agreement entitled "Class Action Settlement Agreement and Release of

7   Claims."

8       24.        Attached hereto and marked as **Exhibit "B"** as a true and correct copy of the

9   Declaration of Representative Plaintiff Gilbert Salinas in Support of Plaintiff's Motion for an Order:

10  Granting Final Approval of the Class Action Settlement Agreement.

11      25.        Attached hereto and marked as **Exhibit "C"** is a true and correct copy of Kraft

12  Foods Position Specification for Route Sales Representatives, Bates Nos. KRAFT-SAL000139-140.

13      26.        Attached hereto and marked as **Exhibit "D"** is a true and correct copy of Kraft

14  Foods Meal & Rest Periods Acknowledgment, Bates Nos. KRAFT-SAL000097-102.

15      27.        Attached hereto and marked as **Exhibit "E"** is a true and correct copy of Letter

16  from Kraft's Chief Counsel, Burton L. Reiter to Van Bui from the U.S. Department of Labor, dated

17  September 16, 2005, Bates Nos. KRAFT-SAL000130-138.

18      28.        Attached hereto and marked as **Exhibit "F"** is a true and correct copy of the Due

19  Diligence Declaration of Jacqueline Hitomi.

20      29.        Attached hereto and marked as **Exhibit "G"** is a true and correct copy of SCA's

21  professional resume which outlines some of this firm's experience in complex/class litigation. As

22  this resume demonstrates, SCA has substantial experience prosecuting complex litigation and/or

23  class action lawsuits and is devoted almost exclusively to the prosecution of wage and hour actions

24  such as this.

25      30.        Attached hereto and marked as **Exhibit "H"** is a true and correct copy of SCA's

26  Lodestar Summary Report.

27      31.        Attached hereto and marked as **Exhibit "I"** is a true and correct copy of SCA's

28  Cost Journal.

Declaration of Hannah R. Salassi, Esq. in Support of Plaintiff's Motion for Preliminary Settlement Approval

1    32.    Attached hereto and marked as **Exhibit "J"** is a true and correct copy of the

2  Declaration of Greg Frenette.

3

4    I declare, under penalty of perjury under the laws of the United States and the State of

5  California that the foregoing is true and correct.

6

7    Executed this 9th of October, 2013 at Oakland, California.

8

9                                     /s/ Hannah R. Salassi
                                     Hannah R. Salassi

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE TOWER BUILDING
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL.: (510) 891-9800

Declaration of Hannah R. Salassi, Esq. in Support of Plaintiff's Motion for Preliminary Settlement Approval