Matthew R. Bainer, Esq. (S.B. #220972)
Hannah R. Salassi, Esq. (S.B. #230117)
**SCOTT COLE & ASSOCIATES, APC**
1970 Broadway, Ninth Floor
Oakland, California 94612
Telephone: (510) 891-9800
Facsimile:  (510) 891-7030
Email:  mbainer@scalaw.com
Email:  hsalassi@scalaw.com
Web:     www.scalaw.com

Attorneys for Representative Plaintiff
and the Plaintiff Class

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA, OAKLAND DIVISION

| | |
|---|---|
| GILBERT SALINAS, individually, and on behalf of all others similarly situated, <br><br> Plaintiff, <br><br> vs. <br><br> KRAFT FOODS GLOBAL, INC., and DOES 1 through 100, inclusive, inclusive, <br><br> Defendants. | Case No. 12-CV-02894-WHO <br><br> **CLASS ACTION** <br><br> **[PROPOSED] ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND JUDGMENT OF DISMISSAL WITH PREJUDICE** <br><br> **Date:    November 13, 2013** <br> **Time:    2:00 p.m.** <br> **Room:  9, 19th Floor** <br> **Judge:  Honorable William H. Orrick, III** |

This matter having come before the Court on November 13, 2013, for a hearing on Plaintiff Gilbert Salinas's ("Plaintiff") Motion for an Order: (1) Granting Final Approval of Class Action Settlement Agreement; (2) Awarding Attorneys' Fees and Costs to Class Counsel; (3) Approving Enhancement Award to the Class Representative; (4) Awarding Reimbursement of Claims Administration Fees and Costs; and (5) Entering Judgment of Dismissal with Prejudice, the Court having considered all papers filed and proceedings had herein and otherwise being fully informed and good cause appearing therefore, it is hereby

**ORDERED, ADJUDGED AND DECREED THAT:**

1.    All terms used herein shall have the same meaning as defined in the Kraft Foods Global, Inc. "Wage and Hour" Class Action Settlement Agreement and Release of Claims ("Settlement") submitted to the Court on June 7, 2013 [Docket No. 29-1], unless noted otherwise herein.

2.    Consistent with the definitions provided in the Settlement, the terms "Settlement Class" and "Class Member" shall mean all persons who were employed as route salespersons (defined to include "Sales Associates," "Sales Representatives," and "Sales Trainees") who were employed by Kraft Pizza Company in one or more of its locations in California at any time on or after April 25, 2008 who do not timely submit a valid opt out form consistent with the Claim Process as described in the Settlement.

3.    The Court has jurisdiction over the subject matter of this Action and over all parties to this Action, including all Class Members.

4.    In accordance with the Settlement and this Court's Preliminary Approval Order [Docket No. 43], distribution of the Class Notice directed to the Class Members has been completed, including the individual notice to all Class Members who could be identified through reasonable effort. It is hereby determined that the Notice to Class Members, as disseminated to Class Members in accordance with the provisions of the Preliminary Approval Order, was the best notice practicable under the circumstances to all Class Members. Due and adequate notice of the pendency of this Action and of this Settlement has been provided to Class Members, and this Court hereby finds that the notice program described in the Preliminary Approval Order and completed by the Settlement Administrator complied fully with the requirements of due process, the Federal Rules of Civil Procedure, and all other applicable laws.

5.    The Court hereby approves the settlement terms set forth in the Settlement and finds that the Settlement is, in all respects, fair, adequate and reasonable, and further finds that Plaintiff has satisfied the standards and applicable requirements for final approval of this class action settlement under Rule 23 of the Federal Rules of Civil Procedure. The Court finds that the Settlement has been reached as a result of intensive and non-collusive arm's-length negotiations. The Court further finds that the Parties have conducted extensive and costly investigation and research,

1  and counsel for the Parties were able to reasonably evaluate their respective positions. The Court
2  also finds that settlement at this time will avoid additional substantial costs, as well as the delay and
3  risks that would be presented by the further prosecution of the litigation. The Court has reviewed the
4  benefits that are being granted as part of the Settlement and recognizes their significant value to
5  Class Members. The Court also finds that the Settlement Class is properly certified as a class for
6  settlement purposes only. The parties to the Settlement Agreement are hereby directed to effectuate
7  the Settlement according to its terms.

8      6.     All Class Members are bound by this Final Approval Order and Judgment and by the
9  Settlement Agreement embodied therein, including the releases provided for in the Settlement
10 Agreement and this Order and Final Judgment. As of the Effective Date of Settlement, by operation
11 of the entry of this Order and Final Judgment, each member of the Class, including Plaintiff, shall be
12 deemed to have fully released, waived, relinquished and discharged, to the fullest extent permitted
13 by law, all Released Claims that the Class Member may have against the Releasees.

14     7.     "Releasees" means Defendant and Defendant's present and former parent companies,
15 subsidiaries, shareholders, officers, directors, attorneys, insurers, successors and assigns.

16     8.     "Released Claims" means any and all individual and class claims, debts, liabilities,
17 demands, obligations, penalties, guarantees, costs, expenses, attorneys' fees, damages, action or
18 causes of action of whatever kind or nature, whether known or unknown, that were actually alleged
19 in the Complaint, as well as wage and hour class claims which could have been brought based on the
20 specific factual allegations contained in the Complaint, including, but not limited to any claims
21 under California or Federal law for unpaid wages, unpaid commissions, unpaid overtime, record-
22 keeping violations, paycheck violations, meal period and rest period violations, and "waiting time"
23 penalties, which arose between April 25, 2008 and the date of preliminary approval, inclusive. The
24 Settlement Agreement is intended to include in its effect all claims that were asserted or reasonably
25 could have been asserted in this action, including any so-related claims that each member of the
26 Settlement Class does not know or suspect to exist in his or her favor against Releasees.
27 Consequently, with regard to claims that were brought or that relate to or reasonably could have
28 arisen out of the specific facts alleged in the Complaint, the members of the Settlement Class also

1  waive all rights and benefits afforded by Section 1542 of the Civil Code of the State of California,
2  and do so understanding the significance of that waiver. Section 1542 provides:

3      A general release does not extend to claims which the creditor does not know or
4      suspect to exist in his or her favor at the time of executing the release, which if
5      known by him or her must have materially affected his or her settlement with the
6      debtor.

7      9.    Neither the Settlement nor this Final Approval Order and Judgment is an admission
8  of liability, fault or wrongdoing by Defendant, or any of the Releasees, nor a finding of the validity
9  of any claims in the Action or any violation of law. Neither this Final Approval Order and Judgment,
10 the Settlement, nor any document referred to herein, nor any action taken to carry out the Settlement
11 is, may be construed as, or may be used as, an admission or concession by or against Defendant, or
12 any of the Releasees, of any fault, wrongdoing or liability whatsoever. Neither this Final Order and
13 Judgment, any term or provision of the Settlement Agreement, nor any of the negotiations or
14 proceedings connected with it, shall be offered or received in evidence in any pending or future civil,
15 criminal or administrative action or proceeding, other than such proceedings that may be necessary
16 to consummate or enforce the Settlement Agreement; however, Defendant or any Releasee may use
17 the Settlement Agreement, the exhibits thereto, and/or any related document, in any action that may
18 be brought against them in order to support a defense or counterclaim based on principles of res
19 judicata, collateral estoppel, release, good faith settlement, judgment bar or reduction, accord and
20 satisfaction, or any other theory of claim preclusion or issue preclusion or similar defense or
21 counterclaim.

22     10.    The Court hereby finds the Settlement payments provided for under the Settlement to
23 be fair and reasonable in light of all the circumstances. The Court, therefore, orders the calculations
24 and the payments to be made and administered in accordance with the terms of the Settlement.

25     11.    The Court hereby confirms Scott Cole & Associates, APC as Class Counsel in this
26 Action.

27 **IT IS FURTHER ORDERED THAT:**

28

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE TOWER BUILDING
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

-4-
[Proposed] Final Order and Judgment

12. The Court hereby finds that Class Counsel have adequately represented the interests of the Class at all times in this action. An award of attorneys' fees of $299,700 is hereby approved and awarded to Class Counsel as provided for in the Settlement.

13. The Court finds that the amount of this award is supported by the application of the percentage fee method for awarding reasonable attorneys' fees. The award of attorneys' fees is equal to 33 1/3% of the total value of the common benefit created for the Class ("Gross Settlement Fund").

14. The Court finds that the amount of this award is supported by the application of the lodestar-plus-multiplier method for awarding reasonable attorneys' fees. Class Counsel has reported a total lodestar of $266,837. Class Counsel has requested attorneys' fees of $299,700. Applying the lodestar-plus-multiplier analysis, the amount requested by Class Counsel would result from the application of a multiplier of 1.12 to its lodestar.

15. Both the percentage fee and lodestar-plus-multiplier methods are available to the Court and the Court relies on each method as an independent basis for its determination of a reasonable award of attorneys' fees. The Court further finds that Class Counsel's hourly rates were reasonable for the work that they performed.

16. The Court finds that Class Counsel incurred costs in the form of legal and factual research, photocopies, fax, travel, postage, and telephone charges, in the amount of $6,397.94 (as of September 16, 2013) and will incur additional expenses through the completion of the distribution process including, but not limited to, photocopies, fax, postage, and telephone charges. The actual costs incurred by Class Counsel in this litigation are reasonable and appropriate and are appropriate for reimbursement in the amount of $6,397.94, pursuant to the Settlement and the cost report filed by Class Counsel in connection with Plaintiff's Motion for Final Approval.

**IT IS FURTHER ORDERED THAT:**

17. The Court finds that Plaintiff Gilbert Salinas has contributed significantly to the resolution of this case and has fairly and adequately represented and protected the interests of the Class at all times in this action. The Court finds the enhancement award to be fair and reasonable compensation based upon the evidence presented regarding the services provided and the risks

incurred by Plaintiff in assisting Class Counsel in this matter. The Representative Plaintiff shall receive an Enhancement Award in the amount of $5,000.

**IT IS FURTHER ORDERED THAT:**

18. The Court finds that the costs which have already been incurred by the Settlement Administrator, $11,500.00, were incurred for the benefit of the Class, are fair, reasonable, and appropriate for reimbursement. The Court thus approves payment of $11,500.00 to CPT Group, Inc. for administration fees, which includes all costs and fees incurred to date, as well as estimated costs and fees involved in completing the administration of the Settlement.

19. The parties have allocated $2,000 towards the release of Private Attorneys General Act ("PAGA") claims. The sum of $1,500 shall be paid to the California Labor and Workforce Development Agency for the release of PAGA claims.

20. Without affecting the finality of this Order of Final Approval of Class Action Settlement, the Court reserves continuing and exclusive jurisdiction over the parties to the Settlement, including Defendant and Class Members, to administer, supervise, construe and enforce the Settlement in accordance with its terms for the mutual benefit of the parties.

21. Judgment will be entered in accordance with the findings and orders made herein. For all of the reasons set forth above, Plaintiff's Motion for Final Approval of Class Action Settlement is hereby **GRANTED**. This action is dismissed in its entirety, on the merits, with prejudice and without leave to amend, and Plaintiff and Class Members are forever barred and enjoined from asserting any of the Released Claims in any court or forum whatsoever.

22. Under Rules 23, 54, and 58 of the Federal Rules of Civil Procedure, the Court, in the interests of justice, there being no reason for delay, expressly directs the Clerk of the Court to enter this Order, and hereby decrees that, upon entry, it be deemed a final judgment.

**IT IS SO ORDERED.**

Dated: _____

By: _____
The Honorable William H. Orrick, III
United States District Judge